Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2003 WL 1597085 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
UNITED STATES,
v.
Mohammed SOW Defendant.
**No. 02 CR. 610(LTS).**

March 27, 2003.

Defendant convicted of trafficking in counterfeit labels to be affixed to copyrighted CD recordings moved for a judgment of acquittal. The District Court, Swain, J., held that defendant's guilt was a question for the jury.

Motion denied.

West Headnotes

**Copyrights and Intellectual Property 99 ⚷ 70**

99 Copyrights and Intellectual Property
    99I Copyrights
        99I(J) Infringement
            99I(J)2 Remedies
                99k70 k. Penalties and Actions Therefor, and Offenses and Prosecutions Therefor. Most Cited Cases
Question of whether evidence supported conviction for trafficking in counterfeit labels to be affixed to copyrighted CD recordings was for the jury; government offered evidence that the defendant owned and operated at least four copy shops and sold counterfeit CD labels for copyrighted audio compact discs from these stores; the Government showed that a copyright existed as to 11 albums that appeared on 11 labels seized by the Government from the defendant's store. 18 U.S.C.A. § 2318.

*MEMORANDUM ORDER*

SWAIN, J.
***1** Defendant Mohammed Sow ("Defendant") moves the Court for a judgment of acquittal on the Indictment pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Defendant was convicted of trafficking in counterfeit labels to be affixed to copyrighted CD recordings in violation of Title 18 U.S.C. section 2318.

Defendant argues that "the Government did not prove to the reasonable juror standard that defendant was involved with the CD labels introduced as evidence at trial" and that "the Government did not establish that the CD labels seized were to be affixed to CD recordings which were copyrighted, as opposed to non-copyrighted music." Seidler Letter, dated February 12, 2003.

In considering a motion for judgment of acquittal pursuant to Rule 29, the Court views the trial evidence, as it existed at the time the motion was interposed, in the light most favorable to the Government. *See* United States v. Guadagna, 183 F.3d 122, 129 (2d Cir.1999). All permissible inferences must be drawn in favor of the Government, and the Court should avoid usurping the role of the jury. *Id.* "[U]pon a motion for judgment of acquittal, 'the Court must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." ' *Id.* (quoting Curley v. United States, 160 F.2d 229, 232 (D.C.Cir.1947)). "[I]f the court 'concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." ' *Id.* (quoting Curley, 160 F.2d at 233)).

The evidence produced by the Government was sufficient to permit the jury to find the Defendant guilty of the charge against him beyond a reasonable doubt. The proof offered by the Government at trial was sufficient to establish that the Defendant participated in trafficking, copying and selling counterfeit CD labels for copyrighted audio compact discs. (*See* Tr. at, *e.g.,* 46-51, 60-61, 141-49, 301, 328-39, 430-31, 438-40.) Specifically, the Government offered evidence that the Defendant owned and operated at least four copy shops and sold counterfeit CD labels for copyrighted audio compact discs from these stores. The Government showed that a copyright existed as to the 11 albums that appeared on the 11 labels seized by the Government from Defendant's 121st Street store. (*See* Tr. at 71-75, 127-29.) For these reasons and those set forth in the Government's March 3, 2003 letter, Defendant's Rule 29 motion is denied.

Sentencing is scheduled for May 9, 2003 at 2:00 p.m.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
Not Reported in F.Supp.2d, 2003 WL 1597085 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

SO ORDERED.

S.D.N.Y.,2003.
U.S. v. Sow
Not Reported in F.Supp.2d, 2003 WL 1597085 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:02cr00610 (Docket) (May. 10, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.