Robert R. Prunté, (pro sé)
1702 Linden Avenue
Baltimore, Maryland 21217
410.225.9940   301.514.4028

RECEIVED
APR 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTÉ & YOWORLD MUSIC, dba ROWDY CITY RECORDS<br><br>Plaintiff,<br><br>Vs.<br><br>UNIVERSAL MUSIC GROUP, et al; WARNER MUSIC GROUP, et al & VIACOM INTERNATIONAL et al<br><br>Defendant (s) | CASE NUMBER: 06CV00480<br><br>JUDGE: PAUL L. FRIEDMAN (PLF) |

## PLAINTIFFS MOTION FOR EARLY SCHEDULING CONFERENCE AND ORDER AND OR ALTERNATIVELY, AN ORDER FROM THE COURT DIRECTING THE PARTIES TO ATTEND A SETTLEMENT STATUS CONFERENCE PURSUANT TO FED. R. CIV. P 16

Comes now the plaintiff, who respectfully prays for this Court to make an order scheduling an Early Scheduling Conference and order directing the parties to proceed according to Fed. R. Civ. P. 16 and or alternatively, an Order from this

1

Court directing the parties to attend a settlement status conference either end this litigation or which will effectively set an hyper-expedited schedule for the discovery process, pretrial proceedings and the trial of this case.

During the telephone conference pursuant to the D.C. Local Rule that parties must perform before filing a non-dispositive motion, Counsel representing Universal Music Group and Atlantic Music Group, Mr. Michael B. Desanctis, claimed to be "confused" about plaintiffs desire to seek Rule 16 guidance. Counsel raised a verbal type of objection but failed to tell plaintiff of any such grounds. In the end, plaintiff received no real comment from counsel about the efficacy or any prejudice against its client by agreeing to go the route of **Fed. R. Civ. P. 16**.

A day earlier, Mr. Desanctis called plaintiff seeking an extension of time to file an answer to the operative complaint. At that time, plaintiff objected and informed counsel that the rules do not permit such gamesmanship and that D.C. Local Rule expressly discourages such requests and that plaintiff chose not to seek any waiver of service of process for the same reasons, due to the inherent gamesmanship of counsel for the defendants.

The tenets and force of **Fed. R. Civ. P. 16** are already designed to combat and control any defendant or plaintiff with a recalcitrant posture wishing to embark upon frivolous litigations while performing dilatory legal gestures which waste money and time.

Hopefully, the Court's Inherent Powers to impose Rule 16 status on this case will clear up counsel's claimed "confusion". This Court has the authority under Rule 16 to order the parties to appear for a scheduling conference, (or conferences), whenever the Court deems appropriate.

Given the importance and complexities of this case, plaintiff merely seeks to initiate this formal dialogue between the Court, and the parties as soon as possible.

The facts already uncovered in plaintiff's investigation of defendants show overwhelming direct access and exploitation of plaintiff's coveted works. In many cases, each song stolen has become an epic song, which handed the defendants wrongly placed Grammy awards, Oscars, Emmys, Platinum and Gold records and other status based on stolen property. The overwhelming evidence of access is not speculation, but comes from the defendant's statements and documents themselves. So any delays caused or requested by these defendants should be suspect of merely trying to keep making money on the stolen songs for as long as possible.

It is these same facts and circumstances uncovered in this plaintiff's investigation and the ongoing systematic harms flowing from these facts and circumstances that require an expeditious resolution of this matter.

Plaintiff, howbeit appearing Pro Sé, is and has been committed to bringing this case to a speedy and just resolution as promptly as possible. The mere fact alone that counsel Michael DeSanctis "now" wants to answer the complaint in a timely fashion merely highlights the need for this court to "grab the reins early".

Case 1:06-cv-00480-PLF   Document 3   Filed 04/19/2006   Page 4 of 13

Every day that passes while these defendants unlawfully use this plaintiff's (10) ten songs, **((8) eight more will be identified in the Amended Complaint),** is another day that countless other authors are being robbed and extorted by the unscrupulous and scandalous defendants who would steal intellectual property, harming instantly millions of American consumers.

Due to such a high-degree of access shown in this case, plaintiff will seek Partial Summary Judgment at some point, with the courts guidance.

This case is not your "Run of the Mill" case and must be respected as such. What has been allegedly done to this plaintiff's original song catalog by these defendants "**Inside Sessions**" program is merely the tip of the iceberg considering the depth and reach of "**Inside Sessions**" and its cronies.

In "Run of the Mill" cases, indeed, pre-trial requirements can be burdensome. **(See: Pollack, Pre-trial Procedures More Effectively Handled, 65 F.R.D. 475 (1974)**. Counsel's desire to treat this case in a piecemeal fashion or like a mere frivolous triviality is inappropriate, especially when it is surmised the defendants have already earned billions unlawfully by their alleged practices of copyright infringement.

