UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE;<br>YOWORLD MUSIC COMPANY, d/b/a<br>ROWDY CITY RECORDS,<br><br>      Plaintiffs,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:06-cv-00480-PLF<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR EARLY SCHEDULING CONFERENCE**

Defendants UMG Recordings, Inc. (misnamed in the complaint as "Universal Music Group") and Atlantic Recording Corporation (misnamed in the complaint as "Warner Music Group") (collectively "Defendants") respectfully submit this Memorandum in Opposition to "Plaintiffs Motion For Early Scheduling Conference And Order And Or Alternatively, An Order From The Court Directing The Parties To Attend A Settlement Status Conference Pursuant To Fed. R. Civ. P. 16" (hereafter "Rule 16 Motion"). At bottom, the *pro se* Plaintiffs ask this Court to impose a "hyper-expedited schedule for the discovery process, pretrial proceedings and the trial of this case." Rule 16 Motion at 2. Plaintiffs, however, have failed to provide any coherent justification for such extraordinary relief. Accordingly, Plaintiffs' motion should be denied.

As an initial matter, Plaintiffs *ad hominen* accusations of defense counsel's "inherent gamesmanship" and the repeated suggestions of defense counsel's intent to cause untoward delay are completely unfounded. Defendants, both of which are located outside of this judicial district, were served with the complaint on March 29, 2006, and retained counsel in the District of Columbia by the following week. On April 10, 2006, undersigned counsel contacted Mr. Prunte

to introduce himself, volunteer his office contact information, and request a 20-day extension of time to respond to Plaintiffs' twelve-count, 90-page complaint in light of travel plans and other family obligations related to the upcoming religious holidays. Mr. Prunte did not consent. Accordingly, Defendants timely filed their motion to dismiss the complaint on April 18, 2006.

Approximately the next day, Mr. Prunte called undersigned counsel for their consent to the instant motion. As Mr. Prunte accurately relates, counsel initially was confused as to exactly what it was for which Mr. Prunte was seeking consent. *See* Rule 16 Motion at 2. When counsel realized that Mr. Prunte intended to file a motion seeking an immediate Rule 16 conference with the Court, counsel responded simply that the request was premature given that the Defendants had not yet responded to the complaint or otherwise appeared as of that time. Any suggestion of delay tactics on the part of the Defendants or their counsel is entirely unwarranted.

Like the Plaintiffs, Defendants certainly desire an expeditious resolution of this case. To that end, Defendants have filed a Motion to Dismiss the complaint in its entirety. As fully set forth in the memorandum in support of the motion to dismiss, Plaintiffs' sprawling twelve-count complaint fails to state a claim on which relief can be granted. *See* Statement of Points and Authorities In Support Of Motion To Dismiss, No. 06-480 (filed Apr. 18, 2006) ("Mot. to Dismiss"). In addition to the primary copyright and trademark infringement counts, which fail to state claims on which relief can be granted for a number of reasons, *see* Mot. to Dismiss at 6-17, the complaint goes on to allege a far-flung conspiracy involving virtually the entire music industry and attempts to assert claims such as civil RICO, bank fraud, extortion and espionage. These claims, like the infringement claims, have no basis in the facts pled in the complaint and do not remotely state causes of action on which relief could be granted, *id.* at 17-29.

Other than merely repeating many of the allegations contained in the complaint, the Plaintiffs have provided no justification whatsoever for the "hyper-expedited" schedule they now seek. *See* Rule 16 Motion at 2. Moreover, given the industry-wide breadth of Plaintiffs' allegations, and the fact that Plaintiffs have named numerous top recording artists and record company executives as defendants, discovery in this case quickly could prove to be extremely costly and burdensome. And, because each count of the complaint fails on its face to state a claim on which relief can be granted, the expense and burden of discovery at this stage would be wasteful and wholly unnecessary.[1] Accordingly, Defendants respectfully request that the Plaintiffs' Rule 16 Motion be denied, and that the Court clarify that the parties shall not be required to confer under Local Rule 16.3 or Fed. R. Civ. P. 26(f) before the Court rules on the Defendants' pending Motion to Dismiss. *Cf. Steinbuch v. Cutler*, ___ F.Supp.2d ___, 2006 WL 979311 (Apr. 14, 2006) (Friedman, J.) (noting that parties were directed to confer pursuant to Rule 16.3 only after defendant's motion to dismiss was denied).

Dated: April 28, 2006                                          Respectfully submitted,


                                                                              /s/
                                                              Steven B. Fabrizio (Bar No. 436482)
                                                              Michael B. DeSanctis (Bar No. 460961)
                                                              Elizabeth G. Porter (Bar No. 484335)
                                                              JENNER & BLOCK LLP
                                                              601 Thirteenth Street, N.W
                                                              Suite 1200 South
                                                              Washington, D.C. 20005
                                                              Tel.: (202) 639-6000
                                                              Fax: (202) 639-6066

---

[1] Nor is it clear that allowing for the case to proceed as such would be procedurally proper given that Plaintiff YoWorld Music Co. is an artificial entity that presently is appearing without counsel.

## CERTIFICATE OF SERVICE

    I, Michael B. DeSanctis, hereby certify that on this day, April 28, 2006, I caused the foregoing Memorandum in Opposition to Plaintiffs' Motion For Early Scheduling Conference, and proposed order to be served by First Class United States mail, postage pre-paid on the following:

        Robert R. Prunte
        YoWorld Music Co.
        1702 Linden Avenue
        Baltimore, MD  21217


                                        _____/s/_____
                                        Michael B. DeSanctis