Robert R. Prunté, (pro sé)
1702 Linden Avenue
Baltimore, Maryland 21217

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTÉ

Plaintiff,

Vs.

UNIVERSAL MUSIC GROUP RECORDINGS, ET AL

Defendant (s)

CASE NUMBER: 1:06-CV-0048

JUDGE: Paul L. Friedman
(PLF)

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FED. R. CIV. P. RULE 12(B)(6) PURSUANT TO FED. R. CIV. P RULE 12(F), DUE TO IMMATERIAL, REDUNDANT, IMPERTINENT AND SCANDALOUS MATTER

Comes now the plaintiff with this motion to strike defendants **Fed. R. Civ. P. Rule 12(b)(6)** motion, pursuant to **Fed. R. Civ. P. Rule 12 (F)**, due to immaterial, redundant, insufficient and scandalous matter being interposed by counsel in its

1

motion to achieve an early technical victory against this plaintiff and his highly coveted song catalog. The defendants Motion to Dismiss under **Fed.Rule.Civ.P. Rule 12 (b)(6)** outlines the following areas of the complaint it feels are insufficient to state a claim upon which relief can be granted.  However, the precedential state of the law, as well as this plaintiff, unequivocally disagrees with the following points deemed by the defendants to be sufficient to dismiss the complaint "with prejudice".

1. Counsel must represent YoWorld.
2. Prunté neither owns nor has registered the copyrights in the works allegedly infringed.
3. No trier of fact could find substantial similarity.
4. Lanham Act must be dismissed.
5. Civil Rico fails as a matter of law.
6. Counts V – XI must be dismissed due to no private right of action being available.
7. Count XII fails to state a claim.

The above claims made by the defendants in its motion to dismiss under **Fed. R. Civ. P. Rule 12(b)** are hereby deemed to be mere dilatory and frivolous remarks, which are immaterial, scandalous, impertinent and insufficient as a defense to this complex copyright case and the spurious matter must be stricken for the following reasons:

## 1. YoWorld must be represented by counsel.

Counsels argument here sounds more like an Agatha Christie movie plot than a restatement of the law. YoWorld is not a corporation and has never been so alleged. YoWorld is the name of a "Strategic Alliance Partnership" had between Mr. Prunté and Karen Pate, with Prunté as the silent partner/owner/author of the company's creative content and Ms. Pate handling the management of this strategic alliance/silent partnership.

Regardless of the "form" of plaintiff's so-called business, **18 USC 1964(c)** does not provide relief for injury to a persons "**corporation or property**", but to a persons "**business or property**". Counsel attempts to mislead the court concerning a counsel-created "Corporate Status" of YoWorld, when such status has never been alleged.

YoWorld is represented by plaintiff, Mr. Prunté, because the United States Copyright Office Registration **SRu-452-280** declares it so, and because the letters **(a) & (c)** on the actual registration certificate refer to the "author" and "claimant", which is Mr. Prunté, the plaintiff himself. **(See Exhibit A).** The song that is part of that registered collection, "**We Got It Poppin**", is also a part of this action and officially registered on April 30, 2001. **(See: 17 USC 501)**:

> "**The legal or beneficial owner of an exclusive right under a copyright is entitled... to institute an action for infringement of that particular right committed while he or she is the owner of it...**"

Thus, plaintiff, Robert R. Prunté is the only person who could bring this action since he is the creative force behind the "<u>Strategic Alliance</u>" known as "<u>YoWorld</u>".

Thus, and as a matter of fact and law, plaintiff is proper person to bring and manage this action. Therefore, counsel's rhetorical and semantical diatribe concerning who should bring this action is immaterial, scandalous, impertinent and must of all dilatory and should be stricken.

