*Exhibit V*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAREN J. PATE and
ROBERT R. PRUNTE',

        Plaintiffs,

v.                       CASE NO. 95-908-CIV-ORL-19

HEART OF FLORIDA
UNITED WAY, INC., et al.,

        Defendants.

_____

## ORDER

This cause came before the Court on the following:

(1) Dispositive Motion for Summary Judgment of Defendant Walt Disney Attractions, Inc. (Doc. No. 177, filed May 3, 1996), Memorandum of Law in Support of Walt Disney Attractions, Inc.'s Dispositive Motion for Summary Judgment (Doc. No. 178, filed May 3, 1996), and Plaintiffs' Motion and Affidavit in Opposition to Memorandum of Law in Support of Walt Disney Attractions, Inc.'s Dispositive Motion for Summary Judgment and Plaintiffs' Memorandum of Law (Doc. No. 198, filed May 30, 1996);

(2) Motion Heart of Florida United Way for Summary Judgment on Counts Two Through Six of the Second Amended Complaint (Doc. No. 179, filed May 3, 1996), Brief in Support of Motion of Heart of Florida United Way, Inc. for Summary Judgment on Counts Two Through Six of the Second Amended Complaint (Doc. No. 180, filed May 3, 1996), and Plaintiffs' Affidavit and Motion in Opposition to Brief in Support of Motion of Heart of Florida United Way, Inc. for Summary Judgment on Counts Two Through Six of the Second Amended Complaint and Plaintiffs' Memorandum of Law (Doc.

No. 199, filed May 30, 1996);

(3) Motion of United Way and WESH for Summary Judgment on Plaintiffs' Copyright Infringement Claim (Doc. No. 181, filed May 3, 1996), Brief in Support of Motion of United Way and WESH for Summary Judgment on Plaintiffs' Copyright Infringement Claim (Doc. No. 182, filed May 3, 1996), and Plaintiffs' Motion and Affidavit in Opposition to Defendants' Brief in Support of Motion of United Way and WESH for Summary Judgment on Plaintiffs' Copyright Infringement Claim and Plaintiffs' Memorandum of Law (Doc. No. 197, filed May 30, 1996).

## BACKGROUND

Plaintiffs have alleged the following events which give rise to this action. Plaintiffs Karen Pate and Robert Prunte' lived together in Columbus, Ohio. Ms. Pate worked for United Way of Franklin County, Ohio. Lawrence Norvell was the President of Heart of Florida United Way ("United Way") and recruited Ms. Pate for employment with United Way in Orlando. In early 1993 Ms. Pate informed Mr. Norvell that she decided not to take the job in Orlando because Robert Prunte' did not want to move to Orlando. According to Plaintiffs, Mr. Norvell then told them that he had spoken to Richard Nunis, Chairman of the Board of Walt Disney Attractions, Inc. ("WDA"), and that there should not be any problem in getting Robert Prunte' an opportunity to apply for a job with Disney as a songwriter. After being given this promise, Ms. Pate accepted United Way's

2

job offer and moved to Orlando with Mr. Prunte'. While Ms. Pate worked for United Way for two years, Mr. Prunte' had various meetings and phone conversations with Disney employees. However, Mr. Prunte' claims he never received the opportunity to interview which he was promised.

A dispute has also arisen between Plaintiffs, United Way, and WESH Television, Inc. ("WESH") regarding the use of a song written by Mr. Prunte's called "Someday" in United Way's 1994 fundraising campaign. United Way and WESH claim that Mr. Prunte' donated the song for use in the campaign video while Plaintiffs claim these Defendants engaged in copyright infringement and unlawfully used the song.

## LEGAL ANALYSIS

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." Id. at 248. The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex v. Catrett, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied

3

the burden, the Court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. <u>Anderson</u>, 477 U.S. at 255.

On a summary judgment motion the Court may not weigh the credibility of the parties. <u>See</u> <u>Rollins v. TechSouth Inc.</u>, 833 F.2d 1525, 1531 (11th Cir. 1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. <u>Id.</u>

**WDA's Motion for Summary Judgment**

The basis of the allegations against WDA revolve around Plaintiffs allegations that the Chairman of the Board of WDA, Richard Nunis, made a statement to the President of United Way, Lawrence Norvell, that Plaintiff Prunte' could apply for a position with WDA as a songwriter. Plaintiffs allege that Norvell made these representations in order to induce Plaintiff Pate to accept a position with United Way and move from Ohio to Florida. Plaintiffs acknowledge that they had no conversations with Mr. Nunis prior to moving to Orlando or prior to Plaintiff Pate accepting a job with United Way. Plaintiffs assert claims against WDA for negligent hiring, fraudulent inducement in an employment contract, civil conspiracy, intentional infliction of emotional distress, and the "right to rely on things said."

