UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE,<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY COMPANY, et al.,<br><br>Defendants. | Civil Action No. 04-0629 (JDB) |

## MEMORANDUM OPINION

Plaintiff Robert R. Prunte ("plaintiff"), a frequent pro se litigant in the federal courts, has filed an 86-page Amended Complaint raising copyright infringement, civil RICO, Bivens and numerous other purported causes of action. He has sued the Walt Disney Co. ("Disney"), the Foundation for Research on Economics and the Environment ("FREE"), the law firm of Mateer & Harbert, P.A. ("Mateer"), the M.J. Murdock Charitable Trust ("Murdock Trust"), The Nature Conservancy ("Nature Conservancy"), and the United States Attorney. Several federal judges and two federal judicial circuits (the Second and Eleventh Circuits) are also identified as "co-conspirators" involved in the events giving rise to plaintiff's endless series of claims.

The unnumbered paragraphs of plaintiff's prolix Amended Complaint assert countless theories and claims involving defendants, thirteen "uncharged co-conspirators" and others, and plaintiff has listed 87 "exhibits and descriptions" as part of his Amended Complaint. See Am. Compl. at 11-14. In the end, on the basis of his various constitutional, statutory and other claims, plaintiff seeks relief that includes the making of a new law that will govern disclosure of federal judges' financial holdings and seminar attendance (id. at 74-77); an injunction to halt certain

federal judicial seminars and prevent an alleged conspiracy among defendants and others to improperly influence federal judges and harm plaintiff's interests (id. at 77-81); and monetary damages under civil RICO and numerous other civil and criminal statutes and constitutional provisions in the amount of over $300 million "before trebling" and almost $1 billion "after trebling," plus $25 million for the "United States Federal Judges Retirement Fund" (id. at 82-84).

Plaintiff's Amended Complaint is plainly subject to dismissal for failure to comply with the "short and plain" and "simple, concise, and direct" requirements of Fed. R. Civ. P. 8. However, that would not, in all likelihood, advance this matter appreciably, as the Court is confident that another unwieldy complaint initiating a new action would be the result. At its heart, plaintiff's action is simply his latest challenge to Disney's alleged copyright infringement of his musical work and to the federal courts' treatment of that challenge. As such, this action is for the most part barred under the doctrines of res judicata and collateral estoppel, and any aspects of the amended complaint not so precluded are subject to dismissal for failure to state a claim and on other grounds. The various motions to dismiss filed by defendants will therefore be granted.

## BACKGROUND

Plaintiff's prior litigation is reviewed in the Declaration of Thomas Curley ("Curley Decl.") filed in support of Disney's motion to dismiss.[1] In Prunte I, plaintiff sued a Florida charity and television station alleging copyright infringement related to the song "Someday," which he allegedly wrote around 1994, and also sued Disney in tort for failing to hire him as a songwriter. Curley Decl. Ex. A at 2-3. All claims against Disney were dismissed by the Middle District of Florida. Id. at 11; Am. Compl. at 21:7-8.

---

[1] Those prior federal actions will be referenced simply as Prunte I, Prunte II, etc.

After Disney released the movie "The Hunchback of Notre Dame," which included a song entitled "Someday," plaintiff sued Disney and others alleging copyright infringement as well as fraud, conspiracy and racketeering claims. Curley Decl. Ex. B at 4, 14. District Judge G. Kendall Sharp of the Middle District of Florida granted summary judgment for Disney on all claims in Prunte II, specifically holding on the copyright infringement claim that Disney's song was an independent creation "vastly different" from plaintiff's work. Id. at 10, 16. The Eleventh Circuit affirmed, rehearing en banc was denied, and the Supreme Court then denied both certiorari and rehearing on the denial of certiorari. Id. Exs. C, D, E and F.

In Prunte III, plaintiff sued Disney and others for employment discrimination and civil rights conspiracies. That complaint was dismissed by the Middle District of Florida, and the decision was upheld by the Eleventh Circuit on appeal. Id. Ex. G at 3-11, Ex. H.

