**Robert R. Prunté, (pro sé)**
1702 Linden Avenue
Baltimore, Maryland 21217
1.410.225.9940 1.301.514.4028

**RECEIVED**

MAY **3 1** 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTÉ

Plaintiff,

Vs.

UNIVERSAL MUSIC GROUP
RECORDINGS, et al

Defendant (s)

CASE NUMBER: 1:06-CV-0048

JUDGE: (Paul L. Friedman)
(PLF)

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ISSUES ESTABLISHING CONCEDED DIRECT ACCESS, SCHEME TO DEFRAUD, ORIGINAL AUTHORSHIP, OWNERSHIP, REGISTRATION, MAIL FRAUD AS WELL AS JUDGMENT AS MATTER OF FACT AND LAW CONCERNING PLAINTIFF'S CHORUS LINE EXPRESSIONS BEING FOUND WITHIN BODY OF DEFENDANTS CHORUS LINE EXPRESSIONS, AND MEMORANDUM OF LAW, AND MOTION TO STRIKE DEFENDANTS FED. R. CIV. P. RULE 12(b)(6) MOTION. (OMNIBUS MOTION)

Comes now the plaintiff with its motion for Partial Summary Judgment on issues establishing conceded direct access, scheme to defraud, mail fraud, original authorship, ownership, registration, as well as judgment as a matter of law concerning plaintiffs chorus line expressions being found within body of defendants chorus line expressions and memorandum of law and Motion to Strike defendants **Fed. R. Civ. P. Rule 12(b)(6)** Motion, (omnibus motion), and it is plaintiffs intent to show that the issues outlined in this motion for <u>Partial Summary Judgment</u> present no genuine issue of material controverted fact worthy of being presented at trial.  Certain issues are conceded and certain issues are incontrovertible, as a matter of fact and law.

## **STANDARD OF REVIEW**

Defendants **Fed. R. Civ. P. Rule 12(b)(6)** motion, (which included outside materials which have not been rejected by the Court), is being viewed by this court as a motion for summary judgment filed by the defendants.  In this regard, it is precedential that "a motion to dismiss pursuant to **Fed. R. Civ. R. 12(b)(6)** will not be granted unless plaintiff can prove no set of facts in support of his claim which would entitle him to relief".  **(See: Conley v. Gibson, 355 U.S. 41, 45-46 (1957), see also, Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987)).**

Likewise, given the federal rules simplified standard for pleading [a] court may dismiss a complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations, **(See: Swierkiewicz v.**

Sorema, N.A., 534 U.S. 506, 514 (2002) quoting Hishon v. King & Spaulding 467 U.S. 69, 73 1984).

Thus, under defense of a **Rule 12(b)(6)** motion, the plaintiff's factual allegations must be presumed true and should be liberally construed in his/her favor. **(See: Leatherman v. Tarrant City Narcotics and Coordination Unit 507 U.S. 163, 164 (1993) Phillips v. Bureau of Prisons, 591, F.2d 966 (D.C. Cir. 1979); see also, Schever v. Rhodes, 416 U.S. 232, 236 (1974), Sparrow v. United Van Lines, Inc. 216 F.3d 1111, 1113, D.C. Cir. 2000).**

The court, however, need not consider conclusory legal and factual allegations. **(See: Domen v. Nat'l Rehabilation Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (Citing Papasan v. Allain, 478, U.S. 265, 286 (1986)).**

Accordingly, plaintiff seeks Partial Summary Judgment on issues aside from the Motion to Strike, as matters of fact become shown, and plaintiff seeks to conjunctively illustrate that certain matters naturally present no genuine issue of material and controverted fact worthy of trial.

## STATEMENT OF MATERIAL FACT AND MEMORANDUM
## OF POINTS AND AUTHORITIES

1. Counsel's argument concerning "YoWorld" needing to be represented by counsel is immaterial, redundant, impertinent and insufficient. As counsel itself proclaims: "Mr. Prunté may proceed pro se before this court, corporate

plaintiff YoWorld may not"…**(See Def. Mot. To Dismiss, pg. 5).**

However, at <u>no time</u> has this plaintiff contended or alleged that *YoWorld* is a corporate entity, but instead, it has been alleged that YoWorld is merely the name of a *strategic alliance* had between Karen Pate and Robert R. Prunté. Counsel "self-created" the corporate designation argument, merely for sake of argument. The argument itself is frivolous with no merit whatsoever.

