Robert R. Prunté, (pro sé)
1702 Linden Avenue
Baltimore, Maryland 21217

RECEIVED
MAY 3 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| ROBERT R. PRUNTÉ | CASE NUMBER: 1:06-CV-0048 |
| Plaintiff, | JUDGE: (PLF) |
| Vs. | |
| UNIVERSAL MUSIC GROUP; | |
| Defendant (s) | |

MOTION FOR ORDER TO SHOW CAUSE WHY EXPERT

TESTIMONY SHOULD NOT BE EMPLOYED PURSUANT

TO FED. R. OF EVID. 702, 703, 705 & 706

Comes now the plaintiff, with this motion seeking an order to show cause why expert testimony should not be employed in this case pursuant to **Fed. R. Of Evid. 702, 703, 705 & 706.**

Specifically, plaintiff requests this court to require the parties to show cause why expert witnesses should not be appointed, and also request the parties to submit nominations.

1

1  Alternatively, this court can appoint any expert witness agreed upon by the parties and may also
2  appoint expert witnesses of it's own selection. **(Fed. R. Of Evid. 706).**
3
4  Counsel has stated in its Motion to Dismiss that expert testimony is not needed in this complex
5  copyright infringement case, but based its argument on **Kay Berry, Inc. v. Taylor Gifts, Inc.,**
6  **421, F.3d 199 (3d cir 2005),** where that Court declared expert testimony very relevant and
7  permissible.  Perhaps counsel should have read the entire case before it used it as a case to make
8  a point in this case.
9
10 In fact, in "**Kay Berry**", "*Garden Accent Rocks*" were at issue, which are described by the
11 copyright office as "**Sculptures**".  Such status is a far cry from the reality of the operative
12 complaint concerning complex musical and literary works.
13
14 Likewise, the "**Kay Berry**" case is so remote from this one that "**Sculpture No. 646**" was
15 deemed to contain no copyrightable subject matter whatsoever, and "**Sculpture 646**" embodied
16 an expression that was inseparable from the underlying idea".  **(See: Kay Berry, 10).**
17
18 Accordingly, "**Kay Berry**" claimed that it selected an inspirational poem from the public
19 domain, adapted that poem to make it visually and rhythmically appealing, and then cast it upon
20 its own sculptural works"...   However, The court in "**Kay Barry**" concluded this effort was
21 enough to satisfy creativity requirements for copyright protection. **(Quoting Feist, 499 U.S. at**
22 **348; Readers Digest, 821 F.2d at 806).**
23
24
25

1  Most importantly, even in "**Kay Berry**" expert testimony is considered permissible to "help
2  reveal the similarities that a layperson might not perceive". Quoted from the Court. **(See: Kay**
3  **Berry v. Taylor Gifts, 421 F3d 199 (3d 2005))**.
4
5  It is generally known and accepted in this circuit that a <u>two-pronged analysis</u> is permitted on the
6  issue of Substantial Similarity.
7
8  Counsel fails to recognize, or acknowledge the existence of prevailing and precedential cases,
9  especially when it failed to include the fact that in *Sturdza v. United Arab Emirates, 281, F.3d*
10 *1287, 1295, 1296 (D.C. Cir. 2002)*, the Court stated "experts can identify the portions of the
11 plaintiffs work that are protected under copyright law". Expert testimony is thus required to
12 demonstrate the factors important to a specialized audience. **(See: Dawson v. Hinshaw Music,**
13 **902 F.2d 731, 733 (4th Cir. 1990).**
14
15 In any event, plaintiff hereby asks this court to exercise its inherent powers to enforce the
16 Federal Rules of Evidence and either select "**Literary Experts**" proficient in "Ebonics and
17 Cultural Linguistics", or allow the parties to make acceptable recommendations, especially with
18 regard to identifying plaintiffs protectible expression, since it is a fundamental premise of
19 copyright law that an author can protect only the expression of an idea, but not the idea itself.
20 **(See Baker v. Seldon, 101, U.S. 99, 103 – 04 (1880), Franklin Mint Corp., v. Nat'l Wildlife**
21 **Art Exchange, Inc., 575 F.2d. 62, 64 – 65 (3d Cir. 1978)**.
22
23 Accordingly, and as a matter of fact and law, when determining whether two works are similar, a
24 fact finder must determine whether the later work is similar because it appropriates the <u>unique</u>
25 <u>expressions</u> of the original author or merely because it contains elements that would be expected

when two works express the same idea or explore the same theme. Nearly every work embodies a blend of ideas and expression, because an author can only demonstrate "substantial similarity" by referencing those aspects of his work that embody his creative contribution. **(See: Universal Athletic Sales, 511 2d at 908).**

Therefore, the extremes of conceded creativity and independent efforts amounting to no more than the trivial, the test of appropriation necessarily varies. As one court has explained:

> **"A copyright on a work which bears practically a photographic likeness to the natural article… is likely to prove a relatively weak copyright. That is not to say that, as a matter of law, infringement of such a copyright cannot be inferred from mere similarity of appearance, but only that the plaintiff's burden will be much more difficult to sustain because of the intrinsic similarities of the copyrighted and accused works". (See: First Am. Artificial Flowers, Inc. v. Joseph Markowitz, Inc., 342, F.Supp. 178, 186 (S.D.N.Y. 1972) and Kay Berry, supra).**

Such is not the case here, since there are myriad ways of expressing a musical/literary work.

Thus, if anything, defendants must demonstrate that Mr. Prunté's "chorus lines" are either unique creative expressions occupying a certain musical genre, or they are the unavoidable expression of common ideas. According to the amended complaint, the Court may need expert testimony in the area of Ebonics, or **"African American Vernacular English (AAVE)"**.

Furthermore, according to the court in **Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)**; all trial judges are charged with the responsibility of acting as "gate keepers" to exclude unreliable expert testimony, not just testimony based on science. **(See also Kumho, 119 S. Ct. at 1178).**

Thusly, plaintiff requests, according to **Fed. R. Of Evid. 702**, that this Court determines that:

(1) The expert is qualified,

(2) The testimony address a subject matter on which the fact finder can be assisted by an expert,

(3) The testimony be reliable and

(4) The testimony "fits" the facts of the case, or alternatively, that the Court order the parties to select experts which possess the above requirements. (See: **Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1171 (1999)**, (holding that the trial judges "gate keeping" function applies not only to testimony based on "scientific knowledge", but also to testimony based on "technical" or "other specialized" knowledge. (See: **Watkins v. Telsmith, Inc., 121, F.3d 984, 991 (5th Cir. 1997)** and **American College of Trial Lawyers, Standards and Procedures for determining the admissibility of expert testimony after Daubert, 157 F.R.D. 571, 579 (1994))**.

The inherent power of a trial judge to appoint an expert of his own choosing is virtually unquestioned. (See: Scott v. Spanger Bros., Inc. 298 F.2d 928 (2d Cir. 1962), Danville Tobacco Assn. V. Bryant-Buckner Assoc., Inc., 333 F.2d 202 (4th Cir. 1964) & Sink; **"The Unused Power Of A Federal Judge To Call His Own Expert Witnesses, 29 S. Cal L. Rev. 195 (1956), 2 Wigmore 563, 9 id, 2484; Annot., 95 A.L.R. 2d 383**.

For all the above reasons, plaintiff seeks the relief herein prayed and for any other and further relief this court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _TUESDAY_ MAY _30_ 2006 to:

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: _[signature]_

**ROBERT R. PRUNTÉ**
1702 LINDEN AVENUE
BALTIMORE, MARYLAND 21217
1.410.225.9940   / 1.301.514.4028