UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE;<br>YOWORLD MUSIC COMPANY, d/b/a<br>ROWDY CITY RECORDS, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:06-cv-00480-PLF<br>) |
| UNIVERSAL MUSIC GROUP, *et al*., | )<br>) |
| Defendants. | ) |

**DEFENDANTS' STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT,
MOTION TO STRIKE AND MOTION FOR AN ORDER TO SHOW CAUSE,
OR ALTERNATIVELY,
DEFEDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO
DISMISS THE AMENDED COMPLAINT**

Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Elizabeth G. Porter  (Bar No. 484335)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W
Suite 1200 South
Washington, D.C. 20005
Tel.: (202) 639-6000
Fax:  (202) 639-6066

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ............................................................................................................................. 2

I.  PLAINTIFF YOWORLD MUSIC COMPANY MUST BE DISMISSED ............................ 2

II. COUNTS I AND II MUST BE DISMISSED FOR THEIR FAILURE TO STATE
    CLAIMS ON WHICH RELIEF CAN BE GRANTED. ...................................................... 2

    A.  Plaintiffs Appear To Have Obtained A Certificate Of Registration From The
    Copyright Office. ............................................................................................................ 3

    B.  The Facts Alleged In The Amended Complaint Demonstrate That No Trier Of
    Fact Could Find That The Allegedly Infringing Songs Are Substantially Similar
    To Protectible Material In Plaintiffs' Works. ................................................................. 4

III. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS
     SHOWING THAT COUNT III OF THE AMENDED COMPLAINT MUST BE
     DISMISSED. ...................................................................................................................... 6

IV. PLAINTIFFS' RICO CLAIM (COUNT IV) FAILS TO STATE A CLAIM ON WHICH
     RELIEF CAN BE GRANTED. ........................................................................................... 7

V.  COUNTS V-XI FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE
    GRANTED. ......................................................................................................................... 8

VI. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS
    SHOWING THAT COUNT XII OF THE AMENDED COMPLAINT MUST BE
    DISMISSED. ....................................................................................................................... 9

CONCULSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES[*]

## CASES

*Anza v. Ideal Steel Supply Corp.*, __ U.S. __, 126 S. Ct. 1991 (2006)............................................7

*Bancoult v. McNamara*, 227 F. Supp. 2d 144 (D.D.C. 2002).......................................................6, 9

*Bell v. Blaze Magazine*, 58 U.S.P.Q.2d 1464 (S.D.N.Y. 2001).........................................................5

*Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340 (1991) ...............................5

*\*Nelson v. PRN Productions, Inc.*, 873 F.2d 1141 (8th Cir. 1989) ..................................................4

*Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181 (D.D.C. 2005).........................................................4

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194
    (1993)..............................................................................................................................................2

*Stenograph L.L.C. v. Bossard Associates, Inc.*, 144 F.3d 96 (D.C. Cir. 1998)................................3

*\*Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002).......................................4, 5, 6

## STATUTES

18 U.S.C. § 1961................................................................................................................................8

18 U.S.C. § 1962................................................................................................................................8

18 U.S.C. § 1964................................................................................................................................8

18 U.S.C. § 1964(c) ...........................................................................................................................8

---

[*] Authorities upon which we chiefly rely are marked with an asterisk.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. PRUNTE; <br> YOWORLD MUSIC COMPANY, d/b/a <br> ROWDY CITY RECORDS, <br><br> Plaintiffs, <br><br> v. <br><br> UNIVERSAL MUSIC GROUP, *et al*., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 1:06-cv-00480-PLF <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, MOTION TO STRIKE AND MOTION FOR AN ORDER TO SHOW CAUSE, OR ALTERNATIVELY, DEFEDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants UMG Recordings, Inc. ("Universal") and Atlantic Recording Corporation ("Atlantic") (together "Defendants" or "Record Companies"), through undersigned counsel, respectfully submit this combined statement of points and authorities in opposition to Plaintiffs' motion for partial summary judgment, motion to strike and motion for an order to show cause. Plaintiffs' motion for partial summary judgment is premature and their motions to strike and for an order to show cause have no merit. Accordingly, they all should be denied.

At the same time, Plaintiffs have failed to file a memorandum in opposition to Defendants' motion to dismiss the amended complaint, and the time allowed for doing so has now lapsed. Accordingly, Defendants' motion to dismiss should be deemed unopposed. However, in the event that the Court treats Plaintiffs' current motions as their opposition to Defendants' motion to dismiss, Defendants respectfully request that this memorandum be treated

as Defendants' reply brief.  Viewed as such, Plaintiffs' opposition presents no material facts or arguments that undermine Defendants' motion to dismiss, which should be granted with prejudice.

