UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE;<br>YOWORLD MUSIC COMPANY, d/b/a<br>ROWDY CITY RECORDS,<br><br>   Plaintiffs,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-00480-PLF<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO
DISMISS THE AMENDED COMPLAINT AND
MEMORANDUM IN OPPOSITION TO
MOTION TO STRIKE**

         Steven B. Fabrizio (Bar No. 436482)
         Michael B. DeSanctis (Bar No. 460961)
         Elizabeth G. Porter (Bar No. 484335)
         JENNER & BLOCK LLP
         601 Thirteenth Street, N.W
         Suite 1200 South
         Washington, D.C. 20005
         Tel.: (202) 639-6000
         Fax: (202) 639-6066

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. II

ARGUMENT ........................................................................................................................... 1

I.   PLAINTIFF YOWORLD MUSIC COMPANY MUST BE DISMISSED. ............................. 1

II.  COUNTS I AND II MUST BE DISMISSED FOR THEIR FAILURE TO STATE
     CLAIMS ON WHICH RELIEF CAN BE GRANTED. ........................................................ 2

     A.  The Facts Alleged In The Amended Complaint Demonstrate That No Trier Of
         Fact Could Find That The Allegedly Infringing Songs Are Substantially Similar
         To Legally Protected Material In Plaintiffs' Works. ............................................... 2

     B.  Expert Testimony Is Not Admissible ....................................................................... 6

III. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS
     SHOWING THAT COUNT III OF THE AMENDED COMPLAINT MUST BE
     DISMISSED. ........................................................................................................................ 7

IV.  PLAINTIFFS' RICO CLAIM (COUNT IV) FAILS TO STATE A CLAIM ON WHICH
     RELIEF CAN BE GRANTED. ............................................................................................. 7

V.   COUNTS V-XI FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE
     GRANTED. ........................................................................................................................... 8

VI.  PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS
     SHOWING THAT COUNT XII OF THE AMENDED COMPLAINT MUST BE
     DISMISSED. ........................................................................................................................ 8

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES[*]

## CASES

*Anza v. Ideal Steel Supply Corp.*, __ U.S. __, 126 S. Ct. 1991 (2006) ......................................... 7-8

*Arica Institute, Inc. v. Palmer*, 970 F.2d 1067 (2d Cir. 1992) ............................................................ 5

*Bancoult v. McNamara*, 227 F. Supp. 2d 144 (D.D.C. 2002) ......................................................... 7, 9

*\*Bell v. Blaze Magazine*, 58 U.S.P.Q. 2d 1464 (S.D.N.Y. 2001) ........................................... 3, 4, 5, 6

*Nelson v. PRN Productions Inc.*, 873 F.2d 1141 (8th Cir. 1989) ....................................................... 3

*Rottlund Co., Inc. v. Pinnacle Corp.*, __ F.3d __, 2006 WL. 1676883 (8th Cir. June 20, 2006) ....................................................................................................................................... 2

*Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) ........................................................................................................................................ 6

*Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002) .................................................. 3

*\*Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38 (D.D.C. 1999), *aff'd*, No. 99-7137, 2000 WL 33363291 (D.C. Cir. Apr. 19, 2000) .............................................. 5, 6

## STATUTES AND REGULATIONS

18 U.S.C. § 1961 ................................................................................................................................ 8

18 U.S.C. § 1962 ................................................................................................................................ 8

18 U.S.C. § 1964 ................................................................................................................................ 8

18 U.S.C. § 1964(c) ........................................................................................................................... 8

37 C.F.R. § 202.1(a) ........................................................................................................................... 5

---

[*] Authorities upon which we chiefly rely are marked with an asterisk.

ii

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE;<br>YOWORLD MUSIC COMPANY, d/b/a<br>ROWDY CITY RECORDS,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-00480-PLF<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF THEIR MOTION TO
DISMISS THE AMENDED COMPLAINT AND
MEMORANDUM IN OPPOSITION TO
MOTION TO STRIKE**

  Defendants UMG Recordings, Inc. ("Universal") and Atlantic Recording Corporation ("Atlantic") (together "Defendants" or "Record Companies"), through undersigned counsel, respectfully submit this reply memorandum in support of their motion to dismiss the amended complaint and memorandum in opposition to Plaintiffs' motion to strike, filed July 6, 2006. Plaintiffs' opposition presents no material facts or legal arguments that undermine Defendants' motion to dismiss, which should be granted with prejudice.

