Robert R. Prunté, (pro sé)
1702 Linden Avenue
Baltimore, Maryland 21217

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ROBERT R. PRUNTÉ<br><br>Plaintiff,<br><br>Vs.<br><br>UNIVERSAL MUSIC GROUP<br><br>RECORDINGS, et al<br><br>Defendant (s) | CASE NUMBER: 1:06-CV-0048<br><br>JUDGE: (Paul L. Friedman)<br>(PLF) |

**PLAINTIFFS MOTION TO STRIKE DEFENDANT(S) DEFENSES CONCERNING COPYRIGHT INFRINGEMENT AS SCANDALOUS AND IMPERTINENT**

**(UNCLEAN HANDS DOCTRINE INVOKED BY PLAINTIFF)**

Comes now the plaintiff with its Motion to strike literally, the entire so-called legal basis and defenses of defendants due to Counsels fool hardy attempts to misrepresent the state of the law and the quality and substance of the rulings of Courts of Appeals of this circuit and others, as if it can re-write the force and intent of such Judicial rulings, and as if this Court or the plaintiff don't actually read the cases Counsel is espousing. This practice is

1

violative of fair play and ethics as well as *Fed. R. Civ. P. Rule 11* since the rule clearly states that:

> **(b) Representations to Court.**
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

Although Rule 11 allegations must be made formally by motion, activities that violate Rule 11 can be admonished by a District Courts Inherent Powers and stricken under F.R.C.P. Rule 12(f).

To illustrate the practice and policy of counsel for the defendants when it files motions, plaintiff has carefully outlined the history of counsel's bogus arguments below. For instance, in Counsels initial Motion to Dismiss, it used the *Kay Berry v. Taylor Gifts* case disingenuously, and plaintiff politely restated the law in its initial Motion To Strike, at the same time explaining to Counsel what the Court in *Kay Berry* actually said, which totally contradicted what defendants claimed it said, namely that expert testimony is not required in copyright cases, even complex ones like this one. (See Def. Initial Mot. To Dismiss)

*Kay Berry* said <u>no such thing</u>, as plaintiffs previous Motion to Strike pointed out. *(See segments from plaintiffs first Motion to strike which caused defendants to refrain from using Kay Berry to illustrate its propositions, below)*:

2

*However, Counsel disingenuously relies on the precedent setting Kay Berry, Inc., v. Taylor Gifts, Inc., 421 F.3d 199, 208 – 09 (3rd Cir. 2005) case, since experts were there again <u>restated</u> as being required on issues of identifying protectible expression. Also, the subject matter of that case involved "sculptures", which are a far cry from the complex musical and literary works at issue here.*

*\*As an initial matter, plaintiff only brought this action for infringement of the words he owns. However, at a proper time, plaintiff will seek leave to amend the complaint to include infringement of the music as well.*

*In any event, in "**Kay Berry**", the court could easily compare "**Garden Accent Rocks**" without the use of expert testimony. Accordingly, the inscription on one of the sculptures, **Sculpture No. 646**, a public domain inscription appears which was conceded as taken from the public domain, <u>verbatim</u>.*

*Under analysis, the court in **Kay Berry** correctly restated the wording of the statute regarding "Kay Berry's" copyright registration namely: "No action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title", 17 U.S.C. 411(a). (See Kay Berry, supra).*

*Counsel however, in it's motion to dismiss, further attempts to mislead the court by failing to mention the work "<u>pre-registration</u>" when quoting the statute/title before this court in the motion to dismiss.* **(See 12(b)(6) motion, and counsels version of the statute, pg. 8, 17 USC 411(a)).**

*Counsel actually failed to include the full language of the amendment, which as of counsel's filing of the paper, was already amended.*

*The main problem with counsel's choice of the "Kay Berry" case is the fact that the copyright had not promulgated regulations allowing*

*for group registration of sculptural works at the time the case was filed. Complex musical/literary works are the most regulated articles, and regulations concerning these works are myriad.*

