UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE;<br>YOWORLD MUSIC COMPANY, d/b/a<br>ROWDY CITY RECORDS,<br><br>      Plaintiffs,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06-cv-00480-PLF<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' "MOTION TO STRIKE
DEFENDANT(S) DEFENSES CONCERNING COPYRIGHT INFRINGEMENT
AS SCANDALOUS AND IMPERTINENT"**

Defendants, through undersigned counsel, hereby submit this opposition to Plaintiffs' "Motion to Strike Defendant(s) Defenses Concerning Copyright Infringement As Scandalous And Impertinent," filed on July 25, 2006. Plaintiffs' latest motion to strike should be denied with prejudice because it is procedurally improper and substantively meritless. In addition, because Plaintiffs have now filed a series of four redundant and improper "motions to strike," Defendants request that this Court enter an order enjoining Plaintiffs from filing further motions to strike without prior leave of the Court.[1]

Like their previous such motions, Plaintiffs' latest "motion to strike" is procedurally improper. Motions to strike under Rule 12(f) apply only to pleadings, and cannot be used to strike a motion to dismiss, a motion for summary judgment, or

---

[1] Plaintiffs previously filed a motion to strike Defendants' Motion to Dismiss on May 11, 2006. Plaintiffs filed a similar motion on May 31, 2006. On June 20, 2006, Plaintiffs filed a motion to strike Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Partial Summary Judgment.

memoranda supporting such motions. *See, e.g., Naegele v. Albers*, 355 F. Supp.2d 129, 142 (D.D.C. 2005) (citing cases); *see also* Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a) (defining "pleadings"). Plaintiffs' alleged motion to strike is nothing but an improper and unauthorized sur-reply to defendants' reply brief in support of their motion to dismiss Plaintiffs' complaint. In the future, Plaintiffs should be required to adhere to the rule mandating that they seek leave of this Court before filing a sur-reply. *See, e.g., Stanford v. Potomac Elec. Power Co.*, 394 F. Supp.2d 81, 86 (D.D.C. 2005). Furthermore, because Plaintiffs have now filed a series of improper, redundant, and vexatious motions to strike, Defendants further request that Plaintiffs be enjoined from filing further motions to strike without prior leave of this Court. *See, e.g., United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (courts' power to regulate conduct of abusive litigants "includes the ability to enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions").

Even assuming *arguendo* that Plaintiffs' motion is procedurally valid, it is meritless. Motions to strike "are considered an exceptional remedy and generally disfavored." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (internal quotation omitted). Plaintiffs' motion to strike, which is redundant of their previous motions, does not come close to justifying this "drastic remedy." *Naegele*, 355 F. Supp.2d at 142. The bulk of Plaintiffs' motion rehashes their argument that expert testimony is required for consideration of their copyright infringement claims.[2] But, as Defendants explained in their memorandum and reply

---

[2] Plaintiffs also filed two unsuccessful motions for an Order to Show Cause Why Expert Testimony Should Not Be Employed, advancing the same arguments—one on May 11, 2006, and one on May 31, 2006.

briefs in support of their motion to dismiss, courts—including the D.C. Circuit—apply an ordinary lay observer standard in assessing substantial similarity between copyrighted works. *See* Defs.' Mot. to Dismiss Amend. Compl. at 12 n.8 (citing cases); Defs.' Opp. to Mot. for Partial Summ. J. at 5-6 (citing cases); Defs.' Reply in Support of Mot. to Dismiss at 6. Plaintiffs' current motion to strike presents no new authority that contradicts or undermines these arguments. Rather, Plaintiffs simply reiterate verbatim portions of their earlier briefs.

Plaintiffs also suggest that Defendants have misquoted a case on which they rely, *Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002). In that case, the D.C. Circuit recognized that judgment as a matter of law "remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity." *Id.* at 1296-97. Ignoring this unambiguous statement of the law, Plaintiffs assert that "the *Sturdza* Court said no such thing." Mot. to Strike at 7. But the Court in *Sturdza* articulated a clear standard, and the application of the that standard to this case leads to a single conclusion: Because no reasonable jury could find that Plaintiffs' lyrics are substantially similar to Defendants' works, Plaintiffs' case must be dismissed in its entirety.

Finally, Plaintiffs concede that this Court has no basis to find infringement based on the eight songs that are referenced in the Amended Complaint but for which Plaintiffs have never identified any allegedly infringing works of Defendants. Mot. to Strike at 11 (acknowledging that both works must be in the record for a determination of infringement). But Plaintiffs appear to suggest that Defendants and this Court must simply wait for Plaintiffs to amend their complaint again at some unspecified time in the

future to remedy this deficiency, and to make claims based on the arrangement and music of Plaintiffs' works. Mot. to Strike at 12. This suggestion is wrong. Plaintiffs have repeatedly stressed throughout this litigation that they claim infringement of the lyrics—and only the lyrics—of their songs, and they have only made claims against Defendants for ten songs. *See, e.g.*, Pls.' First Mot. to Strike at 7 (filed May 11, 2006). Having already filed an Amended Complaint, Plaintiffs must receive permission from the Court before making any further amendments. Until that time, the sole claims at issue here concern alleged infringement of the lyrics of ten of Plaintiffs' works.

## CONCLUSION

Defendants respectfully request this Court to deny Plaintiffs' motion to strike with prejudice and to enter an order enjoining Plaintiffs from filing further motions to strike without prior leave of the Court.

Dated: August 7, 2006

Respectfully submitted,

/s/ Michael B. DeSanctis
Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Elizabeth G. Porter (Bar No. 484335)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W
Suite 1200 South
Washington, D.C. 20005
Tel.: (202) 639-6000
Fax: (202) 639-6066

## CERTIFICATE OF SERVICE

I, Elizabeth G. Porter, hereby certify that on this day, August 7, 2006, I caused the foregoing Defendants' Opposition to Plaintiffs' "Motion to Strike Defendant(s) Defenses Concerning Copyright Infringement As Scandalous and Impertinent" to be served by First-Class United States Mail, postage prepaid, on the following:

Robert R. Prunte
YoWorld Music Co.
1702 Linden Avenue
Baltimore, MD 21217

/s/ Elizabeth G. Porter
Elizabeth G. Porter