UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROBERT R. PRUNTÉ, et al.,           )
                                    )
           Plaintiffs,              )
                                    )
      v.                            )     Civil Action No. 06-0480   (PLF)
                                    )
UNIVERSAL MUSIC GROUP, et al.,      )
                                    )
           Defendants.              )
_____)

MEMORANDUM OPINION AND ORDER

Plaintiff Robert R. Prunté has filed four motions to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The first two sought to strike defendant's motion to dismiss pursuant to Rule 12(b)(6) for "immaterial, redundant, impertinent and scandalous matter." See Plaintiff's May 11, 2006 Motion to Strike [Docket No. 8]; Plaintiff's May 31, 2006 Motion to Strike [Docket No. 11]. Plaintiff's third motion sought to strike defendant's memorandum of points and authorities in opposition to plaintiff's motion for partial summary judgment. See Plaintiff's June 27, 2006 Motion to Strike [Docket No. 16]. His fourth motion sought to strike the defendant's defenses concerning copyrinht infringement as scandalous and impertinent. See Plaintiff's July 25, 2006 Motion to Strike [Docket No. 23]. The Court has denied each of these motions by minute order as each has been without merit.

Rule 12(f) of the Federal Rules of Civil Procedure states that "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertient, or scandalous matter." "Although Rule 12(f) applies by its terms only to 'pleadings,' courts

occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure." Pigford v. Veneman, 225 F.R.D. 54, 58 (D.D.C. 2005) (citing Cobell v. Norton, 213 F.R.D. 33 (D.D.C. 2003)). Regardless of whether the motion is aimed at a pleading or other filing, "striking filings is generally disfavored as an extreme remedy." Pigford v. Veneman, 225 F.R.D. at 58. The filings that plaintiff has repeatedly sought to strike have contain no material that is even close to meeting the requirements set forth in Rule 12(f). See, e.g., 2 MOORE'S FEDERAL PRACTICE § 12.37[3] at 12-97 (The word "scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."). Rather, they have been the professional and appropriate filings of an attorney who is vigorously defending his clients.

   The Court will not permit the plaintiff to continue filing these redundant and meritless motions to strike. Accordingly, it is hereby

   ORDERED that the plaintiff is barred from filing any further motions pursuant to Rule 12(f) of the Federal Rules of Civil Procedure without prior leave of this Court.

   SO ORDERED.

                   _____/s/_____
                   PAUL L. FRIEDMAN
                   United States District Judge

DATE: September 7, 2006