ROBERT R. PRUNTE' (APPEARING PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

RECEIVED
MAY 14 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTE,                )   Case No.: No. 1:06-cv-00480-PLF
                                 )
        Plaintiff,               )
                                 )
    vs.                          )
                                 )
UNIVERSAL MUSIC GROUP, ET AL, ATLANTIC )
                                 )
RECORDING CORP. ET AL & VIACOM   )   PRELIMINARY INJUNCTION
                                 )
INTERNATIONAL ET AL,             )
                                 )
        Defendant                )
_____  )

PLAINTIFF'S MOTION SEEKING PRELIMINARY JUNCTION THROUGHOUT THE PERIOD OF TRIAL UNTIL A DECISION IS REACHED CONCERNING MASSIVE DIRECT ACCESS TO PLAINTIFFS CATALOG AND MYRIAD INSTANCES OF PROBATIVE SIMILARITIES AND ULTIMATE IMPROPER APPROPRIATION OF THE MOST MERITORIOUS PARTS OF PLAINTIFF'S COPYRIGHTED EXPRESSIONS AND MEMORANDUM OF LAW

Comes now the plaintiff with the second attempt to get these defendants to refrain from using plaintiff's coveted chorus line expressions in the production and exploitation of their own fraudulently created recording acts, whose material, it is alleged, is based merely upon, the author, Mr. Prunte's original chorus line expressions.

Preliminary Injunction                       ROBERT R. PRUNTE' (PRO SE')
                                             614 WYANOKE AVENUE
                                             BALTIMORE, MARYLAND 21218

The first time plaintiff attempted to get the defendants to stop such practices was on November 10, 2004 by way of a "Cease and Desist" letter sent to Atlantic Records. (See: Exhibit B).

This case apparently meets the criteria for an injunction such as this to be granted since plaintiff will, as a matter of fact and law, outline the (4) four statutory criteria that mandate such an injunction.

    1.) "The plaintiff has a likelihood of success on the merits of its claim".

In this case, massive and malicious Direct Access to plaintiff's works has been shown overwhelmingly.

## PROOF OF DIRECT ACCESS

*1.)* YoWorld Music sent Atlantic Records A&R Director, Mr. Rich Christina, individual albums of the following acts" The Delegation, Latrice, Illa-Noize and JC the Great on October 3, 2000. At this point, plaintiff had no knowledge of "Inside Sessions". *(See: Exhibit E).*

2.) "Inside Sessions" sent (2) two critiques of (6) six songs to YoWorld representative, Ms. Karen Pate on February 11, 2002 and December 2, 2002. In these so-called "critiques", "Inside "Sessions" made statements that implied they were considering possibly using the songs in the future. A sampling of some of the purported statements are as follows:

Preliminary Injunction            ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

"I liked your first track, Let's Get Rowdy", "This could be a demo that a lot of people would really want to listen to", "Please keep in touch and feel free to send me any new songs or demos that you would like to be heard", "I like what you guys are doing", "If you want to get to that next level, you need to focus on the hooks a bit". *(See: Exhibits F and G).*

3.) Atlantic Records, A&R Director, Mr. Rich Christina sent YoWorld a letter dated July 10, 2000 thanking YoWorld President, Robert Prunte' for submitting songs to them. He also encouraged Mr. Prunte' to continue sending them songs. *(See: Exhibit H).*

4.) On or about April 9, 2001, plaintiff sent another song package to Atlantic Records Executive, Mr. Adam Fischell. *(See: Exhibit I).*

5.) After submitting roughly (40) forty songs to "Inside Sessions", suddenly, by email, plaintiff was told that neither Brian Wittmer or Geoff Siegel work at "Inside Sessions" any longer. *(See: Exhibit C).*

6.) On September 10, 2003, plaintiff's associate. Karen Pate, sent a thank you letter to "Inside Sessions" concerning the positive "critiques" and also to confirm that she also sent a copy of (2) two albums, namely, "Shoot Ta Kill" and "Armageddon". This brings the total to roughly (80) eighty original songs sent to the "Inside Sessions" program. *(Please See: Exhibit J).*

