ROBERT R. PRUNTE' (APPEARING PRO SE
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218
410.323.2483 OR 301.514.4028

RECEIVED
MAY 14 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTE,           )   Case No.: No. 1:06-cv-00480-PLF
                            )
    Plaintiff,              )
                            )
vs.                         )
                            )
UNIVERSAL MUSIC GROUP, ET AL, )
                            )   UNCLEAN HANDS DOCTRINE
ATLANTIC RECORDING CORP. ET AL & )      INVOKED
                            )
VIACOM INTERNATIONAL ET AL, )
                            )
    Defendant               )
_____)

DOCTRINE OF UNCLEAN HANDS INVOKED REGARDING MALICIOUS AND

CRIMINAL LEVELS OF DIRECT ACCESS TO PLAINTIFFS WORKS

Comes now the pro se plaintiff with its Motion invoking the Unclean Hands Doctrine due to

certain fact scenarios being left out of the case with regard to an alleged malicious and criminal

minded Direct Access to plaintiff's works.

As an initial matter, the defendants are well aware that this plaintiff sent a cease and desist letter,

(See: Exhibit A) to Atlantic Records Counsel, Ms. Silda Palerm, nearly 3 years ago, and Ms.

Parham sarcastically stated in the letter "kindly send the registration for the song "Everybody's

Talking About It". (See: Exhibit B).

DOCTRINE OF UNCLEAN HANDS - 1                ROBERT R. PRUNTE' (PRO SE')
                                                 614 WYANOKE AVENUE
                                              BALTIMORE, MARYLAND 21218
                                              410.323.2483 OR 301.514.4028

This statement, standing alone, is prima facie evidence of the culpability and veracity of defendant's prior decision to target this plaintiff's original song catalog since they full knew the songs had not been registered yet, because the plaintiff had already told them of the registration status of the song in his letter of November 10, 2004.

These defendants set out earlier to literally take as many songs from this plaintiff as possible. This is why (10) ten songs are at issue presently with 20 more on the way. This level of harm done to the plaintiffs songs is highly wrong, and highly prejudicial. Had this plaintiff not had a rudimentary understanding of modern Copyright laws, these defendants would have easily stolen all plaintiffs' works while he stood idly by, unable to do anything.

After the massive "purloining" the original expressions of plaintiff, and passing them on to the accused artists, these defendants went on to falsely copyright songs at the United States Copyright Office, while they knew full well the songs came from this plaintiff via the bogus "Inside Sessions" program, which never signed any author or artist, as of this writing.

This type of long-range activity meant merely to purloin songs, is deemed to be adequate to invoke the "Unclean Hands Doctrine". (See: Tempo Music, Inc., v. Myers, 407 F.2d 503, 507, n. 8 (4th Cir. 1969), 3 M. Nimmer, Copyright 13.09(B), (1978) & Universal Athletic Sales Co. v. Salkeld, 340 F. Supp. 899 (W.D. Pa. 1972).

"Inside Sessions" is merely a conduit for the funneling of songs so powerful companies like the defendants can have a wide selection of original works.

Obviously the defendants had prior knowledge of the song since prominent in their failed motions to dismiss, the arguments concerning the registration status of the songs were argued bitterly to no avail.  Defendant's unlawful decision to deal with the songs at all was merely based on the mistaken premise that an 'unregistered song' is fair game for thieves.  The 7th Commandment makes no exceptions, and neither does the United States Copyright Act.

### "INSIDE SESSIONS" SET UP TO DUPE AUTHORS OUT OF ORIGINAL SONGS

From September 10, 2003 until December 6, 2004, the plaintiff thought 'Inside Sessions" was a legitimate firm performing a legitimate service to authors. (See: Exhibit C and Exhibit D).  This is the time line for defendants' actual possession of major portions of plaintiff's catalog and the window from which one can see Direct Access to plaintiff's works.

### PROOF OF DIRECT ACCESS

1.) YoWorld Music sent Atlantic Records A&R Director, Mr. Rich Christina, individual albums of the following acts" The Delegation, Latrice, Illa-Noize and JC the Great on October 3, 2000.  At this point, plaintiff had no knowledge of "Inside Sessions".  (See: Exhibit E).

