IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. PRUNTÉ, ET AL.,**<br><br>                    Plaintiffs,<br><br>         vs.<br><br>**UNIVERSAL MUSIC GROUP, INC., ET AL.,**<br><br>                    Defendants. | Civil Action No. 06-480 (PLF) |

### MOTION TO DISMISS BY VIACOM INTERNATIONAL INC.

Pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, Viacom International Inc. (hereinafter "Viacom"), a named defendant in this action, hereby moves for an Order dismissing the complaint against it due to insufficiency of process and insufficiency of service of process by Plaintiff.[1] In support of its motion, Viacom relies upon the Statement of Points and Authorities that follows and the Declaration of Joseph R. Molko (hereinafter "Molko Declaration") that is submitted herewith as Exhibit A.[2]

### STATEMENT OF POINTS AND AUTHORITIES

1.  As the Court previously has observed, Robert Prunté is a prolific *pro se* plaintiff who has extensive experience litigating cases like this in federal courts – including this Court.

---

[1] Because Viacom moves herein to dismiss the claims against it under Rule 12 based on process and service deficiencies, it has not submitted a separate opposition to Plaintiff's motion for entry of default and for an award of judgment by default in the amount of "not less than $30 million." Suffice it to say, the Court should deny that motion for the same reasons it should grant Viacom's motion to dismiss. *See Marshall v. Labor & Indus., State of Wash.*, 89 F. Supp. 2d 4, 11 (D.D.C. 2000) (default is improper when service of process has not been achieved).

[2] On a motion to dismiss challenging the sufficiency of service, the Court may consider materials extrinsic to the plaintiff's pleadings. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint . . . .").

*See* Slip Op. of March 30, 2007, at 2 n.2 (citing *Prunté v. Walt Disney Co.*, No. 04-CV-0629 (JDB), Mem. Op. at 2-4).  Notwithstanding his lengthy track record of successfully hauling media companies into court to defend against patently frivolous and frequently repetitive allegations of copyright infringement, however, Mr. Prunté has failed to serve Viacom properly in the fifteen months since he initiated this civil action.

2.   Plaintiff bears the burden of proving the validity of service where, as here, service has not been waived and is affirmatively contested by means of a Rule 12 motion.  *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) ("'[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'") (citation omitted); *see also Winder v. Erste*, No. 03-CV-2623, 2005 WL 736639, at *3 (D.D.C. Mar. 31, 2005) ("A defendant's actual notice of the litigation is insufficient to satisfy the service of process requirements under Rule 4.") (citing *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991)).

3.   Moreover, because "[v]alid service of process is necessary in order to assert personal jurisdiction over a defendant," *Winder*, 2005 WL 736639, at *3, proper service of process "'is not some mindless technicality,'" *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 2 (D.D.C. 2004) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).[3]  Courts, therefore, "routinely dismiss complaints for insufficient service of process." *Id*.

4.   In this case, the sufficiency of service is determined by reference to Rule 4(h)(1) of the Federal Rules of Civil Procedure, which governs service of process upon a corporation

---

[3] Judge Roberts's decision in *Whitehead v. CBS/Viacom, Inc.* – another *pro se* suit brought against a Viacom company and others alleging copyright infringement – granted a motion to dismiss for insufficiency of service under remarkably similar circumstances.  *See* 221 F.R.D. 1 (D.D.C. 2004).

located in a judicial district of the United States, as Viacom is. *See* Molko Decl. ¶ 1 (stating that Viacom is a Delaware corporation with principal offices located in New York). That rule requires either that a copy of the summons and complaint be delivered to "an officer, a managing general agent, or to any other agent authorized by appointment or by law to receive service of process," FED. R. CIV. P. 4(h)(1), or that service be effectuated by other means authorized by "the law of the state in which the district court is located," FED. R. CIV. P. 4(e)(1) & (h)(1), here the District of Columbia. Plaintiff has satisfied neither requirement.

     5.     In support of his motion for default judgment, Plaintiff submits an Affidavit of Service by Loai F. Sarsour, who avers that copies of a Summons and the Complaint in this action were delivered personally on March 24, 2006 (*i.e.*, approximately fourteen months *before* Plaintiff filed his motion for default judgment as to Viacom) to one Pen DiMatteo, described by the affiant as a "Process Specialist," at Spiegel & Utrera, P.A.P.C., 45 Johns Street, Suite 711, New York, NY 10038. *See* Mot. for Default as to Viacom Int'l [Dkt. #34] at Ex. A.

     6.     As reflected in the Molko Declaration, however, Viacom has never had any relationship with DiMatteo or with DiMatteo's apparent employer, Spiegel & Utrera – let alone an association that would qualify either as "an officer, a managing general agent, or . . . [an] agent authorized by appointment or by law to receive service of process," within the meaning of Rule 4(h)(1). *See* Molko Decl. ¶ 2. Plaintiff therefore has failed to satisfy an essential requirement for proper service of a corporation under federal law, *see* FED. R. CIV. P. 4(h)(1), and, because "District of Columbia law regarding service of process upon corporations is identical to federal law," *Whitehead*, 221 F.R.D. at 2 n.3, Plaintiff likewise has failed to accomplish service that would be valid under D.C. law (*i.e.*, "in the manner prescribed by subdivision (e)(1)"), as allowed under Rule 4(h)(1). *See id.* at 3 (service on defendant

corporation insufficient where entity served was "not the registered agent for the defendant"); *Baade v. Price*, 175 F.R.D. 403, 405 (D.D.C. 1997) (service on corporation insufficient where person who received process was not employed by corporation and did not exercise "discretion in operating some phase of the defendant's business or in the management of a given office").

