UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTE,                )
                                 )
        Plaintiff,               )
                                 )
v.                               )
                                 )
UNIVERSAL MUSIC GROUP, *et al.*, )   Civ. Action No. 1:06-cv-480-PLF
                                 )
        Defendants.              )
                                 )
                                 )

**DEFENDANTS' MEMORANDUM OF LAW REGARDING THE APPROPRIATENESS OF SUMMARY JUDGMENT ON THE ISSUE OF SUBSTANTIAL SIMILARITY**

Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Sean J. Hartigan (Bar No. 495381)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W
Suite 1200 South
Washington, D.C. 20005
Tel.: (202) 639-6000
Fax: (202) 639-6066

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

RELEVANT FACTS .............................................................................................................. 2

THE LEGAL STANDARDS.................................................................................................. 2

ARGUMENT........................................................................................................................... 4

I.     DECIDING THE ISSUE OF SUBSTANTIAL SIMILARITY ON SUMMARY JUDGMENT IS A WELL ESTABLISHED PRACTICE IN THIS AND OTHER CIRCUITS. ............................................................................................... 4

II.    DISCOVERY IS NEITHER NECESSARY NOR WARRANTED................................ 7

CONCLUSION......................................................................................................................10

i

# TABLE OF AUTHORITIES[*]

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................. 3

*Black v. Gosdin*, 740 F. Supp. 1288 (M.D. Tenn. 1990) ........................................................... 6

*Costello v. Loew's Inc.*, 159 F. Supp. 782 (D.D.C. 1958) ......................................................... 7

*Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623 (D.N.J. 1996) ........................ 6

*Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905 (2d Cir. 1980) ................................. 6, 8

*Johnson v. Foxx.*, No. 06-10939, 2007 WL 1675198 (E.D. Mich. June 11, 2007) ................... 6

*Johnson v. Gordon*, 409 F.3d 12 (1st Cir. 2005) ....................................................................... 5

*Jones. v. Blige*, No. 04-60184, 2006 WL 3343741 (E.D. Mich. Nov. 17, 2006) ...................... 6

*\*Nelson v. PRN Productions, Inc.*, 873 F.2d 1141 (8th Cir. 1989) ................................... 5, 8, 9

*\*O'Neill v. Dell Publishing. Co.*, 630 F.2d 685 (1st Cir. 1980) ................................................. 8

*Pendleton v. Acuff-Rose Publications, Inc.*, 605 F. Supp. 477 (M.D. Tenn. 1984) ................... 6

*Smith v. Curb Records*, 3 F. App'x 296 (6th Cir. 2001) ............................................................ 5

*Stenograph L.L.C. v. Bossard Associates, Inc.*, 144 F.3d 96 (D.C. Cir. 1998) ......................... 3

*Stromback v. New Line Cinema*, 384 F.3d 283 (6th Cir. 2004) ................................................. 6

*\*Sturdza v. United Arab Emirates*, 281 F.3d 1287 (D.C. Cir. 2002) ............................... 4, 5, 7, 9

*Toliver v. Sony Music Entertainment, Inc.*, 47 F. App'x 496 (9th Cir. 2002) ............................ 5

*Walker v. Time Life Films, Inc.*, 784 F.2d 44 (2d Cir. 1986) .................................................... 4

*\*Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38 (D.D.C. 1999), *aff'd*, No.
   99-7137, 2000 WL 33363291 (D.C. Cir. Apr. 19, 2000) ............................................. 2, 3, 6, 7

*Wickham v. Knoxville International Energy Exposition, Inc.*, 739 F.2d 1094 (6th Cir.
   1984) ................................................................................................................................. 4, 6

---

[*] Authorities upon which we chiefly rely are marked with an asterisk.

