**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT R. PRUNTÉ, ET AL.,** | |
| **Plaintiffs,** | |
| **vs.** | **Civil Action No. 06-480 (PLF)** |
| **UNIVERSAL MUSIC GROUP, INC., ET AL.,** | |
| **Defendants.** | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**MOTION TO DISMISS BY VIACOM INTERNATIONAL INC.**

Alleging an elaborate conspiracy to purloin his intellectual property, Plaintiff Robert R.
Prunté filed suit against UMG Recordings, Inc. and Atlantic Recording Corp. ("UMG &
Atlantic"), Viacom International Inc. ("Viacom"), and dozens of musical artists and recording-
industry executives on March 15, 2006. Now, after having litigated this action for more than a
year *solely against UMG & Atlantic*, Plaintiff resists Viacom's motion to dismiss by asserting
that he has diligently prosecuted his purported claims against the company. The evidence
Plaintiff offers of his efforts, however, refutes that contention and demonstrates Viacom's
entitlement to dismissal of the complaint against it, without prejudice.

Plaintiff contends that he effectuated service on Viacom by causing a copy of his
complaint to be served "upon a Mr. Pen DiMatteo at the offices of Spegel & Utrera[,] P.A.P.C.[,]
45 John Street[,] Suite 711, New York, N.Y. 10038." Opp'n at 2. He further comes forward
with a report from the Internet site of the New York Department of State indicating that Spiegel
& Utrera is the registered agent for a corporation called "Viacom Communications Group, Inc."
of 98-28 Queens Boulevard, in Rego Park, New York. *See* Opp'n, Ex. B.

Viacom Communications Group, Inc., however, is not the entity that Plaintiff sued. He sued Viacom International Inc., which not only has *no relationship* to "Viacom Communications Group, Inc.," *see* Reply Declaration of Joseph R. Molko ("Molko Reply Decl.") ¶¶ 1-2 & Ex. A, but which also has a designated registered agent in the State of New York other than Spiegel & Utrera, *id*. at ¶ 3. Moreover, the identity of Viacom's registered agent is readily ascertainable from the very Web site database that Plaintiff apparently relied upon for purposes of service. *See* Opp'n, Ex. B (excerpt from N.Y. Dep't of State, Corporation and Business Entity Database, *available at* http://appsext8.dos.state.ny.us/corp_public); Molko Reply Decl. ¶ 4. If one searches that database for active business entities whose name begins with the word "Viacom," it returns a total of eleven results – one of which is "Viacom International Inc." Molko Reply Decl. at ¶ 5 & Ex. B. The entry for Viacom International Inc., in turn, identifies the company's registered agent as the Corporation Service Co. ("CSC"), 80 State Street, Albany, NY 12207-2543. *Id*. at ¶ 6 & Ex. C. CSC is, and has been at all relevant times, Viacom's registered agent in the State of New York. *Id*. at ¶ 3.

Whatever Plaintiff's reason may have been for deciding not to serve the registered agent for the entity that he named as a defendant in his suit, and instead electing to serve the complaint on an unrelated entity with a similar name, the Court must find Plaintiff's service to be insufficient. *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (service on defendant corporation insufficient where entity served was "not the registered agent for the defendant"); *id*. ("Rule 4(h) requires that plaintiff use due diligence before service of process to determine the proper agent and to conform to the requirements of the rule.").

Because Plaintiff failed to effectuate service on Viacom within the 120-day time limit of Rule 4(m) and has not shown any "good cause" that would excuse that failure, Viacom

respectfully submits that the complaint against it should be dismissed, without prejudice,

pursuant to Rule 12.  *See* FED. R. CIV. P. 12(b)(5) (authorizing dismissal, upon motion, for

"insufficiency of service of process").


Dated:  July 6, 2007                        Respectfully submitted,

                                            LEVINE SULLIVAN KOCH & SCHULZ LLP


                                            By:    /s/_____
                                                   Michael D. Sullivan, D.C. Bar No. 339101
                                                   John B. O'Keefe, D.D.C. Bar No. D00289

                                            1050 Seventeenth Street, N.W., Suite 800
                                            Washington, D.C.  20036-5514
                                            Telephone: (202) 508-1100
                                            Facsimile: (202) 861-9888

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of July 2007, I directed that a true and correct copy of the foregoing Reply Memorandum in Further Support of Motion to Dismiss by Viacom International Inc., and the accompanying Declaration, be served upon the following persons in the manners specified below:

> Robert R. Prunté
> 614 Wyanoke Avenue
> Baltimore, MD  21218
> *(Via first-class mail, postage prepaid)*
>
> *Plaintiff proceeding* pro se
>
>
> Michael Brian DeSanctis
> JENNER & BLOCK LLP
> 601 13th Street, NW
> Suite 1200 South
> Washington, DC  20005
> Email: mdesanctis@jenner.com
> *(Via ECF)*
>
> *Counsel for Defendants UMG Recordings, Inc., and Atlantic Recording Corp.*


/s/ _____
John B. O'Keefe