ROBERT R. PRUNTE' (APPEARING PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218
410.323.2483   301.514.4028

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTE,                          )      Case No.: No. 1:06-cv-00480-PLF
                                           )
        Plaintiff,                         )
                                           )
   vs.                                     )
                                           )
UNIVERSAL MUSIC GROUP, ET AL, ATLANTIC     )
                                           )
RECORDING CORP. ET AL, SONY (BMG) &        )
                                           )
VIACOM INTERNATIONAL ET AL,                )
                                           )
        Defendant                          )
                                           )

RECEIVED
JUL 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT VIACOM'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Comes now the plaintiff with this Memorandum in Opposition to Viacom's Memorandum in Support of its Motion to Dismiss. First, after Viacom Communications Group was served, over 16 months ago, they refused to defend or appear in this action, choosing instead to wait and see if Universal or Atlantic would prevail over the pro se plaintiff. This plan failed. Next, Viacom appeared on a limited basis with a Motion to dismiss claiming it never heard of Viacom Communications Group. When this was shown to be false, counsel claimed that Viacom Communications Group is merely another firm named Viacom, with no dealings with Viacom

Mem/Opp/Viacom                                                ROBERT R. PRUNTE' (PRO SE')
                                                              Page 1   7/9/2007

International. This is false as well. Viacom Communications Group is a mere anachronism which literally means (VIACOM---"Video & Audio Communications-----which is short for VIACOM COMMUNICATIONS).

Since 1971 this has been the corporate designation for VIACOM. (Please See: Exhibit A).

Counsel also falsely claims that the New York State Department website only contained (11) eleven VIACOM related entities. The true number is (52) fifty-two VIACOM related entities. VIACOM owns every entity that is listed on the NYS Dept. Of. Corporation's website. Each VIACOM designated entity has a registered agent qualified to receive service of process for the megalithic Viacom Inc. (See: Exhibit B).

Although Viacom claimed to this Court that its true identity is Viacom International, at the New York Stock Exchange, they are known as Viacom Inc., plain and simple. (See: Exhibit C). Viacom seems to forget that it holds a monopoly over the trademark and name VIACOM™. In fact, Viacom is one of the most prolific companies seeking to protect its domain names as well as trademark names. (See: Viacom v. Google & Viacom v. YouTube).

Viacom further states via (1) one lone agent/officer from the company, a Mr. Joseph R. Molko, that he knows nothing about any Viacom Communications Group. (See Molko Declaration, def. mot. to dis.) Such a lone agent's statement is insufficient to overcome the presumption that service is proper. See below:

> *"[A]n officer's return of service may not be set aside unless the evidence consists of more than a single contradictory affidavit (the contradictory testimony of one witness) and is clear and*

> *unequivocal." Id. A defendant thus bears the burden of rebutting the presumption by evidence that consists of more than a single contradictory affidavit. See id.; see also Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); Guthrie v. Ray, 293 N.C. 67, 71, 235 S.E.2d 146, 149 (1977); Burlingham, 156 N.C. at 179, 72 S.E. at 325.*

Likewise, in Saliby v. Connors, the Court said the same thing about single affidavits being insufficient to overcome the presumption of proper service. See below:

> *"Defendant argues that his motion and answer, when combined with Mr. Conners's affidavit, can serve as additional evidence that rebuts the presumption of proper service. However, our Court in affirming a trial court's denial of a defendant's motion to dismiss for insufficient service of process where only an unverified answer was filed, emphasized the Harrington requirement that more than a single contradictory affidavit is required to show improper ser. Brown v. King, 166 N.C. App. 267, 270, 601 S.E.2d 296, 298 (2004). In Brown, we held the defendant failed to meet the evidentiary burden necessary to show improper service. Id. In the case before us, defendant's argument that his unverified answer supplemented Mr. Conners's affidavit as evidence of insufficient process is without merit."*

Clearly, counsel for Viacom has overlooked the precedential posture of this circuit and others in situations like the one at hand, and raises a purely frivolous position in its present moving papers. (See: Precedent---below)

> *Under such circumstances, we should follow the rule adopted by other courts which refuse to construe such service requirements "rigidly," <u>Jordan v. United States</u>, 694 F.2d 833, 836 (D.C. Cir. 1982), and take "a liberal and flexible construction," <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984), especially where a pro se litigant is involved, <u>see id.</u> at 447 n.2, as this approach is "sensible and necessary to prevent serious miscarriages of justice," id. at 447, and consistent with the mandate to construe the rules of procedure "to*

*promote 'the just, speedy, and inexpensive determination of every action,'" <u>Zankel v. United States</u>, 921 F.2d 432, 438 (2d Cir. 1990) (quoting Federal Rules of Civil Procedure (FRCP) Rule 1).*

Even if Counsel were on point in its argument, and plaintiff never served the proper Viacom entity, the matter is trivial since the Firm was given notice of the lawsuit via Viacom International and the point trying to be made by the recalcitrant Viacom is irrelevant since Courts have made clear cut decisions regarding such technical service of process issues. (See Below):

> "We think that the exception the District of Columbia Circuit refers to is sensible and necessary to prevent serious miscarriages of justice. We therefore adopt the exception and hold that failure to comply with Rule 4(d)(5)'s personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed".

*Borzeka, 739 F.2d at 447 (internal citations and footnote omitted) (emphases added). An additional consideration of the Ninth Circuit was the fact that a pro se litigant was involved: Second, appellant was proceeding pro se when the defective service was made. We are generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved.*

For all the above reasons, Viacom's Motion to Dismiss must be denied and Viacom required to answer the complaint or the default and any other and further relief this Court deems just and proper.

Respectfully Submitted;

By: *[signature: Robert R. Prunte']*

### CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _10 AM_ July _10_ 2007.

*[signature]*

BY: Robert R. Prunte'

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ**, C/O MICHAEL D. SULLIVAN, 1050 SEVENTEENTH STREET, N.W., SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: *[signature]*

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

1.410.323.2483  / 1.301.514.4028

Mem/Opp/Viacom

Page 6   7/9/2007