UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTE,            )
                             )
        Plaintiff,           )
                             )
v.                           )
                             )
UNIVERSAL MUSIC GROUP, *et al.*,  )   Civ. Action No. 1:06-cv-480-PLF
                             )
        Defendants.          )
                             )
                             )

**DEFENDANTS' MOTION TO STRIKE AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants UMG Recordings, Inc. and Atlantic Recording Corporation ("Defendants"), through undersigned counsel, respectfully submit this Motion to Strike and Statement of Points and Authorities in Support of Motion to Strike Portions of Plaintiff's Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff filed his initial complaint in this matter over a year ago, on March 15, 2006.  On May 4, 2006, rather than responding to Defendants' motion to dismiss, Plaintiff filed an amended complaint, thus forcing Defendants to file another motion to dismiss.  Since then, Plaintiff has filed eleven motions against these Defendants, not one of which has been granted.

1

From the outset, Plaintiff's copyright counts have alleged infringement only of the ten songs contained in his complaint and amended complaint, and specifically, only of the lyrics to those songs (the "Chorus Lines" as Plaintiff refers to them) reproduced in Plaintiff's pleadings. Indeed, as Plaintiff stated in one of his early motions, "plaintiff only brought this action for infringement of the words he owns." *See* Pl's First Mot. to Strike at 7 (filed May 11, 2006). Although he claimed that he might amend his complaint in the future to include the music in his songs, he never did so. Accordingly, Defendants have litigated this case from the outset based on the understanding that Plaintiff was claiming infringement only of the words of his songs that were reproduced in his pleadings. *See* Defs.' Mot. to Dismiss (filed Apr. 18, 2006); Defs.' Mot. to Dismiss Am. Compl. (filed May 19, 2006); Defs.' Reply to Opp. to Mot. to Dismiss Am. Compl. (filed Jul. 11, 2006); Defs.' Mem. of Law Regarding the Appropriateness of Summ. J. on the Issue of Substantial Similarity (filed June 29, 2007).

At the status conference held on May 18, 2007, this Court questioned Plaintiff directly as to whether he was claiming infringement only of the lyrics of his songs or also of the music. Plaintiff responded clearly and repeatedly that he was claiming infringement only of the lyrics of his songs and *not* of the music. Plaintiff also stated, however, that he wished to amend his amended complaint to include additional songs. Again, the Court asked whether Plaintiff intended to allege infringement only of the lyrics and not the music of the new songs. In response, Plaintiff confirmed that he wished to amend to allege infringement only of the lyrics of the new songs. Defendants did not object, and Plaintiff was granted leave to amend with the instruction that Plaintiff include in his second amended complaint the full text of all of the allegedly infringed lyrics and all of the allegedly infringing lyrics.

2

At the same time, and in light of Plaintiff's repeated representations, the Court inquired of Defendants whether it would be proper for the Court to consider a motion for summary judgment on substantial similarity simply by looking at and comparing the lyrics contained in the pleadings. Defendants agreed that it would, indeed, be proper and that many Courts have done so. After a short colloquy, the Court instructed Defendants to file a legal memorandum demonstrating that such an approach would be proper. That is, that because only the lyrics of Plaintiff's songs were at issue, it would be appropriate for the Court to consider a motion for summary judgment on substantial similarity simply by looking at and comparing the allegedly infringed and infringing lyrics. Defendants subsequently researched, prepared and filed the memorandum requested by the Court. *See* Defs.' Mem. of Law Regarding the Appropriateness of Summ. J. on the Issue of Substantial Similarity, at 1 ("Both in his written submissions and orally at the May 18, 2007 status conference, Plaintiff has emphasized that he is *not* alleging infringement of the music of the ten songs.").

