ROBERT R. PRUNTE' (APPEARING PRO SE')
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218
410.323.2483  301.514.4028

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE, ) | Case No.: No. 1:06-cv-00480-PLF |
| Plaintiff, ) | |
| vs. ) | |
| ) | RECEIVED |
| UNIVERSAL MUSIC GROUP, ET AL, ATLANTIC ) | JUL 17 2007 |
| RECORDING CORP. ET AL, SONY (BMG) & ) | |
| VIACOM INTERNATIONAL ET AL, ) | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |
| Defendant ) | |

# PLAINTIFF'S MOTION IN LIMINE CONCERNING THE INTENTIONAL MISCHARACTERIZATIONS OF THE TERM "LYRICS" INSTEAD OF THE TERM "CHORUS LINES". PRACTICE IS PREJUDICIAL

Comes now the plaintiff with this Motion in Limine which seeks to limit or exclude any mention of the word "lyrics" by any defendant without quantifying that the case is about the "chorus line lyrics".

When Counsel utters the mere word "lyrics", without explaining that it refers to only the lyrics of the chorus lines, it works to prejudice this plaintiff because lyrics of any type receive far less

copyright protection (standing alone), than do chorus lines, which are 100% of the time, the very heart of the works in question. (See Below:

*In Holmes v. Hurst, 174 U.S. 82 (1899), the Court stated:*

*The right thus secured by the copyright act is not a right to the use of certain words, because they are the common property of the human race, and are as little susceptible of private appropriation as air or sunlight; nor is it the right to ideas alone, since in the absence of means of communicating them they are of value to no one but the author. But the right is to that arrangement of words which the author has selected to express his ideas.*

*The Court then quoted from Lord Mansfield, who observed that the copyright is "an incorporeal right to print a set of intellectual ideas or modes of thinking, communicated in a set of words and sentences and modes of expression. It is equally detached from the manuscript, or any other physical existence whatsoever." Millar v. Taylor, 98 Eng. Rep. 201 (K.B. 1769), cited in Holmes, 174 U.S. at 86. The Court summarized by quoting from Jefferys v. Boosey, 10 Eng. Rep. 681 (H.L. 1854):*

*" The subject of property is the order of words in the author's composition; not the words themselves, they being analogous to the elements of matter, which are not appropriated unless combined, nor the ideas expressed by those words, they existing in the mind alone, which is not capable of appropriation".*

Therefore, if Counsel for the defendants is permitted to loosely use the words "lyrics" in its moving papers and also in the event of a trial, this plaintiff would be deviously and unnecessarily defeated before the judging event even begins. Counsel must not be permitted to ever speak loosely about mere "lyrics" without specifying, quantifying, and identifying the prized lyrical component known as "the chorus line". Such loose talk about mere "lyrics" serves to abrogate

and negate whatever rights Congress has prepared for the Copyright owner of such works. *(See, Holmes v. Hurst, supra)*

## Relevant Facts

This is a Complex Copyright case involving the words, music, sound recordings and samples proprietary to this plaintiff. During the course of this case, Counsel has not made one single statement concerning how the songs they allegedly own were created. Nor has Counsel made one single allegation claiming plaintiff's work fall under a public domain principle.

Instead, Counsel has used mere double-talk and semantics used in order to deceive the Court as well as this plaintiff. The matter concerning the loose use of the word "lyrics" to describe the works is another Hail Mary attempt by these defendants to prevail irresponsibly.

Likewise, the defendant's loose use of the word "lyrics", instantly causes the fact finder and or jurors to rely upon *"sheer speculation"* to reach decisions, wherefore, this case is only about lyric, per se, but "chorus line lyrics" specifically. The two must not be confused. (See below:

> "If the evidence on an issue is such that it would require the jurors to engage in nothing more than "sheer speculation," the issue may not be submitted to the jury. See *DeSua vs. Yokim*, 137 Md. App. 138 (2001)".

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court:

A. Instruct all parties and counsel and witnesses expected to testify that no person is to refer to, interrogate, or attempt to convey or suggest to the jury, directly or indirectly:

1. The word "lyrics" without quantifying and qualifying such lyrics by identifying them as "Chorus Line Lyrics";

2. The public domain, without identifying what part of plaintiff's work was allegedly taken from there, as well as "scenes afaire", without identifying the motive for such "scene a faire" labeling;

3. Any "lyrics" of the defendants that do not occupy the chorus lines of the works unless counsel comes forward with proof of independent creation of any lyrics purportedly owned by defendants, and only then speak of mere lyrics, which must still be contained within the chorus lines of the works in question, as well as any other and further relief this Court deems just and proper.

By: *[signature]*

### CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _10 AM_ July _15th_ 2007.

*[signature]*

BY: Robert R. Prunte'

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ**, C/O MICHAEL D. SULLIVAN, 1050 SEVENTEENTH STREET, N.W., SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F.

1  BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C.
2  20001, C/O, CLERK'S OFFICE.

BY: /s/ Robert R. Prunte'

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

1.410.323.2483   / 1.301.514.4028