Robert R. Prunté, (pro sé)
614 Wyanoke Avenue
Baltimore, Maryland 21218

RECEIVED
JUL 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTÉ<br><br>Plaintiff,<br><br>Vs.<br><br>UNIVERSAL MUSIC GROUP, et al;<br><br>Defendant (s) | CASE NO: 06-CV-00480<br><br>JUDGE: Paul L. Friedman |

## PLAINTIFF'S OPPOSITION TO UNIVERSAL MUSIC GROUP AND ATLANTIC RECORDS MOTION TO STRIKE AS VIOLATIVE OF D.C. LOCAL RULE 7. m, DUTY TO CONFER AS WELL AS DILATORY

Comes now the plaintiff with its Motion made in opposition to defendants frivolous and dilatory Motion to Strike. As an initial matter, the Motion to Strike violates D.C. Local Rule 7m since the defendants failed to confer with the pro se plaintiff without fulfilling their duty to confer as per D.C. Local Rule. (See Below :)

1

Rule 7.m

## DUTY OF COUNSEL TO CONFER ON NONDISPOSITIVE MOTIONS:

*"Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in it's motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed".*

Counsel's hot-headed frivolous and dilatory fervor caused it to overlook this important rule. Such a posture is unprofessional, unethical and unforgivable.

Moving to the matter of the Motion to Strike itself, and for the sake of argument, Counsel claims plaintiff somehow "reneged" on an understanding reached at the Rule 16 status hearing concerning his songs.

The Court merely asked plaintiff about the lyrics in the same manner in which it asked plaintiff about Viacom, (which also failed to abide their Court order to respond to the default judgment issue), because no physical and fixed musical works were before it.

Never has the plaintiff ruled out his right to sue for the entire embodiment of his works. The Court merely wished to know what words were being sued about, at which the plaintiff told the Court "the words found within the chorus lines only", and not the mere verse phrases.

This Court then told this plaintiff to amend the complaint to include all songs deemed or alleged to be infringing. This plaintiff has done so. The amended complaint perfectly pleads the sum total of the wrongs allegedly done against this plaintiff by these defendants. Surely this Court did not, nor can not tell a party how to frame its case in chief and sue for all the rights available to a party. Counsel obviously wishes it could have written the complaint for the plaintiff.

Accordingly, counsel's silly double-speak, avoidance of the complaint and the dilatory motion to strike all failed to do what the court said at the status conference, and in nearly a contemptuous manner. This Court specifically asked Counsel to explain by brief, how it planned to prevail in this case. This Court did not ask counsel to inform it of "the appropriateness of summary judgment regarding substantial similarity", as counsel's bogus and frivolous paper implies.

This complex copyright case is being built as we speak. On May 18, 2007, plaintiff was merely seeking discovery information and not information about summary judgment based on mere words. In fact, the original Complaint called for a jury trial and plaintiff has never intimated otherwise. In fact, plaintiff and counsel stated in open Court the commands of *Sturdza v. United Arab Emirates* regarding the "inappropriateness" of summary judgment unless the works are so dissimilar as to preclude similarities of protected material.

If anything, this Court was telling Counsel to file a quasi/pseudo/mock summary judgment motion using this case as a model, and hardly telling counsel to explain

Case 1:06-cv-00480-PLF   Document 48   Filed 07/24/2007   Page 4 of 8

how it is appropriate in law hypothetically but failing to provide facts relevant to this particular case. That type of conduct is what civil contempt is made of.

This Court represents the whole body of law and hardly needs counsel to inform it of "the state of the law". Counsel has fallen on its face in sheer tom foolery.

Counsel is so off point with its motion to strike, it even failed to recognize that the Court also told the plaintiff to respond in kind after counsel explained how it would prevail. (Please see Plaintiff's Reply). This is plaintiff's total understanding of the Status Conference.

## _____COUNSEL'S MOTION TO STRIKE IS DILATORY__

On it's face, the real case in chief of the defendants is clearly seen on the face of the motion itself, since counsel also failed to declare why portions of plaintiff's complaint should be stricken, namely, whether statutorily the complaining article is "immaterial", "impertinent ", "redundant" or "scandalous". Counsel for these defendants alleged none of these, clearly ignoring precedent in this regard as well. (See below F.R.C.P. Rule 12 (f) and how it is viewed in law):

> "the court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, [**12] immaterial, impertinent, or scandalous matter." Motions to Strike are viewed with disfavor and are infrequently granted. Federal Deposit Ins. Corp. v. Niblo, 821 F. Supp. 441 (N.D. Tex. 5/6/93). n2 [Pg 7] It is disfavored because striking a portion of a pleading is a

4

> *drastic remedy, and because it is often sought by the movant simply as a dilatory tactic.*

**Likewise,**

> *A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party. Id. "A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action." Pitre v. Opelousas Gen. Hosp., 530 So. 2d 1151, 1162 (La.1988); see also, Bellah v. State Farm Fire and Cas. Ins. Co., 546 So. 2d 601 (La. App. 3 Cir. 1989) and Adams v. New Orleans Blood--Bank, Inc., 343 So. 2d 363 (La. App. 4 Cir. 1977). A court must deny a motion to strike if there is any question of fact or law. (See: Federal Deposit Ins Inc., 821 F. Supp. 441)*

In this case, the only "allegations" being challenged (aside from the chorus line lyrics), are the facts concerning the music and sound recording components of plaintiffs coveted works, and as such, they are fully related to this plaintiff's claims of copyright infringement and fully worthy of all consideration and the presence of such components would not be prejudicial to the defendants since they have a right to retain experts on the issue of copying just like the plaintiff does.

Finally, in DeVore Family Partnership, LLP v. McDougal Littell, No. 06 C 3484, 2006 WL 2861116 (N.D. Ill. Sept. 26, 2006) (Conlon, J.), the Defendants also sought to strike the claim for profits from the Complaint pursuant to Fed. R. Civ. P. 12(f).

The Court denied the request, noting that motions to strike are "generally disfavored" and that in order to grant a motion to strike a claim, a court would have to find that the claim was so unrelated to the Complaint that it was meritless and not worthy of any consideration. Because the claim for profits survived the motion to dismiss, it did not meet the standard for a motion to strike. In the vast majority of cases, when the same claim is the subject of a combined motion to dismiss and to strike, if the motion to dismiss fails it follows that the motion to strike fails as well. (See DeVore, Supra, 2006).

The defendants Motion to Dismiss should be denied out of hand and defendants directed to answer the First Amended Complaint and for any other and further relief this Court deems just and proper.

DATED: July, 20 2007

By /s/ [signature]

# CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT 10 PM July 20, 2007.

BY: Robert R. Prunte'

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ**, C/O MICHAEL D. SULLIVAN, 1050 SEVENTEENTH STREET, N.W., SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY:

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

1.410.323.2483 / 1.301.514.4028