Robert R. Prunté, (pro sé)
614 Wyanoke Avenue
Baltimore, Maryland 21218

**RECEIVED**
**JUL 3 1 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT R. PRUNTÉ** | CASE NUMBER: 1:06-CV-0048 |
| Plaintiff, | JUDGE: (PLF) |
| Vs. | |
| UNIVERSAL MUSIC GROUP; | AMENDED MOTION IN LIME |
| Defendant (s) | |

### (AMENDED) MOTION IN LIMINE TO INCLUDE EXPERT TESTIMONY ON ISSUES OF PROBATIVE SIMILARITIES AND THE FIRST PRONG OF THE TEST FOR COPYRIGHT INFRINGEMENT OF EBONIC EXPRESSION, MUSIC, SOUND RECORDINGS AND SOUND SAMPLES PURSUANT
### TO FED. R. OF EVID. 702, 703, 705 & 706 AND DAWSON V. HINSHAW

Comes now the plaintiff, with this motion seeking an order to why expert testimony should not be employed in this case pursuant to *Fed. R. Of Evid. 702, 703, 705 & 706* and especially based upon the clear commands of *Dawson v. Hinshaw*, which declares in pertinent parts that the

"intended audience" is the focus where specialized music is at issue and not the "ordinary observer" as would be the case if works were made for the general public and not the "hip hop market", as this case alleges. (**See Dawson v. Hinshaw excerpts below**)

> ***This motion has been amended since plaintiff inadvertently omitted the D.C. Circuit Local Rule 7.1 requirement that parties confer before filing non dispositive motions. Although the term "non-dispositive" is somewhat rhetorical with regard to motions of this type in particular, since the motion itself could create an atmosphere of resolution due to its content alone. However, upon conferring with opposing counsel, plaintiff has learned they oppose experts at any stage of these proceedings.*

-----The appeals court disagreed with the district court's decision and remanded the case back to the lower court instructing it to determine whether the <u>intended audience</u> for the two works of sheet music as presented by the plaintiff here was in fact an "ordinary lay observer" or a narrower group comprised of choral conductors. According to this court, the "intended audience," and not simply an "ordinary lay observer," must determine substantially similarity (and thereby liability for infringement<u>) for this audience determines a work's economic success, the protection of which is one of the grounding principles of U.S. copyright law----</u>.

Specifically, plaintiff requests this court to require the parties to show why expert witnesses should not be appointed, and also request the parties to submit nominations. Alternatively, this court can appoint any expert witness agreed upon by the parties and may also appoint expert witnesses of it's own selection. **(Fed. R. Of Evid. 706)**.

Counsel has stated in its Motion to Dismiss that expert testimony is not needed in this complex copyright infringement case, but based its argument on **Kay Berry, Inc. v. Taylor Gifts, Inc., 421, F.3d 199 (3d cir 2005)**, where that Court declared expert testimony very relevant and permissible. Perhaps counsel should have read the entire case before it used it as a case to make a point in this case.

In fact, in "**Kay Berry**", "**Garden Accent Rocks**" were at issue, which are described by the copyright office as "**Sculptures**". Such status is a far cry from the reality of the operative complaint concerning complex musical and literary works.

Likewise, the "**Kay Berry**" case is so remote from this one that "**Sculpture No. 646**" was actually deemed to contain no copyrightable subject matter whatsoever, and "**Sculpture 646**" embodied an expression that was inseparable from the underlying idea". **(See: Kay Berry, 10).**

Accordingly, "**Kay Berry**" claimed that it selected an inspirational poem from the public domain, adapted that poem to make it visually and rhythmically appealing, and then cast it upon its own sculptural works"... However, the court in "**Kay Berry**" concluded this effort was enough to satisfy creativity requirements for copyright protection. **(Quoting Feist, 499 U.S. at 348; Readers Digest, 821 F.2d at 806).**

Most importantly, even in "**Kay Berry**" expert testimony is considered permissible to "help reveal the similarities that a layperson might not perceive". Quoted from the Court. **(See: Kay Berry v. Taylor Gifts, 421 F3d 199 (3d 2005)).**

It is generally known and accepted in this circuit and universally that a <u>two-pronged analysis</u> is permitted on the issue of Substantial Similarity.

