1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Robert R. Prunté, (pro sé)**
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218

**RECEIVED**

FEB 1 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

**ROBERT R. PRUNTÉ**

**Plaintiff,**

**Vs.**

**UNIVERSAL MUSIC GROUP**

**RECORDINGS, ET AL**

**Defendant (s)**

**CASE NUMBER:  1:06-CV-0048**

**JUDGE: Paul L. Friedman (PLF)**

**PLAINTIFF'S OPPOSITION TO DEFENDANT (S), UNIVERSAL MUSIC GROUP AND ATLANTICS' FILING OF MOOTED AND IRRELEVANT SUPPLEMENTAL AUTHORITY, AND ALTERNATIVELY, IF NOT MOOT, PLAINTIFF'S SUPPLEMENTAL AUTHORITY SUBMISSION REGARDING THE COMPLETE INAPPROPRIATENESS OF SUMMARY JUDGEMENT WHERE ORIGINAL MUSIC, LYRICS AND SAMPLES ARE PEFECTLY PLED WITHIN OPERATIVE AMENDED COMPLAINT**

Comes now the pro se plaintiff with its above styled opposition motion and omnibus motion made in support of plaintiff's earlier submission concerning the inappropriateness of summary judgment or partial summary judgment on the issue of substantial similarities of lyrics between the two works.

As an initial matter, it is well known that The Honorable Judge Paul L. Friedman, on May 18, 2007, already stated in open court that it was not fully aware of all the complexities of current Copyright Law at that time with regard to this type of complex copyright infringement action. (See Oral Transcript of May 18, 2007 hearing).

In such situations, a judge of such caliber and in such a delicate position has an unequivocal right to ask a plaintiff to merely amend its complaint so the Court and even defendants can have a better understanding of the case in chief. (Please See: *DeBardeleben v. Pugh*, 56 Fed. Apex. 464 (10th Cir. Mar. 3, 2003).

> *"Accordingly, the magistrate judge ordered DeBardeleben to file a second amended complaint to allege, "simply and concisely [] his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights." Doc. No. 7, Magistrate J. Report and Recommendation at 3. The magistrate judge gave DeBardeleben thirty days from the issuance of his order to comply, or DeBardeleben's action could be dismissed without notice".*

Since it is a matter of fact and law that a judge can indeed order any plaintiff to amend it's complaint, as this plaintiff did indeed, by perfectly pleading the issues of this case with regard to the music *and* lyrics fully owned by this plaintiff, which

these defendants choose to flagrantly ignore, even though the amended complaint

clearly illustrates these allegations concerning original music, samples and lyrics..

This instant motion of defendants Universal and Atlantic, purportedly *informing*

the Court, filed under the guise of supplemental authority is equal to the diabolical

act of defendant Viacom whom waited over a year to even appear in the case.

The issue of mere lyrics that seemed to be such a part of the original complaint has

now been buttressed with more clear, direct and specific allegations concerning the

actual original music that transported the defendants to the levels of greed that

caused them to need to unlawfully exploit the songs in the first place.

Therefore, the Judge ordered amended complaint is indeed the operative one, as

defendants are well aware, and such a fact automatically trivializes and evaporates

any argument concerning mere lyrics in this complex case.

Defendants should be scolded and admonished to respect the sanctity and authority

of the "operative complaint" in this case, and informed that F.R.C.P. Rule 56

grants any litigant the right to file a motion for partial or full summary judgment

within days after a complaint is filed, concerning anything a party wants to discuss.

However, the making of a partial or full summary judgment motion concerning

mere lyrics, while ignoring the glaring issues of fact that remain concerning music

and samples will resemble an *"elephant in an elevator"*.

1 With respect to plaintiffs supplemental authority concerning the complete

2 inappropriateness of summary judgment where original music, samples and lyrics

3 are concerned, plaintiff need only point to the fact that these defendants have *never*

4 disputed the facts of access or the facts that relate to Mr. Prunte' being the

5 originator of these songs.

6

7 In order to lawfully dispute such copyright infringement allegations, a defendant

8 must allege and prove that it *independently created* the works being sued about and

9 that no similarities exist between protected materials.

10

11 At this juncture, and after (2) two motions to dismiss, these defendants have never

12 stated where they got the songs at issue, how they were created or by whom, and

13 have failed to discuss the issues of originality, independent creation or direct

14 access. (Please see: Bridgeport Music v. Dimension Films, 6th Cir.)

15

16 In that case, the defendants argued that samples are not original enough for

17 protection, and that if they are protected, then such protection should be minimal

18 since only a "de minimus" fraction of plaintiff's work was used. The Appeals

19 Court for the 10th Circuit totally disagreed.

20

21 The claims at issue in that appeal were originally asserted in an action filed on May

22 4, 2001, by the related entities *Bridgeport Music, Southfield Music, Westbound*

23 *Records*, and *Nine Records*, alleging nearly 500 counts against approximately 800

24 defendants for copyright infringement and various state law claims relating to the

25 use of samples without permission in new rap recordings.

4

In August 2001, the district court severed that original complaint into **_476_** separate actions, *Bridgeport* v. *Dimension Films* being one of them, based on the allegedly infringing work and ordered that amended complaints be filed. (See; Bridgeport, supra)

**THE COURT ORDERED AMENDED COMPLAINT INSTANTLY MOOTS ANY PREVIOUS ARGUMENTS ABOUT MERE SONG LYRICS OR SUMMARY JUDGEMENT WHERE MUSIC AND SAMPLES ARE CONCERNED. (SEE AMENDED COMPLAINT)**

Within the body of the now operative complaint, allegations can be clearly found, outlined in a plain and simple manner, the rights plaintiff is suing for. No amount of double talk, semantics or legal shenanigans can change this fact.

Thus, the defendant's entire argument and motion for supplemental authority and its contemplation of filing a summary judgment motion based on mere lyrics is dilatory, meant for delay, irrelevant, moot, frivolous, recalcitrant and disrespectful of a Judge's decision to order a plaintiff to amend its complaint to more accurately state its case in chief.

Respectfully Submitted;

Robert R. Prunte'

CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _____ FEBRUARY 7th 2008.

JENNER & BLOCK, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; LEVINE, SULLIVAN, KOCH & SCHULTZ, C/O MICHAEL D. SULLIVAN, 1050 SEVENTEENTH STREET, N.W., SUITE 800, WASHINGTON, D.C. 20036-5514 & THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, E. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: _____

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

1.443.682.7292 / 1.443.615.1745

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25