UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROBERT R. PRUNTÉ,                   )
                                    )
       Plaintiff,                   )
                                    )
   v.                               )    Civil Action No. 06-0480   (PLF)
                                    )
UNIVERSAL MUSIC GROUP, *et al.*,    )
                                    )
       Defendants.                  )
_____ )

### MEMORANDUM OPINION AND ORDER

       The Court has before it defendants' motion to strike portions of plaintiff's Second Amended Complaint. Defendants ask this Court to strike the portions of plaintiff's Second Amended Complaint which allege infringement of the *music* of plaintiff's songs. See Defendants' Motion to Strike and Statement of Points and Authorities in Support of Motion to Strike Portions of Plaintiff's Second Amended Complaint at 2-8. According to defendants, the Court should strike these portions of plaintiff's Second Amended Complaint because (1) plaintiff has repeatedly represented that his claims relate only to the *lyrics* of his songs, and (2) the Court granted plaintiff leave to file a Second Amended Complaint in order to allow plaintiff to set forth all of the lyrics he believes defendants infringed – not to allow plaintiff to add claims that defendants infringed plaintiff's musical compositions as well. See id.

       Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike any matter in a pleading that is "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Striking pleadings is generally disfavored as an extreme remedy. See Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000); Walker v. Paulson, Civil Action No. 06-1115,

2007 WL 1655879, at *3 (D.D.C. June 7, 2007); 2 MOORE'S FEDERAL PRACTICE § 12.37[1] at 12-93 to 12-94 (3d ed. 2002).

The Court concludes that it would be inappropriate to strike any portion of plaintiff's Second Amended Complaint for three reasons. First, plaintiff's new claims are clearly not "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Second, and contrary to defendants' assertions, plaintiff did not represent to this Court that his claims were based exclusively on alleged infringement of his lyrics at the most recent status conference. See Transcript of May 18, 2007 Status Conference at 7 ("THE COURT: Is this case about lyrics only and not about music. PLAINTIFF: Okay, it's about music and lyrics, but I have an amended complaint to add the music in the relevant parts . . . . THE COURT: I understand. I think what makes sense is if you're going to amend the complaint that ought to happen sooner rather than later . . . ."). Third, and again contrary to defendants' assertions, plaintiff's amendments do not exceed the scope of leave to amend granted by this Court at the May 18, 2007 status conference. See id. ("PLAINTIFF: I don't believe music is going to make the case or break the case. THE COURT: It's up to you [to decide whether to amend the complaint to add claims regarding music]. It's your lawsuit."). Accordingly, it is hereby

ORDERED that defendants' motion to strike [45] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 11, 2008