UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT R. PRUNTÉ,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0480   (PLF) |
| | ) | |
| UNIVERSAL MUSIC GROUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on the motion of one of the named defendants in this case, Viacom International, Inc. ("Viacom International"), to dismiss *pro se* plaintiff's complaint under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of process and insufficiency of service of process, respectively.[2] Upon

---

[1]   Mr. Prunté is now the sole plaintiff in this suit. Mr. Prunté's initial complaint also named YoWorld Music Company as a plaintiff. (Mr. Prunté is president of YoWorld Music Company.) In a previous Opinion, this Court observed that

> [r]egardless of the particular type of business association YoWorld might be, it is clear that any artificial entity, whether a corporation, partnership or association, cannot proceed in federal court without counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (only natural persons may appear *pro se* in federal court). Because YoWorld is not represented by counsel, the Court will dismiss all of YoWorld's claims against all defendants, and address the claims as brought by *pro se* plaintiff Robert Prunté in his individual capacity.

Prunté v. Universal Music Group, 484 F. Supp. 2d 32, 37-38 (D.D.C. 2007).

[2]   The papers submitted in connection with this matter include: Motion to Dismiss by Viacom International, Inc. ("Viacom Int'l's Mot."); Plaintiff's Opposition to Viacom's

consideration of the motion, the opposition, the reply, plaintiff's surreply, and the entire record in this case, the Court grants Viacom International's motion to dismiss on the ground of insufficiency of service of process.[3]

## I. BACKGROUND

The nature of this case was described at length in this Court's earlier Opinion, see Prunté v. Universal Music Group, 484 F. Supp. 2d at 35-38, and a brief summary will suffice for present purposes. Plaintiff Robert R. Prunté produces music and sells compact discs to the public on the streets. See Complaint of March 15, 2006 at 15, 25 ("Original Compl."); see also id., Exs. F, M. Mr. Prunté and his business partner, Karen Pate, took part in a service provided by defendant UMG Recordings, Inc. ("Universal"), whereby Mr. Prunté and his associates sent samples of their musical work to a division of Universal known as Inside Sessions, and received written feedback on those musical samples. See Complaint of May 4, 2006 ¶ 89 ("First Am. Compl."). Mr. Prunté submitted 38 songs to Inside Sessions in 2001 and received written critiques from Inside Sessions in 2002. See First Am. Compl. ¶ 89; see also Original Compl.,

---

Motion to Dismiss ("Pl.'s Opp."); Reply Memorandum in Further Support of Motion to Dismiss by Viacom International, Inc. ("Viacom Int'l's Reply"); and Plaintiff's Reply Memorandum in Opposition to Defendant Viacom's Memorandum in Support of Its Motion to Dismiss ("Pl.'s Surreply"). The Court also relies on certain materials attached to the above papers. See Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

[3] The Court treats Viacom International's motion as a motion pursuant to Rule 12(b)(5) to dismiss the complaint for insufficiency of service of process because "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint," as Viacom International does here. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1353 at 334 (3d ed. 2004).

Exs. B, C. Between the time he filed his Original Complaint and his First Amended Complaint, Mr. Prunté pre-registered a volume of musical works with the United States Copyright Office for copyright protection. See First Am. Compl., Ex. T.

Plaintiff alleges that various recording artists have infringed upon lyrics that he produced. Plaintiff further alleges a conspiracy among certain entities – including Universal, Viacom International and many others – to steal the lyrics and artistic expressions that Mr. Prunté provided to Inside Sessions and to use those lyrics and expressions in songs produced for their own artists. See First Am. Compl. ¶¶ 48, 51, 59-61, 89, 101.[4]

Viacom International has moved to dismiss all of plaintiff's claims against it on the ground that plaintiff has failed to effect proper service. As Viacom International correctly

