IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE; ) <br> YOWORLD MUSIC COMPANY, d/b/a ) <br> ROWDY CITY RECORDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNIVERSAL MUSIC GROUP, *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 1:06-cv-00480-PLF <br><br><br><br><br><br><br><br><br><br> **ANSWER OF DEFENDANT** <br> **WARNER MUSIC GROUP** |

Defendant Warner Music Group, Inc., ("Defendant"), by its undersigned counsel, hereby answers the Second Amended Complaint[1] filed by Plaintiff, Robert R. Prunte', as follows:

## ANSWER

1. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 1, and therefore denies them.

2. Defendant denies generally and specifically each and every allegation of fact in ¶¶ 2-5.

3. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 6, and therefore denies them.

4. Defendant denies generally and specifically each and every allegation of fact in ¶¶ 7-9.

5. With respect to ¶ 10, Defendant admits this Court has jurisdiction to hear the case.

---

[1] Plaintiff has mis-styled the Second Amended Complaint, which Defendant is answering here, as the "First Amended Complaint." Plaintiff's First Amended Complaint, however, was filed on May 4, 2006. Despite its title, this is the Second Amended Complaint.

6. With respect to ¶ 11, Defendant admits that venue is proper. Except as expressly admitted herein, Defendant denies generally and specifically each and every allegation of this paragraph.

7. With respect to ¶ 12, Defendant denies it has "necessary minimum contacts … so as to justify being hauled into court anywhere."

8. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 13, and therefore denies them.

9. With respect to ¶ 14, Defendant admits it is a Delaware corporation with locations in New York and California.

10. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 15, and therefore denies them.

11. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 16, and therefore denies them.

12. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 17, and therefore denies them.

13. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 18, and therefore denies them.

14. Paragraph 19 is denied. Upon information and belief, Ted Turner and Ahmet Ertegun have not been served and are not defendants in this case.

15. Paragraph 20 is denied. Upon information and belief, Adam Fischell has not been served and is not a defendant in this case.

16. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 21, and therefore denies them.

17. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 22, and therefore denies them.

18. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of the second ¶ 22, and therefore denies them.[2]

19. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 23, and therefore denies them.

20. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 24, and therefore denies them.

21. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 25, and therefore denies them.

22. Paragraph 26 is denied. Upon information and belief, Kanye West has not been served and is not a defendant in this case.

23. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 27, and therefore denies them.

24. Paragraph 28 is denied. Upon information and belief, Brandy Norwood has not been served and is not a defendant in this case.

25. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 29, and therefore denies them.

26. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 30, and therefore denies them.

27. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 32, and therefore denies them.[3]

---

[2] Plaintiff's Second Amended Complaint contains two Paragraphs 22.

28. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 33, and therefore denies them.

29. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 34, and therefore denies them.

30. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 35, and therefore denies them.

31. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 36, and therefore denies them.

32. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 37, and therefore denies them.

33. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 38, and therefore denies them.

34. Paragraph 39 is denied. Upon information and belief, Rich Christina has not been served and is not a defendant in this case.

35. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 40, and therefore denies them.

36. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 41, and therefore denies them.

37. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 42, and therefore denies them.

38. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 43, and therefore denies them.

---

[3] Plaintiff's Second Amended Complaint omitted ¶ 31.

39. Defendant states that it lacks knowledge sufficient to form a belief regarding the allegations of ¶ 44, and therefore denies them.

40. Paragraph 45 is denied. Upon information and belief, Black Rob has not been served and is not a defendant in this case.

41. Defendant denies generally and specifically each and every allegation contained in paragraph 46.

42. Defendant denies generally and specifically each and every allegation contained in paragraph 50.[4]

43. The contents of ¶¶ 51 through 56 contain no allegations of fact or law to which a response is necessary, and Defendant lacks information to form a belief regarding the allegations. The allegations are thus denied.

44. Plaintiff makes no allegations of fact or law requiring a response in ¶¶ 57 through 63. To the extent Plaintiff characterizes the conclusions of any court opinions in these paragraphs, Defendant respectfully refers the Court to the relevant case law for a complete and accurate statement of their contents.

45. Defendant denies generally and specifically each and every allegation of fact contained in ¶¶ 64 through 89. To the extent Plaintiff characterizes the conclusions of any court opinions or internet websites in these paragraphs, Defendant respectfully refers the Court to the relevant sources for a complete and accurate statement of their contents.

