**Robert R. Prunté, (pro sé)**
614 Wyanoke Avenue
Baltimore, Maryland 21218

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

CASE NUMBER: 1:06-CV-0048

**ROBERT R. PRUNTÉ**

**Plaintiff,**

Vs.

JUDGE: Paul L. Friedman (PLF)

**UNIVERSAL MUSIC GROUP**

**RECORDINGS, et al**

**RECEIVED**

APR - 9 2008

**Defendant (s)**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# PLAINTIFF'S MOTION FOR RELIEF FROM ORDER GRANTING VIACOM RELIEF PURSUANT TO FED. R. CIV. P. RULE 12(b)(5), DUE TO FRAUD BY VIACOM AND ITS COUNSEL, PURSUANT TO FED. R. CIV. P. RULE 60(b)(1)(2) & (3)

Comes now the plaintiff with its motion made pursuant to **Fed. R. Civ. P. Rule 60 (b) (1)(2) & (3)** due to that urgent necessity that Viacom be halted immediately from enjoying any relief based on this Courts March 11, 2007 ruling since such ruling is based on the utterly fraudulent shenanigans of Viacom International Inc., by their acts of arbitrarily **adding** and **deleting** corporate designations at the New York State Department of Corporations simply to avoid service of legal process.

The fraud of Viacom is so deeply entrenched and performed so proficiently, that had the plaintiff failed to inadvertently include information about Viacom Communications Group alongside the body of the official Summons and Affidavit, **(Please See: Exhibits A, B & C)** the fraud may have gone totally unnoticed by the plaintiff and the Court as well.

However, this fraud must be described in an evolutionary manner so as to explain how it was discovered. The evolution involves three factors that mandate the Viacom Motion to dismiss based on Insufficient Service of Process be rescinded, i.e.: (1): *Mistake*. (2): *Newly Discovered Evidence*. (3): *Fraud*.

## MISTAKE

As stated previously, this court should be advised that it was the plaintiff that accidentally included a New York State Department of Corporations document within the body of the Official Summons and Affidavit of Service. **(See: Exhibit A, B & C).** Then, Counsel for Viacom took advantage of the mistake semantically and rhetorically by speaking about this irrelevant document as if it was part and parcel of the Summons and Affidavit of Service. **(See Viacom Motions to dismiss)**

Such was not the case. Defense counsel for Viacom merely took advantage of the situation, using semantics and rhetoric to confuse the Judge and the plaintiff in this case. Apparently, the Plaintiff and then this Court made mistakes in perception when responding to the rhetorical discourse about *Viacom Communications Group* set forth by defense counsel for Viacom.

Viacom exclaimed quite innocently and succinctly in it's reply Memorandum In Further

Support Of Motion to Dismiss By Viacom International, Inc. that:

> *"...Plaintiff contends that he effectuated service on Viacom by causing a copy of his complaint to be served "upon a Mr. Pen DiMatteo at the offices of Spiegel & Utrera, P.A.P.C. 45 Johns Street, Suite 711, New York, NY. 10038....He comes forward with a report from the internet site of the New York Department of State indicating that Spiegel & Utrera is the registered agent for a corporation called "Viacom Communications Group, Inc. of 98-28 Queens Boulevard, in Rego Park, New York. ""...*

Of course this statement appeared to be true since plaintiff possessed a document naming

Spiegel and Utrera as registered agents for Viacom International.  However, when

plaintiff did his extensive research back in June and July of 2007, the New York State

Department of Corporations listed (6) six Viacom International Inc.(s) and (52) fifty-two

other Viacom named corporations listed.  **(See: Exhibit D).**

Today, on March 19, 2008, Viacom lists only (1) one Viacom International Inc, and (10)

ten other Viacom named entities.

