[Date Prev][Date Next][Thread Prev][Thread Next][Date Index][Thread Index]

# Comments of Viacom in Response to ICANN's UDRP

- *To*: "'comment-udrp@icann.org'" <comment-udrp@icann.org>
- *Subject*: Comments of Viacom in Response to ICANN's UDRP
- *From*: "Lucey, Anne" <Anne.Lucey@viacom.com>
- *Date*: Wed, 13 Oct 1999 19:37:45 -0400
- *Sender*: owner-comment-udrp@icann.org

```
Comments of Viacom Inc.
in response to
ICANN's Uniform Domain Name Dispute Resolution Policy


Viacom Inc. ("Viacom") appreciates the opportunity to comment on ICANN's
proposed Uniform Domain Name Dispute Resolution Policy and accompanying
rules.  Our concerns are both procedural and substantive, and each will be
discussed in turn.


Substantive Concerns with the Proposed Policy

Viacom's concerns with the policy include the following four areas:

*       Generally, the Policy provides that a domain name holder with
demonstrable bad faith can continue to possess the domain name under the
proposed procedures by pointing to some intention to use the domain name to
sell goods or services.  This will create a loophole which will greatly
limit the availability of the entire procedure.

        Domain name "pirates" are sophisticated users and manipulators of
the Internet and the procedures governing it.  Thus, in order to avoid the
commercial requirement of a dilution claim and the case law finding that
offering a domain name for sale is sufficiently commercial to satisfy this
requirement, such third parties have developed veiled techniques to hide
their true intentions.  These techniques include:  claiming to respond to a
non-existent inquiry as to the domain name's availability; asking for
reimbursement of unsubstantiated expenses; and claiming some charitable
purpose for the request for money.

        Similar phantom claims of intention to use the domain name to sell
goods will inevitably arise under this defense.  For example, the domain
name holder would, under this standard, merely have to post an offer for any
services/goods on its web site at the time of registration to defeat a
claim.  Bad faith alone should suffice to cancel a registration.
*       The criteria under the Policy's Section 4(b)(i) for proving that
```

offers for sale of a domain name are evidence of bad faith are unduly narrow.

Section 4(b)(i)'s limitation to offers to the trademark owner or its competitors will also permit unfair manipulation of the procedure. If, as is the common practice to date, the domain name holder offers the domain name to anyone interested, this factor is eliminated. The fact is that domain name "pirates" do not generally care who they sell the domain name to, as long as they receive their price. Similarly, the requirement that the domain name holder offer the registration for consideration in excess of costs places an unfair burden on the trademark holder: "Pirates" traditionally inflate their purported out-of-pocket costs in defending their demands, and it is impossible for the trademark holder to counter those claims during expedited procedures that do not include the normal tools of discovery, as set forth in these rules.

* The increased burden on the traditional likelihood-of-confusion standard, as found under the Policy's Section 4(b)(iv), is contrary to universal trademark law and unfair.

Under the proposed Policy, if the domain name holder seeks to confuse the public, but not for commercial gain, the arbitration procedures will be circumvented. Not only does this leave open the opportunity to manipulate the system by suggesting a narrow definition of commercial gain, but it ignores other equally serious, bad faith motives, such as pure malice.

* Under the Policy's Section 4(c)(iii), the exception for non-commercial use is subject to manipulation and unfair application.

Specifically, a legitimate interest in a domain name can be demonstrated several circumstances, including making "fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark." This section provides a fair use exception which is overly broad. In addition, no such fair-use exception exists under international law.

Procedural Concerns with the Policy and Rules

Briefly, Viacom's procedural concerns are:

* That the complainant is required to submit to the jurisdiction of the domain name holder.

* That the parties waive all claims against registrars, registries and ICANN in submitting to the procedure.

* That the burden is on the claimant to pay all fees in connection with the arbitration.


VIACOM INC.
By: Michelena Hallie
    Vice President, Senior Counsel, Intellectual Property
    1515 Broadway
    New York, New York  10036
    michelena.hallie@viacom.com <mailto:michelena.hallie@viacom.com>

October 13, 1999

---

- Prev by Date: **Comments on the Draft UDRP, Accompanying Rules, and Provider Selection**
- Next by Date: **domain dispute policy**
- Prev by thread: **Comments on the Draft UDRP, Accompanying Rules, and Provider Selection**
- Next by thread: **domain dispute policy**
- Index(es):
    - **Date**
    - **Thread**