Robert R. Prunté, (pro sé)
614 Wyanoke Avenue
Baltimore, Maryland 21218

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTÉ

Plaintiff,

Vs.

UNIVERSAL MUSIC GROUP RECORDINGS, et al

Defendant (s)

CASE NUMBER: 1:06-CV-0048

JUDGE: Paul L. Friedman (PLF)

RECEIVED
APR - 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFF'S DEMURRER FILED IN OPPOSITION TO UMG AND WARNER MUSIC GROUP'S ANSWER TO COMPLAINT. ANSWERS DEEMED VIOLATIVE OF F.R.C.P. RULE 8(b), PLAINTIFF ALSO REQUESTS JUDGEMENT UPON DEFENDANTS PLEADINGS PURSUANT TO F.R.C.P. RULE 12(c) UMG AND WMG'S ANSWERS/PLEADINGS APPEAR HYPOTHETICAL AND DEFECTIVE AND MEMORANDUM OF LAW**

1

Comes now the plaintiff with its motion made pursuant to Fed. R. Civ. P. Rule (s) 8(b) and 12(c) due to defendant's recalcitrant decision to forego application of the plain commands of Rule 8(b), which declares in pertinent part:

**…Denials shall fairly meet the substance of the averment denied.**

> ***Substance: 1. The essence of something: the essential quality of something, as opposed to its mere form. <matter of substance>. (See: Blacks Law Dictionary, Eighth Edition, Bryan A. Garner, Editor In Chief).***

Apparently, Counsel now finally has named Warner Music Group as the entity it is defending, whereas, the action has always stated that WMG is the defendant that owns Atlantic Records. So, initially, it was the defendants and not the plaintiff who made the mistaken designation of WMG with Atlantic Records. (Compare all defendants' papers with the plain language of the Original and Amended Complaints).

This plaintiff has already sued Viacom, Universal Music Group and Warner Music Group, claiming that they and their subordinate associates, employees and executives intentionally violated United States Copyright Laws. (But See: Operative Second Amended Complaint,, pg. 19, paragraph 98:

> *"In this case it is being alleged that defendants chose to unilaterally lift the expressions of plaintiff merely to capitalize on the market in a greater and more profound manner than the plaintiff's company. The defendants allegedly decided to lift the plot, narrative techniques, settings, fact situations, arrangement, dialogue, selection of words, music and samples from the original and fixed expressions of plaintiff's songs, as well as a whole host of other*

> *elements relative to the massive lifting of music, sound recordings and literary works unlawfully and without the copyright owners permission"...*

Likewise, The Second Amended Complaint further explains the case on page 26, paragraph 132:

> *"Plaintiff is alleging in this complaint that he knows of at least (18) eighteen original songs, owned by him, that are allegedly being infringed by the defendant companies and their cadre of artists"...*

Furthermore, after every song plaintiff alleged was being violated, he included the rights allegedly violated, and whom liability was being attributed to. (See Second Amended Complaint, pg. 27, par. 21 as an example). Additionally, plaintiff even placed probative examples of copying in side-by-side comparisons of the allegedly infringing instances after every song.

Finally, plaintiff informs defendants of what they are collectively facing for the above complained of activities. (See Second Amended Complaint, pg.63, paragraph 135:

> *"Plaintiff repeats and reavers each and every allegation contained in paragraphs 1 through 134 as if fully set forth herein, and further alleges that at all relevant times, each defendant person has engaged in, and on information and belief, continues to engage in the business of knowingly and systematically participating in facilitating, materially contributing to and encouraging the above described unauthorized creation of derivative works of plaintiffs original songs (as well as other authors), reproducing them, making adaptations, distributing and otherwise commercially exploiting them at will, thereby infringing plaintiffs copyrights, intentionally,*

*and each defendant person had actual and constructive knowledge, either directly or indirectly, of the infringements committed by and through the unlawful enterprise and its agent employees or such defendant persons merely provided necessary support"...*

And, pg. 64, paragraph(s) 136 through 139:

