Robert R. Prunté, (pro sé)
614 Wyanoke Avenue
Baltimore, Maryland 21218
443.615.1745 or 443.682.7292

RECEIVED

MAY 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTÉ

Plaintiff,

Vs.

UNIVERSAL MUSIC GROUP RECORDINGS, et al

Defendant (s)

CASE NUMBER: 1:06-CV-0480

JUDGE: Paul L. Friedman (PLF)

**PLAINTIFF'S MOTION INVOKING THE DISTRICT COURTS INHERENT POWERS TO POLICE THE ACTIVITIES OF THOSE WHO PRACTICE BEFORE IT, PURSUANT TO 28 U.S.C. 1927 AND MEMORANDUM OF LAW**

Comes now the plaintiff with its motion seeking to invoke the Inherent Powers of this Court to police the activities of those who practice before it, due to the proverbial "straw that broke the camel's back" occurrence that arose when

1

Viacom, Universal Music Group and Warner Music Group unilaterally decided they would not answer the plaintiff's recent motions.

Specifically, Viacom refused to answer plaintiff's Rule 60 motion accusing it of blatant fraud to evade service of process, and UMG and WMG refused to answer plaintiff's motion under FRCP Rule 12(c) seeking to judge the quality and sufficiency of defendants pleadings in this case.

## VIACOM, UMG AND WARNER MUSIC GROUP'S ATTEMPTS TO FRUSTRATE PLAINTIFF AND THWART TRIAL ON THE MERITS

1.) When this case was filed initially, in or about March of 2006, Viacom never bothered to answer the Original Complaint until over a year later, and then to merely say or claim that plaintiff had served the wrong entity, causing Viacom to prevail by Motion to Dismiss due to Insufficient Service of Process.

2.) Plaintiff later learned that when Viacom Corporate Agents were served in 2006, Viacom was listed **(51) fifty-one times as different Viacom Corporations**. (See Plaintiff's FRCP Rule 60 Motion. Within (6) six months however, Viacom's corporate agents for service of process had been reduced to a mere (11) eleven corporate designated agents.

3.) The efforts of Viacom, which included having myriad corporate agents listed with the New York Department of Corporations, were designed to avoid service of process by merely playing "musical chairs" or "the shell game" with the corporate designations merely to mislead Courts and avoid lawful service of process.

4.) Viacom has also utterly failed to respond to the plaintiff's FRCP Rule 60 motion concerning their fraud upon this Court, and the facts therein are hereby deemed to be admitted. Furthermore, the very fact that the events and activities took over (2) two years to mature and materialize is more preponderant proof of the dilatory and frivolous nature of Viacom's entire legal position, which is based upon fraud.

## VIACOM'S SANCTIONABLE CONDUCT

a.) The very act of playing "the shell game" with corporations attempted to deprive this court of jurisdiction by such acts of fraud, nearly all of which were performed outside the confines of the court.

b.) Viacom filed false and frivolous pleadings claiming to have no knowledge of being served, when each and every Viacom Corporate entity is approved by

Viacom International before being allowed into the official corporate Viacom marketplace matrix.

c.) Viacom also attempted, by tactics of delay, such as feigning to have no knowledge of the suit, proved to be harassing to the court, this plaintiff, and justice itself, with its motion to dismiss (all based upon fraud), and filed (2) two years after they were served with lawful process, merely to try to reduce the plaintiff to exhaustive compliance due to the massive expense involved in maintaining this claim.

**FRCP Rule 11** is insufficient to address the antics of counsel and defendants since, (a) and (c) are not available under that rule, and also because the total falsity of Viacom's efforts and statements did not become known until quite recently.

### VIACOMS ACTIONS DEGRADE THE JUDICIAL SYSTEM

Actions of powerful and mighty firms like Viacom, which can create "out of thin air" (51) fifty-one "pseudo" Viacom Corporations at will, can thwart a person trying to sue them, and even this conduct is not reachable by *FRCP Rule 11 or 28 U.S.C. 1927,* since the statutes apply only to attorneys who unreasonably and vexatiously multiply proceedings and because no papers were filed with regard to

the fraud, only a motion to dismiss, where the attorneys can further claim to have no knowledge of the fraud.

