IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE; <br> YOWORLD MUSIC COMPANY, d/b/a <br> ROWDY CITY RECORDS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSAL MUSIC GROUP, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 1:06-cv-480-PLF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' JOINT RESPONSE AND OPPOSITION
TO PLAINTIFF'S "DEMURRER" AND MOTION DATED MAY 19, 2008**

Defendants UMG Recordings, Inc. ("UMG"), erroneously named as "Universal Music Group d/b/a UMG Recordings", and Warner Music Group ("WMG") (together "Defendants"), by and through counsel, hereby file the following brief response and opposition to Plaintiff's "Demurrer" filed on April 9, 2008,[1] and to Plaintiff's "Motion Invoking the District Courts [sic] Inherent Powers to Police the Activities of Those Who Practice Before it, Pursuant to 28 U.S.C. 1927 and Memorandum of Law," dated May 19, 2008 ("Plaintiff's May 19 Motion").

Upon receipt of Plaintiff's Demurrer, undersigned counsel did not interpret it as a formal motion requiring a response. It was not entitled a "motion," it did not comply with Local Rule 7 regarding the form of motions, it was not docketed by the Clerk's Office as a motion and, most importantly, this Court's Order of August 17, 2007 barred Plaintiff from "fil[ing] any further

---

[1] Plaintiff's filing is titled "Plaintiff's Demurrer Filed in Opposition to UMG and Warner Music Group's Answer to Complaint. Answers Deemed Violative of F.R.C.P. Rule 8(b), Plaintiff Also Requests Judgement Upon Defendants Pleadings Pursuant to F.R.C.P. Rule 12(c) UMG and WMG's Answers/Pleadings Appear Hypothetical and Defective and Memorandum of Law." Defendants will refer to it as the "Demurrer" for ease of reference.

motions in this case without prior leave of Court until such time as Viacom's pending motion to dismiss and the issue of whether this matter may be resolved on the issue of substantial similarity are decided." Order of Aug. 17, 2007 at 2. Of course, the issue of whether this matter may be resolved on the issue of substantial similarity has not yet been decided.

Nevertheless, Plaintiff recently contacted undersigned counsel indicating that the Demurrer was intended as a motion for judgment on the pleadings, and further indicating that Plaintiff planned to seek sanctions for Defendants' failure to respond. Defendants subsequently received Plaintiff's May 19 Motion, in which Plaintiff requests various forms of relief, including that this Court require Defendants to file new Answers to his Second Amended Complaint and impose "sweeping monetary sanction[s]" on Defendants and their counsel for, among other things, failing to respond to Plaintiffs' Demurrer. Plaintiff's May 19 Motion at 2, 12-13. Defendants therefore feel compelled to file this response and opposition, despite their belief that both the Demurrer (if interpreted as a motion) and Plaintiff's May 19 Motion are precisely the type of "meritless motions" with which this Court indicated it would not "permit plaintiff to continue clogging its docket." Order of Aug. 17, 2007 at 1.

With respect to the Demurrer and its request for relief, we have stated above the reasons why it was not initially interpreted as a motion requiring a response. In any event, judgment on the pleadings is "a means of disposing of cases when the material facts are not in dispute," *Tavares de Almeida v. Children's Museum*, 28 F. Supp. 2d 682, 685 (D. Mass. 1998) (*quoting* Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 1367), and is appropriate only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (quotation marks

42718

and citations omitted).  This is clearly not the situation here.  In their Answers filed on March 25, 2008, Defendants properly addressed and denied the factual allegations made against them in Plaintiff's often difficult to follow Second Amended Complaint.  *See* Fed. R. Civ. P. 8(b) (requiring only a "short and plain" statement of admission or denial).  Accordingly, Plaintiff is not entitled to judgment on the pleadings or any of the other relief he seeks in his Demurrer.  The May 19 Motion fails for the same reasons to the extent it seeks relief based on the alleged inadequacies of Defendants' Answers or on the fact that Defendants had not previously responded to Plaintiff's Demurrer.[2]

## CONCLUSION

In the event that Plaintiff's Demurrer is treated as a motion, the motion should be denied. Plaintiff's May 19 Motion likewise should be denied.

In addition, and consistent with this Court's Order of August 17, 2007, Plaintiff should be admonished to adhere to the prior orders of this Court that prohibit him from filing additional motions.

Dated: May 28, 2008                              Respectfully submitted,

                                                      /s/  Michael B. DeSanctis
                                                 Steven B. Fabrizio (Bar No. 436482)
                                                 Michael B. DeSanctis (Bar No. 460961)
                                                 Sean J. Hartigan  (Bar No. 495381)
                                                 JENNER & BLOCK LLP
                                                 1099 New York Ave., N.W.
                                                 Suite 900
                                                 Washington, D.C. 20001
                                                 Tel.: (202) 639-6000
                                                 Fax:  (202) 639-6066

---

[2]  To the extent the May 19 Motion requests further sanctions and other relief from Defendants UMG and WMG, such requests are wholly inappropriate and should be denied.

3

42718

**CERTIFICATE OF SERVICE**

I, Michael B. DeSanctis, hereby certify that on this day, May 28, 2008, I caused the foregoing "Defendants' Response and Opposition to Plaintiff's 'Demurrer' and Motion Dated May 19, 2008" to be served by First Class United States mail, postage pre-paid on the following:

>Robert R. Prunte
>YoWorld Music Co.
>614 Wyanoke Avenue
>Baltimore, MD 21218

>_/s/_ Michael B. DeSanctis_____
>Michael B. DeSanctis