UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ROBERT R. PRUNTÉ,                   )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Action No. 06-0480   (PLF)
                                    )
UNIVERSAL MUSIC GROUP, *et al.*,    )
                                    )
       Defendants.                  )
_____)

MEMORANDUM OPINION AND ORDER

       Defendants have asked the Court to stay discovery and permit them to file a motion for summary judgment in this copyright infringement case. The proposed motion, it appears, would argue that defendants are entitled to judgment as a matter of law because there is no genuine dispute of material fact as to whether Mr. Prunté's works and the defendants' (allegedly infringing) works are "substantially similar." At the Court's request, the parties filed supplemental briefs addressing the appropriateness of proceeding in this manner.[1] Specifically, the Court asked the parties to discuss whether this Court "may, and should, entertain Defendants' motion for summary judgment on the issue of substantial similarity . . . without ordering fact or expert discovery." Defs.' Mot. at 1. In light of the parties' supplemental briefs, the Court concludes that the answer to this question is "yes."

---

[1] The papers submitted in connection with this matter include: Defendants' Memorandum of Law Regarding the Appropriateness of Summary Judgment on the Issue of Substantial Similarity ("Defs.' Mot."); Plaintiff's Memorandum of Law Regarding the Inappropriateness of Summary Judgment on the Issue of Substantial Similarity; Defendants' Notice of Supplemental Authority; and plaintiff's response to defendant's notice of supplemental authority.

## I. LEGAL FRAMEWORK

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991); see also Stenograph L.L.C. v. Bossard Associates, Inc., 144 F.3d 96, 99 (D.C. Cir. 1998). The second element – that is, the copying element – is the only element in dispute in this case. It is composed of two sub-elements. Specifically, "[t]he plaintiff must show not only that the defendant actually copied the plaintiff's work, but also that the defendant's work is 'substantially similar' to protectible elements of the plaintiff's work." Sturdza v. United Arab Emirates, 281 F.3d 1287, 1295 (D.C. Cir. 2002). The first sub-element is generally referred to as "actual" or "factual" copying and the second is generally referred to as "improper" or "actionable" copying. See Johnson v. Gordon, 409 F.3d 12, 18 (1st Cir. 2005); see also 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 13.01[B] at 13-8 (2008) (hereinafter "NIMMER").

A plaintiff rarely has direct evidence of actual copying. He therefore may establish it indirectly by demonstrating that (1) the defendant had access to his work, and (2) there are so-called "probative similarities" between his work and defendant's work. See Johnson v. Gordon, 409 F.3d at 18. Probative similarities are similarities that "would not be expected to arise independently" in the normal course of events, NIMMER § 13.01 [B] at 13-13, and thus "give rise to an inference of actual copying" on the part of the defendant. Johnson v. Gordon, 409 F.3d at 18.

Even if actual copying is established, a plaintiff also must establish actionable copying to prevail. In other words, "[c]opying as a factual matter is insufficient, if [actionable

copying] is lacking." NIMMER § 13.01[B] at 13-9; see also id. at 13-14 (actionable copying "remains an indispensible [component] of plaintiff's proof, even in cases . . . in which defendant does not contest factual copying"). Courts employ a two-step analysis to determine whether defendants have engaged in actionable copying.

> The first [step] requires identifying which aspects of the artist's work, if any, are protectible by copyright. . . .
>
> Once unprotectible elements such as ideas and *scènes à faire* are excluded, the [second] step of the inquiry involves determining whether the allegedly infringing work is "substantially similar" to protectible elements of the [complaining] artist's work. "Substantial similarity" exists where "the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." [Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1288 (10th Cir. 1996)] (internal quotation marks and citation omitted).

Sturdza v. United Arab Emirates, 281 F.3d at 1295-96.

II. DEFENDANTS MAY MOVE FOR SUMMARY JUDGMENT

Summary judgment often is not available in copyright infringement cases because "substantial similarity" – and hence actionable copying – "is customarily an extremely close question of fact." Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir. 1980). On the other hand, summary judgment *is* appropriate if there is no genuine dispute of material fact as to whether actionable copying occurred. See, e.g., Sturdza v. United Arab Emirates, 281 F.3d at 1296-97 (noting that "summary judgment for a copyright defendant remains appropriate if the works are so dissimilar as to protectible elements that no reasonable jury could find for the plaintiff on the question of substantial similarity"); Wickham v. Knoxville Int'l Energy

Exposition, Inc., 739 F.2d 1094, 1097 (6th Cir. 1984) (noting that "a court may compare the two works and render a judgment for the defendant on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity"); Whitehead v. Paramount Pictures Corp., 53 F. Supp. 2d 38, 47 (D.D.C. 1999), *aff'd*, 2000 WL 33363291 (D.C. Cir. April 19, 2000). As the law in no way precludes defendants from challenging Mr. Prunté's claims by moving for summary judgment on the issue of substantial similarity, and as nothing about this case militates against permitting such a motion, the Court will entertain defendants' proposed motion.

### III.  DISCOVERY IS NOT WARRANTED

If defendants move for summary judgment as proposed, the Court will have to determine if genuine issues of material fact preclude summary judgment on the actionable copying requirement. In other words, the Court will have to decide whether "a rational trier of fact" could find that the works at issue are substantially similar. Scott v. Harris, 127 S. Ct. 1769, 1776 (2007). To do so, the Court will need to have before it a record upon which it can base such a determination. See Nelson v. PRN Products, Inc., 873 F.2d 1141, 1143 (8th Cir. 1989). That requirement, however, does not militate in favor of permitting discovery at this time.

In assessing whether a rational factfinder could find that plaintiff's songs and defendants' songs are substantially similar, this Court will have to decide whether "an ordinary person of reasonable attentiveness" could, upon listening to both parties' songs, find that the defendants unlawfully appropriated the plaintiff's protectible expression. Johnson v. Gordon, 409 F.3d at 18; see also Sturdza v. United Arab Emirates, 281 F.3d at 1296. It appears that the only evidence necessary for such a determination is (1) recordings of the songs in question, and

4

(2) transcriptions of all of the lyrics in question.  See Nelson v. PRN Products, Inc., 873 F.2d at 1143 (observing that "where both works are in the record, the trial court has sufficient evidence upon which to enter summary judgment"); see also Sturdza v. United Arab Emirates, 281 F.3d at 1301-02 (with very limited exceptions, expert testimony is inadmissible to establish substantial similarity).  Discovery is hardly necessary to ensure that such evidence is in the record; rather, the parties can share this evidence with each other and provide it to the Court by way of a mutually agreeable arrangement.  That being so, the Court concludes that it would be inefficient and wasteful to permit discovery before resolving defendants' anticipated motion for summary judgment.  Accordingly, it is hereby

ORDERED that defendants will be permitted to move for summary judgment as proposed without first engaging in discovery.  No discovery will be permitted.  In response to the summary judgment motion, if appropriate, Mr. Prunté may move for limited discovery as contemplated by Rule 56(f) of the Federal Rules of Civil Procedure; and it is

FURTHER ORDERED that the parties shall meet, confer, and file a joint report with the Court on or before June 30, 2008.  That joint report shall set forth a proposed schedule for defendants' forthcoming motion, plaintiff's opposition, and defendants' reply.  That report shall also set forth the parties' views as to (1) precisely what evidence the Court will require in order to rule on defendants' motion, and (2) how, when and in what format the parties plan to provide that evidence to the Court.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: June 2, 2008                             United States District Judge