**Robert R. Prunté, (pro sé)**
614 Wyanoke Avenue
Baltimore, Maryland 21218
**443.615.1745 OR 443.682.7292**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTÉ<br><br>Plaintiff,<br><br>Vs.<br><br>UNIVERSAL MUSIC GROUP RECORDINGS, et al<br><br>Defendant (s) | CASE NUMBER: 1:06-CV-0048<br><br>JUDGE: Paul L. Friedman (PLF)<br><br>RECEIVED<br>JUN 1 3 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**PLAINTIFF'S SECOND (INCLUSIONARY) MOTION IN LIMINE SEEKING TO INCLUDE MUSIC SAMPLES, SOUND RECORDINGS AND LYRICS, COMPACT DISC OF CHORUS LINES SUPPLIED HEREIN, SUBSTANTIAL SIMILARITY TEST DEEMED INAPPROPRIATE FOR INFRINGED SOUND SAMPLES, FRAGMENTED LITERAL SIMILARITY IS PRESENT IN WORKS.  INTENTIONAL INFRINGMENT OF "<u>THE VERY HEART OF THE WORKS</u>" AT ISSUE, CASE OF FIRST IMPRESSION STATUS APPLES TO THIS CASE AND MEMORANDUM OF LAW.**

1

Comes now the plaintiff, in this case of "First Impression", since this Court and this Circuit has no Standing Precedent, which applies to cases like this one. Specifically, at no time has this Court or Court of Appeals ruled upon a case dealing with music, samples and lyrics. Also, this Court has never encountered an "Intended Audience" case, as the 4th Circuit has in *Dawson v. Hinshaw.*

The only Copyright case espoused by this Court as precedent is that of architectural drawings. (See; Sturdza v. United Arab Emirates). This case is inadequate since music samples are involved, which instantly shifts the song comparison standard from *"Substantial Similarity"* to *"Fragmented Literal Similarity"* standards. (6th Circuit). The principles of Stare Decisis mandate there be a universal style of judgments in cases. This cannot occur if this case is allowed to run its present course.

Already, this Court has stated it intends to apply a "reasonable, ordinary person standard of observation", which would totally and completely destroy plaintiff's right to have the intended audience perform some of these observational tasks. *(See: Dawson v. Hinshaw).*

There must be a blend of laws and principles for fairness to be administered in this case. Without the "intended audience", and music experts to identify music samples, plaintiff's complex music copyright case will be treated and viewed on the same footing as the "architectural drawings" case of *Sturdza v. United Arab Emirates*.

Surely not this Court nor Counsel would want to be in this position legally. If plaintiff has a right to have its "intended audience" participate in judgment of this case, it has that

right. *(See: Dawson v. Hinshaw)*. If these defendants have indeed manipulated the samples of plaintiff's works, as plaintiff has alleged, copying can be presumed. *(See: **Bridgeport Music v. Dimension Films**)*.

Therefore, this plaintiff seeks a ruling on specific matters before proceeding further in this case:

1.) A ruling that so-called "Rap, Hip hop or Gangsta Rap" is listened to and purchased by a "specialized audience" which possesses a "specialized language skill" known as "Ebonics", that other members of the general lay public do not generally possess, and that members of such "intended audience" must occupy the jury pool in the event of any trial of this case, as well as participate in any Summary Judgment proceedings, in order to assist the trier of fact, who is not a member of this "intended audience", according to the language of *Dawson v. Hinshaw*, and as a matter of fact and law.

2.) A ruling that experts be hired by the parties (or selected by the Court) in order to immediately identify the sampled portions of plaintiffs chorus lines of music and lyrics, which appear in defendants works, and declare an inference of unlawful copying if melodies, and samples are the same, thereby using the "Fragmented Literal Similarity" test to determine if the copying is actionable, and if the samples indeed appear within "the very heart of plaintiff's works". Copyright Liability is to be presumed at this stage.

3. That this Court apply the "Inverse Ratio" principles backed by the 9th Circuit in terms of the huge degree of direct access to a plaintiff's works. The 9th Circuit uses this rule to determine substantial similarity based on the amount of direct access had to a copyrighted

work. The more access, the less similarity required to prove actionable copying. *(See: Shaw v. Lindheim, 919 F.2d 1353, (9h Cir. 1990) and Smith v. Jackson, 4 F.3d 1213 (9th Cir. 1996) & Gates Rubber Co, v. Bando Chem. Indus. Ltd., 9 F 3d. 823, 832 n. 6 (10th Cir. 1993).*

4.) A ruling declaring what part of plaintiff's copyrighted works are protectible and that the chorus lines are indeed "the heart of all musical works". In other words, in the case of *Country Kid's 'N City Slicks, Inc. v. Sheen, 77 F. 3d 1280, 1288 (10th Cir. 1998),* that Court declared from the plaintiffs doll design, it found that the hair, eyes, nose, ears, mouth, underwear and shoes were entitled to Copyright protection. Plaintiff expects a similar description of its copyrighted works, based on the medium at issue.

