Robert R. Prunté, (pro sé)
614 Wyanoke Avenue
Baltimore, Maryland 21218



UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTÉ<br><br>Plaintiff,<br><br>Vs.<br><br>UNIVERSAL MUSIC GROUP<br>RECORDINGS, et al<br><br>Defendant (s) | CASE NUMBER: 1:06-CV-0048<br><br>JUDGE: Paul L. Friedman (PLF) |

# PLAINTIFF'S MEMORANDUM OF LAW MADE IN SUPPORT OF ITS F.R.C.P. RULE 12(C) MOTION AND OPPOSITION TO DEFENDANTS LATE AND BOGUS REPLY TO THE MOTION

Comes now the plaintiff with this memorandum of law made in support of plaintiffs previously filed Rule 12(c) motion focusing on the answers defendant UMG and WMG have supplied concerning the operative complaint.

Although counsel claims it did not know the "motion was a motion", on the face of the document, it is quite clear it is a motion. Plaintiff termed it a "demurrer" alternatively, as

1

it has every right to according to F.R.C.P. Rule 8(d). Counsel therefore falsely claims it had no knowledge of plaintiff's "motion", which was indeed a motion filed and pled "alternatively".

Furthermore, the motion indeed comports with F.R.C.P. Rule 7 with regard to its form, since F.R.C.P. Rule 8(d) allows a party to plead alternatively, as counsel and this Court are well aware. Counsels juvenile sounding statement concerning its impression of the motion paper is mere hogwash and dilatory. Of course the plaintiff's motion complied with Rule 7 (A), (B) & (C), since it was in writing and stated with particularity the grounds for seeking the order; as well as the relief sought. The motion indeed contained all the pertinent parts.

Therefore, counsel for UMG and WMG did not use the term "demurrer" for ease of reference, as they claimed, they used the term to mislead the Court while full knowing plaintiff has a right to plead "alternatively", according to F.R.C.P. Rule 8(d).

Regardless of whether or not the Clerk's Office docketed the paper a motion or not, defendants are obliged to know the rules and merely "read the caption" of a paper filed with this Court instead of assuming the wrong things, and neglecting to proceed even "on the side of caution".

Instead, UMG and WMG ignored plaintiffs paper and tried to blame it on the Court when it told plaintiff to refrain from filing motions until it ruled on the Viacom motion to dismiss. Plaintiff did just that. The Viacom motion to dismiss was granted.

1  With regard to this Courts further admonition that plaintiff not file papers until the matter
2  of the "appropriateness" of summary judgment on issue of "substantial similarity" of
3  words is decided is also over.  The matter was decided when this Court slammed the
4  UMG and WMG motion to strike portions of plaintiff's operative complaint.  Where has
5  counsel for UMG and WMG been all this time?
6
7  Thus, and as a matter of fact and law, summary judgment on issues of substantial
8  similarity of words is indeed inappropriate and impossible in this case, since the Court
9  has declared the case is about "Music and Words".  That, in and of itself moots counsel's
10 frivolous argument concerning the appropriateness of summary judgment concerning
11 words.  Obviously counsel refuses to accept this fact.  The denial of the UMG and WMG
12 motions to strike clearly negates defendant's thoughts and plans to file summary
13 judgment concerning mere words in this complex Copyright case.
14
15 Likewise, counsel is inaccurate once again, and contradicts the Court when it says the
16 issue concerning the appropriateness of summary judgment has not been resolved.  For
17 sure, counsel cannot file a motion for summary judgment based on mere words since the
18 case is now about words and music, plain and simple.  Apparently, counsel frequently
19 misrepresents the facts to this Court.
20
21 In reality, UMG and WMG intentionally failed to answer plaintiffs F.R.C.P. Rule 12(c)
22 motion and now attempt to lie their way out of it.
23
24 This Courts statements concerning the plaintiff "clogging the docket" were well taken
25 and plaintiff acted accordingly in allowing the Court to decide the Viacom Motion to

Dismiss as well as counsels motions to strike and even the matters concerning the "appropriateness of summary judgment" on words alone.

Counsel appear to be bold-faced fabricators, as this has Court already declared in a nice way when it denied the UMG and WMG motions to strike. Counsel is pushing its luck. This Court has every right to instruct this plaintiff to refrain from filing motions until certain other motions are ruled upon. In terms of the complaint being "difficult to follow", the Rules allow a defendant to file a motion for a more definite statement under Rule 12(e) instead of playing word games with this court.

This plaintiff has violated no orders of this Court. However, the defendants have lied played games from day one. The statements made by plaintiff in its motion under 12(c) are still being asserted, no matter what subterfuge and smokescreens UMG and WMG try to place before the eyes of this Court, and plaintiff still seeks the relief sought in its FRCP Rule 12(c) motion as well as the 28 U.S.C. 1927 motion concerning the over (2) two year delay created by the defendants in this case, and any other and further relief this honorable Court deems just and proper.

Respectfully Submitted

Robert R. Prunte'

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT JUNE 12th, 2008. Thurs.

**JENNER & BLOCK, LLP**, C/O MICHAEL DESANCTIS, SEAN HARTIGAN AND STEVEN FABRIZIO; 1099 NEW YORK AVENUE, N.W. SUITE 900, WASHINGTON, D.C. 20001; **LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP.**, C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: /s/ Robert R. Prunte'

ROBERT R. PRUNTE'
614 WYANOKE AVENUE
BALTIMORE, MARYLAND 21217
443.615.1745 OR 443.682.7292

5