IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT R. PRUNTE;<br>YOWORLD MUSIC COMPANY, d/b/a<br>ROWDY CITY RECORDS,<br><br>      Plaintiffs,<br><br>vs.<br><br>UNIVERSAL MUSIC GROUP, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>) Civil Action No. 1:06-cv-480-PLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPORT
AND
OPPOSITION TO MOTIONS IN LIMINE AND MOTION TO AMEND**

Defendants UMG Recordings, Inc. ("UMG") and Warner Music Group ("WMG") (together "Defendants"), by and through counsel, respectfully file this report in response to the Court's Memorandum Opinion and Order dated June 2, 2008 ("Mem. Op."). This filing will also serve as Defendants' opposition to the various motions filed by Plaintiff on June 13, 2008.

As instructed by the Court, undersigned counsel for Defendants met and conferred with Plaintiff telephonically on June 5, 2008 and again on June 10, 2008. Contrary to Plaintiff's report, dated June 22, 2008, counsel never refused to meet in person and never refused to file a joint report. Rather, during both telephonic conferences, Plaintiff refused to discuss a schedule for summary judgment briefing because, in his opinion, summary judgment is inappropriate. Nor, despite counsel's urging, would Plaintiff agree to file a joint report. Instead, Plaintiff recently filed his own report, dated June 22, 2008.

43119.1

Defendants agree with the Court, Mem. Op. at 4-5, that the only evidence it needs before it for purposes of the contemplated motion is a recording of each of the songs in question and a transcription of the allegedly infringed and infringing lyrics. In the operative Second Amended Complaint, Plaintiff appears to have provided all the allegedly infringed and infringing lyrics. On June 13, 2008, Plaintiffs filed a CD containing recordings of approximately 40-second clips of the songs that he claims were infringed. According to Plaintiff, these 40-second clips are the portions of the songs that allegedly were infringed. See Pl.'s Report at 4. The CD does not contain the entirety of the allegedly infringed songs, and does not contain any recordings of the songs that are allegedly infringing.

Clearly, this Court must have the allegedly infringing songs before it. However, Defendants did not release, and do not own the rights to, a number of those allegedly infringing songs.[1] Moreover, there often are multiple versions of songs, some of which can contain considerable differences. Accordingly, Defendants request that the Court order Plaintiff to file and serve another CD containing complete recordings of each of the allegedly infringing songs and to specify in writing the portion of each that allegedly infringes the portion of the corresponding allegedly infringed song that he already has provided.[2]

Beyond the recordings and lyrics, themselves, Plaintiff contends in his report and in his June 13 motions in limine that the Court should permit expert testimony and should apply an "intended audience" test instead of the ordinary lay observer test. This Court already rejected both of those propositions in its June 2 Memorandum Opinion and Order for purposes of the

---

[1] There is at least one song that Defendants have not been able to find at all. Of course, Defendants cannot be liable for any songs they have never exploited.

[2] The Court also could direct Plaintiff to file and serve complete recordings of the allegedly infringed songs, but Defendants do not think that is strictly necessary.

contemplated motion for summary judgment. *See* Mem. Op. at 1 ("the Court asked the parties to discuss whether this Court 'may, and should, entertain Defendants' motion for summary judgment on the issue of substantial similarity … without ordering fact or expert discovery.' Defs.' Mot. at 1. In light of the parties' supplemental briefs, the Court concludes that the answer to this question is 'yes.'"); *id.* at 4-5 (articulating "ordinary person of reasonable attentiveness" standard).

