**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT R. PRUNTE, | ) | |
| | ) | Civil Action No. 1:06-cv-480-PLF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSAL MUSIC GROUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

**DEFENDANTS' SUPPLEMENTAL REPORT**

Defendants UMG Recordings, Inc. ("UMG") and Warner Music Group ("WMG") (together "Defendants"), respectfully file this Supplemental Report, which supplements Defendants' June 27, 2008 Report and Opposition to Motions in Limine and Motion to Amend.

As indicated in Defendants' June 27 Report, Defendants agree with the Court that the evidence needed to analyze substantial similarity at this time is limited to recordings of all the songs in question and transcriptions of all the lyrics in question. *See* Memorandum Opinion and Order at 4-5 (June 2, 2008). Defendants now understand that Plaintiff has provided the Court with short excerpts of eleven sound recordings that allegedly infringe his works.[1] Defendants believe that these brief excerpts, all approximately twenty seconds in length, do not allow for adequate examination of the "substantial similarity" issue. This is particularly so given the manner and quality in which Plaintiff has presented them; that is, by taking approximately 20

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

[1] Because Plaintiff has not also provided the Court with the allegedly infringing and infringed lyrics, Defendants assume that Plaintiff's position is that the lyrics in question are limited to those set forth in Plaintiff's Second Amended Complaint.

second portions of two recordings — his work followed immediately by an allegedly infringing work (with no track break between the two songs) — and combining them into a single recording.

Accordingly, in order to assist the Court, Defendants are providing a compact disc containing complete recordings of what they believe to be the eleven allegedly infringing sound recordings excerpted on the compact disc which Plaintiff submitted to the Court. Exhibit 1. There are still three "pairings" of allegedly infringed and infringing works (seven songs total; three of Plaintiff's works and four recordings that allegedly infringe upon those works) for which Plaintiff has not submitted sound recordings to the Court in any form.[2]  In addition, Plaintiff did not submit a copy of the sound recording "Battle Song" by Eminem, which allegedly infringes "Shoot to Kill," or a copy of Shawnna's "Gettin' Some," which allegedly infringes "Slow Neck."

With respect to "Battle Song" by Eminem, not only has Plaintiff been unable to provide a copy of that sound recording, but Defendants also have been unable to locate a copy of the sound recording and can find no evidence that the recording ever was distributed.  Given that Plaintiff apparently cannot locate a copy of the sound recording, it is difficult to see how Plaintiff could have alleged in good faith that the recording infringed his original work through "[s]ampled music transposed and time stretched to create derivative" and "Rhythm, Melody, Harmony, Chords."  Plaintiff's Second Amended Complaint (June 28, 2007) at 58-59.

The Court has ordered the parties to "share … evidence with each other and provide it to the Court by way of a mutually agreeable arrangement" so that the Court can determine whether the recordings are "substantially similar" and potentially resolve the matter on summary

---

[2] The songs apparently not included on Plaintiff's CD are "Lord, Give me a Sign," which allegedly infringes "God Pick Up The Phone;" "I Smoke, I Drink" and "I Smoke By Maself," both of which allegedly infringe "Smoke, Drink, Cuss Fight;" and "Break Bread," which allegedly infringes "I'm a Maniac."

2

judgment.  Memorandum Opinion and Order at 5 (June 2, 2008).  Defendants now provide the

Court with complete versions of 11 of the 17 allegedly infringing recordings detailed by Plaintiff

in his Second Amended Complaint.  *See* Plaintiff's Second Amended Complaint (June 28, 2007)

at 29, 30-67.  However, because Defendants cannot be certain that any sound recording they

provide to the Court is the same sound recording which Plaintiff alleges has infringed his works

— especially as some have proven difficult to find — Defendants believe it is Plaintiff's

responsibility to (a) confirm that the recordings provided by Defendants are the ones which he

alleges are infringing and (b) provide complete recordings of the six remaining allegedly

infringing recordings, which were included in Plaintiff's Second Amended Complaint but

omitted from the compact disc he filed with his June 13, 2008 submission.  These remaining

songs, as titled in Plaintiff's Second Amended Complaint, are:  "Lord, Give me a Sign", "I

Smoke, I Drink", "I Smoke by Maself", "Getting Some", "Battle Song", and "Break Bread."  If

Plaintiff fails to provide those recordings, it will prevent the Court from engaging in the

"substantial similarity" analysis with respect to those recordings.  Because Defendants should

not be prejudiced by Plaintiff's failure, the Defendants hereby request that the Court require

Plaintiff to provide those remaining sound recordings by some date certain, and if Plaintiff does

not do so, issue an order dismissing with prejudice Plaintiff's claims with respect to those

allegedly infringing recordings.

        In addition, with respect to the eleven allegedly infringed works for which Plaintiff has

provided only brief excerpts, Defendants believe that the Court would benefit greatly from

having the complete recordings of those songs.  This would provide the Court with important

context for the very short clips that Plaintiff has submitted, which consist only of the brief

portions that he claims were infringed.  Accordingly, Defendants propose that the Court direct

43635.1

Plaintiff to provide complete recordings of these eleven allegedly infringed songs at issue by some date certain, to be followed by an orderly briefing schedule as outlined in Defendants' June 27 Report.

Dated: July 23, 2008                    Respectfully submitted,


        /s/  Michael B. DeSanctis
        Steven B. Fabrizio (Bar No. 436482)
        Michael B. DeSanctis (Bar No. 460961)
        Sean J. Hartigan  (Bar No. 495381)
        JENNER & BLOCK LLP
        1099 New York Ave., N.W.
        Suite 900
        Washington, D.C. 20001
        Tel.: (202) 639-6000
        Fax:  (202) 639-6066

4

43635.1

**CERTIFICATE OF SERVICE**

I, Michael B. DeSanctis, hereby certify that on this day, July 23, 2008, I caused the

foregoing "Defendants' Supplemental Report" to be served by First Class United States mail,

postage pre-paid on the following:

> Robert R. Prunte'
> 3694 Rex Road
> Rex, GA 30273

> _/s/ Michael B. DeSanctis_____
> Michael B. DeSanctis

43635.1