1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Robert R. Prunté, (pro sé)**
3694 Rex Road
Rex, Georgia 30273

**RECEIVED**

AUG 0 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

ROBERT R. PRUNTÉ

Plaintiff,

Vs.

UNIVERSAL MUSIC GROUP

RECORDINGS, et al

Defendant (s)

CASE NUMBER:  1:06-CV-00480

JUDGE:  Paul L. Friedman (PLF)

**PLAINTIFF'S EXCLUSIONARY MOTION IN LIMINE CONCERNING ALTERED ORIGINALS.  DEFENDANTS HAVE UNILATERALLY SUBMITTED "REMIXED" "CHOPPED AND SCREWED" VERSIONS INSTEAD OF ORIGINALS; AS WELL AS INCLUSIONARY MOTION IN LIMINE CONCERNING HARPER & ROW V. NATION ENTERPRISES "HEART OF THE WORK" RULINGS AND MEMORANDUM OF LAW**

Comes now the plaintiff with its "Inclusionary" and "exclusionary" motion in limine, stating as an initial matter, that the "20 seconds" counsels claims plaintiff submitted in

this case that are also known as the "chorus line" actually account for over 80% of the actual song heard by the listener, as a matter of fact and law.

In any event, defendants UMG and WMG have unilaterally decided to change the condition of the evidence in contravention of the Federal Rules of Evidence. Counsel itself even declared the "possibility" of there being remix versions of the songs located somewhere in the universe, but it failed to say it was actually submitting these remixed versions for the sake of comparison in a Complex United States Copyright Case. Counsel has indeed retreated into its same old bag of tricks, but justice wont stand for it.

In this case, the original and only the original versions of plaintiffs and defendants work will be used for analysis and nothing less. For the following reasons, Federal Rules of evidence precludes counsel from filing records of unoriginal songs in the face of trial and analysis:

1. Unoriginal songs submitted in federal court proceedings are not relevant evidence under the meaning of Fed. R. of Evid. 401 & 402.

2. Unoriginal songs submitted alongside the original versions of plaintiff would cause extreme prejudice, confusion and waste time in violation of Fed R. of Evid. 403.

3. All records affecting an interest in property must be in original format according to Fed. R. of Evid. 803 (14).

4. Furthermore, Fed. R. of Evid. 902(11)(12)(a)(b)&(c) mandates that such documents be certified as domestic records of regularly conducted business activities.

5. If counsel wanted to act in good faith, it would have stated that the originals were "unavailable" according to the Fed. R. of Evid. 1004(1)(2)(3).or (4).

6. Accordingly, questions concerning authenticity, fairness and prejudice will arise in the face of such contravention of Fed. R. of Evid. 1003 (1)&(2).

7. Since counsel wants to submit questionable remixes, it must in the future also submit testimony of credible witnesses with a view to Fed. R. of Evid. 1007.

8. Likewise, Court and Jury should be considered suitable audiences for determining the originality of all defendants' submissions in the future in accord with Fed. R. of Evid. 1008.

Surely this plaintiff would be laughed out of Court if it attempted to submit other than original songs during these proceedings.  The same proposition should apply to these defendants.

## PLAINTIFF IS SOLE AUTHOR OF CHORUS LINES OF WORKS IN QUESTION, ALL VERSES CAN BE ATTRIBUTED TO OTHERS, AS A MATTER OF FACT AND LAW

It is well known that the average commercial song last approximately 3.5 to 4 minutes, respectively.  Chorus lines occur usually after each verse or bridge, and almost redundantly repeat themselves throughout the song, totally occurring between 6 and 10 times for each song played, or more precisely, about 2/3 (two-thirds) of the entire song. Outside the chorus line, the rest is mere surplussage, usually.

Certainly, commercial songs, with their usually redundant and frequently re-occurring chorus lines, can easily be called the most important part of any song, both qualitatively and quantitatively.  It is already known that copyright protects expression and plaintiff's

1  expression is found within the chorus lines and the music and sound samples.  The music

2  is even more redundant than the words.  Therefore, the chorus lines, which are indeed the

3  heart of the works both qualitatively and quantitatively, are sufficient to analyze

4  substantial similarity concerning the expression of plaintiff being herein complained

5  about.

6

7  As the Court in Harper & Row v. Nation Enterprises so eloquently put it, the "totality" of

8  President Fords reflections were protected by copyright, and not the mere surplussage:

9  See below:

10

11  *"....the totality of these facts and memoranda collected, together with Ford's reflections, that made them of value to The Nation, [and] this . . . totality . . . is protected by the copyright laws....*

12

13

14  Surely, the "totality" of a mere commercial song is found within the body of its "chorus lines",

15  plain and simple.  Or, as another case involving the "writings" of another United States

16  President, George Washington, concerning the "very heart of the works".  See Below:

17

18  *[A] reviewer may fairly cite largely from the original work, if his design be really and truly to use the passages for the purposes of fair and reasonable criticism. On the other hand, it is as clear that, if he thus cites the most important parts of the work, with a view not to criticise, but to supersede the use of the original work, and substitute the review for it, such a use will be deemed in law a piracy.  ( See: Folsom v. Marsh, 9 F.Cas. 342, 344-345 (No. 4,901) (CC Mass.)*

19

20

21

22

23

24  Therefore, and as a matter of fact and law, the "most important part" of any commercial

25  song is undoubtedly its chorus line.  No party can claim innocence based upon parts of a

work it claims it didn't infringe.  Even if song verse surplussage were considered viable

versus chorus lines, the matter would still hinge upon the chorus lines since they are the very "heart of all works" substance.

In conclusion, plaintiff seeks to exclude any songs from defendants, which are not the certified original "mix" of the complained of article.  Furthermore, in considering the songs "as a whole", that the "most important part" of the "whole" be identified as the "chorus line" and analysis be focused on such meritorious parts of the songs in question, with the verses considered mere surplussage public domain matter, and subject to the usual lack of traditional copyright protection, and any other relief this Court deems just and proper.

Respectfully Submitted,

Robert R. Prunte'

### CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS COMPLAINT ON OR ABOUT _____ AUGUST ____ 2008.

JENNER & BLOCK, LLP, C/O MICHAEL DESANCTIS, SEAN HARTIGAN AND STEVEN FABRIZIO; 1099 NEW YORK AVENUE, N.W. SUITE 900, WASHINGTON, D.C. 20001; LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP., C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & THE UNITED STATES COURTHOUSE OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O,

1   CLERK'S OFFICE.

2

3

4          BY:

5                ROBERT R. PRUNTE'

6                3694 Rex Road

7               Rex, Georgia 30273

8          443.615.1745 or 678.545.0872

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

6