Thus, the "discretionary character" of Rule 16 and its former orientation toward a single conference late in the pre-trial process has led to under administration of complex or protracted cases. Without judicial guidance early after institution of the complaint, a complex case can become mired in discovery.

4

Empirical studies reveal that when a trial judge intervenes personally at an early stage to assume judicial control over a case and to schedule dates for completion by the parties of the principle pretrial steps, the case is disposed of by settlement or trial more efficiently and with less cost and delay than when the parties are left to their own devices.  (See: **Flanders, case management and court management in United States District Courts, 17, Federal Judicial Center (1977).**

Since scheduling orders are always mandatory, i.e. within 90 days after counsel has appeared in a case or within 120 days of the filing of the complaint.  Therefore, counsels feigned "confusion" and or objections are obviously based on aspects of Rule 16's topics of importance, such as pre-trial conferences and other matters therein enumerated that counsel simply doesn't wish to entertain.

This case is not one exempted by Local Rule or Rule 83 since it is not a <u>Social Security Disability</u> matter, <u>habeas corpus petition</u> or any type of <u>forfeiture</u> or <u>review of certain administrative actions</u>.

In essence, plaintiff seeks an early and practical timetable for application of the matters listed in **Rule 16(b) (1) – (3)** e.g. a.) To join other parties and to amend the pleadings b.) To file all motions and c.) To complete discovery.

As indicated in **Rule 16(b)(4) – (5)** the order hereby prayed for may also deal with a wide range of other matters.

Also, and as counsel is well aware, the Rule 16 is phrased "<u>permissively</u>" as to clauses 4 and 5, because some cases may mandate later scheduling, but there is no reason whatsoever why some of the procedural matters enumerated in Rule 16(c) cannot be addressed at the same time as a scheduling conference is held.

> **"Counsel frivolously seeks to prevent plaintiff from intelligent formulation of and simplification of the issues, including the elimination of frivolous claims or defenses, the necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof stipulations and advance rulings from the court".**

Of equally utmost importance is the use of expert testimony under **Fed. R. Of Evid. 702**. In this case, since it is about rap lyrics, expert testimony must also be elicited from those proficient in the fine art of "<u>Ebonics</u>" as well as literary and musical experts, as counsel are equally well aware.

Likewise, the parties must be guided concerning the appropriateness and timing of **Rule 56 motion filing. (Please see: Fed. R. Civ. P. 16 (c)(1) – (16)).**

Such matters must not be trivialized or ignored by counsel's dilatory postures, but instead respected and honored as nobly as any other aspects of Federal Juris Prudence requires.

Furthermore, **28 U.S.C. 473** supports an early settlement conference as well as scheduling conference, regarding the need to explore early the possibilities of settlement or some other alternate dispute resolution process, due mainly to certain

inescapable realities that are a part of this case and which can be overcome or rebutted by competent evidence. Such facts support liability against the defendants on issues relevant to the charging causes of action, as well as overwhelming circumstantial evidence that is equally difficult to overcome and makes it highly unlikely for defendants to prevail on the major causes of action in this case.

## INSURMOUNTABLE FACTS WHICH SUPPORT DIRECT ACCESS TO PLAINTIFF'S PROPERTY AS WELL AS EXTORTION:

1. Inside Sessions literally "<u>duped</u>" plaintiff's company representatives into submitting original song materials to Universal Music Group under the guise of "Professional Song Critiquing" which built plaintiffs confidence in defendants, merely to acquire songs "with" an authors permission. (**See: Exhibit B**):

"I like what you guys are doing. You have all the skills with regard to the grooves and lyrics. And the passion you feel about your music comes through. Now, I want you to get to that next level. I think you need to focus on the hooks a bit. Good isn't good enough. They have to be great"…**Quoted by Geof Seigal, Inside Sessions/Universal Music Group A&R Executive**.

2. Inside Sessions continued to court and extort plaintiff out of its coveted song properties by further bamboozling and hoodwinking YoWorld Company representatives with the following "**smoking gun**" type statements. (**See: Exhibit C**).

"Your demo is good, and with a few of the ideas I suggested to you, this could be a demo that a lot of people would really want to listen to. Please keep in touch and feel free to send me any new songs or demos that you would like to be heard"… **Quoted by Brian Wittmer, Inside Sessions/Universal Music Group A&R Executive.**

3. Plaintiff's company most assuredly relied upon the deceitful statements made by high-level A&R executives of Universal Music Group. Plaintiff was so pleased with Universals statements, that he authorized the continued submissions of original songs on an open academy type basis. (See **Exhibit O, pg. 3** and specific albums, **Exhibit E**, as well as concerts held by plaintiff where cds were given away freely to the general public on a promotional basis.