## 2. "Prunté neither owns nor has registered the copyrights in the works allegedly infringed.

Surely **Exhibit A** will begin the process of understanding that Mr. Prunté, the pro se plaintiff, is the sole beneficial owner of all the rights herein complained of. Counsel is furthermore well aware that this plaintiff has indeed met the requirements established in **Newborn v. Yahoo 1.391 F. Supp. 2d 181, 186 (D.D.L. 2005)**. See below:

Plaintiff has already alleged: (1) which specific original works form the subject of the copyright claim. **(See Complaint, pg. 20 par. 64).**

Plaintiff has already alleged: That the plaintiff owns the copyrights in those works. **(See: Complaint, pg. 9 par. 1).**

The Second Circuit has held that, where the owner of a collective work also owns the copyright for a constituent part of that work. Registration of the collective

work is sufficient to permit an infringement action of the constituent part. **(See: Morris v. Bus. Concepts, Inc. 259 F. 3d 65, 68 (2d Cir. 2001).**

Similarly, in 1997, a district court in Kansas held that registration of a derivative work is sufficient to allow an infringement claim based on the copying of material, whether newly added or contained in the underlying work. **(See: In Re: Indep. Serv. Org. Antitrust litig, 964 F. Supp. 1469 (D. Kan. 1997) & also: Foxworthy v. Custom Tees, Inc., 879 F. Supp. 1200, 1218 (N.D. Ga. 1995)**:

> **"We adopt this view and reverse the district court, finding that because IMAGELINE owned copyright in SUPERBUNDLE and MASTER GALLERY, and in the underlying works of each, its registration of super bundle and master gallery was sufficient to permit an infringement action on the underlying parts, whether they be new or pre-existing".**

Thus, plaintiffs ownership interest in "The Collective Works of YoWorld Music Company, **Registration SRU-452-280, Exhibit A** and the statutory Pre-Registration Certificate for Collection (2) of YoWorld Music's Purloined Songs", 1-3912351 or **Exhibit T,** are thus sufficient to show that plaintiff owns the full contents of both collections or collective works. Any argument to the contrary made by counsel should be stricken.

Plaintiff has further alleged that: (3) the copyrights have been registered in accordance with the statute. **(See Complaint: pg. 12, par. 19).**

Plaintiff has also alleged: (4) "By what acts and during what time the defendants infringed the copyright". See: **(Newborn v. Yahoo)** and **Complaint, pg. 20 par. 64(2), pg. 24 par. 78, 79, 83 & pg. 26.**

Plaintiff has easily met the requirements of *Newborn v. Yahoo*. Any argument to the contrary should be stricken as immaterial.

### 3. "No Trier of Fact Could Find Substantial Similarity".

Literally, who left counsel with the job of deciding what material is protectible and proprietary to plaintiff, and what is not? Counsel is plain wrong when it describes the state of the law concerning expert testimony and complex copy written works and thee substantial similarities between them.

Clearly, chorus lines are the very heart of what copyright protects in any case concerning songs, since chorus lines are the culmination of the entire intended coveted and protected expression of the author. **(See Salinger v. Random House, Inc., 811 F.2d 90, 98 (2d. Cir. 1986), Nichols v. Universal Pictures Corp. 45 F.2d 119, 122 (2d Cir.)** *decisions by Judge Learned Hand;* **Heim v. Universal Pictures & especially Cook v. Robbins, 233 F.3d 736 (9th Cir. 2001) & Shaw v. Lindheim, 919 F.2d 1353, 1361 (9th Cir. 1990).**

Accordingly, this is merely another attempt at semantics and rhetoric by counsel. Of course no trier of fact could find substantial similarity of protectible material (until it has been identified). Counsel failed to include the full breadth of the law

of this circuit concerning the issue of substantial similarity. The fact finder, any fact finder, must first identify what is protectible expression and what is not. On that issue alone, expert testimony is required in complex cases. **(See: Kay Berry, Inc., v. Taylor Gifts, Inc., 421 F. 3d 199, 208-09 (3rd Circuit 2005).**

However, Counsel disingenuously relies on the precedent setting *Kay Berry, Inc., v. Taylor Gifts, Inc., 421 F.3d 199, 208 – 09 (3rd Cir. 2005)* case, since experts were there again <u>restated</u> as being required on issues of identifying protectible expression. Also, the subject matter of that case involved "sculptures", which are a far cry from the complex musical and literary works at issue here.