In Count Two of the Second Amended Complaint Plaintiffs asserts that WDA engaged in negligent hiring. The Complaint states that "Defendant failed to exercise reasonable care in the

4

hiring of Karen Pate and Robert Prunte in that the procedure used was not the one customarily used by either Defendant." Under the Florida law of negligent hiring, an employer may be liable to an injured third party if the employer negligently hires an employee who in turn commits a tort against the third party in the course of the employee's duties. See, e.g., Garcia v. Duffy, 492 So. 2d 435 (Fla. 2d DCA 1986); Williams v. Feathersound, Inc., 386 So. 2d 1238 (Fla. 2d DCA 1980), rev. denied, 392 So. 2d 1374 (Fla. 1981). In this case Plaintiffs appear to be alleging that WDA was negligent in its failure to hire Plaintiff Prunte or in the manner in which Ms. Pate was hired by United Way. This fails to state a cause of action under Florida law for negligent hiring.

Count Three of Plaintiff's Second Amended Complaint attempts to allege a claim against WDA for intentional infliction of emotional distress. Regarding such a claim, the Florida Supreme Court has stated:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'.

Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts, § 46 comment

5

d (1965)). An objective standard is used to determine whether the defendant's conduct rises to the level of outrageousness necessary to state a claim for intentional infliction of emotional distress, and this standard must be evaluated as a matter of law. <u>Martin v. Baer</u>, 928 F.2d 1067, 1073 (11th Cir. 1991). The intentional infliction of emotional distress alleged by Plaintiffs constitutes the following:

> Trying to get plaintiff job in a factory or plant in the community; saying that songwriters apply at Disney in California instead of Florida; claiming there must be a mistake; spitefully sending plaintiff to Disney character audition; conducting bogus interviews; interfering with the marketing of plaintiff's music with the sole intent of deceiving the plaintiff(s) and creating an atmosphere of fraud and deceit.

(Paragraph 56, Plaintiffs' Second Amended Complaint). The Court finds that none of these alleged facts involve the outrageous or reckless behavior required to maintain a claim for intentional infliction of emotional distress.

Plaintiffs also allege that WDA fraudulently induced Plaintiff Pate to enter an employment contract with United Way by stating to Plaintiff Prunte', through Mr. Norvell, that Prunte' could apply for a job as a songwriter at WDA. A claim for fraudulent inducement under Florida law requires (1) a false statement of material fact; (2) the representor's knowledge that the statement is false; (3) the statement was made for the purpose of inducing the Plaintiff to act in reliance thereon; and (4) consequent injury to the party acting in reliance on the statement. <u>Johnson v. Davis</u>, 480 So. 2d 625, 627 (Fla. 1985).

Plaintiffs assert that Mr. Norvell was the agent of Mr.

6

Nunis when he allegedly told Plaintiff Pate that "since Mr. Nunis is Chairman of Disney as well as Heart of Florida United Way, surely he can help your fiance' as a songwriter" and that "Mr. Nunis gets what Mr. Nunis wants." Further, the Complaint alleges that Mr. Norvell stated: "Mr. Prunte' would have no problem applying at Disney as a songwriter." Plaintiffs do not dispute the fact that they did not speak to Mr. Nunis prior to relocating in Orlando.  (Doc. No. 198, pg. 9).  However, Plaintiffs argue that Mr. Norvell was acting as the agent for Mr. Nunis when he spoke to Plaintiffs.  Further, Plaintiffs allege that Mr. Nunis used his employees and his title as Chairman to lead Plaintiff Prunte' into believing that he would be allowed to apply as a songwriter at WDA, when in fact no such position existed.

Plaintiffs attempt to argue that Mr. Norvell, who allegedly made the statement to induce Plaintiff Pate to enter a contract with United Way, was an agent of Mr. Nunis and thus an agent of WDA.  However, Plaintiffs have produced no evidence to support this assertion.  At most Norvell was an agent for United Way when negotiating with Plaintiff Pate to enter into an employment contract.  Thus, Plaintiffs have been unable to come forward with any evidence that WDA, or any agent or representative of WDA made any false statement in order to induce Plaintiff Pate to enter into a contract.