Plaintiff filed Prunte IV in the Middle District of Florida against Disney, Judge Sharp, the Mateer law firm (which represented Disney in Prunte II) and others. Id. Ex. I at 1-2. Again, plaintiff's claims derived from his assertion that Disney had copied his song, and he raised causes of action for copyright infringement, racketeering and fraud, in addition to alleging that Judge Sharp was biased against him because of a common interest with Disney in a charitable organization. Id. Plaintiff's complaint in Prunte IV was dismissed by Judge Henry Lee Adams with prejudice on November 24, 1998, the court noting that Prunte was seeking to relitigate his prior loss on the infringement claim through patently frivolous and malicious assertions. Id. An attempt by plaintiff to supplement his complaint in Prunte IV to add as defendants the Magistrate Judge who had denied his discovery motions and the three Eleventh Circuit judges who rejected his appeal in Prunte II was rejected as similarly frivolous and malicious. Id. Ex. J at 1 n.1.

Switching venues to the Southern District of New York, in Prunte V plaintiff sued Disney, Judges Sharp and Adams, various other district and Eleventh Circuit judges, and the Mateer firm, asserting essentially the same allegations that he had made in Prunte II and Prunte IV plus additional claims of judicial bias. A Magistrate Judge report and recommendation that the claims against Disney be dismissed based on res judicata and collateral estoppel was adopted in full by the District Court. Id. Ex. N at 1. Plaintiff's motion to vacate that dismissal was denied, id. Ex. N at 4-5, Ex. O, and the Second Circuit sua sponte dismissed his appeal as frivolous. Id. Ex. P.

That brings us to this litigation. There is no doubt whatsoever that plaintiff is continuing his attack on Disney for copyright infringement over the song "Someday." After quoting the Star Spangled Banner by Francis Scott Key, plaintiff introduces his 86-page amended complaint as follows: "This case is likewise about a song. A song which, The Walt Disney Company, (TWDC) seeks to own forever, even though they didn't create it." Am. Compl. at 2. He then launches the same copyright, fraud and conspiracy challenges against Disney that have been the focus of his prior unsuccessful federal lawsuits, buttressed by the same type of conspiracy and bias claims against the federal judiciary, the Mateer firm and others that he has brought and lost before, adding along the way equivalent claims and charges against new players that he has joined in his conspiracy theory. Granted, he does this over 86 pages, hundreds of unnumbered paragraphs, and numerous criminal and civil charges. But the core of his complaint against Disney for copyright infringement and fraud has not changed, nor has his charge against the federal judiciary for failing to vindicate his claims because of bias and conflicts of interest.

**DISCUSSION**

I.   **Standard of Review**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). All that the Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). Conclusory legal and factual allegations, however, need not be considered by the court. Domen v. Nat'l Rehabilitation Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## II.     Plaintiff's Claims Must Be Dismissed

As plaintiff candidly acknowledges, this case -- like his past federal lawsuits -- is about a song. And like a song, although his saga of federal litigation may have several refrains, the melody and tune -- his claims and issues -- remain the same. This case is merely the latest expression of his long-running attack on Disney for copyright infringement (and related claims of fraud) and on the federal judges who have rejected his prior cases.

The claims against Disney must be dismissed under the doctrines of res judicata and collateral estoppel. Plaintiff has been afforded a fair opportunity -- several times over -- to litigate the same claims as those he raises in his amended complaint in this case. Those doctrines are intended to avoid piecemeal litigation, preserve finality of judgments, and conserve judicial resources. Hence, a plaintiff is not permitted to refile lawsuits making essentially the same allegations. See, e.g., Nevada v. United States, 463 U.S. 110, 129-30 (1983); Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002). That is precisely, however, what plaintiff has done already in past actions and seeks to do again here. Unquestionably, the core of his case is that Disney infringed his copyright and that Judge Sharp and many other members of the federal judiciary wrongly dismissed his copyright infringement claim in Prunte II and his other prior cases. Likewise, his derivative causes of action -- e.g., fraud, racketeering, conspiracy, obstruction of justice -- were asserted and resolved against plaintiff in Prunte IV, and hence also are precluded. Any "new" cause of action or theory of recovery invented for this lawsuit is nonetheless precluded as well because at bottom all plaintiff's claims are dependent on his original assertion of copyright infringement. Hence, any new "tort allegations in this litigation are not new issues but simply new *legal theories*" that are also precluded. Hall v. Clinton, 285 F.3d 74, 81 (D.C. Cir. 2002)

-6-

(emphasis in original); see generally Mervin v. FTC, 591 F.2d 821, 830 (D.C. Cir. 1978) (res judicata prevents relitigation on grounds or theories actually advanced or that could have been advanced in prior litigation).