The frivolity of counsel is again seen clearly when one appreciates the fact that the <u>United States Copyright Office</u> considers Mr. Prunté to be the sole author and claimant of the songs occupying the collections in question. **(See Exhibit A1A)**. Furthermore, plaintiff has submitted handwritten proof of it being the "first maker", only maker, and prime publisher and original author and claimant. **(See Exhibit A1B)**.

Further contrary to counsel's assertions, plaintiff owns and has registered the copyrights in the works allegedly infringed since <u>March 2, 2006</u>.

A small amount of research would have revealed to counsel that when an <u>application</u> for copyright is made, the date of registration is the actual date of <u>application</u>. **(See: Exhibit A1A)**. The undisputed fact of plaintiff's ownership and authorship of the works in question completely negates counsel's argument on these issues.

Thus, to establish copyright infringement, plaintiff must show "ownership of a valid" copyright, which plaintiff has done. **(See: Feist Publ's, Inc. v. Rural Tel. Serv. Co. 499 U.S. 340, 361 (1991) & Whitehead v. Paramount Pictures Corp. 53 F. Supp. 2d 38, 45 – 46 (D.D.C. 1999) (Friedman, J.) quoting Feist, 499 U.S. at 361) aff'd No. 99 – 7137, 2000 WL 33363291 (D.C. Cir. Apr. 19. 2000)**.

Counsel's argument that no trier of fact could find that the allegedly infringing songs are substantially similar to protectible material in plaintiff's work is likewise immaterial, redundant, insufficient and impertinent as a matter of fact and law.

Counsel's lengthy diatribe <u>dissecting</u> the plaintiff's and defendants protected expression, and the several principles espoused which would preclude judgment for the plaintiff, is clearly wrong and misguided. Clearly counsel is in error since, "**<u>No Principle</u>**" (as Judge Learned Hand quoted) can be stated as to when an imitator has gone beyond copying the idea, and has borrowed its expression. **(See: Peter Pan Fabrics, Inc., v. Martin Weiner Corp. 274 F.2d 487, 489 (2d Cir. 1980)**.

Counsel's feeble attempt to "**create a principle**" for substantial similarity is insufficient and immaterial, as a matter of fact and law. Thus, and as plaintiff has alleged previously, defendants work is tainted in such a manner that no ordinary reasonable person would conclude that such work was not appropriated unlawfully from plaintiff.

Counsel miserably fails to acknowledge or realize that <u>any</u> substantial similarity analysis requires comparison not only of the two works individual elements in isolation, but also of their "<u>overall look and feel</u>". **(See: Boisson v. Banion, Ltd. 273 F.3d 262, 267 – 68 (2d Cir. 2001), Concrete Machine Co. v. Classic Lawn Ornaments Inc, 843 .2d 600 606 (1st Cir. 1998) and 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyrights, 13.01 [B], at 13-8 to 13-10 (2001).**

Courts <u>must</u> differentiate between <u>actual copying</u> and <u>substantial similarity</u>, <u>both</u> are clearly required, and the latter inquiry concerns whether actual copying is legally actionable. **(See: Sturdza v. United Arab Emirates, 281 F.2d 1287 (D.C. Cir. 2002).**

Counsel's argument, as the lawyers in "*Sturdza*" argued, merely frivolously claims that <u>plaintiff</u> cannot prove "substantial similarity". Of course no plaintiff can prove such a proposition without the guidance of the law and its precedential state. Counsel's position is thus purely rhetorical and not made on a good faith basis.

Suddenly however, counsel disingenuously seems to agree that the substantial similarity test is a two-pronged one, in counsel's footnotes. Yet, even here, counsels semantical proposition and style are glaringly apparent, since counsels first Motion to Dismiss completely failed to mention the true

nature of the precedent setting cases. Counsels attempt to do so now is like trying to unring the bell.

First counsel claims expert testimony is not required, as a matter of fact and law, and now counsel makes concessions concerning the state of the law in a footnote. Counsel should make up its mind.

The first step of <u>any</u> test for substantial similarity requires <u>identifying</u>, which aspects of the artists work, <u>if any</u>, are protected by copyright, and no copyright protection is available for facts and or ideas. The United States Copyright Office has already certified plaintiffs works as protected by copyright, and its most valuable portions, "<u>the chorus lines</u>", are being focused on in this action while plaintiff enjoys the <u>Constitutionally Mandated Monopoly</u> over the protection of original song expressions emanating from this plaintiff.