## ARGUMENT

**I.    PLAINTIFF YOWORLD MUSIC COMPANY MUST BE DISMISSED.**

As Defendants argued in their motion to dismiss, Plaintiff YoWorld Music Co. ("YoWorld") is an artificial entity that must be represented by counsel but is not.  *See* Mot. to Dismiss Amend. Compl. at 5-6.  Plaintiffs' only response is that YoWorld is not a corporation but, rather, is a "strategic alliance" consisting of Mr. Prunte and Karen Pate.  That is neither here nor there.  The point is that YoWorld, whatever it is, clearly is not a natural person and, therefore, must be represented by counsel.  *See id.*; *Rowland v. Cal. Men's Colony*, *Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (recognizing that it "has been the law for the better part of two centuries" that artificial entities, including corporations, partnerships and associations, cannot proceed *pro se*).  YoWorld cannot appear *pro se*, nor can it be represented by Mr. Prunte, who is not a lawyer.  Because it is not represented by counsel, YoWorld must be dismissed as a party to this action.

**II.   COUNTS I AND II MUST BE DISMISSED FOR THEIR FAILURE TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.**

Counts I and II of the amended complaint allege direct and contributory copyright infringement, respectively.  Plaintiffs, however, have failed to state a claim of copyright infringement because they have utterly failed to plead facts that could in any way support a conclusion that the Defendants infringed any original expression protected under the copyright laws.

### A. Plaintiffs Appear To Have Obtained A Certificate of Registration From The Copyright Office.

For the first time, Plaintiffs have produced a stamped certificate of registration from the Copyright Office for their "Collection One of YoWorld Music's Purloined Songs." *See* Pls.' Mot. for Partial Summ. J., Exh. A1A. On that certificate, No. SRu609-957, Mr. Prunte has certified, under penalty of fine, that he is both the author of the works contained on the collection and that he is the copyright claimant. *Id.* Plaintiffs do not, however, identify which songs are on that collection. Defendants have requested that information (known as "deposit work") from the Copyright Office but have not received it as of the date of this writing. If Defendants learn that the songs at issue are not on the registered collection, they will inform the Court as soon as possible. Nevertheless, Plaintiffs do allege that all the songs at issue are registered with the Copyright Office. Accordingly, Defendants will assume for purposes of their motion to dismiss that Plaintiffs have registered all the works at issue.

At most, however, the certificate of registration only would raise a rebuttable presumption that Plaintiff Prunte owns the copyrights to the relevant works. *See, e.g., Stenograph L.L.C. v. Bossard Assocs., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998). If this case progresses, which it clearly should not, Defendants will have the opportunity to conduct discovery and rebut that presumption.[1] Thus, Plaintiffs' request at this time for summary judgment on myriad ownership issues, *see* Pls.' Mot. for Partial Summ. J. at 18-19 (Nos. 2-4, 6), is premature and must be denied.[2]

---

[1] It is worth noting in this regard that many of the handwritten manuscripts attached to Plaintiffs' motion as Exhibit A1B are initialed "KP" ― presumably for Karen Pate.

[2] Similarly, should this case progress, Defendants would be able to put on evidence regarding whether and the extent to which they ― and more importantly, the authors and artists of the allegedly infringing songs ― had direct access to each of Plaintiffs' works. Contrary to

     **B.**     **The Facts Alleged In The Amended Complaint Demonstrate That No Trier Of Fact Could Find That The Allegedly Infringing Songs Are Substantially Similar To Protectible Material In Plaintiffs' Works.**

In contrast to the issue of Plaintiffs' ownership of the copyrights, no discovery is necessary with respect to the question of whether Plaintiffs have alleged facts sufficient to allow a trier of fact to find that the allegedly infringing songs are substantially similar to protectible elements of Plaintiffs' works.  Plaintiffs have made clear that they claim infringement only of their lyrics (not the music), *see* Pls.' First Mot. to Strike at 7 (filed May 11, 2006), and, specifically, only of the "chorus lines" that are reproduced in full in Plaintiffs' papers.  Indeed, Plaintiffs now have moved for summary judgment on the issue of whether Defendants copied Plaintiffs' expressions.  S*ee* Pls.' Mot. for Partial Summ. J. at 19.  Because *no* trier of fact conceivably could find that the allegedly infringing works are substantially similar to protectible elements of Plaintiffs' lyrics, Plaintiffs have entirely failed to allege facts that state a claim for copyright infringement.  Accordingly, Defendants' motion to dismiss can and should be granted.[3]  *See generally Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1296-97 (D.C. Cir. 2002) (judgment as a matter of law "remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity"); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143-44 (8th Cir. 1989)

---

Plaintiffs' insistence, *see* Pls.' Mot. for Partial Summ. J. at 16-17, Defendants have not conceded the issue of direct access to Plaintiffs' works.