## ARGUMENT

**I. PLAINTIFF YOWORLD MUSIC COMPANY MUST BE DISMISSED.**

  As Defendants argued in their motion to dismiss, Plaintiff YoWorld Music Co. ("YoWorld") is an artificial entity that must be represented by counsel but is not. *See* Defs.' Mot. to Dismiss Amend. Compl. at 5-6. In their response, Plaintiffs maintain that YoWorld is not a corporation, but they acknowledge that it is a "company," *see* Pls.' Amend. Response at 4, or a "strategic alliance" run by Mr. Prunte and his common law wife, Karen Pate, *id.* at 5-6. The

point is that YoWorld, whatever it is, clearly is not a natural person and, therefore, must be represented by counsel.  See id.; Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (recognizing that it "has been the law for the better part of two centuries" that artificial entities, including corporations, partnerships and associations, cannot proceed *pro se*).  YoWorld cannot appear *pro se*, nor can it be represented by Mr. Prunte, who is not a lawyer.  Because it is not represented by counsel, YoWorld must be dismissed as a party to this action.

## II. COUNTS I AND II MUST BE DISMISSED FOR THEIR FAILURE TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

Counts I and II of the amended complaint allege direct and contributory copyright infringement, respectively.  Plaintiffs, however, have failed to state a claim of copyright infringement because they have utterly failed to plead facts that could in any way support a conclusion that the Defendants infringed any original expression protected under the copyright laws.[1]

### A. The Facts Alleged In The Amended Complaint Demonstrate That No Trier Of Fact Could Find That The Allegedly Infringing Songs Are Substantially Similar To Legally Protected Material In Plaintiffs' Works.

Plaintiffs have made clear that they claim infringement only of their lyrics, not their music, *see* Pls.' First Mot. to Strike at 7 (filed May 11, 2006), and, specifically, only of the ten

---

[1] Defendants initially contended that Plaintiffs' suit was barred because they had applied for registration of their works but the Copyright Office had not yet in fact granted the registration. *See* Defs.' Motion to Dismiss Amend. Compl. at 6-11.  Subsequently, however, Plaintiffs produced a stamped certificate of registration, No. SRu609-957, from the Copyright Office for their "Collection One of YoWorld Music's Purloined Songs."  *See* Pls.' Mot. for Partial Summ. J., Exh. A1A.  Because Plaintiffs allege that all the songs at issue are contained in that collection, Defendants will assume for purposes of this motion only that Plaintiffs have registered all the works at issue.

"chorus lines" that are reproduced in full in Plaintiffs' papers.[2]  Thus, no discovery is necessary to determine that Plaintiffs have not alleged facts sufficient to allow a trier of fact to find that the allegedly infringing songs are substantially similar to protected elements of Plaintiffs' works.  Because *no* trier of fact conceivably could find that the allegedly infringing works are substantially similar to protectible elements of Plaintiffs' lyrics, Plaintiffs have entirely failed to allege facts that state a claim for copyright infringement.

Accordingly, Defendants' motion to dismiss can and should be granted.  *See generally Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1296-97 (D.C. Cir. 2002) (judgment as a matter of law "remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity"); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143-44 (8th Cir. 1989) (affirming grant of motion to dismiss for obvious lack of substantial similarity between plaintiff's and defendant's lyrics); *see also* Defs.' Mot. to Dismiss Amend. Compl. at 14-18.  As one court explained in granting the defendants' motion to dismiss, "[i]f a court determines that no reasonable jury could find that the works are substantially similar, or if it concludes that the similarities pertain only to unprotected elements of the work, it is appropriate for the court to dismiss the action because, as a matter of law, there is no copyright infringement."  *Bell v. Blaze Magazine*, 58 U.S.P.Q.2d 1464, 1466 (S.D.N.Y. 2001) (granting motion to dismiss).

---

[2] The amended complaint makes reference to eight new songs in addition to the original ten that were contained in the initial complaint.  Defendants argued in their motion to dismiss that, with respect to these eight new songs, Plaintiffs have failed to state a cause of action by failing to allege *anything* — the lyrics, titles, artists, labels — to identify in any way the songs that allegedly infringe YoWorld's works.  *See* Defs.' Mot. to Dismiss Amend. Compl. at 18.  Rather than provide such information in their responsive papers, Plaintiffs now have made clear that only the original ten songs are at issue in the amended complaint.  *See* Pls.' Amend. Response at 3.

Plaintiffs' only response on the issue of substantial similarity is simply to reproduce from the amended complaint the juxtapositions of the YoWorld lyrics and the allegedly infringing lyrics. *See* Pls.' Amend. Response at 14-20. Defendants thoroughly demonstrated in their motion to dismiss how those juxtapositions ― whether read literally or thematically for "overall look and feel" ― do not begin to allege facts that possibly could show infringement of any protected elements of Plaintiffs' songs. *See* Defs.' Mot. to Dismiss Amend. Compl. at 11-18.