*Finally, even the **Kay Berry** court quoted:*
*"A showing of substantial similarity in this sense, coupled with evidence that the infringing author had access to the original work, permits a fact-finder to infer that the infringing work is not itself original but rather is based on the original. At this state of the inquiry, <u>expert testimony is permissible</u> to help reveal the similarities that a lay person might not ordinarily perceive"...*

*Instead of properly restating the "**Kay Berry**" case with good intentions and ethical fortitude, counsel chose to literally falsify the case particulars when it claimed the case ruled out expert testimony entirely.* **(See Rule 12(b)(6) motion, bottom of pg. 9, and top of pg. 10).**

*After brazenly and disrespectfully falsifying the "**Kay Berry**" presidential ruling, counsel went on to call this plaintiff wrong for merely stating that expert testimony is relevant and sometimes mandatory in complex copyright cases pursuant to **Fed. R. Of Evid. 702, 703 & 706.***

*Thus, counsel's argument regarding substantial similarity and expert testimony on the issue of protectible expression should be stricken as scandalous, impertinent, immaterial and insufficient to warrant being taken seriously except to the extent of misleading the plaintiff and this court. Counsel's paper and contentions must be stricken.*

(End of plaintiffs excerpt))

Obviously counsel, in trying to make an attempt towards integrity, has now stricken its own legal proposition concerning the *Kay Berry v. Taylor Gifts* case. It had no choice. Counsel had to also strike its contentions comparing *Prunte* to the

4

litigiously hilarious "*Whitehead*" when plaintiff had to again inform counsel that "*In Prunte' I, Prunte" WON*"...(See Case 95-908 Civ-Orl)

The same shenanigans were applied however when Counsel used the *Dawson v. Hinshaw* case in virtually the same manner as the *Kay Berry* case, by falsely claiming Dawson prohibited expert testimony. *(See excerpts of plaintiff restating the law concerning the Dawson Court and its ultimate ruling below:)*

> *Therefore, expert testimony must be utilized for two important reasons. One, the works in question are designed and targeted to a specialized "hip hop" audience. Such a factor requires expert testimony to identify similarities relevant to such a highly specialized audience.* **(See: Dawson v. Hinshaw 4th Circuit).** *Also, experts are required in order to <u>specifically</u> identify plaintiff's protectible expression.* **(See: Sturdza, Supra).**

> *Counsel's sudden "back pedaling" with regard to expert testimony is fully disingenuous since counsel mentions the precedent setting Sturdza case in a footnote of its motion to dismiss, carefully attempting to clean up counsels previous posture which claimed experts were not required.*

> *By contrast, the use of expert testimony in copyright cases has received widespread judicial attention... Until recently, expert testimony was permitted only to help juries determine "whether... the alleged infringer used the copyrighted work in making his own" (actual copying), and not to determine whether ... the copying was an "unlawful appropriation" (substantial similarity).* **(See: Whelan Assoc. v. Jaslow Dental Lab, Inc., 797 F.2d 1222, 1232 (3rd Circuit 1986), See also Arnstein v. Porter, 154 F.2d at 468 – setting forth traditional rule proscribing expert evidence at "unlawful appropriation stage").**

5

> *A growing number of courts now permit expert testimony regarding substantial similarity in cases involving computer programs, reasoning that such testimony is needed due to the complexity and unfamiliarity of computer programs.* **(Whelan, 797 F.2d at 1232) and Computer Assoc. v. Altai, 982 F.2d 693, 713 – 14 (2d Cir. 1992).**
>
> *Experts were also deemed required for cases of specialized musical arrangement as well.* **(See: Dawson v. Hinshaw Music Inc., 905 F.2d 731, 736 – 38 (4th Cir. 1990). (Dawson was remanded to district court to determine if audience for a spiritual composition was sufficiently specialized, and the lay audience therefore sufficiently unfamiliar with such works – to warrant expert evidence on the "substantial similarity" question.**

Ultimately, the plaintiff's Motion to Strike caused counsel for the defendants to back down and strike their false characterizations of the *Dawson Courts* rulings as well, since it has not been further alleged by Counsel for the defendants.