Furthermore, plaintiff has also shown, as a matter of fact and law, that the "probative similarities" found within the body of the two works, mandates a trial and victory for the plaintiff, who is the sole author and owner of the "Chorus Line" expressions complained about, since no defendant has, nor can they, claim independent creation, NOR that this plaintiff's works come from another song source found within the confines of the "Public Domain". (See: Some Probative Similarities, Below:

Preliminary Injunction                             ROBERT R. PRUNTE' (PRO SE')
                                                   614 WYANOKE AVENUE
                                                   BALTIMORE, MARYLAND 21218

## SIMILAR IDEAS PROBATIVE OF COPYING

1.) A love song, (Eve rybody's Talking), so is allegedly offending version.

2.) A party song, (Smoke, Drink), so is allegedly offending version.

3.) A violence song, (Shoot Ta Kill), so is allegedly offending version.

4.) A song about drug addiction, (I'm A Maniac), so is allegedly offending version.

5.) A party song, (Tear the Roof Off), so is allegedly offending version.

6.) A rap battle song, (I'm A King), so is allegedly offending version.

7.) Another addiction song, (I'm so High), so is allegedly offending version.

8.) An erotic party song, (Slow Neck), so is allegedly offending version.

9.) Another battle song, (Wish a Mutha Fugga Would), so is allegedly offending version.

10.) A Club hype song, (We Got it Poppin), so is allegedly offending version.

## FURTHER PROBATIVE SIMILARITIES FOUND IN CHORUS LINES TEND TO SHOW PLAINTIFFS WORKS AS SOURCE OF ALLEGEDLY OFFENDING WORKS:

**Original Song 1: Everybody's Talking Bout Us" (plaintiff chorus line)**

"Everybody's talking bout us, they see its me you trust, and guys be tryin ta get with you but they cant do a thing for you, Everybodys talkin bout us, they say its only lust, but I am yours and you are mine, this love will last our whole lifetime"...

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

**Offending Song 1 "Let's Talk About Our Love". (Defendants chorus line)**

"The more they talk about our love, the more they make it obvious, the more they seem so envious, how can they talk about us, when they don't know one thing about, theyre just runnin their mouf, so all we do is tune them out"...

### Song 1 Probative Similarities.

**Both works are about a couple in love who are being discussed by unknown others. This reality of lovers being taunted by gossip of the jeolous unknown others is expressed in the chorus lines of both works. Both works talk about how the lovers ignore the unknown others. The titles are virtually identical. Thus, the mood is identical. The details are identical since both works speak of 'unknown people talking about' their love affair. The characterizations are also the same. Same ideas. Same theme. Probative of Derivation.**

**Original Song (2) "Smoke, Drink, Cuss, Fight". Performed By The Rowdy Boyz**

"We gone smoke, drink, cuss, fight, stab, shoot cuz we wildin tonight, we gone roll the dice, wit cash in the pot, somebody getting rocked, somebody gettin dropped".

**Offending Song (2) "I Smoke, I Drink". Performed By Roy Jones and The Body Head Bangers**

"I smoke I drink, Im supposed to stop but I cant, Ima dog, I love hoes, and Im addicted to money cars and clothes"

**Offending Song (2a) "Smoke By Maself". Performed By The Ying Yang Twins.**

"I smoke by myself, drink by myself, fuck these hoes by ma gotdamn self".

Preliminary Injunction                                    ROBERT R. PRUNTE' (PRO SE')
                                                         614 WYANOKE AVENUE
                                                         BALTIMORE, MARYLAND 21218

## Song 2 & Song 2a Probative Similarities :

Both works are directly about smoking and drinking and being wild in general. The titles are virtually identical. The same closely paraphrased expression occurs in the chorus lines of both works. The same words are used in expressing this chorus line. These occurrences appear in offending song 2 and 2a. Therefore, the mood, details and characterizations are virtually identical and appear in both allegedly infringing works as close paraphrase which is evident. Same ideas are present here as well. Probative of Derivation.