2.) "Inside Sessions" sent (2) two critiques of (6) six songs to YoWorld representative, Ms. Karen Pate on February 11, 2002 and December 2, 2002.  In these so-called "critiques", "Inside "Sessions" made statements that implied they were considering possibly using the songs in the future.  A sampling of some of the purported statements are as follows:
"I liked your first track, Let's Get Rowdy", "This could be a demo that a lot of people would really want to listen to", "Please keep in touch and feel free to send me any new songs or demos

that you would like to be heard", "I like what you guys are doing", "If you want to get to that next level, you need to focus on the hooks a bit". (See: Exhibits F and G).

3.) Atlantic Records, A&R Director, Mr. Rich Christina sent YoWorld a letter dated July 10, 2000 thanking YoWorld President, Robert Prunte' for submitting songs to them. He also encouraged Mr. Prunte' to continue sending them songs. (See: Exhibit H).

4.) On or about April 9, 2001, plaintiff sent another song package to Atlantic Records Executive, Mr. Adam Fischell. (See: Exhibit I).

5.) After submitting roughly (40) forty songs to "Inside Sessions", suddenly, by email, plaintiff was told that neither Brian Wittmer or Geoff Siegel work at "Inside Sessions" any longer. (See: Exhibit C).

6.) On September 10, 2003, plaintiff's associate. Karen Pate, sent a thank you letter to "Inside Sessions" concerning the positive "critiques" and also to confirm that she also sent a copy of (2) two albums, namely, "Shoot Ta Kill" and "Armageddon". This brings the total to roughly (80) eighty original songs sent to the "Inside Sessions" program. (Please See: Exhibit J).

The above blatant incidents of Direct Access can not be overcome, overlooked or denied. These defendants have possessed plaintiff's entire song catalog for several years. Their hands are unclean in terms of failing to recognize the above facts in dispositive motions filed with this Court, as if they can make the facts go away by trying to mislead the Court into believing they didn't have direct access to plaintiff's works for years.

Even Attorney Palerm apparently knew about the large scale theft of plaintiff's works when she inquired about the Registration status of the songs, while full knowing what that status

was, since all registered songs can be found at the United States Copyright Office, where anyone can check on such registration status. Attorney Palerm's response to the cease and desist letter was thus condescending, patronizing, disrespectful and telling.

The manner in which "Inside Sessions" duped plaintiff's company out of its original song catalog over such a long period is shameful. These defendants treated plaintiff like the slave promised freedom which never came. They had utterly no intentions of signing any artist from plaintiff's label and they knew this from the onset. In fact, this plaintiff can personally say that no artist ever got a record deal after being affiliated with "Inside Sessions", which could be more aptly described as "Inside Job".

They can not be trusted when it comes to any "reasonable inferences" or any claims made in defense of these allegations about how they gained control of so many hot songs unlawfully. These defendants deserve to be treated as one with such unclean hands should be treated, as if they were incapable of dealing honestly and with integrity.

Dated this 1st day of May, 2007

By: _____
ROBERT R. PRUNTE'
(APPEARING PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218
410.323.2483  OR  301.514.4028

RESPECTFULLY SUBMITTED;

CERTIFICATE OF SERVICE

DOCTRINE OF UNCLEAN HANDS - 5

ROBERT R. PRUNTE' (PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218
410.323.2483  OR  301.514.4028

1  I HEREBY DECLARE UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE
2  AND CORRECT ACCOUNT OF THE HEREIN STATED ALLEGED MATTERS AND EVENTS,
3  AND THAT THE FOLLOWING ENTITIES WERE MAILED A CORRECT COPY OF THE
4  AFFOREMENTIONED ON OR ABOUT ___11th___ MAY, 2007

BY: _____
ROBERT R. PRUNTE' (APPEARING PRO SE)

JENNER & BLOCK C/O MR. MICHAEL DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005 & CLERK'S OFFICE, THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001

Dated this 11th day of May, 2007

By: _____
ROBERT R. PRUNTE'
(APPEARING PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND
21218