    7.    Moreover, Viacom did not receive notice of this lawsuit until, at the urging of the Court, counsel for UMG Recordings, Inc., and Atlantic Recording Corp. contacted Viacom's counsel on May 21, 2007. *See* Molko Decl. ¶ 3. Notification in this manner, however, "'cannot cure an otherwise defective service.'" *Byrd v. Dist. of Columbia*, 230 F.R.D. 56, 59 n.4 (D.D.C. 2005) (Friedman, J.) (quoting *Whitehead*, 221 F.R.D. at 4).

    8.    Because Rule 4 imposes a 120-day time limit for completing service, and more than 450 days have passed since Plaintiff filed his complaint without service on Viacom having been accomplished, the Court should dismiss all claims against Viacom. *See* FED. R. CIV. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion . . . shall dismiss the action without prejudice as to that defendant . . . provided that[,] if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."); FED. R. CIV. P. 12(b)(5) (authorizing dismissal, upon motion, for "insufficiency of service of process"). Plaintiff has shown no "good cause" that would excuse his failure to timely serve Viacom or, for that matter, his failure to act diligently to prosecute his claims, such as by investigating the validity of his attempted service when Viacom did not respond or appear to defend against this action. *Cf. Whitehead*, 221 F.R.D. at 3 ("Rule 4(h) requires that plaintiff use due diligence before service of process to determine the proper agent and to conform to the requirements of the rule.").

9.  Moreover, Plaintiff's own evidence demonstrates that the process he attempted to serve was facially insufficient as to Viacom in any event because the summons was directed to "Spiegel & Utrera" rather than to Viacom. *See* Mot. for Default as to Viacom Int'l at Ex. A; *see also* FED. R. CIV. P. 4(a) (stating that a summons must be "directed to the defendant"). Accordingly, the complaint should also be dismissed for this additional reason. FED. R. CIV. P. 12(b)(4) (authorizing dismissal for "insufficiency of process").

10. In light of the possibility that the Court will dispose of this case on the merits in the near future, *see* Minute Entry of May 18, 2007, as well as the absence of any non-conclusory allegations in the Amended Complaint suggesting that Viacom or its affiliates had any involvement in the "Inside Sessions" venture that is the evident focus of this action, Viacom would not object if the Court held this motion in abeyance pending such a resolution. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 n.4 (D.D.C. 2006) ("If dismissing the claim without prejudice due to insufficient service would lead to the refiling of a meritless claim . . . our Circuit has held that it is proper to consider other means of dismissing the case.") (citing *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369-70 (D.C. Cir. 1997)).

**CONCLUSION**

WHEREFORE, Viacom respectfully requests that the Court enter an Order dismissing all remaining claims against Viacom, without prejudice, based on Plaintiff's failure to effect proper service of process. A proposed order accompanies this motion.

Dated: June 18, 2007                     Respectfully submitted,

                                         LEVINE SULLIVAN KOCH & SCHULZ LLP

                                         By:   /s/
                                               Michael D. Sullivan, D.C. Bar No. 339101
                                               John B. O'Keefe, D.D.C. Bar No. D00289

                                         1050 Seventeenth Street, N.W., Suite 800
                                         Washington, D.C. 20036-5514
                                         Telephone: (202) 508-1100
                                         Facsimile: (202) 861-9888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. PRUNTÉ, ET AL.,**<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>**UNIVERSAL MUSIC GROUP, INC., ET AL.,**<br><br>　　　　　　　Defendants. | Civil Action No. 06-480 (PLF) |

## ORDER

Upon consideration of [＿] the Motion to Dismiss by Viacom International Inc. ("Viacom"), and the entire record in this action, it is hereby

**ORDERED** that the Motion is **GRANTED**, and it is further

**ORDERED** that, pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure, all claims in this action against Viacom are **DISMISSED**, without prejudice, for insufficiency of process and insufficiency of service of process by Plaintiff.

It is **SO ORDERED** this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of June 2007, I directed that a true and correct copy of the foregoing Motion to Dismiss by Viacom International Inc., and the accompanying Declaration, be served upon the following persons in the manners specified below:

> Robert R. Prunté
> 614 Wyanoke Avenue
> Baltimore, MD 21218
> *(Via first-class mail, postage prepaid)*
>
> *Plaintiff proceeding* pro se
>
>
> Michael Brian DeSanctis
> JENNER & BLOCK LLP
> 601 13th Street, NW
> Suite 1200 South
> Washington, DC 20005
> Email: mdesanctis@jenner.com
> *(Via ECF)*
>
> *Counsel for Defendants UMG Recordings, Inc., and Atlantic Recording Corp.*


/s/_____
John B. O'Keefe