*Williams v. Crichton*, 84 F.3d 581 (2d Cir. 1996) ........................................................................6, 8

**STATUTES**

17 U.S.C. § 102(b) ............................................................................................................................4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT R. PRUNTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSAL MUSIC GROUP, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civ. Action No. 1:06-cv-480-PLF |

**DEFENDANTS' MEMORANDUM OF LAW REGARDING THE APPROPRIATENESS OF SUMMARY JUDGMENT ON THE ISSUE OF SUBSTANTIAL SIMILARITY**

Defendants UMG Recordings, Inc. ("Universal") and Atlantic Recording Corporation ("Atlantic"), together ("the Record Companies"), through undersigned counsel, respectfully submit this memorandum of law regarding the appropriateness of this Court's deciding the "substantial similarity" component of the Plaintiff's copyright infringement claims on summary judgment without discovery. As directed by the Court, Defendants will not use this brief to apply the law to the facts of Plaintiff's claims or to argue why summary judgment should, in fact, be granted. Rather, this brief will show that, as a matter of law, this Court certainly may, and should, entertain Defendants' motion for summary judgment on the issue of substantial similarity, and that it should do so without ordering fact or expert discovery.

## RELEVANT FACTS

In his First Amended Complaint, Plaintiff Robert Prunte alleges that he is a songwriter, manager, record producer and promoter who has developed bands and released albums through YoWorld Music Co., doing business as Rowdy City Records, of which he is president. *See* First Amend. Compl. ¶¶ 18-19. Mr. Prunte further alleges that ten of his original songs have been infringed by numerous popular recordings owned by the Defendant Record Companies and others. On the Record Companies' motion to dismiss, this Court dismissed all of Plaintiff's counts except for Count I (direct copyright infringement) and Count II (contributory copyright infringement). Both in his written submissions and orally at the May 18, 2007 status conference, Plaintiff has emphasized that he is *not* alleging infringement of the music of the ten songs. *See* Pl's First Mot. to Strike at 7 (filed May 11, 2006); Pl's Mot. for Partial Summ. J. at 19. Rather, he is alleging infringement of only the particular lyrics that are set forth in his Amended Complaint and are juxtaposed with the lyrics of the allegedly infringing works in each instance. *See* Pl's Mot. for Partial Summ. J. at 19; Amend. Compl. ¶¶ 92-101, at 29-34.[1]

## THE LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law." *Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38, 45 (D.D.C. 1999), *aff'd* No. 99-7137, 2000 WL 33363291 (D.C. Cir. Apr. 19, 2000) (*citing* Fed. R. Civ. P. 56(c)). Material facts have been defined as those "that might affect the

---

[1] For a more complete recitation of the facts, Defendants respectfully refer the Court to Defendants' statement of points and authorities in support of their motion to dismiss the amended complaint.

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To prove copyright infringement, a plaintiff must demonstrate ownership of a valid copyright and "copying of constituent elements of the work that are original." *Stenograph L.L.C. v. Bossard Assocs., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In the absence of direct evidence of copying ─ and Mr. Prunte alleges none in this case ─ a plaintiff must allege that the defendants had access to the plaintiff's works and that there exists "substantial similarity between the protectible material in plaintiff's and defendants' works." *Whitehead*, 53 F. Supp. 2d at 46 (Friedman, J.) (citing *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996)). Given that Mr. Prunte has not alleged any direct copying, he must demonstrate the existence of three distinct facts to establish copyright infringement: 1) the existence of a valid copyright; 2) access to his copyrighted works on the part of the Record Companies; and 3) substantial similarity between the protectible material in his works and the allegedly infringing works.

Thus, if it is determined that Mr. Prunte cannot prove substantial similarity with protectible material in his works, the case is at an end. As this Court recognized in *Whitehead*, if a plaintiff "fail[s] to establish substantial similarity, [the Court] does not need to reach the issue of access." *Whitehead*, 53 F. Supp. 2d at 47 n.4. The Sixth Circuit reached the same conclusion:

> Even if the question of access be in dispute, the plaintiff must prove copying in order to prevail …. To prove copying, the plaintiff must prove access *and* substantial similarity. The district court correctly concluded there exists no substantial similarity. Therefore, it became unnecessary to resolve the access issue. No amount of proof of access will suffice to show copying if there are no similarities.

*Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984); *see also Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986) (explaining it "need not decide" the question of access given that "no substantial similarity exists"). Accordingly, if this Court were to decide on cross motions for summary judgment that the works in question are not substantially similar, it necessarily would follow that there can be no other genuine issue of material fact given that no other fact could affect the outcome of the suit under the governing law.

## ARGUMENT

**I.     DECIDING THE ISSUE OF SUBSTANTIAL SIMILARITY ON SUMMARY JUDGMENT IS A WELL ESTABLISHED PRACTICE IN THIS AND OTHER CIRCUITS.**

There can be no doubt that summary judgment is a permissible vehicle for disposing of Plaintiff's claims. In *Sturdza v. United Arab Emirates*, the United States Court of Appeals for the District of Columbia Circuit explained that the substantial similarity inquiry is a two-step process. *Sturdza v. United Arab Emirates,* 281 F.3d 1287, 1296 (D.C. Cir. 2002). First, the unprotectible aspects of an artist's work must be identified and excluded from the analysis. *Id.* As the court explained, ideas, principles, facts, and *scenes a faire* – "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic" – are not protectible. *Id.* at 1295-96 (*quoting Atari, Inc. v. North Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir. 1982)); s*ee also* 17 U.S.C. § 102(b). Second, only "[o]nce unprotectible elements such as ideas and *scenes a faire* are excluded," does the inquiry turn to "determining whether the allegedly infringing work is 'substantially similar'

to protectible elements of the artist's work."[2] *Sturdza*, 281 F.3d at 1296. Most importantly for present purposes, although the *Sturdza* court reversed the grant of summary judgment on the facts before it in a case involving complex architectural designs, the court went out of its way to emphasize that "*[o]f course,* summary judgment for a copyright defendant remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity." *Id.* at 1296-97 (emphasis added).

      Numerous other courts have applied these same standards and entered summary judgment in cases involving song lyrics. The First Circuit, for example, recently granted summary judgment, holding that "… the plaintiff clings to the one undeniable similarity between the two songs: the use of the phrase 'You're the One for Me' in the title and lyrics of each song. While this usage is similar, it is also common. … [T]his lyric is too trite to warrant copyright protection." *Johnson v. Gordon*, 409 F.3d 12, 24 (1st Cir. 2005). Similarly, the Eighth Circuit held that "[i]n this case, the trial court carefully studied the lyrics involved and determined that reasonable minds could not differ as to the absence of substantial similarity. The trial judge could properly determine the matter of substantial similarity …." *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989) (affirming grant of motion to dismiss where lyrics were set forth in complaint); s*ee also Toliver v. Sony MusicEntm't, Inc.*, 47 F. App'x. 496, 496 (9th Cir. 2002) (granting defendant's motion for summary judgment because the "lyrics [were] dissimilar in both structure and substance"); *Smith v. Curb Records*, 3 F. App'x. 296, 298 (6th Cir. 2001) (affirming summary judgment and finding that "while all three songs relate to the common idea of exhorting the listener to keep going in the face of difficulties, the lyrics actually had very few

---

[2] For an extended discussion of the *scenes a faire* doctrine and other unprotectible elements as applied to Plaintiff's Amended Complaint, *see* Defendants' Motion to Dismiss Amended Complaint at 11-19.

words or phrases in common, and therefore no similarity and no infringement was established."); *Johnson v. Foxx*, No. 06-10939, 2007 WL 1675198, at *3 (E.D. Mich. June 11, 2007) (finding any similarities in the lyrics to be too general to demonstrate substantial similarity); *Jones v. Blige*, No. 04-60184, 2006 WL 3343741, at *4-5 (E.D. Mich. Nov. 17, 2006) (finding on summary judgment that lyrics with the same words scattered throughout were not substantially similar); *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 629-30 (D.N.J. 1996) (ruling for the defendant on substantial similarity at summary judgment because the small numbers of similar lines were used in different contexts); *Black v. Gosdin*, 740 F. Supp. 1288, 1294 (M.D. Tenn. 1990) (concluding that two songs with the same theme were sufficiently dissimilar to grant the defendant's motion for summary judgment); *Pendleton v. Acuff-Rose Publ'ns, Inc.*, 605 F. Supp. 477, 483 (M.D. Tenn. 1984) (finding at summary judgment that the expression of similar themes without duplication of lyrics beyond words "drink" and "smoke" does not meet the substantial similarity standard).