Despite the Plaintiff's repeated representations and despite the narrow scope of leave that was granted, Plaintiff did precisely what he promised that he would not do. That is, he filed his second amended complaint and alleged infringement of the music in the four new songs that he added and, for the first time, the music in many of the original ten songs as well. *See, e.g.*, Pl.'s Second Am. Compl. at 33 ("Sampled music . . . Melody, Harmony, Chords"); *id.* at 36-66 (same); *see also* Pl.'s Mem. of Law Regarding the Inappropriateness of Summ. J. on the Issue of Substantial Similarity at 36 ("counsel mischaracterizes the issues by stating that the case is about mere lyrics. This case is about '*the very heart of plaintiff's works*' being taken unlawfully and not mere song lyrics, but the sound recording and sample as well as the music") (emphasis and quotation marks in original) (filed July 11, 2007).

These new allegations are in stark contravention to Plaintiff's own repeated representations to this Court and go far beyond the express scope of the leave that this Court granted. Accordingly, and as shown below, Defendants request that the Court strike those portions of Plaintiff's second amended complaint that purport to allege infringement of anything other than the lyrics expressly set forth therein.[1]

## ARGUMENT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff is permitted to amend his complaint once as of right. Fed. R. Civ. P. 15(a). Beyond that, a plaintiff may file subsequent amended complaints only after moving for and obtaining leave of court. *Id.*; *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977) ("The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court."). Because this is Plaintiff's second amended complaint, leave was clearly required.

In turn, it is well established that allegations in amended pleadings that exceed the scope of the Court's leave should be stricken. *See, e.g., U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149, 154 (D.N.J. 2007) (dismissing additional counts of amended complaint "pursuant to Rules 15(a) and 12(f) on grounds that Plaintiffs failed to obtain leave to amend their complaint in the manner in which they amended it"); *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 98 (S.D.N.Y. 1985) (where plaintiff sought and was granted leave to amend in order to pursue claims of secondary liability and then filed an amended complaint adding claims for punitive damages that exceeded its leave to amend, the Court granted defendants' motion to strike the new claim); *McKeever v. Israel*, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979) (granting

---

[1] Given the lack of clarity of much of Plaintiff's second amended complaint, Defendants have not included here a list of all lines and paragraphs that should be stricken. Defendants, however, would be happy to provide such a list, to the best of their ability, of all the lines and paragraphs that appear to allege infringement of music, sound recordings, or anything other than the lyrics of Plaintiff's songs that are reproduced in the pleading.

motion to strike new allegations that went beyond scope of leave to amend); *Aventis Envtl. Sci. USA LP v. Scotts Co.*, No. 99civ4015, 2003 WL 1787295, at *2 (S.D.N.Y. Apr. 3, 2003) (granting motion to strike portions of the supplemental counterclaim, where the counterclaim as filed contained allegations beyond the "on-the-record understanding" as to the "general parameters" of the counterclaim to be filed, and where plaintiff had consented to the filing based on those understandings); *In re Falchi*, No. 97 B 43080, 1998 WL 863082, at *3-4 (Bankr. S.D.N.Y. Dec. 7, 1998) (same); *Hellauer v. NAFCO Holding Co., LLC*, No. CIV. A. 97-4423, 1998 WL 472453, at *5 (E.D. Pa. Jul. 28, 1998) (granting plaintiff's motion to strike and observing that the "Court's reluctant allowance of defendant's original proposed counterclaim did not give it free reign to create a whole new level to this relatively simple case").

In *U.F.C.W. Local 56 Health and Welfare Fund*, for example, the court granted defendants' motion to strike portions of plaintiffs' amended complaint that exceeded the scope of authority granted. 240 F.R.D. at 154-55. There, in a hearing before the Magistrate Judge on plaintiffs' motion to amend, "[p]laintiffs' counsel portrayed [its motion] as a simple amendment to join … a party for purposes of enforcing … settlement agreements" and "made no mention of other theories of liability to be added." *Id.* at 153. Thus, the Magistrate Judge granted plaintiffs leave to amend their complaint based on the scope of their representations. Nevertheless, plaintiffs' amended complaint added "two completely new legal theories … which were not contemplated in [p]laintiffs' motion to amend or by [the Magistrate Judge's] Order." *Id.* In granting defendants' subsequent motion to strike those allegations, the Court rejected plaintiffs' argument that the new claims should be allowed, finding it "unfathomable that the generalized order permitting the amendment could somehow have included these unexpressed claims." *Id.* The court further explained that allowing the unauthorized counts to remain would have deprived

the defendants of their right to have opposed the motion for leave in the first instance. *Id.* at 154-55.