Counsel fails to recognize, or acknowledge the existence of prevailing and precedential cases, especially when it failed to include the fact that in **Sturdza v. United Arab Emirates, 281, F.3d 1287, 1295, 1296 (D.C. Cir. 2002)**, the Court stated unequivocally that" experts can identify the portions of the plaintiffs work that are protected under copyright law". Expert testimony is thus required to demonstrate the factors important to a specialized audience. ***(See: Dawson v. Hinshaw Music, 902 F.2d 731, 733 (4th Cir. 1990).***

In any event, plaintiff hereby asks this court to exercise its inherent powers to enforce the Federal Rules of Evidence as well as the U.S. Copyright Act, and either select "<u>Literary Experts</u>" proficient in "<u>Ebonics and Cultural Linguistics</u>", or allow the parties to make acceptable recommendations, especially with regard to identifying plaintiffs protectible expression, since it is a fundamental premise of copyright law that an author can protect only the expression of an idea, but not the idea itself. ***(See Baker v. Seldon, 101, U.S. 99, 103 – 04 (1880), Franklin Mint Corp., v. Nat'l Wildlife Art Exchange, Inc., 575 F.2d. 62, 64 – 65 (3d Cir. 1978)***.

Accordingly, and as a matter of fact and law, when determining whether two works are similar, a fact finder must determine whether the later work is similar because it appropriates the <u>unique expressions</u> of the original author or merely because it contains elements that would be expected when two works express the same idea or explore the same theme. Nearly every work embodies a blend of ideas and expression, because an author can only demonstrate "substantial similarity" by referencing those aspects of his work that embody his creative contribution. ***(See: Universal Athletic Sales, 511 2d at 908).***

Therefore, the extremes of conceded creativity and independent efforts amounting to no more than the trivial, the test of appropriation necessarily varies. As one court has explained:

> *"A copyright on a work which bears practically a photographic likeness to the natural article... is likely to prove a relatively weak copyright. That is not to say that, as a matter of law, infringement of such a copyright cannot be inferred from mere similarity of appearance, but only that the plaintiff's burden will be much more difficult to sustain because of the intrinsic similarities of the copyrighted and accused works".* (See: First Am. Artificial Flowers, Inc. v. Joseph Markowitz, Inc., 342, F.Supp. 178, 186 (S.D.N.Y. 1972) and Kay Berry, supra).

Such is not the case here, since there are myriad ways of expressing a musical/literary work. Thus, if anything, defendants must demonstrate that Mr. Prunté's "chorus lines" are either unique creative expressions occupying a certain musical genre, or they are the unavoidable expression of common ideas. According to the amended complaint, the Court may need expert testimony in the area of *Ebonics*, or *"African American Vernacular English (AAVE)"*.

Furthermore, according to the court in **Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)**; all trial judges are charged with the responsibility of acting as "gate keepers" to exclude unreliable expert testimony, not just testimony based on science. ***(See also Kumho, 119 S. Ct. at 1178).***

Thusly, plaintiff requests, according to **Fed. R. Of Evid. 702**, that this Court determines that:

(1) The expert is qualified,

(2) The testimony address a subject matter on which the fact finder can be assisted by an expert,

(3) The testimony be reliable and

(4) The testimony "fits" the facts of the case, or alternatively, that the Court order the parties to select experts which possess the above requirements. *(See: Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1171 (1999)*, (holding that the trial judges "gate keeping" function applies not only to testimony based on "scientific knowledge", but also to testimony based on "technical" or "other specialized" knowledge. *(See: Watkins v. Telsmith, Inc., 121, F.3d 984, 991 (5th Cir. 1997) and American College of Trial Lawyers, Standards and Procedures for determining the admissibility of expert testimony after Daubert, 157 F.R.D. 571, 579 (1994))*.

The inherent power of a trial judge to appoint an expert of his own choosing is virtually unquestioned. *(See: Scott v. Spanger Bros., Inc. 298 F.2d 928 (2d Cir. 1962), Danville Tobacco Assn. V. Bryant-Buckner Assoc., Inc., 333 F.2d 202 (4th Cir. 1964) & Sink; "The Unused Power Of A Federal Judge To Call His Own Expert Witnesses, 29 S. Cal L. Rev. 195 (1956), 2 Wigmore 563, 9 id, 2484; Annot., 95 A.L.R. 2d 383*.

For all the above reasons, plaintiff seeks the relief herein prayed and for any other and further relief this court deems just and proper.

By _/s/ Robert R. Prunte'_


# CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT ___10 AM___ July 29th, 2007.

BY: Robert R. Prunte'

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ**, C/O MICHAEL D. SULLIVAN, 1050 SEVENTEENTH STREET, N.W., SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

1.410.323.2483  / 1.301.514.4028