---

[4] In addition to claiming direct and contributory civil copyright infringement against the defendants, Mr. Prunté has alleged that "all defendants" engaged in unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, and an "unlawful Civil RICO Enterprise" in violation of 18 U.S.C. § 1961, and that Inside Sessions breached a fiduciary duty to plaintiff. See First Am. Compl. §§ 133, 136 (detailing the Lanham Act claim), 141-237 (describing the civil RICO claim), 301-07 (asserting a breach of fiduciary duty). Plaintiff has also asserted seven claims based on criminal statutes: (1) bank fraud, in violation of 18 U.S.C. § 1344; (2) extortion, in violation of 18 U.S.C. § 1951; (3) criminal copyright infringement, in violation of 17 U.S.C. § 506 and 18 U.S.C. § 2319; (4) trafficking in counterfeit labels, illicit labels, counterfeit documentation or counterfeit packaging, in violation of 18 U.S.C. § 2318; (5) interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; (6) a violation of the Travel Act, 18 U.S.C. § 1952, which deals with interstate and foreign travel or transportation in aid of racketeering enterprises; and (7) theft of trade secrets in violation of the Electronic Espionage Act, 18 U.S.C. § 1832. See First Am. Compl. ¶¶ 232-37 (asserting 18 U.S.C. § 1344 violation), 238-48 (asserting 18 U.S.C. § 1951 violation), 250-58 (asserting 17 U.S.C. § 506 violation), 259-65 (asserting 18 U.S.C. § 2318 violation), 266-69 (asserting 18 U.S.C. § 2314 violation), 270-83 (asserting 18 U.S.C. § 1952 violation), 284-300 (asserting 18 U.S.C. § 1832 violation).

This Court dismissed for failure to state a claim all of Mr. Prunté's claims against all of the defendants except Mr. Prunté's claims for direct and contributory civil copyright infringement. See Prunté v. Universal Music Group, 484 F. Supp. 2d at 44.

points out, Mr. Prunté has "submit[ted] an Affidavit of Service by Loai F. Sarsour, who avers that copies of a Summons and the Complaint in this action were delivered personally on March 24, 2006 . . . to one Pen DiMatteo, described by the affiant as a 'Process Specialist,' at Spiegel & Utrera, P.A.P.C., 45 Johns Street, Suite 711, New York, NY 10038." Viacom Int'l's Mot. at 3. Viacom International avers, however, that "[Viacom International] has never had any relationship with DiMatteo or with DiMatteo's apparent employer, Spiegel & Utrera – let alone an association that would qualify either as 'an officer, a managing or general agent, or . . . [an] agent authorized by appointment or by law to receive service of process . . . .'" Id. (quoting FED. R. CIV. P. 4(h)); see also id., Declaration of Joseph R. Molko ¶ 2.[5]

Plaintiff apparently served Spiegel & Utrera on the mistaken belief that Spiegel & Utrera is the registered agent of Viacom International, when in fact Spiegel & Utrera is *not* the registered agent for Viacom International, but *is* the registered agent for Viacom Communications Group – a corporate entity that is not affiliated with Viacom International. See Viacom Int'l's Reply at 1-2; id., Reply Declaration of Joseph R. Molko ¶ 1 (stating that Viacom International "has never maintained any corporate or other relationship with 'Viacom Communications Group, Inc.'"); id., Ex. A, Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 by Viacom, Inc. (excerpt) (indicating that Viacom Communications Group is not affiliated with Viacom International).

As more than 120 days have passed since plaintiff filed his Original Complaint, and as plaintiff has failed to serve Viacom International in a manner that complies with the

---

[5]    Viacom International's quotation of Rule 4(h) is taken from the version of the Rule superseded by the stylistic revisions that went into effect December 1, 2007.

Federal Rules of Civil Procedure or District of Columbia law, it seems clear that plaintiff's claims against Viacom International must be dismissed.  See Viacom Int'l's Mot. at 3-5.  While it is not always easy to comprehend his arguments, plaintiff appears to argue in response that (1) Viacom Communications Group is indeed related to Viacom International, and (2) even if plaintiff served the wrong entity, his mistake should be excused because Viacom International has received actual notice of this suit.  See generally Pl.'s Surreply.

## II.  DISCUSSION

### A.  Service of Process Upon Corporations

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process upon corporations.  That Rule states that service may be effected upon a corporation located in a judicial district of the United States (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual," FED. R. CIV. P. 4(h)(1)(A), or (2) by delivering a copy of the summons and the complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(B).[6]  Rule 4(m) of the Federal Rules of Civil Procedure provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the

---

[6]   Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of process pursuant to the law of the state in which the district court is located.  See FED. R. CIV. P. 4(e)(1).  There is no relevant difference between federal law and District of Columbia law with respect to service upon corporations.  See D.C. SUPER. CT. CIV. R. 4(h).