46. Defendant denies generally and specifically each and every allegation of fact contained in ¶¶ 90 through 98. To the extent Plaintiff characterizes the conclusions of any court

---

[4] Plaintiff's Second Amended Complaint omitted numbered paragraphs 47 through 49.

opinions of literary works in these paragraphs, Defendant respectfully refers the Court to the relevant sources for a complete and accurate statement of their contents.

47. Defendant denies generally and specifically each and every allegation of fact contained in ¶¶ 99 through 129.  To the extent Plaintiff characterizes court opinions or copyright jurisprudence in these paragraphs, Defendant respectfully refers the Court to the relevant case law for a complete and accurate statement of its contents.

48. Plaintiff makes no allegations of fact or law requiring a response in ¶ 130.  To the extent Plaintiff characterizes the conclusions of any court opinions or characterizes copyright jurisprudence in this paragraph, Defendant respectfully refers the Court to the relevant case law for a complete and accurate statement of its contents.

49. Defendants refer the Court to numbered paragraphs 1 through 48 in this Answer to respond to ¶¶ 1 through 130, which are "repeat[ed] and re-aver[ed]" by ¶ 131.

50. Defendant denies generally and specifically each and every allegation contained in paragraph 132.

51. Defendant denies generally and specifically each and every allegation contained in paragraph 133.  To the extent Plaintiff' characterizes court opinions or copyright jurisprudence, Defendant respectfully refers the Court to the relevant case law for a complete and accurate statement of its contents.

52. Defendant denies generally and specifically each and every allegation contained in paragraph 134.  To the extent Plaintiff characterizes Section 103 of the Copyright Act, Defendant respectfully refers the Court to that statute for a complete and accurate statement of its contents.

53. Defendant denies generally and specifically each and every allegation contained in paragraph 135. To the extent Plaintiff "repeats and reavers" the allegations of previous paragraphs, Defendant respectfully refers the Court to the corresponding material above.

54. Defendant denies generally and specifically each and every allegation contained in paragraph 136.

55. Defendant denies generally and specifically each and every allegation contained in paragraph 137.

56. Defendant denies generally and specifically each and every allegation contained in paragraph 138.

57. Defendant denies generally and specifically each and every allegation contained in paragraph 139.

58. Defendant denies generally and specifically each and every allegation contained in paragraph 140.

59. Defendant denies generally and specifically each and every allegation contained in paragraph 141.

60. Defendant denies generally and specifically each and every allegation contained in paragraph 142.

61. Defendant denies generally and specifically each and every allegation contained in paragraph 143.

62. Paragraphs 144 and 145 contain Plaintiff's legal analysis and conclusions, to which no response is necessary.

63. Defendant denies generally and specifically each and every allegation of fact contained in ¶¶ 146 through 152. Defendant further denies that Plaintiff is entitled to the relief

he requests in these paragraphs. To the extent Plaintiff incorporates by reference prior allegations, Defendant repeats the corresponding responses listed above.

64. Defendant denies that Plaintiff is entitled to any of the relief requested in his Prayer for Relief.

65. All allegations in Plaintiff's Second Amended Complaint not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

66. The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

67. Plaintiff lacks standing to bring the Second Amended Complaint

### Third Affirmative Defense

68. Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

69. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

### Fifth Affirmative Defense

70. Any use of Plaintiff's works by Defendant that may be proven at trial constituted fair use.

### Reservation of Right to Assert Additional Affirmative Defenses

71. Defendant hereby reserves the right to file an amended answer adding additional affirmative defenses.

Dated: March 25, 2008  Respectfully submitted,

/s/  Michael B. DeSanctis
Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Sean J. Hartigan  (Bar No. 495381)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W
Suite 1200 South
Washington, D.C. 20005
Tel.: (202) 639-6000
Fax:  (202) 639-6066

41703.1  9

## CERTIFICATE OF SERVICE

I, Michael B. DeSanctis, hereby certify that on this day, March 25, 2008, I caused the foregoing Answer to be served by First Class United States mail, postage pre-paid on the following:

>Robert R. Prunte
>YoWorld Music Co.
>614 Wyanoke Avenue
>Baltimore, MD 21218

>____/s/_____
>Michael B. DeSanctis