Although counsel quickly explains his play on words concerning Viacom

Communications Group, by itself adding that plaintiff actually had already sued Viacom

International.  However, the fact of the matter is that his statement was totally irrelevant,

magically causing plaintiff and this Court to speak about and reference *Viacom*

*Communications Group* in its papers and subsequent orders, when the summons and

affidavit of service are directed to Viacom International Inc., who is most definitely the

correct corporate name designation for this company and a defendant in this case.

1   This play on words caused plaintiff and this Court to go down a mistaken path based on a

2   mistaken assumption generated and perpetuated by counsel for Viacom.  Plaintiff only

3   mentioned *Viacom Communications Group* as an example of the different Viacom's

4   listed through the years.  Thus, the Viacom plaintiff was and still is referring to as a

5   defendant, is Viacom International, Inc., and not Viacom Communications Group.

6

7   Furthermore, this plaintiff has NEVER mailed a summons or sent a process server to the

8   address of Viacom Communications Group in Rego Park, New York, but instead to the

9   (then official) Johns Street address of Viacom International Inc., as the affidavit of

10  service and summons attest to.  **(Please See: Exhibit A, B & C).**

11

12  This plaintiff's mistake came from speaking about Viacom Communications, when in

13  fact the summons and affidavit of service loudly declare who plaintiff was and is suing.

14  Plaintiff was merely explaining the meaning of ViaCOM, i.e. Viacom Communications

15  Group.

16

17  Plaintiff just recently realized it had inadvertently included the Viacom Communications

18  Group document alongside the affidavit of service as well as the summons.  Undoubtedly

19  counsel was referring to this "mistake" of plaintiff even though counsel never stated the

20  actual facts of the body of the document it was referring to instead of implying the "Rego

21  Park" address was the address found on the summons and the affidavit, which was clearly

22  not the case.

23

24  Counsel merely continued with its inaccurate diatribe about an agent in Rego Park Ny,

25  while full knowing the summons and affidavit of service stated no such things.

1    Subsequently, this Court, itself also not fully aware of the mistake of plaintiff in

2    "inadvertently" including the <u>Rego Park</u> address within the bodies of the summons and

3    affidavit or the rhetoric of counsel discussing Viacom Communications, when the Court

4    stated:

5

6        *"Plaintiff apparently served Spiegel & Utrera on the mistaken belief that*

7        *Spiegel & Utrera is the registered agent of Viacom International, when in*
         *fact Spiegel & Utrera is not the registered agent for Viacom*

8        *International, but is the registered agent for Viacom Communications*
         *Group—a corporate entity not affiliated with Viacom International"....*

9

10   The Court based its decision in part due to plaintiff mistakenly including a New York

11   State Department of Corporations document within the body of the official Summons and

12   Affidavit of Service.  **(See Exhibits A, B & C).**

13

14   Plaintiff indeed "falls on its sword" with regard to the mistaken document included

15   within the Summons and Affidavit of service.  However, this does not excuse the

16   defendants semantics when making representations to this Court or the bigger picture of

17   fraud perpetrated by Viacom when it comes to <u>aggressively</u> avoiding service of process,

18   as this plaintiff has learned, and as this Court shall see.

19

20                                **FRAUD**

21

22   When plaintiff filed its motion opposing Viacom's Motion to Dismiss For Insufficient

23   Service of Process, in July of 2007, the "***Viacom***" entity was listed <u>(52) fifty-two times</u>

24   and with (52) fifty-two different corporate headings which merely stared with the

25   "Viacom" word.

Whether all these at the time belonged to Viacom International, Inc., or not is irrelevant. This list actually contains **(6) six Viacom International Inc.**, although (2) two of these are Viacom International Services and Viacom International Inc. Political Action Committee Corporation, **(See Exhibit D).** Also, the sole remaining Viacom International, Inc., presently is the one attached at **(Exhibit F).**

This Court based its decision to grant Viacom's motion on a recklessly filed document of plaintiffs, and a Viacom International amongst <u>many</u> Viacom Internationals, while not fully realizing the very real Viacom International Inc., designations on the plaintiffs Summons and Affidavit of Service, nor the many Viacom designations available, all with registered agents for service of process.