*" Furthermore, and at all relevant times, each defendant has derived substantial financial benefit from the infringement of plaintiffs copyrights by defendant. Defendants have even charged fees to take possession of plaintiffs and other authors' coveted and original works with their permission and consent....*

*At all relevant times, each defendant person had the right and ability to supervise and control the infringing conduct of each other defendant, whether directly or indirectly, from a criminality standpoint or a support standpoint"....*

*"Defendant persons, through their active participation in the unauthorized reproduction and creation of derivative works and distribution and exploitation of plaintiffs property, thereby provided provisions of the means and facilities for unauthorized reproduction and creation of derivative works of plaintiffs property, thereby adapting and distributing and publishing plaintiffs works unlawfully, providing encouragement and assistance to each other defendant to engage in the unauthorized infringement actions, and each defendants material contribution to each others acts, as well as their control over the means and facilities by which such unauthorized reproductions and derivative works were created, well as the substantial direct financial benefits that defendants derived from all the aforesaid acts, all done with full knowledge of their illegal consequences, and all defendant persons are thus contributorily and vicariously liable for a vast number of intentional and direct copyright infringements"...*

*The infringement of each of plaintiffs rights in each of the copyrighted works constitutes separate and distinct acts of infringement"...*

1  Therefore, and as a matter of fact and law, this plaintiff believes it has fully complied
2  with F.R.C.P. Rule 8(a) and that this case filed against VIACOM, UMG and WMG has
3  adequately apprised these giants of the legal implications involving the alleged theft of
4  many of plaintiffs original songs, all contained within and being pled about, within this
5  same case.
6  Now, moving to the defendants purported answers, it is glaringly obvious that they have
7  failed miserably to abide by the command of F.R.C.P. Rule 8(b), since their denials do
8  not meet, in any way whatsoever, the "substance" of the averments denied by these
9  defendants. Precisely, these defendants answers fail to even allude to what the case is
10 about, namely copyright infringement and contributory copyright infringement, which is
11 the substance of this case.
12
13 To the extent that defendants merely "mention 17 USC 103 on par. 52 (WMG), and par.
14 49 (UMG), at no point did they respond to the allegations of direct access, the activities
15 of their executives and employees, or the probative similarities pointed out within the
16 "four corners" of the Second Amended Complaint.
17
18 Instead, each defendant merely denied the complaint in a sweeping manner, and included
19 surplussage about mere recording artists who are not being sued in any capacity, as the
20 complaint illustrates, as if these artists were the ones being sued and not UMG and
21 WMG. This dilatory practice also fails to reach the substance of the averments denied.
22
23 There is no way under the Sun that these defendants can merely deny specific factual
24 averments without meeting the actual substance of what the averment is about.
25

F.R.C.P Rule 8(b) further elaborates upon what is acceptable in a pleading when it declares: "When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder...."

At no point do defendant UMG and WMG's answers make such qualifications. In fact, these defendants have only admitted or fairly met the substance of allegations relating to <u>Venue and Jurisdiction only</u>. This is unacceptable in Federal Jurisprudence. The defendant's answers are a mere sham, as a matter of fact and law.

F.R.C.P. Rule 12(c) fortunately addresses such behavior. This Rule permits a Court to make a judgment upon the pleadings on file with the court. On the face of defendant's answers, it is abundantly clear that such answers "do not state facts sufficient to constitute a defense to the Second Amended Complaint".

The so-called affirmative defenses enumerated by UMG and WMG are also totally devoid of any factual allegations. These defendants should be compelled to amended their answers or face the penalty of judgment based on admitting the averments that were not lawfully and or properly denied.