Thus, Viacom itself would remain insulated, even after fraud is discovered because it occurred "outside the courts presence". Yet, this court's Inherent Powers can still reach the result of the fraudulent activities, which is the evasion of lawful process. **(See: Chambers v. Nasco, (90-256), 501 U.S. 32 (1991).**

In invoking this Inherent Power to punish conduct, which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissing a lawsuit to an assessment of attorneys fees. **(See: Alyeska Pipeline Service Co., v. Wilderness Society, 421 U.S. 240, 259, Universal Oil Products Co., v. Root Refining Co., 328 U.S. 575, 580.)**

An exception exists which allows sanctions when a party has exercised a fraud upon the court. **(See Universal Oil, supra & Hutto v. Finney, 437 U.S. 678, 689, n. 14. Pp.9-12)).**

## SANCTIONABLE CONDUCT OF UMG AND WMG

Likewise, UMG and WMG has agreed along with Viacom to refuse to respond or reply in any way to the plaintiff's motion filed under FRCP Rule 12(c), concerning judgment on their frivolous and dilatory pleadings.

1.) From the outset, UMG and WMG have attempted to avoid trial. Initially, they filed dilatory motions to dismiss under FRCP Rule 12(b) (6), but the plaintiff amended its complaint as of course. Counsel for UMG and WMG filed another Motion to Dismiss which was denied out of hand by this Court with instructions and admonishment to defendants that a motion for Summary Judgment would be the most appropriate avenue for defendants complaining of such a scenario as that complained of in their Motions To Dismiss. *(See: **Order Denying UMG Motion to Dismiss**).* The Court theorized in concurrence with standing precedent, that if defendants felt there were no genuine issue of material fact remaining with regard to song lyrics, that it should file a Motion for Summary Judgment. Defendants have filed no such motion.

2. Within the body of counsel's paper (Motion to Dismiss), it espoused the *Kay Berry v. Taylor Gifts* case as if it were controlling precedent, when it full knew the case of *Sturdza v. United Arab Emirates* was controlling. Counsel feebly attempted to "fall upon its sword" in subsequent papers.

3. Counsel then, raised the bogus issue and proposition for the consideration of this Court, whether summary judgment is appropriate concerning the mere words to the disputed works, while full knowing that at no time has any defendant claimed to be the creator of the disputed works. These defendants further had the gall and audacity to ask this Court about filing a mere Summary Judgment motion, while also knowing that FRCP Rule 56 does not require ANY such permission before filing the dispositive Motion for Summary Judgment.

4. This Court finally noted the inaccuracies of UMG and WMG when they claimed ignorance of the music being at issue in this case. (See: Order Denying Motion To Strike). Such "inaccuracies" occurring from officers of the court can be equated with downright lying for the sole purpose of delay, and to increase the cost of litigation.

# UMG AND WMG INTENTIONALLY ATTEMPTED TO MISLEAD THE COURT

This court, in its Order denying UMG's universally disfavored Motion to Strike plaintiff's pleadings, corrected UMG sternly about (3) three outright lies it told during these proceedings. Whatever Counsel was trying to achieve with these lies is obvious to anyone. UMG and WMG merely wished to deceive and mislead the court, with the help of its lawyers.

First of all, Judge Friedman flat out declared the UMG motion to strike was disfavored and an extreme remedy, citing **Stanbury Law Firm v. IRS, 221 F3d 1059, 1063 (8th Cir. 2000), Walker v. Paulson, Civil Action No.06-1115, 2007 WL 1655879, at *3(D.D.C. June 7, 2007); 2 MOORE'S FEDERAL PRACTICE 12.37 at 12-93 to 12-94 (3d ed. 2002).**

On three important fronts, UMG and WMG have lied to this Court about plaintiff's case in chief, as if this Court's massive resources could not filter out the truth from the cesspool of deceit concocted by counsel for UMG and WMG.

**UMG & WMG Falsehood #1**: "Plaintiff's new claims are redundant, immaterial, impertinent, or scandalous".

<u>Court's Statement:</u> Plaintiff's claims are clearly not "redundant, immaterial, impertinent, or scandalous".

**UMG & WMG Falsehood #2**: "Plaintiff's case is all about lyrics".

<u>Court's Statement:</u> "Second, and contrary to defendants assertions, plaintiff did not represent to this Court that his claims were based exclusively on alleged infringement of his lyrics at the most recent status conference"…(Court viewed transcript of May 18, 2007 hearing).

**UMG & WMG Falsehood #3**: "Plaintiff's amendment exceeds the scope of leave granted by the Court".

<u>Court's Statement:</u> Third, and again contrary to defendants' assertions, plaintiff's amendments do not exceed the scope of leave to amend granted by this Court at the May 18, 2007 status conference".