5.) A ruling that after filtering out all unprotectible matter, what remains is plaintiff's protectible expression, and that the overall look and feel of the works as well as the overall similarities are being considered both qualitatively and quantitatively.

6.) A ruling that after copying is presumed by the lifted samples found within the body of defendants infringing works, that plaintiff will have immediately proven "a likelihood of success on the merits" in this case, and permit plaintiff to file motions regarding injunctions against these defendants.

Wherefore, in order to do substantial justice in this case, and to avoid extreme prejudice to this plaintiff, the Court must look to other Circuits in order to fairly administer justice

in this case. In particular, the 4th and 6th Circuit seems to be on point when it comes to complex music copyright cases, as well as the 9th, 2nd and 7th Circuits.

## CORRECTION OF PROPOSED LEGAL PRINCIPLES IN THIS CASE SHOULD REFLECT THE NATURE OF THE CASE COPLEXITIES

Most importantly, it must be made clear that the analysis proposed by this Honorable Court is appropriate for determining infringement of a <u>musical composition</u> copyright, but such analysis is not to be applied to determine infringement of a <u>sound recording</u>. The orders and instructions of this Court track precisely an analysis based upon musical composition copyright.

Here, originality is not an issue, since the statute requires a different analysis for sound recording copyrights. In this case, plaintiff has already shown it has copyrights. The requirement of originality is immediately met by the fixation of sounds in the master recording. This case involves digital sampling and using those samples in the same manner that plaintiff used them when they were created and applied them to the chorus lines of its works.

Because this is a case of First impression, this Court automatically has a limited knowledge in this specialized field of music as well as law relating to cases bearing this set of facts. Therefore, this case is about physical as well as intellectual taking of copyright protected works, and the judgment process must reflect this fact. For the sound recording copyright holder like Mr. Prunté', it is not the "song" but the sounds that are

fixed in the medium of plaintiff's choice. When those sounds are sampled, they are taken directly from that fixed medium which plaintiff created previously.

In essence, in most copyright actions, the issue is whether the infringing work is "substantially similar" to the original work... The scope of inquiry in this case is much narrower since the work in question is a sound recording, which mandates that the main issue be whether the actual sound recording has been used without authorization. Substantial Similarity is not an issue....(See: Bradley C. Rosen, Esq., 22 CAUSES OF ACTION 12 (2d ed. 2003).

Precisely, the import of the language of Section 114(b) of the Copyright Act is the fact that it doesn't matter how much a digital sampler alters the actual sounds or whether the "ordinary observer" can or cannot recognize the song or the artists performance of it, since the exclusive right encompasses rearranging, rearranging, remixing, or otherwise altering the actual sounds, the statute by its own terms precludes the use of a substantial similarity test. *(See: Susan J. Latham, Newton v. Diamond: Measuring the Legitimacy of Unauthorized Compositional Sampling- A Clue Illuminated and Obscured, 26 Hastings Comm. & Ent. L.J. 19, 125 (2003).*

If this plaintiff is not allowed to proceed as other plaintiff's have, in the other circuits, and under these similar set of facts, then this plaintiff will not be able to proceed on equal footing with the current state of the law.

Plaintiff hereby seeks all of the above relief and any further relief this Court deems just and proper, or a hearing outlining the aforementioned issues as a guide light for forward progress along with a decision respecting all the above outlined issues.

Respectfully Submitted

*/s/ Robert R. Prunte'*

Robert R. Prunte'

### CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT _Thurs-_ JUNE _12th_ 2008.

JENNER & BLOCK, LLP, C/O MICHAEL DESANCTIS, SEAN HARTIGAN AND STEVEN FABRIZIO; 1099 NEW YORK AVENUE, N.W. SUITE 900, WASHINGTON, D.C. 20001; **LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP.**, C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: */s/ Robert R. Prunte'*

ROBERT R. PRUNTE'
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21217
443.615.1745 OR 443.682.7292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25