Plaintiff's authorities are not to the contrary. For example, Plaintiff's assertion that the D.C. Circuit allowed expert testimony in the *Sturdza* case (a case about architectural designs) is simply wrong. It did not rule on the issue. *See Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1300-02 (D.C. Cir. 2002); Mem. Op. at 5 (citing *Sturdza*). Similarly, Plaintiff's reliance on *Dawson v. Hinshaw*, 990 F.2d 731, 737 (4th Cir. 1990), does not counsel for use of a specialized audience test here. As Defendants have explained in previous submissions, *Dawson* involved sheet music for a specialized musical arrangement. As the Fourth Circuit explained,

> It is true that the case with which we contend involves music and *courts routinely, and properly, apply the ordinary lay observer test to music cases.* . . . However, Dawson alleged infringement of a spiritual arrangement, not a popular recording . . . . It is quite possible that spiritual arrangements are purchased primarily by choral directors who possess specialized expertise relevant to their selection of one arrangement instead of another. *Whereas a lay person's reaction may be an accurate indicator of the extent to which those in the market for a popular recording will perceive another recording to be substantially similar, a lay person's reaction might not be an accurate indicator of how expert choral directors would compare two spiritual arrangements.*

*Dawson*, 990 F.2d at 737-38 (emphasis added). At issue here are Plaintiff's *songs*, *see* Pl.'s June 22 Report at 4, which allegedly were infringed by recordings of such popularly successful and mainstream artists as John Legend, Kanye West, Eminem, and Lil' Wayne (whose current album sold more than 1,000,000 copies in its first week of release earlier this month – more than any album by any recording artist in several years). Plaintiff's

3

motions in limine, including but not limited to his requests for expert testimony and application of a specialized audience test, should be denied.[3]

Accordingly, Defendants propose the following schedule consistent with the Court's June 2 Memorandum Opinion and Order:

1. On July 30, 2008, Plaintiff will file with the Court and serve on Defendants a CD containing complete recordings of each of the allegedly infringing songs and shall specify in writing the portion of each that allegedly infringes the portion of the corresponding allegedly infringed song that he already has provided. If Plaintiff fails timely to file and serve such CD, the Court will issue an order to show cause why Plainitff's claims should not be dismissed with prejudice.

2. Thirty days after service of the CD, Defendants will file and serve their motion for summary judgment.

3. Thirty days after service of Defendants' motion for summary judgment, Plaintiff shall file and serve his opposition to Defendants' motion for summary judgment.

4. Twenty days after service of Plaintiff's opposition, Defendants shall file and serve their reply in support of their motion for summary judgment.

---

[3] With respect to Plaintiff's June 13 motion for leave to file an amended complaint, Defendants see no reason why service on Viacom should be permitted at this time. In any event, Defendants oppose the motion because, unlike the currently operative Second Amended Complaint filed on June 28, 2007, the newly proposed Third Amended Complaint (mis-styled "Second Amended Complaint") does not contain the full set of allegedly infringed and infringing lyrics which the Court previously had ordered the Plaintiff to file. With respect to Plaintiff's June 13 memorandum in support of his motion for judgment on the pleadings, Defendants will rest on their response and opposition filed May 28, 2008.

43119.1

## **CONCLUSION**

Defendants request that the Court enter the above schedule at the Court's earliest convenience, that the Court deny all motions filed by Plaintiff on June 13, 2008, and that the Court order Plaintiff not to file any additional motions in this case unless expressly directed or permitted to do so by the Court in advance.

Dated: June 27, 2008                                           Respectfully submitted,

       /s/  Michael B. DeSanctis
Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Sean J. Hartigan  (Bar No. 495381)
JENNER & BLOCK LLP
1099 New York Ave., N.W.
Suite 900
Washington, D.C. 20001
Tel.: (202) 639-6000
Fax:  (202) 639-6066

5

43119.1

**CERTIFICATE OF SERVICE**

I, Michael B. DeSanctis, hereby certify that on this day, June 27, 2008, I caused the foregoing "Defendants' Report and Opposition to Motions In Limine and Motion to Amend" to be served by First Class United States mail, postage pre-paid on the following:

>Robert R. Prunte
>YoWorld Music Co.
>614 Wyanoke Avenue
>Baltimore, MD 21218

>_/s/_ Michael B. DeSanctis_____
>Michael B. DeSanctis