4. To further induce action from the plaintiff as well as confidence and trust, defendants repeatedly employed the phrase: "Experience Is The Best Teacher" in many email transmissions to plaintiff. **(See Exhibit O).**

5. Kanye West, a defendant person and alleged infringer of plaintiff's property, actually admitted that he uses other author's works in creating his own works, without their permission. **(See: Exhibit(s) R & S).**

"I didn't do the "Benjamin's", (a popular movie soundtrack), I wish I did. I tried to copy it though".

"Imitation is the sincerest form of stealing! I don't mind because I used to imitate others when I was trying to learn how to do it. I think it's a good way to learn how to do something. I studied music that I liked, and then tried my best to emulate it". **Recent quotes from Kanye West on MTV.com and The Wire radio show.**

6. Mr. Rich Christina and Mr. Adam Fischell, of Atlantic Records received songs from YoWorld and requested YoWorld to continue sending them songs for their consideration. **(See Exhibit(s) J & L).**

"I highly encourage you to send current and future projects for consideration". **Quoted by Atlantic's Mr. Rich Christina, Senior Director, A&R, Atlantic Records.**

Aside from the aforementioned instances of direct access to plaintiff's coveted property as well as blatant extortion, it must be realized that these facts are gleaned from defendant's own open statements and admissions with regard to the acquisition of plaintiff's copyrighted works, which defendants desired to wrongfully own and exploit.

The above-mentioned factual scenarios totally preclude defendant's ability to rebut or overcome such facts by competent evidence. The defendants obviously wished to "view" YoWorld Music Companies "entire catalog" of songs for some business reason, howbeit unlawful in purpose and objective. Such direct access and extortionate methods of acquiring songs, cannot be explained away lightly, and further precludes defendants from claiming "independent creation" of any song property allegedly stolen from plaintiff.

Wherefore, plaintiff respectfully asks this Court to Order the p[arties to appear before it to handle the matters enumerated in **Fed R. Civ. P. 16** and or alternatively an Order from this Court directing the parties to attend a

Settlement Status Conference as soon as is logistically practical, and any other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _____ APRIL _17_ 2006.

BY: Robert R. Prunté

**UNIVERSAL MUSIC GROUP**; C/O CT CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, N.Y. 10011; & **WARNER MUSIC GROUP**: C/O CT CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, N.Y. 10019 & **VIACOM INTERNATIONAL**, C/O SPIEGEL & UTRERA, P.A.P.C., 45 JOHNS STREET 711, NEW YORK, N.Y. 10038 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: _____
ROBERT R. PRUNTÉ
1702 LINDEN AVENUE
BALTIMORE, MARYLAND 21217
1.410.225.9940  / 1.301.514.4028

Robert R. Prunté, (pro sé)
1702 Linden Avenue
Baltimore, Maryland 21217
410.225.9940   301.514.4028

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTÉ & YOWORLD MUSIC, dba ROWDY CITY RECORDS<br><br>Plaintiff,<br><br>Vs.<br><br>UNIVERSAL MUSIC GROUP, et al; WARNER MUSIC GROUP, et al & VIACOM INTERNATIONAL et al<br><br>Defendant (s) | CASE NUMBER: 06CV00480<br><br>JUDGE: PAUL L. FRIEDMAN (PLF) |

## PLAINTIFFS SUBMISSION OF PROOF OF SERVICE OF PROCESS

PLEASE ALLOW THE ATTACHED TO SERVE AS PROOF OF SERVICE OF PROCESS ON THE DEFENDANTS NAMED IN THE OPERATIVE COMPLAINT. (DESIGNATED 1 , 2 & 3).

RESPECTFULLY SUBMITTED.

1

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _____ APRIL 17, 2006.

BY: Robert R. Prunté

**UNIVERSAL MUSIC GROUP**; C/O CT CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, N.Y. 10011; & **WARNER MUSIC GROUP**: C/O CT CORPORATION SYSTEM, 111 EIGHTH AVENUE, NEW YORK, N.Y. 10019 & **VIACOM INTERNATIONAL**, C/O SPIEGEL & UTRERA, P.A.P.C., 45 JOHNS STREET 711, NEW YORK, N.Y. 10038 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: _____
ROBERT R. PRUNTÉ
1702 LINDEN AVENUE
BALTIMORE, MARYLAND 21217
1.410.225.9940  / 1.301.514.4028

## SERVICE ADDENDUM

Michael Desanctis has appeared (by telephone) for Universal Music group and Atlantic Music Group. It is believed he is located at and mailings are being sent to: Jenner & Block, c/o Mr. Michael Desanctis, 601 Thirteenth Street N.W. Suite 1200 South, Washington, D.C. 20005-3823

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT __17__ ~~MARCH~~ April 2006.

BY: Robert R. Prunte'