*As an initial matter, plaintiff only brought this action for infringement of the words he owns. However, at a proper time, plaintiff will seek leave to amend the complaint to include infringement of the music as well.

In any event, in "**Kay Berry**", the court could easily compare "**Garden Accent Rocks**" without the use of expert testimony. Accordingly, the inscription on one of the sculptures, **Sculpture No. 646**, a public domain inscription appears which was conceded as taken from the public domain, <u>verbatim</u>.

Under analysis, the court in **Kay Berry** correctly restated the wording of the statute regarding "Kay Berry's" copyright registration namely: "No action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title", **17 U.S.C. 411(a).** (See Kay Berry, supra).

Counsel however, in it's motion to dismiss, further attempts to mislead the court by failing to mention the work "<u>pre-registration</u>" when quoting the statute/title before this court in the motion to dismiss.  **(See 12(b)(6) motion, and counsels version of the statute, pg. 8, 17USC 411(a)).**

Counsel actually failed to include the full language of the amendment, which as of counsel's filing of the paper, was already amended.

The main problem with counsel's choice of the "Kay Berry" case is the fact that the copyright had not promulgated regulations allowing for group registration of sculptural works at the time the case was filed.  Complex musical/literary works are the most regulated articles, and regulations concerning these works are myriad.

Finally, even the **Kay Berry** court quoted:

> "A showing of substantial similarity in this sense, coupled with evidence that the infringing author had access to the original work, permits a fact-finder to infer that the infringing work is not itself original but rather is based on the original.  At this state of the inquiry, <u>expert testimony is permissible</u> to help reveal the similarities that a lay person might not ordinarily perceive"…

Instead of properly restating the "**Kay Berry**" case with good intentions and ethical fortitude, counsel chose to literally falsify the case particulars when it claimed the case ruled out expert testimony entirely.  **(See Rule 12(b)(6) motion, bottom of pg. 9, and top of pg. 10).**

After brazenly and disrespectfully falsifying the "**Kay Berry**" presidential ruling, counsel went on to call this plaintiff wrong for merely stating that expert testimony is relevant and sometimes mandatory in complex copyright cases pursuant to **Fed. R. Of Evid. 702, 703 & 706.**

Thus, counsel's argument regarding substantial similarity and expert testimony on the issue of protectible expression should be stricken as scandalous, impertinent, immaterial and insufficient to warrant being taken seriously except to the extent of misleading the plaintiff and this court. Counsel's paper and contentions must be stricken.

### 4. "Lanham Act must be dismissed"

Certainly counsel is inaccurate when it claims that titles are not actionable under **43(a) of the Lanham Act, 15 USC 1125.** Certainly the Lanham Act does not cover the mere authorship itself, but the goods that resulted or grew from the false authorship or origination.

The plaintiff, contrary to counsel's assertions, has pled ample facts to show and allege that the resultant "goods" containing the false authorship is what is at issue. Plaintiff is alleging <u>reverse engineering</u>, which is unlawful under the Lanham Act and stressed by the congress. (See: (**42 Congressional Record, 512201, 512212 (Daily Ed. Oct. 1996)** as well as Unfair Competition under the Lanham Act, and as alleged in the Complaint).

Therefore, Counsel's argument regarding the Lanham Act and the full body of the Operative Complaint as well as the Amended Complaint, instantly fails and falls far short of Fed. R. Of Civ. P. Rule 8: **"Denials shall fairly meet the substance of the averment denied"**.

At no place does the statute permit a pleader to create an issue which has not been pled or alleged in the complaint, which is what counsel did regarding the Lanham Act and the plain wording of the complaint which already alleges **"reverse engineering"** and **"unfair competition"**.