Even assuming that Norvell was an agent for WDA and that he made the statements alleged by Plaintiffs, summary judgment is

7

still appropriate for WDA on this claim.  Normally, a false statement which promises to do something in the future is not actionable fraud even if the statement was made to induce another to enter into a transaction.  <u>Royal Typewriter Co. v. Xerographic Supplies</u>, 719 F.2d 1092, 1104 (11th Cir. 1983).  In order for Plaintiffs to recover for such a statement they must show that WDA either lacked the intention to perform the promise or specifically intended not to perform at the time the representation was made.  <u>See Id.</u>  Plaintiffs are unable to produce any evidence to demonstrate that WDA lacked the intention to perform the promise.  In fact, Plaintiffs admit that Mr. Prunte' had several conversations with different employees at WDA after relocating to Orlando.  Mr. Prunte' testified at his deposition that he spoke with Disney employees Penelope Baker, Diane Bradley, and Jack Bell, and met with Bob Allen at his office.  (Prunte' deposition, pgs. 126-149).

Further, assuming Mr. Norvell stated that there would be no problem with Mr. Prunte' applying for a job at WDA, assuming that Norvell was acting as an agent of WDA, and assuming that this was a misrepresentation, the Court finds that as a matter of law this misrepresentation was not material.  A representation that there would not be a problem with an individual applying for a job is essentially a guarantee of nothing.  WDA was under no obligation to hire Prunte', yet Plaintiffs assert that Ms. Pate moved from Ohio to Florida and took a lower paying job at United Way simply because Defendants

8

misrepresented that Mr. Prunte' would have the opportunity to apply for a job with WDA. The Fourth District Court of Appeal in Florida has held that an action for fraud in the inducement may not lie when a party breaches an oral contract for lifetime employment since, without a specific contract stating a definite term of employment, employment is at will. <u>Dewachter v. Scott</u>, 657 So. 2d 962 (Fla. 4th DCA 1995). In this case, Plaintiffs do not even assert that Mr. Prunte' entered into an oral contract for employment at WDA, but instead was only told that there should be no problem applying for job at WDA. Thus, the Court finds that the misrepresentation alleged was not material, and a fraud in the inducement claim is not actionable.

Count Six of Plaintiffs' Second Amended Complaint asserts a claim for the "right to rely on things said." The Court will treat this as a claim asserting promissory estoppel. The Florida Supreme Court has adopted the Restatement (Second) of Contracts in stating the elements of promissory estoppel. The Florida Supreme Court stated:

> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

The character of the reliance protected is explained as follows:
> The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy

9

sought, on the formality with which the promise is
made, on the extent to which the evidentiary,
cautionary, deterrent and channeling functions of form
are met by the commercial setting or otherwise, and on
the extent to which such other policies as the
enforcement of bargains and the prevention of unjust
enrichment are relevant.

W.R. Grace and Co. v. Geodata Services, Inc., 547 So. 2d 919,
924 (Fla. 1989) (quoting Restatement (Second) of Contracts § 90
(1979)).  Initially, the Court notes again that there is no
evidence that any representative or agent of WDA made the
statements alleged by Plaintiffs.  Further, the Court does not
find that Plaintiffs' reliance on Mr. Norvell's promise was
reasonable, since the promise in effect had no substance.  The
promise also had no substantial character since, as stated
above, the promise of the opportunity to apply for a job is
essentially an unenforceable promise.  Thus, judgment as a
matter of law in favor of WDA on Count Six of Plaintiffs'
complaint is appropriate.

Finally, Count Four of Plaintiffs' Second Amended Complaint
alleges that WDA and United Way conspired to induce Plaintiff
Pate to work in Orlando.  A conspiracy is a combination of two
or more persons by concerted action to accomplish an unlawful
purpose or to accomplish some purpose by unlawful means.  See
Kent v. Kent, 431 So. 2d 279 (Fla. 5th DCA 1983).  The gist of
an action for civil conspiracy is not the conspiracy itself, but
the civil wrong done pursuant to the conspiracy which results in
damage to a plaintiff.  Blatt, Green, Rose, Kahn, & Piotrkowski,
456 So. 2d 949, 950 (Fla. 3rd DCA 1984).  Therefore, a cause of

10

action for civil conspiracy exists only if "the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." Id. (quoting American Diversified Ins. Services, Inc. v. Union Fidelity Life Ins. Co., 439 So. 2d 904, 906 (Fla. 2d DCA 1983). For the reasons previously stated in this Order, Plaintiffs have demonstrated no independent wrong or tort involving the alleged misrepresentations which would support a civil conspiracy claim.