It is unclear whether plaintiff has attempted to assert a claim against any federal judge or Circuit in his amended complaint. The Court concludes, however, that he has not done so, since none are listed as defendants subject to claims for relief.[2] But even assuming that plaintiff has asserted claims against the federal judges and Circuits identified in the amended complaint, those claims must all be dismissed for several reasons. First, they are largely precluded by res judicata and collateral estoppel. Second, sovereign immunity (see United States v. Nordic Village, 503 U.S. 30, 34 (1992); Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984)), and absolute judicial immunity (see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Cleavinger v. Saxner, 474 U.S. 193, 199 (1985); Stump v. Sparkman, 435 U.S. 349, 355-56, 362 (1978)), defeat plaintiff's claims, particularly those seeking monetary relief. Third, plaintiff fails to state a claim against federal judges because he is improperly challenging prior judicial decisions as to which appeal is his only proper recourse. Finally, personal jurisdiction over the identified federal judges has not been established, they have not been served properly as individuals, and it would appear that venue is not appropriate here.

Plaintiff's claims against the remaining named defendants fare no better. There is no identifiable basis for any claim against the United States Attorney for the District of Columbia, who is listed in the case caption as a defendant but obviously has had no contact with the events

---

[2] Instead, plaintiff employs the tactic of calling his targeted members and institutions of the federal judiciary "uncharged co-conspirators." See Am. Compl. at 7-8.

underlying plaintiff's claims. The Mateer Law Firm does not appear to have been properly served, but in any event the claims against it have previously been raised and decided against plaintiff, and hence are precluded by res judicata and collateral estoppel. Even assuming that plaintiff, a very experienced pro se litigator, is entitled to some deference in the construction of his claims, the vague, frequently unintelligible allegations of conspiracy he makes in order to include FREE, the Murdock Trust and the Nature Conservancy in this action do not state claims that would entitle him to any relief. Moreover, any such claims are, in their essence, claims of conspiracy to infringe plaintiff's copyright that have already been litigated and conclusively decided against plaintiff. Finally, the Court concludes that neither the Murdock Trust nor FREE has been properly served and that personal jurisdiction and venue are lacking as to them and as to the Nature Conservancy.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss the amended complaint are granted, and the claims in the amended complaint are dismissed in their entirety as to all defendants. An appropriate Order accompanies this Opinion.

　　　　　　　　　　　　　　　　　　/s/ John D. Bates
　　　　　　　　　　　　　　　　　　JOHN D. BATES
　　　　　　　　　　　　　　　　United States District Judge

Dated: March 31, 2005

Copies to:

ROBERT R. PRUNTE
9527 Sea Shadow Lane
Columbia, MD 21046
(301) 514-4028
    *Plaintiff pro se*

Thomas Curley
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1050 17th Street, NW
Suite 800
Washington, DC 20036
(202) 508-1138
Fax: (202) 861-9888
Email: tcurley@lskslaw.com
    *Counsel for defendant Walt Disney Company, Inc.*

Montgomery N. Kosma
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001-2113
(202) 879-3939
Fax: (202) 626-1700
Email: mkosma@jonesday.com
    *Counsel for defendant Foundation for Research on Economics and the Environment*

Alan Burch
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514-7204
Fax: (202) 514-8780
Email: alan.burch@usdoj.gov
    *Counsel for defendants 2nd Circuit Federal Judicial District Courthouse Systems,*
    *11th Circuit Federal Judicial District Courthouse Systems, United States Attorney*

Thomas Charles Jackson
BAKER & BOTTS, L.L.P.
The Warner Building
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7710
Fax: (202) 585-1009
Email: thomas.jackson@bakerbotts.com
    *Counsel for defendant The Nature Conservancy*

Steven R. Bechtel
MATEER & HARBERT, P.A.
225 East Robinson Street
Suite 600
Orlando, FL 32802
(407) 425-9044
Email: sbechtel@mateerharbert.com
    *Counsel for defendant The Nature Conservancy*

Jeremy D. Sacks
STOEL & RIVES, L.L.P.
900 Southwest Fifth Avenue
Portland, OR 97204-1268
(503) 294-9649
Fax: (503) 220-2480
Email: jdsacks@stoel.com
ATTORNEY TO BE NOTICED
    *Counsel for M.J. Murdock Charitable Trust*