Thus, protection in this case would include protection for the manner in which plaintiff chose to express his songs chorus lines, which immediately display plaintiff's unique stamp of originality. **(Quoting Feist, Publications, 499 U.S. at 350, & 17 U.S.C. 102).**

Chorus lines of popular and commercial songs are <u>immensely descriptive</u> of expression protected by United States copyright laws, since chorus lines represent the "<u>full substance and value</u>" of the work. **(See: Country Kids 'n City Sticks Inc, v. Sheen, 77 F.3d 1280, 1286 (10th Cir. 1996).**

Counsel's bogus attempt to short cut the law and fail to restate its status, is equivalent to furthering the scheme to defraud plaintiff in the first instance, since plaintiff's <u>only legally protected interest</u> is his interest in the potential financial returns from his work, which derives from the lay public's appropriation of his efforts.

The question presented and answered here therefore, is whether defendants "took from plaintiff's works so much of what is pleasing to … the … lay audience… and that defendant wrongfully appropriated something which belongs to the plaintiff"… **(See: Arnstein v. Porter, 154 F.2d 464, 473 (2d Cir. 1946)**.

Counsel's jibber-jabber about supposed <u>differences</u> instead of the <u>overall similarities</u> is a blatant misstatement of the law. **(See: Country Kids, 77, F.3d at 1288 & Sturdza, Supra)**.

Considering the works as a whole is extremely important because "<u>protected expression</u>" may arise in ways in which artists combine even <u>unprotectible elements</u>.  For example, while color is not protectible, the manner in which an artist selects, coordinates and arranges color may be. **(See: Boisson, 273, F.3d at 272, & also, Sturdza, Supra)**.

Most importantly this court should be suspicious of counsel attempting to resolve substantial similarity issues by summary motion, since such an issue is always an extremely "close question of fact", causing summary

adjudication of such issues to be frowned upon. **(See: Hoeling v. Universal City Studio, Inc. 618, F.2d 972, 977 (2d Cir. 1980) & Wickham v. Knoxville Int'l Exposition, Inc., 739 F.2d 1094, 1097 (6th Cir. 1984).**

Using the *Sturdza* case as a guidepost for proceeding down the corridors of this case, we agree with counsel that each individual allegedly offending chorus line contains rhetorical or theoretical differences, to be sure, but counsel must not be allowed to trivialize or overlook the glaring similarities between plaintiff's chorus lines and defendant's allegedly offending chorus lines. To illustrate the reality of the similarities between expression of the chorus lines, see comparison examples below:

\* Prior to illustrating specific chorus lines, plaintiff has submitted writings showing the intellectual process of creativity taking place prior to the songs becoming fixed in a tangible medium. **(See Exhibit A1B)**.

## PROBATIVE SIMILARITIES IN OVERALL LOOK AND FEEL

| Original | **Chorus line 1: "Smoke, Drink, Cuss, Fight"** <br> We gone smoke, drink, cuss, fight, stab, shoot, cuz we wildin tonight… We gon roll the dice, wit cash in the pot, somebody gettin ducked somebody gettin dropped. |
|---|---|
| **Allegedly Stolen** | **Chorus line 1(a)** - I smoke by ma self, drink by ma self, f\*\*k these hoes by my got damn self …(Ying Yang Twins) <br> **Chorus line 1(b)** – I smoke, I drink, I'm sposed ta stop but I can't, |