[3]  With respect to the new songs added to the amended complaint, Defendants demonstrated that Plaintiffs have failed to allege anything ― the lyrics, titles, artists, labels ― to identify in any way the songs that allegedly infringe Plaintiffs' works.  *See* Defs.' Mot. to Dismiss Amend. Compl. at 18.  As such, Plaintiffs have failed to state a critical element of their copyright infringement claim with respect to these songs.  *See generally Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 186 (D.D.C. 2005) (requiring that copyright plaintiff allege "by what acts [and] during what time the defendant infringed the copyright") (internal quotation marks omitted).  Plaintiffs have no answer to this, nor have they supplied such facts in their motion papers.

-4-

(affirming grant of motion to dismiss for obvious lack of substantial similarity); *Bell v. Blaze Magazine*, 58 U.S.P.Q.2d 1464 (S.D.N.Y. 2001) (granting motion to dismiss); Defs.' Mot. to Dismiss Amend. Compl. at 12-13.

Plaintiffs' primary response to Defendants' motion is simply to reproduce from the amended complaint the juxtapositions of their lyrics and the allegedly infringing lyrics. *See* Pls.' Mot. for Partial Summ. J. at 9-15. Defendants thoroughly demonstrated in their motion to dismiss how those juxtapositions ― whether read literally or thematically for "overall look and feel" ― do not begin to allege facts that possibly could show infringement of any protectible elements of Plaintiffs' songs. We will not repeat those arguments here, but respectfully refer the Court to pages 11-18 of Defendants' motion to dismiss the amended complaint.[4]

Plaintiffs' only remaining discernible argument is that, under the D.C. Circuit's decision in *Sturdza*, this Court cannot rule on substantial similarity without taking expert testimony to identify Plaintiffs' original "Ebonic expressions." *See* Pls.' Mot. for Partial Summ. J. at 17-19. That is simply wrong. As we have explained, courts typically are free to consider expert testimony on the factual issue of actual copying but, as the D.C. Circuit has recognized, courts traditionally use the ordinary lay observer standard ― without expert testimony ― when determining whether two works are sufficiently similar to show unlawful appropriation (*i.e.*, "substantial similarity"). *See Sturdza*, 281 F.3d at 1300. The court in *Sturdza* then noted that some courts have begun to use expert testimony to determine substantial similarity in cases

---

[4] Plaintiffs' repeated insistence that the Court must find actual copying in addition to substantial similarity, *see* Pls.' Mot. for Partial Summ. J. at 6, only makes their case worse, as that too would be their burden to allege and prove. Similarly unavailing is Plaintiffs' suggestion that the Copyright Office certificate proves that any particular aspects of their works (*i.e.*, those in common with the allegedly infringing works) are legally protected. *Id.* at 7. *See generally Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-46, 348 (1991) (that a work is copyrighted does not mean that every element of it is sufficiently original to be legally protected).

involving computer code. *Id.* at 1300-01 (citing cases). The D.C. Circuit recognized, however, that those cases also confirm that expert testimony remains inappropriate for artistic works such as music or literature, *id.* (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 713-14 (2d Cir. 1992)). The court further stressed that only *one* court has endorsed the use of expert testimony for anything other than computer code, and that was for a "specialized musical arrangement," *i.e.*, sheet music ― notes on the page ― which most people cannot read. *Id.* at 1300 (citing *Dawson v. Hinshaw Music Inc.*, 905 F.2d 731, 736-38 (4th Cir. 1990) (itself recognizing that expert testimony remains inappropriate for ordinary songs or for resolving "differences in taste" where no specialized expertise is required to interpret the works)). Here, though perhaps somewhat crass, Plaintiffs' lyrics and the allegedly infringing lyrics are in plain English and require no specialized expertise or knowledge to read them. Neither *Sturdza* nor any other case suggests that this Court must rely on expert testimony before dismissing Plaintiffs' copyright infringement claims.[5]

### III. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS SHOWING THAT COUNT III OF THE AMENDED COMPLAINT MUST BE DISMISSED.

Plaintiffs' current motions appear to contain no response to Defendants' arguments showing that the Lanham Act claim (Count III) fails to allege facts on which relief can be granted. *See* Defs.' Mot. to Dismiss Amend. Compl. at 19-21. For this reason, and for the reasons stated in Defendants' motion to dismiss, that claim should be dismissed. *See, e.g., Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("if the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded") (citations omitted).