It is particularly revealing that Plaintiffs never claim ― because they cannot ― that any portion of the allegedly infringing songs track YoWorld's lyrics verbatim. *See, e.g.*, Amend. Compl. ¶ 78; Compl. ¶ 79. Rather, Plaintiffs repeatedly insist that their lyrics were merely "paraphrased." *See, e.g.*, Amend. Compl. ¶¶ 105, 165(h); Compl. at p. 10; Compl. ¶¶ 2, 60, 79, 94. In their Amended Response, Plaintiffs again make this point by alleging only that "defendants used plaintiffs [sic] highly valuable and commercial works *as the starting point for its own* unlawful expressions." Pls.' Amend. Response at 21, ¶ 6 (emphasis added). Defendants, of course, deny these allegations. But even assuming them to be true for purposes of this motion to dismiss, they do not state a claim for copyright infringement. *See* Defs.' Mot. to Dismiss Amend. Compl. at 11-18.

In *Bell v. Blaze Magazine,* 58 U.S.P.Q.2d 1464 (S.D.N.Y. 2001), the *pro se* plaintiff alleged that the defendants' magazine article entitled "Hip Hop Behind Bars" infringed the plaintiff's manuscript entitled "Hip Hop Behind the Walls." The two works involved the same and similar subject matters (including the hip hop scene in America's prisons), the defendants' work contained some words and short phrases in common with the plaintiff's manuscript, and the defendants' work appeared to have been derived from the idea of plaintiff's manuscript, which plaintiff had sent to the defendants. *See id.* at 1465-66. Nevertheless, the court had no

-4-

difficulty granting the defendants' motion to dismiss for failure to state a claim. The court recognized that words and short phrases are not subject to copyright. *Id.* at 1467. More importantly, the court concluded that, at its core, plaintiff's claim was not that the defendants copied the expression of plaintiff's ideas, but that they copied the ideas themselves and "restructured them in a paraphrasing manner." *Id.* This, the court found, did not constitute a claim of copyright infringement. *Id* (citing cases).

Here, as discussed above, Plaintiffs likewise allege only that the Defendants used Plaintiffs' songs as a staring point and then paraphrased them. Nor could they allege more. As we have shown in detail, Plaintiffs' lyrics and the allegedly infringing lyrics share, at most, only random common words that cannot give rise to a claim of copyright infringement. *See* Defs.' Mot. to Dismiss at 14-18; 37 C.F.R. § 202.1(a) ("Words and short phrases" are not subject to copyright); *Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38, 47 n.5 (D.D.C. 1999), *aff'd*, No. 99-7137, 2000 WL 33363291 (D.C. Cir. Apr. 19, 2000); *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992). Indeed, even the ideas in Plaintiffs' songs and the allegedly infringing songs are not similar. *See* Defs.' Mot. to Dismiss Amend. Compl. at 14-18. Rather, what they share in common, if anything, is merely the thematic and non-copyrightable *scenes a faire* that are common to all hip hop lyrics. *See, e.g.*, *Whitehead*, 53 F. Supp. 2d at 47-52 (finding numerous stock themes and *scenes a faire* unprotected as between works of the same genre including concepts and themes related to interracial relationships, escape scenes in action movies, and standard depictions of CIA agents in spy movies). Thus, no rational trier of fact conceivably could find that the allegedly infringing lyrics infringe any legally protected elements of Plaintiffs' lyrics. And Plaintiffs' claims ― that the Defendants used Plaintiffs songs and then paraphrased them into their own expressions ― even if true, do not constitute copyright

infringement where the only vestigial similarities would be individual words and phrases used in different contexts. *See generally Whitehead*, 53 F. Supp. 2d at 46-47; *Bell*, 58 U.S.P.Q.2d at 1467. Accordingly, Plaintiffs' copyright claims must be dismissed with prejudice.

      **B.**      **Expert Testimony Is Not Admissible.**

Finally, Plaintiffs again insist that this Court must take expert testimony to determine whether the works are substantially similar with respect to any legally protected material. *See* Pls.' Amend. Response at 11-13. We have explained that courts typically are free to consider expert testimony on the factual issue of actual copying but, as the D.C. Circuit has recognized, courts use the ordinary lay observer standard — without expert testimony — when determining whether two works are sufficiently similar to show unlawful appropriation (*i.e.*, substantial similarity). *See* Defs.' Opp. to Mot. for Partial Summ. J. at 5-6 (citing cases); Defs.' Mot. to Dismiss Amend. Compl. at 12 n.8 (citing cases); *see also Rottlund Co. v. Pinnacle Corp.*, No. 05-1296, __ F.3d __, 2006 WL 1676883 (8th Cir. June 20, 2006) (reversing district court for allowing expert testimony on issue of substantial similarity of expression).