It was indeed the plaintiff, which restated the state of current D.C. Law concerning expert testimony by espousing the *Sturdza v. United Arab Emirates* case in its Motion to Strike, which obviously undermined Counsels bad faith attempts and "acts that stain the hands", concerning what those Courts of Appeals actually ruled. Counsel must believe either the plaintiff or this Court is legally naïve. Counsels are mistaken in this assumption.

Plaintiff is a mere layperson at law with a rudimentary knowledge of United States Copyright Laws and Statutes as well as hands on experience litigating against The Walt Disney Company and others. Counsels for the defendants however, are hereby placed on notice that their misrepresentations of the Law are not being well

taken by this plaintiff, and they should be reminded that they are bound by duty and oath to represent the law as accurately as possible and not misrepresent it.

However, counsel has attempted the same false characterizations of the Law it tried previously within the body of its *Reply Memorandum In support of their Motion to Dismiss the Amended Complaint and Memorandum in Opposition to Motion to Strike*. Obviously Counsel is again disingenuously espousing cases in ways that suit itself, instead of in the ways those Courts of Appeals originally and nobly stated their rulings.

Piggybacking on the Plaintiff's "*Sturdza*" proposition, and now claiming *Sturdza* is the case "*upon which we chiefly rely*", Counsel still insists on falsely representing what Courts have ruled. Using *Sturdza*, Counsel claimed that this Court merely stated:

> *(Judgment as a matter of law "remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity"...See def. Reply mem. at 3).*

The *Sturdza Court* said <u>no such thing</u>. What it did say however, is found below:

> "We agree with the District Court's section 1985 ruling, but have a different view of Sturdza's other claims. Although differences between the two embassy designs could permit a reasonable jury to conclude that Demetriou's design is not "substantially similar" to Sturdza's, because we believe there are sufficient similarities for the

*jury to reach the opposite conclusion, we reverse the grant of summary judgment and remand for trial of the copyright infringement claim"...(See: **Sturdza v. United Arab Emirates**, Argued November 9, 2001. Decided March 8, 2002 No. 00-7279).*

The *Sturdza* Court further stated:

"The substantial similarity inquiry consists of two steps. The first requires identifying which aspects of the artist's work, if any, are protectible by copyright. "[N]o author may copyright facts or ideas. The copyright is limited to those aspects of the work--termed *'expression'*--that display the stamp of the author's originality." **Feist Publ'ns, 499 U.S. at 350 (internal quotation marks and citation omitted) (alteration in original); see also 17 U.S.C. s 102(b)** *("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery....").*

Using Shakespeare as an example, Judge Learned Hand explained the distinction between protectible expression and unprotectible ideas: "If Twelfth Night were copyrighted, it is quite possible that a second comer might so closely imitate Sir Toby Belch or Malvolio as to infringe, but it would not be enough that for one of his characters he cast a riotous knight who kept wassail to the discomfort of the household, or a vain and foppish steward who became amorous of his mistress".

These would be no more than Shakespeare's "ideas" in the play, as little capable of monopoly as Einstein's Doctrine of Relativity, or Darwin's theory of the Origin of Species. (See: **Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2d Cir. 1930); see also, e.g.Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1286 (10th Cir. 1996)** *(holding that "wooden form of the traditional paper doll" is idea not expression).* "[N]o principle," Judge Hand said, "can be stated as to when an imitator has gone beyond copying the

> *'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be ad hoc."* **Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960).**

Furthermore, <u>before</u> the *Sturdza* Court made its statement concerning works that were *"so completely dissimilar as to protected elements that no reasonable jury could find for the plaintiff on the question of substantial similarity"*, it stated:

> "Finally, and of particular importance to this case, "[b]e-cause substantial similarity is customarily an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation." A. A. Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir. 1980); see also Wickham v. Knoxville Int'l Energy Exposition, Inc., 739 F.2d 1094, 1097 (6th Cir. 1984).
>
> ("[S]ummary judgment ... is a practice to be used sparingly in copyright infringe-ment cases."). Of course, summary judgment for a copyright defendant remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity. See Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994) (setting forth general summary judgment rule).