**Original Song (3) "Shoot To Kill". Performed by The Rowdy Boyz**

"If I gotta shoot I shoot ta kill, gotta keep it real, send them threats, gonna get wet, me and ma homeys packin steel, If I gotta shoot I shoot ta kill, glock is concealed, loose lips sink ships, leavin em slumped behind the wheel, If I gotta shoot I shoot ta kill, up on the hill, thugs die, mamas cry, people always tryin to steal, If I gotta shoot I shoot ta kill, dey wont I will, keep a clip, neva slip, gotta make sure they pay them bills"...

**Offending Song (3) "Eminems Battle Song" Performed By Eminem** "If I cant shoot you, Ima hafta kill you by spittin, ballin motha fuckas, my ruckas aint written, when my bullets miss, ma words keep hittin, if you like pain, then that's what your getting"...

**Offending Song (3) "Welcome To The South". Performed By YoungBuck**

"Gold grills, coupe devilles, sittin on 20 20's, the dirty dirty baby, show em how the south do, we pop pills, shoot to kill, you know what we bout, and on behalf of g-unit, welcome to the south".

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

## Song 3 & 3a Probative Similarities:

Both works employ the idea of shooting to kill in the chorus lines. Song 3 however declares a slight twist by implying that bullets are lyrics. Song 3 & 3a both appear to be based on plaintiff's earlier work. Songs 3 & 3a, although expressing the same idea of "shooting to kill", whether it be lyrics or bullets, have entirely different and seemingly unrelated titles. Both works carry virtually the same expression. The mood is the same. The details are the same in that the chorus line phrase of "shooting to kill", whether by lyrics or bullets, is only a slight deviation from the main idea of plaintiffs chorus, and appears in both works; therefore the characterizations are the same as well. Same ideas. Probative of Derivation.

**Original Song Title (4) "I'm A Maniac" Performed By The Rowdy Boyz**

Ima maniac, I cant keep out of the zone, I spend my nights on the phone, my triger fingas on the chrome, Ima maniac, nobody knows but me, and everywhere that I go, there be demons callin me, Im a maniac, my mind is almost gone, these streets is my home, the only thing that I own, Ima maniac, and quick to lose control, I got a hole in my soul, its filled with diamonds and gold."

**Offending Song (4) "Break Bread" Performed By Ludacris**

"Heyyy, Im a maniac, go and tell the whole world mr. pain is back, so go get them thangs out, you better lock up your house, and tell the cops they let the animals out".

## Song 4 Probative Similarities:

Both works are about a man who is a maniac for certain reasons. Both works contain virtually the same expression. Offending song 4 however, uses n entirely different title than plaintiffs, even though the literal expression is the same. Both expressions occur in the chorus lines of the works. However, the details, mood and

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

characterizations are virtually the same. Ideas are the same. Probative of Derivation.

**Original Song Title (5) "Tear The Roof Off". Performed By The Rowdy Boyz"**

"Lets tear the roof off, make it jump, make it pump, make it crunk through the trunk".

**Offending Song (5) "We On Fire" Performed By Lloyd Banks**

"Tear the roof off this mothafucka, light the roof on fire, we getting loose up in this mothafucka, light the roof on fire"...

### Song 5 Probative Similarities:

Both songs express the act of metaphorically tearing the roof off in a party atmosphere. Both songs employ the same words/phraseology. Song 5 uses an entirely different title than the original, while retaining the same chorus line expression. Both expressions occur in the chorus lines of the works. The mood, details and characterizations are identical in both works. Ideas are the same as well. Probative of Derivation.