Many more courts — including this Court — have entered summary judgment on substantial similarity in other contexts. *See, e.g.*, *Whitehead*, 53 F. Supp. 2d 38 (granting summary judgment on lack of substantial similarity between two screenplays); *Stromback v. New Line Cinema,* 384 F.3d 283 (6th Cir. 2004) (same); *Williams v. Crichton*, 84 F.3d 581, 588-89 (2d Cir. 1996) (same); *O'Neill v. Dell Publ'g Co.*, 630 F.2d 685, 690 (1st Cir. 1980) (granting summary judgment on lack of substantial similarity between two novels); *Wickham*, 739 F.2d at 1097 (drawings); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 918 (2d Cir. 1980) (toy design).

Consistent with this circuit's precedent and all the cases cited above, this Court certainly can undertake the two-step process the *Sturdza* court described by first "'filter[ing] out' those

elements … it view[s] as unprotectible[,]" then simply comparing the words and determining whether what remains could be found substantially similar by a reasonable jury. *Sturdza*, 281 F.3d at 1297. Indeed, this case cries out for summary judgment.

## II.   DISCOVERY IS NEITHER NECESSARY NOR WARRANTED

It is equally plain from the case law that the Court need not and should not allow fact or expert discovery before making the substantial similarity determination on summary judgment. Rather, with the Plaintiff's lyrics and the allegedly infringing lyrics fully set forth in the pleadings, all this Court must do is compare the two and determine whether any reasonable finder of fact could find the two works sufficiently similar. That is precisely what this Court did in *Whitehead*. As this Court explained after simply examining the two works in question,

> [D]efendants' works are not substantially similar to plaintiff's work, and [the Court] therefore will grant defendants' motion for summary judgment on the Copyright Act claim. Plaintiff's motion for discovery will be denied because there is no additional discovery that defendants could provide to plaintiff that would bear on the issue of substantial similarity.

*Whitehead*, 53 F. Supp. 2d at 40; s*ee also Costello v. Loew's Inc.*, 159 F. Supp. 782, 789 (D.D.C. 1958) ("No amount of expert or lay testimony as to fancied similarities could change the obvious content of the exhibits before the court …. the court finds, as a matter of law, from its own examination of the exhibits, that there is no … substantial similarity …. The court will therefore grant the defendant's motion for summary judgment.").

Indeed, cases adopting the identical analysis in other circuits are legion. As the Second Circuit explained decades ago,

> Although the issue of substantial similarity is clearly a factual one, it was entirely proper for Judge Motley to hold that Tomy is not entitled to go to trial on the issue of infringement. For where both the plaintiff's and defendant's works are before the court, 'the court may compare the two works and render a judgment for the defendant on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity.'

-7-

*Durham Indus., Inc.*, 630 F.2d at 918 (*quoting* 3 Melville B. Nimmer & David Nimmer, Nimmer On Copyright § 12.10 at 12-69 (1980)).  More recently, the Second Circuit reaffirmed the ability of district courts to grant summary judgment upon nothing more than a review of the two works at issue.  As that court held in *Williams v. Crichton*, a case cited by the D.C. Circuit in *Sturdza*, "[h]aving reviewed both parties' works in detail, we find that nearly all the similarities between the works arise from noncopyrightable elements, and thus the district court correctly concluded [at summary judgment] that the works are not substantially similar." *Crichton*, 84 F.3d at 588-89. This settled approach was best summarized by the First Circuit in *O'Neill*:

> Our comparison of the two novels convinces us that an ordinary reasonable person would find no similarity of expression and only a remote semblance of ideas.  We reject appellant's argument that summary judgment is precluded because additional discovery would uncover evidence bearing on the question of substantial similarity and that the deposition of his expert witness created a triable issue of fact.  It is difficult to understand how additional evidence, whatever it might be, could change the written words of the two novels.  Nor can the testimony of an expert provide what is clearly lacking.  Although we may not be qualified literary critics, we are fitted by training and experience to compare literary works and determine whether they evidence substantial similarity.