Indeed, underscoring the seriousness of the transgression, a number of courts even have imposed monetary sanctions for filing amended pleadings that went beyond the scope of the leave granted. *See, e.g.*, *Dover Steel Co. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 576 (E.D. Pa. 1993) (awarding defendants "those reasonable fees and costs incurred by defendants in resisting the allowance of the filing of the Amended Complaint"); *Index Fund, Inc.*, 107 F.R.D. at 99 (awarding sanctions where plaintiff was granted leave to amend in order to pursue claims of secondary liability and then filed an amended complaint adding claims for punitive damages).

Here, Plaintiff's bait-and-switch pleading tactics are egregious and apparent. For over a year, Plaintiff has expressly made clear that his claims are about only the words of his songs. For over a year, that is how Defendants have litigated this case. And, at the recent status conference, Plaintiff made repeated representations to the Court that he intended to keep it that way. As a result, Defendants did not object to the proposed amendment. Defendants unquestionably would have objected, however, to any motion seeking leave to transform the case into one about alleged infringement of Plaintiff's musical compositions and sound recordings -- amendments that would vastly expand the scope of this case *and* make it more complex, though clearly no more meritorious. Thus, it was based on Plaintiff's representations that leave was granted. And it was based on Plaintiff's representations that the Court set forth an orderly plan for the resolution of this case by calling for additional briefing on the appropriateness of summary judgment specifically with respect only to Plaintiff's lyrics.

Allowing Plaintiff's unauthorized amended complaint would fundamentally change the nature of this case. In addition, it would reduce to an utter waste the Court's and the Defendants' resources expended with respect to the briefing procedures put in place at the status conference and already completed by the parties. At bottom, Plaintiff's addition of the music and sound recordings to the infringement allegations in this case is a transparent effort to avoid summary judgment -- or any other final disposition of this case. Having represented to the Court that this case was -- *and would remain* -- about only the words of his songs, this Court imposed a very pragmatic approach to potentially resolving the case efficiently and expeditiously. Fearing precisely that efficient and expeditious resolution, Plaintiff has now unilaterally changed the rules of the game without explanation and without leave of Court. This Court need not and should not tolerate Plaintiff's wholly unapologetic attempt to renege on his formal representations to the Court, to remain a moving target after more than a year of unusually active litigation, and to escape the likely result of the summary judgment procedures that were ordered and agreed to at the conference.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court strike those portions of Plaintiff's Second Amended Complaint that purport to allege infringement of anything other than the lyrics set forth therein.

Dated: July 13, 2007                                        Respectfully submitted,

                                        /s/  Michael B. DeSanctis
                                        Steven B. Fabrizio (Bar No. 436482)
                                        Michael B. DeSanctis (Bar No. 460961)
                                        Sean J. Hartigan  (Bar No. 495381)
                                        JENNER & BLOCK LLP
                                        601 Thirteenth Street, N.W
                                        Suite 1200 South
                                        Washington, D.C. 20005
                                        Tel.: (202) 639-6000
                                        Fax:  (202) 639-6066

**CERTIFICATE OF SERVICE**

I, Michael B. DeSanctis, hereby certify that on this day, July 13, 2007, I caused the foregoing Defendants' Motion To Strike And Statement Of Points And Authorities In Support Of Motion To Strike Portions Of Plaintiff's Second Amended Complaint to be served by First Class United States mail, postage pre-paid on the following:

> Robert R. Prunte
> 614 Wyanoke Avenue
> Baltimore, MD  21218

_____/s/Michael B. DeSanctis_____
Michael B. DeSanctis