>   defendant or order that service be made within a specified time.
>   But if the plaintiff shows good cause for the failure, the court must
>   extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  If validity of service is challenged, the party on whose behalf service was made bears the burden of proving that service was sufficient or that good cause exists for extending the time in which to effect proper service.  See, e.g., Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987); Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2-3 (D.D.C. 2004) (and cases cited therein); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed. 2004).[7]

*B. Analysis*

In this case, neither party disputes that plaintiff served Spiegel & Utrera – the registered agent for a corporate entity called Viacom Communications Group, but not the registered agent for named defendant Viacom International.  See Viacom Int'l's Mot. at 3-4; Pl.'s Opp. at 2.  Nor does either party dispute that plaintiff failed to serve the Corporation Service Company, the registered agent for Viacom International.  See Viacom Int'l's Reply at 2; Pl.'s Opp. at 2.  Finally, more than 120 days have passed since plaintiff filed his Original Complaint.  It seems clear, therefore, that plaintiff's claims against Viacom International must be dismissed for insufficient service of process.

Plaintiff resists this conclusion on two grounds.  First, plaintiff argues that Viacom Communications Group is indeed affiliated with Viacom International, and hence that

---

[7] A plaintiff employing a process server also bears the burden of showing that the person served by the process server was authorized to accept process, or that the process server had reason to believe that the person served was authorized to receive service.  See Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 3.  Plaintiff has not attempted to establish either proposition.

service upon the former is effectively the same as service upon the latter.  See Pl.'s Opp. at 2; Pl.'s Surreply at 1-2.  Plaintiff offers no factual support for this argument, while Viacom International provides two declarations of Joseph R. Molko to the contrary.  Plaintiff's argument therefore is rejected.  Second, plaintiff argues that his claims against Viacom International should not be dismissed because Viacom International has received actual notice of this suit.  See Pl.'s Surreply at 4.  The Court rejects this argument as well.  It is established that actual notice alone cannot cure otherwise defective service.  See Byrd v. Dist. of Columbia, 230 F.R.D. 56, 59 n.4 (D.D.C. 2005); Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 3; BPA Int'l Inc. v. Kingdom of Sweden, 281 F. Supp. 2d 73, 84 (D.D.C. 2003) ("Actual notice does not fulfill the requirements of Rule 4(h)(1).").

        Notably, plaintiff has not argued that his failure to effect proper service should be excused for good cause.  If he had, the Court would have rejected the argument for two reasons.  First, the Court can perceive no good cause for plaintiff's failure to serve Viacom International, and plaintiff suggests none.  Second, a plaintiff must employ a reasonable amount of diligence in determining who to serve and how to effect service.  See, e.g., Bachenski v. Malnati, 11 F.3d 1371, 1376-77 (7th Cir. 1993) (a "plaintiff's attempts at service need be at the least . . . accompanied by some showing of reasonable diligence" before good cause may be found) (internal quotation marks and citation omitted).  Plaintiff has failed to argue that he employed a reasonable amount of diligence, and it seems clear that he did not.[8]  Moreover, the Court does not

---

[8]     Apparently, plaintiff utilized the New York Department of State's online Corporation and Business Entity database to determine who to serve in this case.  See Pl.'s Opp. at 2; Pl.'s Surreply at 2.  A search for "Viacom" in this database renders a list of several entities with the term "Viacom" in their names – including Viacom Communications Group and Viacom International.  See Viacom Int'l's Reply, Reply Declaration of Joseph R. Molko ¶¶ 4-6.

believe that plaintiff's *pro se* status should excuse his lack of diligence, as plaintiff is an experienced federal court litigator. See Prunté v. Walt Disney Co., Civil Action No. 04-0629, Memorandum Opinion at 2-4 (D.D.C. Mar. 31, 2005) (detailing Mr. Prunte's litigation history).

III.  CONCLUSION

Plaintiff has failed to serve Viacom International properly, and has failed to identify a reason to excuse that failure.  The Court therefore will grant Viacom International's motion to dismiss for insufficiency of service of process.  A separate Order to that effect will be issued this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 11, 2008

---

Although plaintiff has at all times complained of the actions of "Viacom International," see, e.g., Original Compl. at 1, it appears that he mistakenly assumed that Viacom Communications Group and Viacom International were identical or affiliated, and thus that they shared registered agents.  In fact, had plaintiff inspected his search results a bit more closely, he would have noticed the separate listing for Viacom International just a few lines down from the listing for Viacom Communications Group.  Had he looked at that listing, he would have learned that Viacom International's registered agent is the Corporation Service Company, not Spiegel & Utrera.  See Viacom Int'l's Reply at 2 ("The entry for Viacom International, Inc. [in the New York Department of State's Corporation and Business Entity database] . . . identifies the company's registered agent as the Corporation Service Co. ("CSC") . . . .  CSC is, and has been at all relevant times, [Viacom International's] registered agent in the State of New York."); id., Reply Declaration of Joseph R. Molko ¶¶ 3-6.  Such an easily avoidable error indicates that plaintiff failed to exercise reasonable diligence.

8