On July 8, 2007, there were <u>(52) fifty-two</u> purported Viacom companies listed with the New York State Department of Corporations.  On March 18, 2008, there were only (11) eleven. **(See Exhibit D & E).** Thus, after 8 months, Viacom has actually dropped or otherwise deleted a total of <u>(41) forty-one</u> corporations from the list of the New York State Department of Corporations merely to avoid lawful service of process!!

This plaintiff has already <u>officially</u> caused process to be served upon a <u>Viacom International, Inc,</u> with an address of "Viacom International, Inc., and a registered agent listed as Spiegel & Utrera P.A.P.C. 45 Johns Street. Suite 711, New York, Ny.10038, at the time they were served.  Viacom has merely deleted this once factual designation and filed a fake motion feigning to have no knowledge of

Spiegel & Utrera, while he New York State Department of Corporations declares otherwise when it comes to companies with similar sounding and appearing name designations based on an organizations right to do business after the authority to do so has been granted.

Viacom International, Inc., as a matter of fact and law had to obtain permission when it filed it's "Application For Authority", in order to add all the corporate names which included the Viacm corporate designation. (See: Business Corporation Law 1301).

"The requirement to obtain authority to do business exists to protect organizations from "unfair competition" and to place domestic and foreign organizations on an equal footing. "Fairness and justice require that when a foreign corporation comes into our State to conduct business under similar methods and to the same degree it does in its own state, or as do our domestic corporations, that such a corporation should be subject to New York laws and regulations as a recompense for the advantages enjoyed by it". (See: William J. Bonnell Co. v. Katz, 23 Misc. 2d 1028, 1031, 196 N.Y.S. 2d 763, 768 (Sup. Ct. 1960)

"Organizations obtain authority to do business in New York by making and filing an "Application For Authority" in the Department of State.

The effect of an "Application For Authority" is twofold:  (1). The organization acknowledges that it considers itself to be a business in the state, and, (2), it facilitates legal and administrative proceedings by specifying in the application for authority where and in what manner the organization may be served with process…**(See: Paul v. Virginia, 75 U.S. (8 Wall.) 168 (1868).**

As of March 18, 2008, there now exist only (11) eleven Viacom designated companies on the New York State Department of Corporations list.  Of these, one can find only (1) Viacom International Inc.  Viacom has gone from multiple (52) registered service of process agents to several (11), all within 8 months.

> *From here it doesn't take much imagination for one to see how Viacom, the company has the GHOSTLIKE ability to merely delete corporate designations with secretaries of state like its playing a video game.*

However, and quite contrary to counsel and the defendants entertaining state of mind, this is not a Viacom sponsored Sponge Bob episode, but a United States Federal Court Proceeding.

It is impossible to represent to this Court and the world that it is the sole Viacom International today, when on July 8, 2007, the same Viacom wore (52) fifty two different

hats with (6) six Viacom International designations on record with the New York Department of Corporations. Today, Viacom only wears (11) eleven.

Whatever the case may be with this company, their ability to wait (15) fifteen months before answering a complaint, and then merely delete the company that would apply service of process to it must stop, and this United States District Courthouse is as good a place as any to halt such quasi-criminal practices.

Indeed, plaintiff admits that in the heat of this litigation it inadvertently had another Viacom Company document placed alongside the Summons and Complaint, but this does not excuse the semantical and rhetorical defendants who all the while played the "Shell Game" with corporate designations, before the face of a United States Federal Judge, merely to obtain a favorable ruling on their motions.

The clearest proof available of such allegations is the fact that for some reason, Viacom had (52) fifty-two corporate designations on the New York State Corporation list (8)eight months ago. Today there are only (11) eleven, neatly cleaned up, waiting for another lawsuit to attempt to thwart in this way. Neither this plaintiff nor this Court or Justice itself can allow such infantile high-handedness.