As these recalcitrant defendants, and this Court are well aware, once plaintiff has stated a claim for relief, a plaintiff receives the "benefit of imagination", so long as the hypotheses are consistent with the complaint. **(Please See Swierkiewicz v. Sorema, N.A., 534, U.S. 506, 508, n. 1 (2002); National Organization For Women, Inc. v.**

Scheidler, 510, U.S. 249, 256 (1994); H.J. Inc., v. Northwestern Bell Telephone Co., 492, U.S. 229, 249-250 (1989); Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

With a further view to the Rule 8 admonition which declares that "All pleadings shall be so construed to do substantial justice", it becomes rystal clear that this plaintiffs Second Amended Complaint has adequately set forth a claim and has given UMG and WMG more than a fair notice of the basis of this action. The Federal Rules of Civil Procedure reject the notion that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accepts the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Accordingly, UMG and WMG speak about not having enough knowledge about the alleged fact scenarios to form an answer, as if fraud-pleading requirements were at issue here. All a complaint is required to do is elaborate upon sufficient facts that render the complaint as a whole a viable article that shows entitlement to the relief sought. (See: **Vincent v. City College of Chicago, 485 F. 3d 919, 923 (7th Cir. 2007) & Erikson v. Pardus, 127, S. Ct. 2197 (2007).**

Thus, the UMG and WMG answers are defective in that they fail to meet even the minimum standards of sufficiency or accuracy in form or substance, and hypothetical since it asserts that if a certain fact is true, then a certain result must follow. Hypothetical pleadings are generally disfavored.

Such is the case where defendants WMG and UMG declared that any use of plaintiffs works proven at trial can be attributed to the "***Fair Use Doctrine***". Even though this

purported affirmative defense is also not supported by any factual allegations, it is 100% impossible for these defendants to prevail because the "doctrine" itself forbids these type defendants from prevailing on such a claim or such a case scenario as this one. UMG and WMG completely ignore the (4) four factors that can rule against any findings of Fair Use for a defendant. Such factors are the following:

1.) The purpose and character of the use. (UMG and WMG allegedly used the works to make money and the works character is commercial).

2.) The nature of the copyrighted work. (UMG and WMG used the works to make money; the works are commercial in nature).

3.) The amount of the work used. (UMG and WMG used the "most commercial parts of the works".

4.) The economic impact of the work. (UMG and WMG have allegedly made billions and billions of dollars from plaintiff's songs).

On its face however, the Fair Use Doctrine will not spare these defendants at trial, as a matter of fact and law. In fact, this Doctrine has been called the question of Fair Use, "the most troublesome in the whole law of Copyright"...(See: **Dellar v.Samuel Goldwin, Inc., 104 F.2d 661, 662 (2nd Cir. 1939).**

As for the other purported affirmative defenses enumerated by UMG and WMG, those defenses have no factual support or set forth any matter resembling an adversarial contest or any factual issue being brought into contention.

\*\*Matters outside the pleadings were not considered by this plaintiff in objecting to the form and substance of defendant UMG and WMG's purported answers with this motion made under Rule 8(b) & Rule 12(c).

UMG and WMG have indeed filed inadequate answers to the Second Amended Complaint. This Court has the Inherent Power vested in it to command that these recalcitrant defendants amend their sham answers by a certain date, or render a form of judgment against these defendants where all the insufficient denials will be deemed to be admissions of the plaintiff's averments that UMG and WMG have completely and utterly failed to answer.

UMG and WMG have failed to address the allegations of the complaint concerning Direct Access to plaintiff's works, which was accomplished by "Inside Sessions", a now defunct subsidiary of UMG. UMG and WMG have also failed to address the allegations of probative similarities between the original and the allegedly infringing works. At no time have UMG or WMG declared their works were "Independently Created", although they have hypocritically sought protection from the United States Copyright Office for works they know fully well that are stolen.

In conclusion, plaintiff believes this Court should, so as to insure that substantial justice is done, require that these defendants UMG and WMG, amend their trumped up and fictitious answers immediately, or in the alternative, declare that each averment which is improperly denied be deemed admitted as originally alleged within the "four corners of the Second Amended Complaint", or for any other and further relief this Court deems just and proper.

Respectfully submitted,

*[signature: Robert R. Prunte']*

Robert R. Prunte'

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT __MON__. APRIL __7th__ 2008.

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP.**, C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING 313 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: *[signature]*

ROBERT R. PRUNTE'
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21217
443.615.1745 OR 443.682.7292