Thus, at the direction of their clients, counsel for UMG and WMG have lied repeatedly, misrepresented historic precedent setting cases, delayed this case for over (2) two years with bogus arguments, and offered no rationale for the modification, extension or replacement of existing law.

Based on the lying and rhetorical proposition/question of whether summary judgment could be possible for the lyrics of this case only, counsel intentionally took this Court and Plaintiff on a roller coaster ride through bull crap based upon two well-known facts:

**Fact #1**: Counsel knew all the time that plaintiff's case has always been about music and lyrics; it merely chose to ignore the fact.

**Fact #2**: Counsel also knew full well that summary judgment is not even allowed in complex music and lyric cases such as this one, yet, they fiendishly and surreptitiously attempted to make the Court think otherwise, despite the plaintiff's briefs and motions in limine concerning music and lyrics. The Courts out of hand denial of the frivolous Motion to strike instantly mooted such a diabolically devilish plot.

Therefore, by words and actions, motions and briefs, Counsel for UMG and WMG have vigorously sought to mislead this Court. Counsel for UMG and WMG have high-handedly broken the (4) four golden rules of professional litigation:

1.) Failing to make a reasonable inquiry into the facts of the case before filing a pleading motion, or any other paper.

2.) Failing to make a reasonable investigation into the law applying to the case.

3.) Submitting pleadings merely to harass, delay and increase the cost of litigation.

4.) Signing documents that work to mislead the Court.

Defendant's activities were meant plainly to frustrate discovery and the entire course of this litigation. (See: **B&H Mfg., Inc. v. Foster-Forbes Glass Co., 143 F.R.D. 664 (N.D. Ind. 1992).**

The inherent power of a federal court to investigate whether a judgment was obtained by fraud is beyond question. (See: **Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 , 64 S.Ct. 997).** The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a

federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation.

Thus, in determining whether to apply sanctions to these defendants, this plaintiff hereby requests this Court to hold a hearing for all parties to attend, designed to investigate why Viacom had (51) fifty-one corporations in July of 2007, and (11) eleven in October of 2007. Viacom should also be required to explain why they play "the shell game" with corporate designations. Alternatively, Viacom should be declared to have admitted the fraud by failing to answer plaintiff's FRCP Rule 60 motion, and placed back immediately as defendants in this case.

As for UMG and WMG, they also failed to answer a critical motion concerning their frivolous activities done in support of their lying propositions. This Court has latitude to dismiss all defendants pleadings, declare admissions, issue sanctions, require defendants to answer complaint according to the law of Rule 8, warn defendants of future sanction possibilities, or sanction counsel as well as their recalcitrant clients.

In conclusion, plaintiff would like to recall the fact that when this Court asked plaintiff about Viacom during the May 18, 2007 hearing, this plaintiff had utterly

no idea why a mega conglomerate like Viacom, would merely ignore a lawsuit, while full knowing it had been served via one of its myriad designated corporate agents for service of process.

Today, this plaintiff and this Court know the answer to the Court's original question of "What's going on with Viacom". Viacom commits fraud to evade lawful process, and merely files a *Rule 12(b)(5)* motion after deleting the Viacom dummy corporation, which was served with the lawful process. **(See: Plaintiff's FRCP Rule 60 motion).**

Wherefore, this plaintiff hereby requests this Court to issue a sweeping monetary sanction against Viacom, UMG and WMG in an amount similar to that issued in the case of *Chambers v. Nasco*, declaring that counsel for VIACOM, UMG and WMG must be sanctioned, as well as providing for sanctions of the defendant corporations as well, while at the same time restoring the Copyright Infringement Case status quo of the Viacom Corporation, requiring UMG and WMG to answer the complaint in accord with FRCP Rule 8, and any other affirmative relief that may be had for the shameful shenanigans of the defendants in this case.

RESPECTFULLY SUBMITTED;

*[signature]*

ROBERT R. PRUNTE'

### CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT _MONDAY_ MAY _19th_ 2008.

**JENNER & BLOCK**, C/O MR. MICHAEL B. DESANCTIS, 601 THIRTEENTH STREET, N.W. SUITE 1200 SOUTH, WASHINGTON, D.C. 20005; **LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP.**, C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: *[signature]*

ROBERT R. PRUNTE'
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21218
443.615.1745 OR 443.682.7292