Such a disingenuous argument by counsel should be stricken as immaterial, scandalous and impertinent and must be stricken as violative of **F.R.C.P. Rule 8(b).**

### 5. Civil Rico fails as a matter of law

Again, counsel approaches equity with the unclean hands of deception and semantics. This plaintiff has perfectly pled the Civil Rico allegations in this case. **(See: Sedima U.P.R.L. v. Imrex co. 473 U.S. 479, 496 (1985).**

To survive a motion to dismiss, a Rico Claim must allege facts showing:

> **(1) Conduct.** The complaint alleges conduct; see complaint, pg. 49, par. 150.

    (2)  An enterprise.  See complaint, pg. 47 par. 144, pg. 49, par. 148, pg. 50, and par. 152 & 155, pg. 60, par. 184, 185, 186, 187, 188 & 189.

    (3) Through a pattern.  See complaint, pg. 53, par 165, and pg. 54, par. V thru 167.  And,

    (4)  Of racketeering.  See complaint pg. 53, par 165, pg. 54, par 164 A thru F, pg. 55, par. G thru J and pg. 56, par. V thru 167.

Thus, under even a modestly liberal standard of review, plaintiff can easily establish the requisite elements of a Civil Rico claim.  Accordingly, counsel's argument regarding Rico should be stricken out of hand as immaterial and insufficient.

**6. "Counts V – XI must be dismissed due to no private right of action being available.**

Here, counsel again fails to make cognizable sense of the breadth of this action, or appreciation for the powers of the "Private Attorney General".

Specifically, counts V through XI are: Bank Fraud, 18 USC 1344(2); Extortion, 18 USC 1951; Criminal Copyright Infringement, 17 USC 506 & 18 USC 2319; Interstate Trans of Stolen Property 18 USC 2314; Travel Act, 18 USC 1952; &

11

Theft of Trade Secrets under Espionage Act, 18 USC 1832.

To quickly illustrate the bogus nature of counsels argument that "No private right of action" applies to counts V through XI, it is firmly established that **18 USC 1964(c)** permits

*"<u>Any person</u> injured in its <u>business or property</u>..." by reason of a violation of <u>section 1962</u> of this chapter may sue therefore in any appropriate United States district court, and shall <u>recover threefold</u> the damage....*

Clearly, counts V thru XI are enumerated within the parameters of **18 USC 1962**, with the exception of the Travel Act and Theft of Trade Secrets under the Economic Espionage Act, **18 USC 18323**. However, those causes of action are being pled alternatively, under the equivalent powers of **18 USC 1961 (a) & (b)** and the Commerce Clause, which empowers Courts to police activities that affect interstate commerce accordingly.

Also, and contrary to counsels assertions, plaintiff has indeed, alleged the existence of a trade secret. **(See: Complaint, pg. 86, par. 287, as well as the certain Trade Secrets of: Metric Feet, Onomatopoeia, Assonance, Rhyme Scheme, Metaphor and Noun Selection). (See complaint, pg. 87, and par. 288).**

Counsel's argument concerning counts V thru XI of the complaint should be stricken as immaterial and scandalous.

**7. Count XII fails to state a claim upon which relief can be granted.**

Plaintiff rests on the allegations of the Amended Complaint with regards to count XII.

### Other Matter To Be Stricken

On page 2 of the Motion to Dismiss, counsel characterizes plaintiff as a litigant who has had every case dismissed. This is a false statement. In Prunté I, Prunté **WON**, literally. **(See: Order, Judge Patricia Fawcett, and Case 95-908-Civ-Orl-19)** Exhibit V). Indeed, Disney's Motion for Summary Judgment was granted, but United Way and WESH-TV's summary judgment motions were defeated by this plaintiff and the matter was gladly settled by those defendants on the eve of trial, or August 1996.

The defeat was so diabolical and convincing, that the attorneys wore tennis shoes and shorts to the settlement meeting. (*** **Attorney Kimbark Lee, of Lowndes, Drosdick… Orlando, Florida)**

Arguments concerning plaintiff filing frivolous actions should be stricken as scandalous.

Furthermore, in the motion to dismiss, defendants, upon the same bogus premise as falsely implying or claiming all plaintiffs actions have been dismissed adversely, counsel again claims, howbeit disingenuously, that cases with an *asterisk\** represent authorities upon which are chiefly replied upon by the defendants.