Accordingly, Defendant WDA's Motion for Summary Judgment is **GRANTED**.

**United Way's Motion for Summary Judgment on Counts Two through Six:**

For the reasons delineated above in Defendant WDA's Motion for Summary Judgment, Defendant United Way's Motion for Summary Judgment on Counts Two through Six is **GRANTED**. The Court further notes that regarding the Plaintiffs' fraudulent inducement claim, Mr. Norvell satisfied any obligation he may have had to Plaintiffs. Mr. Norvell is not responsible for hiring or interviewing at WDA and it is undisputed that Mr. Norvell passed Mr. Prunte's name on to Mr. Nunis. (Pate depo., pgs. 74-75). Thus, there was nothing further Mr. Norvell had to do to fulfill his "promise" that Mr. Prunte' should be able to apply for a job at Disney.

**United Way and WESH's Motion for Summary Judgment:**

Plaintiffs have asserted a claim against United Way and

11

WESH for copyright infringement for allegedly using the song "Someday", written by Prunte', for United Way's 1994 fundraising campaign video without Prunte's permission.    In order to establish copyright infringement in musical compositions, a plaintiff must prove (1) the originality and authorship of the composition involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiff is the proprietor of the copyright of the composition involved in the action; (4) that the composition was performed publicly by the defendant; and (5) that the defendant has not received permission from the plaintiff or his representative for such performance.    Major Bob Music v. Stubbs, 851 F. Supp. 475, 479 (S.D. Ga. 1994).    Defendants United Way and WESH assert that the final element is lacking in this case since they were granted a nonexclusive license and given permission by Plaintiff Prunte' to use the song in its campaign video.    A nonexclusive license does not amount to a transfer of ownership of the copyright under 17 U.S.C. § 101 and may be granted orally or implied from conduct.    MacLean Associates, Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc., 952 F.2d 769, 778-779 (3rd Cir. 1991).

United Way and WESH argue that Prunte's June 8, 1994 letter to Scott Bowman at United Way reflects his intention to donate the song "Someday" and that United Way would be responsible for determining the song's use.    The letter to Mr. Bowman states:

Scott;

12

Here's a copy of the final version of "Someday". I wonder Scott; for your PSA's, are there going to be different 30 or 60 second segments used in certain formats or are you only using one 30 second blast for the public. When will the song be played in its entirety if ever for the public? Just wondering Scott.

When you find out, let us know? Still, its all so wonderful being able to do our share for the glorious efforts of organizations like yours. Thanks for allowing us the chance to express musically the needs of the moment.

Maybe, you will have a 50 million dollar year of contributions!

Talk to you later Scott.

/s/ Bob Prunte'
Bob

P.S. When you are ready to have CD's made, I have the master DAT tape that you can use. Also enclosed is the invoice for studio time.

(Doc. No. 182, Exhibit 1, Exhibit B). Defendants also assert that the actions of Plaintiffs demonstrate Prunte's intent to allow United Way to use the song for its 1994 campaign video. Defendants state that Prunte' took money from United Way only as a reimbursement for his expenses of recording and producing "Someday" and Prunte' handed over the recording of "Someday" to Scott Bowman with the intent that Bowman use it in the video. According to the affidavit of Scott Bowman, Plaintiff Prunte' submitted invoices totalling $250 to United Way from Difference Studios and Regime Music Company as costs for producing and recording the song and gave Mr. Bowman copyright information to include on the video. (Doc. No. 182, Exhibit 1).

On the contrary, Plaintiffs argue that Defendants "purchased" the song "Someday" for $250 and agreed that WDA

13

would produce "many" compact discs and WESH would provide four months of television and four months of radio airplay of the song. Plaintiffs assert that the June 8 Prunte' letter is an inquiry regarding Defendants' agreement to produce compact discs and provide airplay and does not provide any description of the permitted use of the song. Plaintiffs claim that United Way and WESH's use of the song was contrary to the agreement made between Prunte', Scott Bowman, and David Mikeal, the singer of the "Someday" recording at issue. Plaintiff Prunte' claims that a deal with United Way was never finalized and he objected to the alleged improper use of "Someday" shortly after it was first played in the campaign video at United Way's "Kickoff Event." In a letter dated October 21, 1994, Plaintiff Prunte's attorney at the time, Jeffrey Jacobson, sent a letter to Mr. Norvell ordering him to stop further displaying any "infringing items" which are "proprietary to" Mr. Prunte'. (Doc. No. 197, Exhibit 442). It appears an identical letter was sent to Mr. Norvell on October 28, 1994 (Id. at Exhibit D), and similar letters were dated December 6, 1994 (Id. at Exhibit A-4), December 19, 1994 (Id. at Exhibit A-5), and January 4, 1995 (Id. at Exhibit A-6).