I'm a dog, I love hoes, and I'm addicted to money cars and clothes

| Original | **Chorus line 2: "Everybody's Talkin Bout Us"** |
| | Everybody's talking bout us, they say its only lust, but I am your and you are mine, this love will last out whole lifetime…Every bodys talking bout us, they see its me you trust, and guys be tryin ta get with you but they cant do a thing for you"… |
| Allegedly Stolen | **Chorus line 2(a) – "Lets Talk About Our Love"** |
| | The more they talk about our love, the more they make it obvious, the more they seem so envious, how can they talk about us, when they don't know one thing about, they're just runnin their mouth, so all we do is tune them out… |
| Original | **Chorus line 3 – "Shoot To Kill"** |
| | "If I gotta shoot I shoot ta kill, gotta keep it real, send dem threats, gonna get wet, me and ma homeys packin steel…If I gotta shoot I shoot ta kill, glock is concealed, loose lips sink ships, leavin em slumped behind tha wheel, if I gotta shoot I shoot ta kill, dey wont I will, keep a clip, neva slip, gotta make sure they pay them bills".. |
| Allegedly Stolen | **Chorus line 3(a) – "Eminen Battle Song"** |
| | If I can't shoot you, I ma hafta kill you by spittin, ballin motha fuckas ma ruckus ain't written, when ma bullets miss, ma words keep on hittin, if you like pain, then that's what you're getting… |
| Allegedly Stolen | **Chorus line 3(b) – "Welcome to the South"** |
| | Gold grills, Coupe DeVilles, sittin on 20 20's, the dirty dirty baby, show em how the south do, we pop pills, shoot to kill, you know what we bout, and on behalf of G Unit, welcome to the south… |
| Original | **Chorus line 4 – "I'm A Maniac"** |

"I'm a maniac, can't keep outta the zone, I spend my nights on the phone, my trigga fingas on the chrome… I'm a maniac, ma mind is almost gone, dese streets is ma home, da only thing dat I own, im a maniac, nobody knows but me, and everywhere that I go, there be demons callin me…im a maniac, and quick ta lose control, I got a hole in ma soul, its filled wit diamonds and gold"….

| Allegedly Stolen | **Chorus line 4(a) – "Break Bread"**<br>Hey, I'm a maniac, go and tell the whole world Mr. Pain is back, so go get them thangs out, you better lock up your house, and tell the cops they let the animals out… |
|---|---|
| Original | **Chorus line 5 – "Tear the Roof Off"**<br>Lets tear the roof off… make it jump, make it pump, make it crunk through the trunk… |
| Allegedly Stolen | **Chorus line 5(a) – "We On Fire"**<br>Tear the roof off this mutha fucka; light the roof on fire, we getting loose up in the mutha fucka, light the roof on fire… |
| Original | **Chorus line 6 – "Kings In The City"**<br>We the kings in the city, rock the block and the club, and everywhere that we go, they be showin us love.  We the kings in the city, sportin hoodies as crowns, from a long line of hustlers, and we all get down, we they kings in the city, makin money wit mikes, cruising through your town on fancy motor bikes.  We the kings in the city, crushin lords and princes, makin midnight moves in Mercedes Benzes… |
| Allegedly Stolen | **Chorus line 6(a) – "I'm A King"**<br>"I'm a king, bank rolls in the pockets of my jeans, you pussy niggas couldn't see me in ya dreams, I'm a king, top topic of all your magazines, I'm a king, remember I can get your block knocked off.  I'm a king, Bentley Coupe with the top chopped off. I'm a king, I'm connected nationwide, but in the south I'm a king, just respect it and keep my name out your mouth… |

| Original | Chorus line 7 – "I'm So High" |
|---|---|
| | I'm so high, higher than the clouds in the sky, so high I could kiss the clouds in the sky… |
| Allegedly Stolen | Chorus line 7(a) – "So High" |
| | Ohhh, this feels so crazy, how this love is blazin, baby we are so high, my shoes are scraping the sky, so high, you got me so high, my shoes are scraping the sky… |
| Original | Chorus line 8 – "Slow Neck" |
| | Can you slow neck, to your knees will you drop take the wood in ya hands lick it like a lollypop, can you slow neck, sixty eight, sixty nine, drink it dry to the bone, like your favorite wine, give me slow neck, strawberries on ice, if you go down once, will you go down twice, give me slow neck, and don't move too fast, make me feel so good that I want it to last. |
| Allegedly Stolen | Chorus line 8(a) – Skull |
| | Skull, slow motion for me, slow motion for me, move it slow motion for me, slow motion for me, slow motion for me, move it slow motion for me.  Oh, I like it like dat, she working dat back, I don't know how to act, slow motion for me, slow motion for me, slow motion for me, move it slow motion for me…. |
| Original | Chorus line 9 – "Wish A Motha Fugga Would" |
| | We with dem motha fuggahs would, try to come on this block, cause we them real thugs thas hard to stop, we wish them motha fuggas would, try to come to this table, runnin a stable, just beause they think they strong and they able, we wish them motha fuggahs |