---

[5] For these same reasons, Plaintiffs' motion for an order to show cause why expert testimony should not be employed, which this Court already has denied once, should be denied again.

**IV.     PLAINTIFFS' RICO CLAIM (COUNT IV) FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

As an initial matter, the only harm that Plaintiffs identify as resulting from the alleged RICO conspiracy is the infringement of their lyrics. It thus follows that because their infringement claims must be dismissed, the RICO claim must likewise be dismissed. *See generally Anza v. Ideal Steel Supply Corp.*, __ U.S. __, 126 S. Ct. 1991 (2006) (confirming rule that the defendants' racketeering activities must proximately cause identifiable harm to the plaintiff).

In any event, Defendants have shown the myriad ways in which Plaintiffs' frivolous RICO claim fails as a matter of law. *See* Defs.' Mot. to Dismiss Amend. Compl. at 21-24. Somewhat surprisingly, Plaintiffs now seek summary judgment on that count and contend that Defendants have *conceded* that they engaged in a scheme to defraud the Plaintiffs. *See* Pls.' Mot. for Partial Summ. J. at 19-22. That contention appears to be based primarily on Defendants' explanation that Inside Sessions was a new concept and that it has been discontinued. *Id.* at 19-20. Defendants are at a loss to see how these unobjectionable facts prove their intent to defraud through racketeering.

Next, Plaintiffs attempt to cure the problem that their amended complaint never identifies any specific conduct on the part of the Record Company defendants regarding their role in the alleged criminal enterprise. *See* Defs.' Mot. to Dismiss Amend. Compl. at 21-23; Amend. Compl. ¶ 202 (stating only vaguely that Universal and Atlantic "provide[d] support" for the enterprise and various artists). They now claim that the Record Company defendants (Universal and Atlantic) committed mail fraud by inviting Plaintiffs to submit songs for critiquing while they had no intent ever to work with YoWorld in the future to produce its recordings. *See* Pls.' Mot. for Partial Summ. J. at 21. Even if true, this hardly would constitute fraud. The very letters

and emails on which Plaintiffs rely, and have attached to their initial complaint, never state or even imply that the Record Companies were promising or representing an intent to produce music with YoWorld in the future. *See, e.g.,* Initial Compl., Exhs. B, C, L, O. Accordingly, Plaintiffs' motion for partial summary judgment must be denied and, for the reasons discussed in Defendants' motion to dismiss, Count IV of the amended complaint fails to state a claim and must be dismissed.

## V.     COUNTS V-XI FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

Defendants have shown that Plaintiffs have entirely failed to plead facts that would establish essential elements of the criminal causes of action pled in Counts V-XI. *See* Defs.' Mot. to Dismiss Amend. Compl. at 24-30. Plaintiffs make no response at all to those arguments. Instead, Plaintiffs take issue only with the fact that the criminal statutes relied on do not contain private rights of action. That is, they insist that a private right of action is provided in 18 U.S.C. § 1964(c). *See* Pls.' Mot. for Partial Summ. J. at 22-23. Plaintiffs are wrong again. That section, together with others in the RICO provisions of the United States Code, provides a cause of action for a RICO violation based on, among other things, a pattern of enumerated predicate acts. *See generally* 18 U.S.C. §§ 1961, 1962, 1964. These RICO provisions do not create a private right of action directly under the various criminal statutes that independently address the same conduct. *See generally* Defs.' Mot. to Dismiss Amend. Compl. at 24-30. For the reasons stated in Defendants' motion to dismiss, Counts V-XI of the amended complaint fail to state claims on which relief can be granted, and must be dismissed.

## VI. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS SHOWING THAT COUNT XII OF THE AMENDED COMPLAINT MUST BE DISMISSED.

Finally, Plaintiffs' current motions appear to contain no response at all to Defendants' arguments showing that the breach of fiduciary duty claim (Count XII) fails to allege facts that state a claim on which relief can be granted. *See* Defs.' Mot. to Dismiss Amend. Compl. at 30-32. For this reason, and for the reasons stated in Defendants' motion to dismiss, that claim should be dismissed. *See Bancoult*, 227 F. Supp. 2d at 149.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' pending motion for partial summary judgment, motion to strike and motion for an order to show cause all should be denied. At the same time, Defendants' motion to dismiss the amended complaint should be granted, and the amended complaint should be dismissed in its entirety with prejudice.

Dated: June 9, 2006

Respectfully submitted,

/s/ Michael B. DeSanctis
Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Elizabeth G. Porter (Bar No. 484335)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W
Suite 1200 South
Washington, D.C. 20005
Tel.: (202) 639-6000
Fax: (202) 639-6066