Oddly, Plaintiffs now make the exact same point in their Amended Response. *See* Pls.' Amend. Response at 12-13 (conceding that courts may consider expert testimony on the issue of actual copying but *not* on the issue of substantial similarity of protected expression). Simply put, expert testimony is not admissible on the critical issue here of whether the allegedly infringing lyrics are substantially similar to protected elements in Plaintiffs' works. Its admission here, moreover, would be absurd. Though they both exhibit a rather crude form of street talk, Plaintiffs' lyrics and the allegedly infringing lyrics are in plain English and require no specialized expertise or knowledge to read them and see that they are not substantially similar. No case — certainly none cited by Plaintiffs — requires, or even permits, admission of expert testimony on these facts.

### III. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS SHOWING THAT COUNT III OF THE AMENDED COMPLAINT MUST BE DISMISSED.

Plaintiffs' Amended Response contains no response to Defendants' arguments showing that the Lanham Act claim (Count III) fails to allege facts on which relief can be granted. *See* Defs.' Mot. to Dismiss Amend. Compl. at 19-21. For this reason, and for the reasons stated in Defendants' motion to dismiss, that claim should be dismissed with prejudice. *See, e.g., Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("if the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded") (citations omitted).

### IV. PLAINTIFFS' RICO CLAIM (COUNT IV) FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Defendants have twice explained that Count IV of Plaintiffs' complaint utterly fails to state a RICO claim on which relief can be granted. *See* Defs.' Mot. to Dismiss Amend. Compl. at 21-24; Defs.' Opp. to Mot. for Partial Summ. J. at 7-8. Plaintiffs' Amended Response contains no response at all to Defendants' arguments. Accordingly, for this reason and the reasons stated in Defendants' papers, Plaintiffs' RICO claim should be dismissed with prejudice. *See Bancoult*, 227 F. Supp. 2d at 149.

Moreover, the only harm that Plaintiffs identify as resulting from the alleged RICO conspiracy is the infringement of their lyrics. It thus follows that because their infringement claims must be dismissed, the RICO claim must likewise be dismissed. *See generally Anza v. Ideal Steel Supply Corp.*, __ U.S. __, 126 S. Ct. 1991 (2006) (confirming rule that the defendants' racketeering activities must proximately cause identifiable harm to the plaintiff).

## V. COUNTS V-XI FAIL TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

Defendants have shown that Plaintiffs have failed to plead facts that would establish the essential elements of the criminal causes of action pled in Counts V-XI. *See* Defs.' Mot. to Dismiss Amend. Compl. at 24-30. Plaintiffs make no response to those arguments in their Amended Response. Rather, Plaintiffs take issue only with the argument that the criminal statutes relied on do not contain private rights of action. That is, they insist that a private right of action is provided in 18 U.S.C. § 1964(c). *See* Pls.' Amend. Response at 20. Plaintiffs are wrong again. That section, together with others in the RICO provisions of the United States Code, provides a cause of action for a RICO violation based on, among other things, a pattern of enumerated predicate acts. *See generally* 18 U.S.C. §§ 1961, 1962, 1964. These RICO provisions do not create a private right of action directly under the various criminal statutes that independently address the same conduct. *See generally* Defs.' Mot. to Dismiss Amend. Compl. at 24-30. For the reasons stated in Defendants' motion to dismiss, Counts V-XI of the amended complaint fail to state claims on which relief can be granted, and must be dismissed with prejudice.

## VI. PLAINTIFFS HAVE NOT RESPONDED TO DEFENDANTS' ARGUMENTS SHOWING THAT COUNT XII OF THE AMENDED COMPLAINT MUST BE DISMISSED.

Finally, Plaintiffs' papers contain no response to Defendants' arguments showing that the breach of fiduciary duty claim (Count XII) fails to allege facts that state a claim on which relief can be granted. *See* Defs.' Mot. to Dismiss Amend. Compl. at 30-32. For this reason, and for the reasons stated in Defendants' motion to dismiss, that claim should be dismissed with prejudice. *See Bancoult*, 227 F. Supp. 2d at 149.

## **CONCLUSION**

For all the foregoing reasons, Defendants' motion to dismiss the amended complaint should be granted, and the amended complaint should be dismissed in its entirety with prejudice.

Dated: July 11, 2006                                       Respectfully submitted,

                                                                       /s/  Michael B. DeSanctis
                                                           Steven B. Fabrizio (Bar No. 436482)
                                                           Michael B. DeSanctis (Bar No. 460961)
                                                           Elizabeth G. Porter  (Bar No. 484335)
                                                           JENNER & BLOCK LLP
                                                           601 Thirteenth Street, N.W
                                                           Suite 1200 South
                                                           Washington, D.C. 20005
                                                           Tel.: (202) 639-6000
                                                           Fax:  (202) 639-6066