Counsels boldfaced determination to trivialize such a *"close question of fact"* as substantial similarity, is proof positive of their recalcitrant, impertinent and scandalous legal posture.

At no time has counsel spoken of specific dissimilarities or similarities related to protected expression, but merely passes them off as mere "scenes a faire" across the board, when at issue are <u>(10) ten original songs</u> protected by the United States

Copyright Act and attendant statutes and supported by the United States Constitution.

Plaintiff has outlined the similarities between the chorus lines of the original and complained of works clearly. Counsel merely wishes to trivialize those comparisons of the similarities, which are of plaintiffs protected expressions. Counsel appears to be postulating that the only similarities that possibly occur between the works are similarities of "unprotected elements", as if there are no "protected elements" that exist between the two works.

If there were no protected elements between or occupying the works, hardly would they command the millions of dollars unlawfully made by defendants by the alleged infringement.

Therefore, as a matter of fact and law, Counsel has disingenuously cited cases and explained them in improper ways to this Court, utterly failing to speak about the issues those Courts of Appeals confronted and ruled upon. This case cannot be summed up with "*general*" propositions or "*general summary judgment rules*". Therefore, plaintiff believes it appropriate to inform defendants, for the umpteenth

time that "This is a Complex Copyright Case" and not a case involving maps, sculptures or directories, which command thin copyright protection.

After claiming that Sturdza permitted summary judgment when the case is based on works completely dissimilar, Counsel for the defendants went on to state that *Nelson v. PRN Productions* supported that trivialized legal proposition.

However, in the *Nelson v. PRN* case, the Court made it clear that summary judgment is only proper in a copyright infringement case, where both works are in the record. In this scenario only does a trial court have sufficient evidence to enter summary judgment. ***(See: Nelson v PRN Prods. Inc., 873 F.2d 1141, 1143 (8th Cir. 1989).***

Likewise, had counsel read the *Nelson* case with integrity, it would have also learned that the *Nelson* case completely supports the use of expert testimony in copyright cases. (***See Nelson, supra***).

Counsel is again wrong in its assumption. Counsel must be stopped from misrepresenting the state of the Law when it feels like it.

The whole works are indeed not in the record at this time because plaintiff is still the beneficial owner of the <u>words</u>, <u>arrangement</u>, <u>production</u> and <u>music</u> and has a right to sue for all of those, as the Amended complaint has stated, and as plaintiff has also stated, *"it will seek leave to amend the complaint at such time as experts are permitted to become involved in the ultimate judicial examination of the works in question"*.

Plaintiff merely placed the literal lyrical expression of the chorus lines into the record for motion purposes and merely to show probative evidence of copying plaintiff's works.

So, once again plaintiff must remind defendants of what has already been stated in the amended complaint concerning the words and music. (See Below, amended complaint excerpt, amended complaint, par. 133).

> *The titles and accompanying original expressions are the result of serious lyrical and musical technology at play. Defendants are well aware of such technology, and used it in a manner un-like "<u>reverse engineering</u>", but done in that regard, except for infringement purposes, which is unlawful.* ***(See: 142 Congressional Record, S12201, S12212 (daily ed. Oct. 1996).***

This Court should strike the totality of counsels legal defenses which it supported with mischaracterizations of what the above outlined United States Courts of Appeals actually said, reprimanding counsel against such shenanigans in the future, admonishing counsel for the defendants to abandon legal theories which are no longer tenable or which violate *F.R.C.P. Rule 11*, and require defendants to respond to the merits of this case, with an eye to serious sanctions in the future for such conduct concerning the state of the law and any other and further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED

### CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT *SUNDAY* JULY _23_ 2006.

BY: Robert R. Prunte'

JENNER & BLOCK, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; & THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: /s/ Robert R. Prunte
ROBERT R. PRUNTE
1702 LINDEN AVENUE
BALTIMORE, MARYLAND 21217
1.410.225.9940 / 1.301.514.4028

14