**Original Song (6) "Kings In The City" Performed By The Rowdy Boyz**

"We the kings in the city rock the block and the club, and everywhere that we go, they be showin us love, we the kings in the city, sportin hoodies as crowns, from a long line of hustlers, and we all get down, we the kings in the city, makin money wit mikes, cruisin through your town, on fancy motor bikes, we the kings in the city, crushin lords and princes, makin midnight moves with mercedes benzes".

**Offending Song (6) "Im A King" Performed By T.I.**

"Im a king, bank rolls in the pockets of my jeans, you pussy niggas couldn't see me in your dreams, im a king, top topic of all your magazines, im a king, rememberI can get your block knocked off, im a king, bentley coupe with the top chopped off, im a king, im connected nationwide, but in the south im a king, just respect it and keep my name out your mouth".

### Song 6 Probative Similarities:

The titles to the two songs are virtually identical. The chorus lines are virtually identical and expressed using different words to paraphrase the original version. Both songs talk about expensive automobiles in the chorus lines. Both songs speak about "the block" within both chorus lines. Both songs talk about certain types of clothing worn while so-called 'being a king". The expressions of both works are virtually identical. The mood, details and characterizations are the same. Same ideas. Probative of Derivation.

**Original Song (7) "Im So High". Performed By The Rowdy Boyz**

"Im so high, higher than the clouds in the sky, so high I could kiss the clouds in the sky".

**Offending Song (7) "So High". Performed By John Legend**

"Ohh this feels so crazy, how this love is blazing, baby we are so high, walkin on cloud nine, you got me up so high, so high, my shoes are scraping the sky, so high, you got me so high, my shoes are scraping the Sky"...

### Song 7 Probative Similarities:

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

Both Titles are virtually identical. Both songs speak about not only being high as the sky, literally, but figuratively imply that in both songs, they are high on a drug of some type. Offending song 7 however makes his version more expressive of a love affair as the main difference in the two expressions. Same mood although the details are different in places. Same ideas. Probative of Derivation.

### Original Song (8) "Slow Neck" Performed By The Rowdy Boyz

"Can you slow neck, to your knees will you drop, take the wood in yo hands lick it like a lollypop, can you slo neck sixty eight sixty nine, drink it dry to the bone like yo favorite wine, gime slow neck strawberrys on ice, if you go down once will you go down twice, gime slow neck, and don't move too fast, make me feel so good that I want it to last".

### Offending Song (8) "Slow Motion". Performed By Juvenile

"Skull, slow motion for me, slow motion for me, move it slow motion for me, slow motion for me, slow motion for me, move it slow motion for me, uh, I like it like that, she workin that back, I don't know how to act, slow motion for me, slow motion for me, slow motion for me, move it slow motion for me".

### Song 8 Probative Similarities:

Both songs use the word "slow" in the title. Skull is an Ebonics word for a woman going down on a male. The original songs entire idea is based on this theory, and so is defendants offending version. The expressions of both works are virtually the same idea wise. The word "slow" appears several times within the body of defendant's chorus line. The Chorus lines are also virtually identical. Same ideas. Same mood. Same details. Same characterizations. Probative of Derivation.

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

**Original Song (9) "Wish a MuthaFugga Would."** Performed By The Rowdy Boyz

"We wish dem muthafuggas would, try ta come on this block, cause we them real thugs thas hard to stop, we wish dem motha fuggas would, try to come to tha table runnin a stable, just because they think they strong and they able, we wish them mothafuggas would."

**Offending Song (9) "The Heat".** Performed By Lil Wayne

"I shoot arm leg, leg, arm head, the heater burner bruiser on my hip this year, I shoot, arm leg, leg, arm head, I wish a motha fugga would trip this year".