*O'Neill*, 630 F.2d at 690.  And it was applied to a case involving allegedly infringing song lyrics by the Eighth Circuit in *Nelson*, 873 F.2d at 1143-44 ("In this case, the trial court carefully studied the lyrics involved and determined that reasonable minds could not differ as to the absence of substantial similarity.  The trial judge could properly determine the matter of substantial similarity . . . . *Plaintiff also alleges that the trial court abused its discretion by refusing to allow her further discovery.  That is not so.*") (emphasis added).  As that court explained,

> The two lyrics were appended to the plaintiff's complaint and to her appellate brief . . . .  The District Court had before it here complete copies of both Lorna's song and Prince's and was therefore in proper position to apply the substantial similarity test.  This Court held in *Hartman* [*v. Hallmark Cards, Inc.,* 833 F.2d 117, 120 (8th Cir. 1987)] that where both works are in the record, the trial court has sufficient evidence upon which to enter summary judgment.

*Id.* at 1142-43.

Accordingly, Plaintiff's repeated insistence that he is entitled to offer expert testimony on the issue of substantial similarity in this case is simply wrong. As the D.C. Circuit has recognized, courts typically are free to consider expert testimony on the factual issue of actual copying but *not* on the issue of substantial similarity. *See Sturdza*, 281 F.3d at 1300. Rather, courts traditionally use the ordinary lay observer standard — without expert testimony — when determining whether the two works are substantially similar. *See id.* The court in *Sturdza* further noted that some courts have begun to use expert testimony to determine substantial similarity in cases involving computer code, which ordinary members of the public cannot understand. *Id.* at 1300-01 (citing cases). The D.C. Circuit recognized, however, that those cases also confirm that expert testimony remains inappropriate for artistic works. *Id.* (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 713-14 (2d Cir. 1992) ("[w]e do not intend to disturb the traditional role of lay observers in judging substantial similarity in copyright cases that involve the aesthetic arts, such as music, visual works or literature")).

The D.C. Circuit further stressed that only *one* circuit has endorsed the use of expert testimony for anything other than computer code, *Sturdza*, 281 F.3d at 1301, and that was for a "specialized musical arrangement," *i.e.*, sheet music — notes on the page — which most people cannot read. *Id.* at 1300 (citing *Dawson v. Hinshaw Music Inc.*, 905 F.2d 731, 736-38 (4th Cir. 1990) (itself recognizing that expert testimony remains inappropriate for ordinary songs or for resolving differences where no specialized expertise is required to interpret the works)). Here, Plaintiffs' lyrics and the allegedly infringing lyrics are in plain, though somewhat crass, English and require no specialized expertise or knowledge to read them. Neither *Sturdza* nor any other case suggests that it would be appropriate for this Court to take expert testimony before

entertaining cross motions for summary judgment on the issue of the substantial similarity of the lyrics at issue.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court permit Defendants to file a motion for summary judgment on the issue of substantial similarity.

Respectfully submitted,

   /s/  Michael B. DeSanctis
Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Sean J. Hartigan  (Bar No. 495381)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W
Suite 1200 South
Washington, D.C. 20005
Tel.: (202) 639-6000
Fax:  (202) 639-6066

Dated: June 29, 2007

## **CERTIFICATE OF SERVICE**

I, Michael B. DeSanctis, hereby certify that on this day, June 29, 2007, I caused the foregoing Defendants' Memorandum of Law Regarding the Appropriateness of Summary Judgment on the Issue of Substantial Similarity to be served by First Class United States mail, postage pre-paid on the following:

>Robert R. Prunte
>YoWorld Music Co.
>614 Wyanoke Avenue
>Baltimore, MD  21218

_____/s/_____
Michael B. DeSanctis