Thus, the whereabouts of the Viacom International that plaintiff chose to serve in 2006 is anybodies guess. However, it is crystal clear that the superpowers of Viacom employed their "Oz-like" magic on that moment of cyber time long ago, or at least before this Court or the plaintiff had the chance to realize this childish game of "musical corporations" so fiendishly played by these defendants.

## THE LAW FIRM OF SPIEGEL & UTRERA

In good faith, on or about March 18 2008, this plaintiff contacted the Law Firm of Spiegel & Utrera's New York Affiliate and spoke with a Mr. Artie Khlevner, who was asked about the service of process upon Viacom International Inc.  The man nearly called plaintiff dirty names, but stopped short by saying plaintiff needed a Court Order to get any information like what was being sought.

When asked about service upon Viacom International, Mr. Khlevner abruptly cut plaintiff off in mid-conversation and said he refused to say anything else without a Court Subpoena. *(Such a Subpoena is presently being prepared).*

Also, its interesting to note that even though plaintiff never served Viacom Communications Group, their address has now changed to 8423 37th Avenue, Jackson Heights, New York, with a non-functioning telephone number of: 718.205.3805.

As for Spiegel & Utrera, they were apparently surreptiously deleted as registered agents for the purposes of these proceedings.  Where else would plaintiff get the information that they were registered agents for the conglomerate Viacom International, Inc. back in July of 2007?  Out of the proverbial hat??

# COUNSEL'S AND DEFENDANTS FURTHER DECEPTION AND FRAUD

Counsels moving papers and accompanying affidavit which claimed to have no knowledge of Viacom International, Inc., OR Viacom Communications and its affiliates, is also a bold faced lie. This lie even forced the Court to restate such a bogus proposition without full-knowledge of the charade Viacom plays with corporate designations at the Secretary of States Office in New York.

The rapid (8) eight month change in corporations belonging to the Viacom designation at the New York State Department of Corporations is a real "smoking gun" factor, standing alone, and is supremely violative of the age old principles established by **Tauza v. Susquehanna Coal Co., 220 N.Y.259, 267, 115 N.E. 915 (1917)**, where it still echoes in the ears of all legitimate businesses and legal minds:

> *"A Court must be able to say from the <u>facts</u> that the corporation is present "not <u>occasionally</u> or <u>casually</u>, but with a fair measure of <u>permanence</u> and <u>continuity</u>"... (See: Tauza, Supra.)*

Therefore, and on its face, the Viacom fiasco regarding rapid and immediate deletions of "Corporate Designations" is a complete aberration and abomination at law.

Imagine a person innocently checking for Viacom corporate designations and statutory agents with NYS Department Of Corporations one day on July 8, 2007, and instead finding (6) <u>Six</u> Viacom Internationals, a Viacom Japan (now defunct), Viacom Latino (now defunct), (2) two Viacom Inc's. and (42) forty-two more Viacom designations on July 8, 2007, only to find that number mysteriously diminished to (11) eleven by March

18, 2008, with a total of (42) forty-two now defunct corporations all within (8) eight months.

Viacom purposefully avails itself of this Courts jurisdiction when it plays such games with the Viacom name at the New York State Department of Corporations Office merely to avoid service of process, or else, traditional notions of fair play and substantial justice have no meaning in this case. **(See: International Shoe Co. v. Washington, 326 U.S. 310, 316; 66 S. Ct. 154, 158. 90 L. Ed. 95 (1945).**

## VIACOM ALSO VIOLATED D.C. COURT RULES OF FEDERAL PROCEDURE 12-1 WHEN IT FILED ITS PURPORTED MOTION TO DISMISS.

As Counsel and the defendants are well aware, D.C. Circuit Federal Rules of Civil Procedure expressly prohibits filing motions unless certain conditions are met. Plainly, the rule states:

> **D.C. F.R.C.P. 12(1)(a):**
>
> ...**"Before filing any motion, except motions filed pursuant to Rule 11, the moving party shall first ascertain whether other affected parties will consent to the relief sought"**...