Surprisingly, and patronizingly, defendants list approximately 59 cases, while only (1) one has an asterisk beside it.

That case is **Whitehead v. Paramount Pictures Crop., 53 F. Supp. 2d 38 (D.D.C. 1999), aff'd No. 99 – 7137, 2000 WL 33363291 (D.C. Cir. Apr. 19, 2000)**, where <u>this</u> Judge and <u>this</u> Court fiercely admonished Mr. Whitehead for filing frivolous pleadings precisely because he never prevailed and also stated on the record his intent to file frivolous papers.

Counsel already forgot or neglected to mention that Prunte' I was the only action to date that **Prunte' WON**. No way can this plaintiff be viewed as a "*Whitehead*" type character. No Judge on this planet <u>ever</u> forbid this plaintiff from filing <u>any</u> actions. In fact, in the Disney action, Judge Bates left the door wide open to sue Disney forever concerning plaintiff's coveted works. This plaintiff can even sue Disney again without the restraints of a "Whitehead", and Counsel should be aware of that. **(See Bates Order).**

Accordingly, and most importantly, this plaintiff views all Earthly Judges as God Almighty's "most complete" representatives on this Earth, and so does God. (See:

**Deuteronomy 1:8-11, 15-17, especially vs. 16: "And I charged your judges at that time, hear the cases between your brethren, and judge righteously between a man and his brother or the alien that is with him."**

Therefore, this plaintiff does not bring frivolous cases, and no Court has found any frivolity in any action as a matter of fact and law and especially **Rule 11**, which equally applies to represented and unrepresented parties. Counsel's implications are naïve and proof of not very good research into crucial facts of this case.

Therefore, using the *Whitehead Case* to describe this plaintiff's filings is immaterial, scandalous and impertinent.

This plaintiff can't be characterized as the vindictive character represented by Mr. Whitehead. Judge Friedman required Mr. Whitehead to seek leave of court before filing any more papers with this court. No court has given this plaintiff any admonition about "seeking leave of court" before filing a paper.

Furthermore, *Judge John Bates* acknowledged that plaintiff's filings were due to Judge Sharp's appearance of impropriety by belonging to a charity's Board alongside Disney. **(See Bates opinion, pg 3).**

Plaintiff obviously felt wronged in his heart of hearts about a Federal Judge who "secretly" maintained such an alliance with a defendant against the plaintiff's song

15

interests. The plaintiff is only human, whereas Whitehead was apparently vindictive and irrational as well as frivolous and dilatory. This plaintiff has merely attempted, through several successive filings against Disney, to overturn an onerous judgment, or as **Judge Lewis Kaplan** of the 2nd Circuit declared:

> **"Indeed, plaintiff's objections to the report and recommendations assert only that his object is to vacate a previous judgment entered in a United States District Court in Florida..."**

Likewise, Judge Bates further exclaimed plaintiff <u>is not</u> suing Federal Judges, but Disney. **(See Bates order, pg. 7).**

Therefore, as a matter of fact and law, this plaintiff has absolutely nothing in common with "**Whitehead**", and any allusion to such a similarity is immaterial, insufficient, scandalous and impertinent and should be stricken from these proceedings.

Wherefore, and on the bases of the aforementioned facts which wholly controvert defendants Rule 12(b)(6) motion, the complained of matter should be stricken out of hand, in the interests of justice, and for any other and further relief this court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _____ MAY ____ 2006.

BY: Robert R. Prunté

UNIVERSAL MUSIC GROUP; C/O MR. MICHAEL DESANCTIS, (JENNER & BLOCK), 601 THIRTEENTH STREET N.W. SUITE 1200 SOUTH WASHINGTON, D.C. 20005 & THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY:

ROBERT R. PRUNTÉ
1702 LINDEN AVENUE
BALTIMORE, MARYLAND 21217
1.410.225.9940  / 1.301.514.4028