The Court cannot find at this point that Plaintiff Prunte's June 8, 1994 letter and his actions reflect that Prunte' unconditionally donated "Someday" to Defendants and that United Way would be responsible for determining how it would use "Someday." Instead, the Court finds that there is an issue of fact regarding the conditions under which the song "Someday" was

AO 72A
(Rev. 8/82)

given to Mr. Bowman and United Way by Mr. Prunte'.

Next, Defendants assert that United Way's use of "Someday" is not infringement according to title 17 U.S.C. § 110(4). Section 110(4) states that the following does not constitute copyright infringement:

> performance of a nondramatic literary or musical work otherwise than in a transmission to the public, without any purpose or direct or indirect commercial advantage and without payment of any fee or other compensation for the performance to any of its performers, promoters, or organizers, if-
> (A) there is no direct or indirect admission charge; or
> (B) the proceeds, after deducting the reasonable costs of producing the performance, are used exclusively for educational, religious, or charitable purposes and not for private financial gain, except where the copyright owner has served notice of objection to the performance under the following conditions;
>> (i) the notice shall be in writing and signed by the copyright owner or such owner's duly authorized agent; and
>> (ii) the notice shall be served on the person responsible for the performance at least seven days before the date of the performance, and shall state the reasons for the objection; and
>> (iii) the notice shall comply, in form, content, and manner of service, with the requirements that the Register of Copyrights shall prescribe by regulation;

Title 17 U.S.C. § 110(4). The affidavit of Scott Bowman presented by Defendants states that the song was only used for charitable purposes in United Way's 1994 fundraising campaign, that the song was never performed, played, or broadcast through any type of transmission, that there was no payment of any fee to the performers, promoters, or organizers, and that there was never any direct or indirect admission charged to view the campaign video. (Doc. No. 182, Exhibit 1). Also, Defendant

15

United Way's amended answers to Plaintiffs' interrogatories state that United Way discontinued use of the campaign video containing the song "Someday" in early November 1994. Plaintiffs have produced no evidence to contradict these statements.

However, Plaintiff has submitted copies of numerous letters addressed to Lawrence Norvell, President of United Way, which order him to cease using Plaintiff Prunte's "items." (Doc. No. 197, Exhibits 442, D, A-4, A-5, A-6). The first of these letters is dated October 21, 1994. Thus, there is a question of fact regarding whether Plaintiff Prunte' served proper notice to United Way of his objection to their use of "Someday", and if so whether United Way ceased use of "Someday" after receiving proper notice.

Finally, United Way argues that its use of "Someday" was protected by the "fair use" doctrine. Under 17 U.S.C. § 107 the fair use of a copyrighted work is not an infringement of copyright. In determining whether the use is a fair use the Court must consider

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

Title 17 U.S.C. § 107. The Court finds that there are material questions of fact regarding whether the use of "Someday" was for nonprofit **educational** purposes as intended under § 107 and the

16

amount and substantiality of the portion of "Someday" used in relation to the copyrighted work as a whole. Thus, summary judgment in favor of United Way on Plaintiffs' copyright infringement claim is improper.

Plaintiffs' copyright infringement claims against WESH arise out of their claims against United Way. Since summary judgment is not appropriate for United Way on this claim, then summary judgment in favor of WESH is also improper. Accordingly, United Way and WESH's Motion for Summary Judgment (Doc. No. 181) is **DENIED**.

## CONCLUSION

Based on the foregoing, WDA's Motion for Summary Judgment (Doc. No. 177) is **GRANTED**. United Way's Motion for Summary Judgment on Counts Two Through Six (Doc. No. 179) is **GRANTED**. United Way and WESH's Motion for Summary Judgment (Doc. No. 181) is **DENIED**. Pro se Plaintiffs' Motion for Taking of Judicial Notice of Adjudicated Facts, Acts, Records and Personnel of Court, Matters Generally Known and Not in Contention (Doc. No. 213, filed July 2, 1996) is **DENIED**. These matters are properly included in the joint pretrial statement signed by all parties.

**DONE AND ORDERED** at Orlando, Florida, this _____ day July, 1996.

PATRICIA C. FAWSETT
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record

17

Karen Pate and Robert Prunte'.

AO 72A
(Rev. 8/82)