| | |
|---|---|
| | would…try statin dey case, in ma face, I make em disappear witout a trace…we wish dem motha fuggahs would… |
| **Allegedly Stolen** | **Chorus line 9(a) – "The Heat"**<br>I shoot arm, leg, arm, head, the heater burner, bruiser on my hip this year.  I shoot arm, leg, leg, arm, head.  I wish a motha fugga would trip this year… |
| **Original** | **Chorus line 10 – "We Got It Poppin"**<br>Who got it poppin, we got it poppin, shorty on the dance floor, and she ain't stopping.  Who got it poppin, we got it poppin, all the way to Brooklyn shorty got it locked down.  Who got it poppin, we got it poppin… |
| **Allegedly Stolen** | **Chorus line 10(a) – "Lets Get It Poppin"**<br>Its 2 up in the morning girl, and the DJ playin that song, now what chu gon do, I'm gone get it poppin, what chu gone do, I'm gone get get get it poppin… |

Therefore, and as a matter of fact and law, any reasonable observer from the directed or intended audience "of the two songs prospective", would easily and readily find plaintiff's protected chorus line expression, within the chorus lines of the complained of works, as aforementioned, and such an occurrence is sufficient to imply defendants used plaintiff's works when deciding on the best expression for their subsequent complained of works. (**See: Nichols v. Universal Pictures, corp. 11930, 45 F.2d 119 & Warner Pros. Pictures v. Majestic Pictures Corp. 2 Cir. 70 F. 2d 310, 311** and because the "**very heart of the work is at issue**", it is

even more plain that defendants used plaintiff's coveted works as the starting point for their own unlawful derivative creations.

Thus, the already illustrated comparisons showing the "crude" efforts of defendants attempting to give the appearance of "dissimilarity" and counsel's argument espousing the same, are themselves evidence of copying.  **(See: Blume v. Spear, 30 F. 629, 631 (S.D.N.Y. 1887).**

The chorus lines of defendants <u>closely matches</u> and <u>tracks the expression</u> of plaintiff's chorus lines in a manner so plain and intentional, that copying may be presumed, and any reasonable person is immediately struck by the strikingly similar "<u>overall look and feel</u>, as well as identical and near identical expressions of <u>verbatim vernacular</u> found in common with and between the literal expressions of both songs chorus line elements.  **(See: Sturdza v. United Arab Emirates 281, F.3d 1287 (D.C. Cir. 2002). Hamil America Inc. v. GFI, 193 F.3d 92, 100 (2d Cir. 1999)**.

Accordingly, the similarities herein alleged are of the type that the ordinary observer "unless he set out to detect the disparities", would be disposed to overlook them and regard their aesthetic appeal as the some.

Furthermore, because counsel for defendants has conceded "Direct Access" to plaintiff's works, it can be further presumed that the chorus lines of the allegedly infringing works are mere fanciful and unlawful <u>miss</u>-appropriations of plaintiff's

1  original expressions. **(See: Knitwaves Inc., v. Lollytogs Ltd. 71 F.3d 396, 1004**

2  **(2d Cir. 1995)**.

3

4  Thus, although defendant's chorus lines try to feebly give the "appearance" of

5  dissimilarity in trivial ways, plaintiff's expression can be found within the

6  offending chorus lines "overall look and feel" with respect to individual chorus

7  line elements. **(See: Sturdza v. U.A.E., Supra)**.

8

9  Therefore, expert testimony must be utilized for two important reasons. One, the

10  works in question are designed and targeted to a specialized "hip hop" audience.

11  Such a factor requires expert testimony to identify similarities relevant to such a

12  highly specialized audience. **(See: Dawson v. Hinshaw 4th Circuit)**. Also,

13  experts are required in order to <u>specifically</u> identify plaintiff's protectible

14  expression. **(See: Sturdza, Supra)**.

15

16  Counsel's sudden "back pedaling" with regard to expert testimony is fully

17  disingenuous since counsel mentions the precedent setting Sturdza case in a

18  footnote of its motion to dismiss, carefully attempting to clean up counsels

19  previous posture which claimed experts were not required.