### Song 9 Probative Similarities:

**Both works employ the phrase "wish a mutha fugga would" within the chorus lines of both works. Both works speak of how a gang of thugs or gangsters would protect their turf in any situation, culminating this thought to declare how much they "wish a mutha fugga would"...The expression of both works is virtually the same as a direct paraphrase, as are the others. A different title is used by defendants in masking the allegedly offending chorus line. Same ideas. Same mood and details as well as characterizations. Probative of Derivation.**

**Original Song (10) "We Got It Poppin".** Performed By The Foundation

"Who got it poppin, we got it poppin, shorty on the dancefloor an she aint stoppin, who got it poppin, we got it poppin, all the way to brooklyn shorty got it locked down, who got it poppin, we got it poppin"...

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

**Offending Song (10) "Lets Get It Poppin". Performed By Fat Joe**

"Its 2 up in the mornin girl, and the dj playin that song, now what chu gone do, im gon get it poppin, what chu gone do, Im gon get get get it poppin"...

### Song 10 Probative Similarities:

**Both songs contain the exact same title. Both songs speak about a club atmosphere, dancing, and girls. Both works are virtually the same expression, only paraphrased to mask the infringement. Same mood is present, along with details and characterization. Ideas are the same. Probative of Derivation.**

Judging from the facts of Direct Access and Probative similarities of expression, the plaintiff appears to have a huge chance of success on the merits in the event of any trial, as a matter of fact and law. Thus, the first rung of the four part statutory guideline for granting a preliminary injunction has been met overwhelmingly.

### 2.) "The plaintiff will suffer irreparable harm without the Injunction"

Although plaintiff is aware that, in practice, if a copyright owner succeeds in proving the first requirement above, most courts will grant the injunction without much consideration given to the remaining requirements. However, even with any relaxing of the requirements, this copyright

Preliminary Injunction                                    ROBERT R. PRUNTE' (PRO SE')
                                                          614 WYANOKE AVENUE
                                                          BALTIMORE, MARYLAND 21218

owner will not be lax in seeking a preliminary injunction. It is imperative that this Court realize and appreciate the fact that these defendants have been intentionally harming" the plaintiff's property since at least 2004 when plaintiff sent the initial "Cease and Desist" letter to Atlantic Records. (See: Exhibit B).

It can even be shown by this exhibit that this plaintiff was still completely in the dark about the other (9) nine songs that were being exploited by defendants at the same time. Without an injunction, these defendants will feel as if they can harvest songs in this unscrupulous manner whenever the need arises. Such harm is definitely irreparable if they are not enjoined thusly.

The other (2) requirements literally go without saying, but plaintiff will say anyway: "Neither the crafty defendants, nor the innocent public will be harmed by the granting of this preliminary Injunction".

Should the plaintiff succeed at a trial on the merits of this case, effectively establishing Copyright Infringement, this plaintiff/owner/author/originator, is entitled to recoup monetary damages that any other successful plaintiff-owner is entitled to, including actual damages, additional profits, statutory damages and attorneys fee's. Plaintiff will also seek a "permanent injunction" at the conclusion of trial. Plaintiff further intends to seek protection against any future infringements by these defendants since they do still possess, as a matter of fact and law, at least (100) one-hundred of plaintiff's original creations.

## MEMORANDUM OF LAW

Defendants conduct in this case of literally "lifting plaintiff's chorus lines", criminally abridges plaintiff's Constitutional Right to Freedom of Speech". Plaintiff is guaranteed the "limited

monopoly" as well as the right to create original song expressions, and to fix those expressions within the Chorus line areas" of popular songs. Defendants had no right whatsoever to employ mere subterfuge to purloin plaintiff's chorus line expressions which are part and parcel of plaintiffs rights to free speech and freedom of expression.

Therefore, The United States Supreme Court has stated that irreparable harm is presumed anytime freedom of speech is abrogated, and such abrogation automatically warrants a grant of preliminary injunctive relief. (See: Elrod v. Burns, 427 U.S. 347, 373 (1976), Hummel v. Brennan, 469 F. Supp. 1180, 1187 (E.D. Pa. 1979), Ostrowski v. Utility Workers Local 1-2, 530 F. Supp. 20 8, 215 (S.D.N.Y. 1980).