Thus, judging from how Viacom enjoys playing <u>musical</u> <u>chairs</u> with corporations, it is reasonable to assume that service of process will always be *insufficient*, when it comes to Viacom International, Inc., no matter who the plaintiff is against Viacom. If defendant Viacom's motion should stand, it would be as if Viacom can call

anyone they wish a liar when it comes to service of process, by merely deleting the targeted Registered Agents whenever the need arises.

## CONCLUSION

This plaintiff has abided by all the requirements of the Federal Rules of Civil Procedure to effect service upon Viacom International Inc. Unfortunately, plaintiff had to choose from (6) six Viacom Internationals prior to Viacom deciding to delete the (5) five other Viacom Internationals.

Furthermore, the Court in "Tauza v. Susquehanna Coal Co." clearly frowns on such behavior from a corporation. Certainly this Court is poised to restate this proposition, since otherwise would contradict the principles laid out for Corporate ethics and governance.

Viacom, after the Order granting their Motion to Dismiss is rescinded, should be immediately compelled to answer the Second Amended Complaint within (10) ten days, and for any other further relief this Court deems just and proper.

Respectfully Submitted,

Robert R. Prunte'

**CERTIFICATE OF SERVICE**

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT ___MON___.
~~MARCH____2008;~~

April 7th 2008

JENNER & BLOCK, C/O MR. MICHAEL B. DESANCTIS. 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP., C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY _____

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

443.682.7292  OR  443.615.615.1745

**Robert R. Prunté, (pro sé)**
614 Wyanoke Avenue
Baltimore, Maryland 21218
443.615.1745 or 443.682.7292

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ROBERT R. PRUNTÉ**<br><br>**Plaintiff,**<br><br>**Vs.**<br><br>**UNIVERSAL MUSIC GROUP**<br>**RECORDINGS, et al**<br><br>**Defendant (s)** | **CASE NUMBER:  1:06-CV-0048**<br><br>**JUDGE:  Paul L. Friedman (PLF)** |

# PLAINTIFF'S MEMORANDUM OF LAW FILED IN SUPPORT OF ITS MOTION MADE PURSUANT TO F.R.C.P. RULE 60(b) IN ORDER TO FURTHER COMPLY WITH F.R.C.P. RULE 9 CONCERNING FRAUD PLEADING WITH STATUTORY SPECIFICITY

Once upon a time in 1923, Sumner Murray Rothstein was born to Michael Rothstein in Boston, Massachusetts.  For whatever reason, Sumner's father, Michael Rothstein, changed his name to Sumner Redstone prior to Sumner's attending college.  In 1936, his father created a company called "National Amusements" which operated several drive-in theatres.  Today, this company

1

owns over 1500 movie theatres worldwide as well as myriad other well-known media properties.

## VIACOM/REDSTONE NAME GAMES

In the same manner that Michael Rothstein changed Sumner's last name to "Redstone", Viacom International plays the same type games to achieve certain ends. At the New York Department of Corporations for instance, Viacom is known under multiple pseudonyms, all beginning with the word "Viacom" but ending with a variation on the whole corporate name. I.e. on July 8, 2007, Viacom was known under (52) fifty-two different Viacom names, from Viacom Inc., to Viacom Hearty Ha! Ha!, Viacom Capitol I, L.P., Viacom Communications Group, Viacom Industries, etc. (See Exhibit A).

However, on March 18, 2008, Viacom only lists (11) eleven Viacom named entities, as if the other Viacom entities have all vanished into thin air, within (1) one year!! (See Exhibit B).

No matter who Viacom claims they were when the process server came to the Viacom International, Inc. office that plaintiff had process served upon on March 16, 2006, this plaintiff served one of the myriad Viacom International, Inc.'s that appeared on the New York Department of Corporations list of entities named "Viacom". (See: Exhibit C).