20

21  By contrast, the use of expert testimony in copyright cases has received widespread

22  judicial attention... Until recently, expert testimony was permitted only to help

23  juries determine "whether... the alleged infringer used the copyrighted work in

24  making his own" (actual copying), and not to determine whether ... the copying

25  was an "unlawful appropriation" (substantial similarity). **(See: Whelan Assoc. v.**

**Jaslow Dental Lab, Inc., 797 F.2d 1222, 1232 (3rd Circuit 1986), See also Arnstein v. Porter, 154 F.2d at 468 – setting forth traditional rule proscribing expert evidence at "unlawful appropriation stage").**

A growing number of courts now permit expert testimony regarding substantial similarity in cases involving computer programs, reasoning that such testimony is needed due to the complexity and unfamiliarity of computer programs. **(Whelan, 797 F.2d at 1232) and Computer Assoc. v. Altai, 982 F.2d 693, 713 – 14 (2d Cir. 1992)**.

Experts were also deemed required for cases of specialized musical arrangement as well.  **(See: Dawson v. Hinshaw Music Inc., 905 F.2d 731, 736 – 38 (4th Cir. 1990).  (Dawson was remanded to district court to determine if audience for a spiritual composition was sufficiently specialized, and the lay audience therefore sufficiently unfamiliar with such works – to warrant expert evidence on the "substantial similarity" question.**

Thus as a matter of fact and law, the following issues present no genuine issue of material fact and or are uncontroverted.

1.  Plaintiff is proper party before this court.

2.  Plaintiff is sole author and claimant and creator or "first maker" of all songs at issue.

3.  Plaintiff possesses the certified and official copyright registration certificate.

4. The copyright office has approved of plaintiff's works and identified them as protected expression.

5. YoWorld is not and has never been alleged to be a corporation.

6. Plaintiff owns the literal expressions of all songs in question and especially the chorus lines.

7. Plaintiff's expression can be found within the chorus lines of defendants offending works.

8. The songs in question are designed for a specialized audience occupying Hip Hop / Rap Rhythm and Blues marketplaces.

9. Direct access to plaintiff's works has been overwhelmingly shown and defendants have conceded the same.

10. Expert testimony is needed to identify Ebonic expressions created by plaintiff and emanating from the chorus lines of the two works targeted for Hip Hop / Rap audiences.

Therefore, as a matter of fact and law, the above issues are no longer in controversy and no genuine issue of material fact exists which would require trial on those issues.

## SCHEME TO DEFRAUD PROVEN BY
## PREPONDERANCE OF THE EVIDENCE

As alleged in the complaint, and agreed to by defendants, Inside Sessions employed the art of critique merely to harvest original songs for allegedly unlawful exploitation.  **(See Def. Motion to dismiss, pg. 3) :**

**"At that time, Inside Sessions was a "<u>new concept</u>" created by Universal for people interested in careers in the recording industry. For $200, customers received the Music Sessions CD-Rom on which top artists, producers, and executives taught interactive courses on various aspects of the industry, from song writing to recording, to promoting. In addition, customers could send samples of their works to Inside Sessions which would provide short written critiques"...**

The "Scheme to Defraud" begins with the "<u>New Concept</u>" called "<u>Inside Sessions</u>" which manipulates authors to send in songs for critique and also merely to expose new songs to them. That's why the defendants "discontinued it". Perhaps it became obvious that the mere façade of providing magical musical critiques and tips, are actually extortionate.

Counsel for defendants admits to every one of Inside Sessions methods of obtaining songs. Those methods are deemed unlawful, and no "New Concept" like Inside Sessions exists any place else on this planet, except within the confines of this Civil Rico criminal enterprise. The scheme to defraud is self-evident and counsel for defendants must acquiesce.

Inside Sessions was therefore indeed created for an unlawful purpose merely to extort songs, since, if it wasn't broken, the defendants would not have shut it down.

## MAIL FRAUD PREDICATES ADMITTED

Counsel for the defendants even admits, offhandedly, that the mail fraud predicates were done as part of defendants "<u>normal way of doing business</u>". This statement is obliterated due to Inside Sessions no longer being in business. The operation was a sham from the start, and designed to maintain market position and number one status for the acts represented by the defendants.

Song harvesting is a proper word for defendants conduct, plain and simple. The Inside Sessions entity unlawfully sent plaintiff numerous emails and several letters via U.S. Mails merely to support the overall extortionate purpose of the enterprise. This is why the defendants would not use their "own names" when dealing with the so-called "customers". Universal and Atlantic thought they, as parent entities, would appear far from the action of deceit and above suspicion as ring leaders of the enterprise' purpose.