Secondly, since United States Copyright Laws and their statutory violations are at issue and inescapable, injunctive relief is required since movant is not required to prove the "irreparable injury" and "public interest" factors. (See: United States v. Federal Deposit Ins. Corp., 881 F. 2d 207, 210 (5th Cir. 1989), United States v. San Francisco, 310 U.S. 16, 30 (1940), Tel. Co. v. Illinois Commerce Comm., 740 F.2d 566, 571 (7th Cir. 1984), Trailer Train Co. v. State Board of Equalization, 697 F. 2d 860, 869 (9th Cir. 1983); Atchison, Topeka & S.F. Ry. Co. v. Lennen, 640 F. 2d 255, 259 (10th Cir. 1981).

## PROBATIVE SIMILARITIES FOUND IN "HEART OF THE WORKS"

Because the issue here concerns the "chorus lines" of the works, it instantly becomes "detached" from the manuscript altogether, and is elusive in determining its actual physical manifestation and existence. Now we are dealing with protected expression which represents "the most meritorious parts of the songs". Even so, the rights plaintiff seeks to protect is not a right to the

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

use of certain words, because they are the common property of the human race, and are as little susceptible of private appropriation as air or sunlight; nor is it the right to ideas alone, since in the absence of communicating them are of value to no one but the author. But the right is to that arrangement of words which the author has selected to express his ideas. (See: Holmes v. Hurst, 174 U.S. 82 (1899), Millar v. Taylor, 98 eng. Rep. 201 (K.B. 1769), cited in Holmes, 174 U.S. at 86 & Jefferys v. Boosey, 10 Eng. Rep. 681 (H.L. 1854) & Nation v. Harper & Row Publishers, Supra).

Thus, the selection of words which make up the ideas that were the basis for making the song chorus lines at issue, are all that matter here. Direct Access has been shown, as well as probative similarities of ideas. This is all that Copyright requires to guarantee a trial on the merits of the case.

A similar case scenario has recently been ruled upon which fully supports granting the preliminary injunction in this case. In *Icke v. Adams, 2007 WL 1063426 (E.D. Mo. 4/5/07)*, *Adams*, obtained direct access to *Icke's* books in the United States and unilaterally chose to exploit the books without getting Icke's permission. *Adams* eventually set up a large distribution system of Icke's books.

The Court granted *Icke* an extensive Preliminary Injunction and also ordered *Adams* to turn over the profits from the venture and to provide *Icke* with access to all documents and electronic media relating to the infringement.

In conclusion, these defendants are recalcitrant and disingenuously try this Courts patience and integrity.

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

These defendants knew full well that the Motions to Dismiss had no merit whatsoever on issues of substantial similarity and or probative similarities, and that a Motion for Summary Judgment would have been more appropriate, (as this Court noted). Yet, they filed (2) two of these totally dilatory and frivolous motions, on the issues of Copyright Infringement, as if this Court would casually overlook the rights of this copyright holder as they have done.

The instant motion for Preliminary Injunction should not be granted or denied until at least a trial is held on the merits, but if, in this Courts discretion, it feels the defendants have literally gone too far with the malicious Direct Access and numerous Probative Similarities and find that there is indeed enough evidence to show that plaintiff will indeed prevail in the event of trial, and grant this motion for Preliminary Injunction sua sponta, and for any other and further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED;

CERTIFICATE OF SERVICE

I HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN STATED ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES WERE MAILED A CORRECT COPY OF THE AFFOREMENTIONED ON OR ABOUT _____MAY, 2007

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

BY: _____

ROBERT R. PRUNTE' (APPEARING PRO SE)

JENNER & BLOCK C/O MR. MICHAEL DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005 & CLERK'S OFFICE, THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001

Dated this 11th day of May, 2007

By: _____

ROBERT R. PRUNTE'

(APPEARING PRO SE')

614 WYANOKE AVENUE

BALTIMORE, MARYLAND

21218

Preliminary Injunction

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218