Thus, and as a matter of fact and law, this plaintiff has served "Viacom International, Inc., on or upon March 16, 2006, and this entity has applied dilatory tactics since that

date, merely to file a bogus F.R.C.P. Rule 12 (b)(5) motion for insufficient service of process.

This factor alone causes defendant Viacom to waive the right to raise the defense of insufficient service of process due to this dilatory tactic, while full knowing they had been lawfully served with process.

## VIACOM WAIVED THE RIGHT TO ASSERT RULE 12(b)(5) DEFENSE

Because Viacom waited a full (15) fifteen months to decide to raise the defense of "Insufficient Service of Process", such a decision is tantamount to a waiver of the right to assert such a defense. (Please See: Government of the Virgin Islands v. Sun Islands Car Rentals, Inc., 819 F. 2d 430, 433 (3rd Cir. 1987); Konigsberg v. Schute, 435, F. 2d 551, 551_552 (3rd Cir. 1970).; Zelson, v. Thomforde, 412 F. 2d 56, 58-59 & n. 8 (3rd Cir.1969) (per curriam).

Many other circuits have reached the same conclusions. (Please See: Armstrong v. Sears, 33 F.3d 182,188 (2d Cir. 1994) (noting that Fed. R. Civ. P. 12(g) requires Consolidation of defenses and Fed. R. Civ. P. 12(h)(1) requires that objections to service be included in first Fed. R. Civ. P. 12 motion); Golden v. Cox Furniture Mfg. Co., 683 F.2d 115, 118 (5th Cir. 1982) (stating challenges to service of process must be included at time of first Rule 12 motion); O'Brien v. R.J. O'Brien & Assocs., 998 F.2d 1394,1399-1401 (7th Cir. 1993) (party must include defense

of insufficiency of process in its first Rule 12 motion, or its ability to do so is

waived); United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1208

(9th Cir. 1994), (objection to sufficiency of process waived if not made in motion

pursuant to Rule 12); Sanderford v. Prudential Ins.Co. 902 F.2d 897, 900 (11th Cir.

1990) (recognizing that insufficiency of process defense is waiveable); cf. RTC v.

Starkey, 41 F.3d 1018, 1021 (5th Cir. 1995) (affirming district court's denial of

motion for leave to file motion to dismiss where defendant waived insufficiency of

process by failing to raise it in answer).


Viacom, statutorily had (20) twenty days to answer the original complaint.  Instead

they waited a full (15) fifteen months in the hopes that Universal Music Group and

Warner Music Group would prevail over plaintiff and no answer would be

necessary forever.  It had to come as a shock to the Viacom system when the

opposite occurred.


The defense of insufficient service of process must be raised in a timely fashion,

such as when the answer is required from a defendant, and not years or months

later.  (Please see: Lybert v. Grant County, 141 Wn. 2d 29 (2000), Dark v. Falling,

92Wn. App. 805, 813, 965 P2d 644 (1998); Davidheiser v. Pierce County, 92 Wn.

App. 146, 155, 960 P2d 998 (1998, review denied, 137 Wn. 2d 1016, 978 P.2d

1097 (1999); Romjue v. Fairchild, 60 Wn. App. 278, 281, 803 P.2d 57, review

denied, 116 Wn. 2d 1026, 812 P.2d 102 (1991); But See: Raymond v. Fleming, 24

Wn. App. 112, 115, 600 P.2d 614 (1979) (citing 5 Charles Alan Weight & Arthur

R. Miller, Federal Practice and Procedure, 1344, at 526 (1969), review denied, 93

Wn. 2d 1004 (1980).

When a defendant fails to assert the defense of Insufficient Service of Process,

seasonably, the defense is waived. (Please See: Santos v. State Farm Fire & Cas.

CO., 902 F.2d 1092, 1096 (2d cir. 1990); Marcial Ucin, S.A. v. S.S. Galicia, 723

F.2d 994, 997 (1st cir. 1983); Reams v. Ferrari, 752 F. Supp. 749, 752 (E.D. Mich.