As a matter of fact, Universal and Atlantic Executives <u>Geoff Siegel</u>, <u>Brian Wittmer</u>, <u>Rich Christina</u> and <u>Adam Fischell</u>, all encouraged plaintiff to continuously send them fresh and original songs, on an open academy type basis, while the parents, (Atlantic and Universal), had utterly no intent to work with Yoworld at that time or in the future, in the same manner as McDonalds in the case known as: *Sid & Marty Kroft Television Productions Inc., v. McDonalds Corporation.*

Counsels empty claim that the Amended Complaint fails to state how the letters

constitute fraud is frivolous and dilatory as well, and fares no better than its

argument concerning plaintiffs party position, song ownership, registration,

originality, expert testimony and substantial similarity analysis.

Most assuredly, the Amended Complaint plainly and simply alleges, with statutory

specificity, the required elements of fraud counsel claims are lacking.  The

complaint is specific concerning the purpose of the mailings. **(Including emails)**.

**(See Amended Complaint; pg. 24, par. 79; pg. 42 par. 123; pg. 50, par. 153 &**

**155; pg. 51, par. 156, 157 & 158; pg. 52, par. 162 & 163; pg. 54, par. 165, a, b,**

**c, d, e, f, g, h, I & j and 1 thru x; pg. 57, par. 171, 172, 173 & 174; pg. 59, par.**

**178, 179, 180, 181 & 182)**.

There is no genuine dispute concerning the extortionate mailings, since the now

defunct Inside Sessions actually used the company to harvest songs, as a matter of

fact and law, merely to unlawfully exploit the same.  Plaintiff is entitled to

summary judgment as a matter of fact and law on the issue of using the US Mails

in support of a Scheme to Defraud, and there is no genuine dispute concerning the

mailings themselves, which caused plaintiff to part with valuable rights and

property.

## MOTION TO STRIKE

Counsels repeated claim that all but one of counts V thru XI are causes of action

with no remedies for the private citizen.  Counsel is flat out wrong.  **18 U.S.C.**

**1964(c)** already provides relief for any person injured in its business or property....
and goes on to describe which causes of action are available due to any violations
of **18 U.S.C. 1961**.  Counsel's semantical propositions have no basis in fact and are
being interposed for improper purposes.  **18 U.S.C. 1964** and **18 U.S.C. 1961** give
this Court jurisdiction over the defendants, <u>any</u> defendant who allegedly injures
<u>any</u> person in its business or property.  Counsel's argument is nonsensical and
should be stricken as immaterial, scandalous and insufficient under **Fed. R. Civ. P.
Rule 12(f).**

Partial Summary Judgment on the following issues is thus available to plaintiff as a
matter of fact:

1. Plaintiff, Robert Prunte' can own a private interest in a "strategic
   alliance/partnership" in an entity called "YoWorld" and still be the properly
   before this court.
2. Mr. Prunte' is the only person recognized by the United States Copyright
   Office as the sole claimant/author of Collection (1) one and (2) of YoWorld
   Music's Purloined Songs.
3. Mr. Prunte' is the sole author of the attached song history evidence and the
   original maker of the same.
4. Mr. Prunte' owns the registration in all the works in question, and
   defendants songs are merely suspect derivatives of the originals.
5. Counsel for defendants has already conceded Direct Access to plaintiff's
   coveted works.

6. As such, it can reasonably be inferred, due to the probative evidence exhibited by the record, that defendants used plaintiffs highly valuable and commercial works as the starting point for its own unlawful expressions.

7. Counts V thru XI do indeed contain causes of action for which relief is available to private plaintiffs.

Wherefore, the above issues are deemed to be issues that present no genuine issue for trial and judgment should be had for the plaintiff on those issues, and for any other and further relief this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _Tues-_ MAY _30_ 2006.

BY: Robert R. Prunté

**UNIVERSAL MUSIC GROUP,** c/o Jenner & Block & Mr. Michael DeSanctis, 601 Thirteenth Street N.W. Suite 1200 South, Washington, D.C. 20005; & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: _____

ROBERT R. PRUNTÉ
1702 LINDEN AVENUE
BALTIMORE, MARYLAND 21217
1.410.225.9940  / 1.301.514.4028

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25