1990), Burton v. Northern Dutchess Hosp., 106 F.R.D. 477, 481 (S.D.N.Y. 1985);

Tuckman v. Aerosonic Corp., 394A.2d 226, 233 (Del. Ch. 1978) & Joyner v.

Schiess, 236 Ga. App. 316, 512 S.E. 2d 62 (1999).


Viacom's desperate acts of fraud are glaring in the face of long-standing

precedent-setting laws.


**EVERY VIACOM CORPORATE DESIGNATION AT THE NYS DEPT. OF**

**CORP. BELONG TO VIACOM INTERNATIONAL, INC. AS A MATTER**

**OF FACT AND LAW**

All designations listed with the New York State Department of Corporations with the word **VIACOM** in the beginning, are owned and operated by Viacom International, Inc., and no confusion is ever allowed concerning the names Viacom and Viacom Subsidiaries.  Viacom's Vice-Pres., Michelena Hallie stressed this factor concerning names of companies and confusion amongst the public when names are used improperly.  (See Exhibit J).

Viacom was well acquainted with the company known as "Viacom Communications Group" on March 16, 2006, since it is a matter of fact and law that no corporation can operate under a Viacom name designation without Viacom's total blessing and authorization.  (See Exhibit D, page 4, paragraph 13).

Viacom merely "heard about a United States Federal Judge inquiring about their whereabouts" and felt compelled, perhaps by guilt complex, to respond a full (15) fifteen months after the original complaint was filed on one of their many registered corporate agents.

Viacom was totally aware that Viacom International, Inc., was served by lawful process on March 16, 2008.  Also as a matter of fact and law, Section 202(b) of the

Business Corporation Law, declares that all domestic and foreign corporations are required to conduct their activities under their true legal name in New York State.

Furthermore, Viacom Communications Group is indeed an entity Viacom created and are also quite familiar with. Viacom's Mr. Steven M. Saferin worked for them. (See Exhibit E). Mr. Andrew Giangola worked for Viacom Communications Council; certainly he is also familiar with Viacom Communications Group. (See Exhibit F).

*Viacom Communications Towers were destroyed during Hurricane Katrina. Perhaps this is why Viacom or its affiants don't recall any such company.*

There is another Viacom Communications Tower in Duette, Florida. (See Exhibit H). In any event, plaintiff never attempted to serve any Viacom Communications Group, but instead served Viacom International, Inc. (See Exhibit I).

**PLAINTIFF PROPERLY SERVED THE VIACOM CORPORATION**

Whenever the need arises, Viacom likes to change names and corporate designations. This is evidenced by the huge differences in Viacom companies

listed with the New York State Department of Corporations. (52 on 7/8/07 and only 11 on 3/18/08) Therefore, anyone wishing to serve Viacom must "pick a card" or play "eeny meeny miney moe" games. This will not release Viacom from their responsibility to follow the laws of this country.

F.R.C.P. Rule 4(h) is clear:

### (h) Serving a Corporation, Partnership, or Association.

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

The above represents the manner in which Viacom International, Inc. was served with lawful process. The claims Viacom made after this service was achieved are

fraudulent, deceitful and unlawful.  Viacom can merely add or delete a corporate

designation at will, and then have a lone person make a false affidavit in order to

prevail on its bogus motion to dismiss under 12(b)(5).

Viacom should be ordered by this Court to respond to the merits of this case and

refrain from any more shenanigans and dilatory delays, and plaintiff should receive

any other and further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED;

ROBERT R. PRUNTE'

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT ___MON___ .
APRIL ___ 2008.**

,

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W.

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP.**, C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O CLERK'S OFFICE.

BY

ROBERT R. PRUNTE'

614 WYANOKE AVENUE

BALTIMORE, MARYLAND 21218

1.443615.1745  OR 443.682.7292