**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROBERT R. PRUNTE, Plaintiff,

v.

UNIVERSAL MUSIC GROUP, *et al*., Defendants.

Civil Action No. 1:06-cv-480-PLF

**DEFENDANTS' REQUEST FOR A STATUS CONFERENCE**
**AND RESPONSE TO EXCLUSIONARY MOTION IN LIMINE**

Defendants UMG Recordings, Inc. ("UMG") and Warner Music Group ("WMG") (together "Defendants"), respectfully file this Request for a Status Conference and Response to Exclusionary Motion in Limine.

As indicated in Defendants' July 23 Supplemental Report, Defendants agree with the Court that the evidence needed to analyze substantial similarity at this time is limited to recordings of all the songs in question and transcriptions of all the lyrics in question. *See* Memorandum Opinion and Order at 4-5 (June 2, 2008). Defendants thus submitted a compact disc containing sound recordings of allegedly infringing works attached to that Supplemental Report, in an effort to abide by the Court's instruction that the parties should "share … evidence with each other and provide it to the Court" so that the Court could evaluate the recordings at issue and potentially resolve this matter on summary judgment. Memorandum Opinion and Order at 5 (June 2, 2008). Based on Plaintiff's August 8, 2008 Exclusionary Motion in Limine, however, it seems that Plaintiff is not satisfied with the sound recordings submitted by

Defendants but does not wish to submit complete sound recordings – of either the allegedly infringed or infringing works – himself. Indeed, it is remarkable that after accusing Defendants of infringement, Plaintiff would refuse to provide complete copies of the recordings at issue and then accuse Defendants of misconduct for doing so in an effort to comply with the Court's straightforward request. Plaintiff even insists that Defendants have submitted the wrong songs or wrong versions of songs though he never has told us or the Court what the correct versions are.

Somehow, the seemingly simple issue of providing the Court with the appropriate evidence has become vastly over-complicated. Given that the parties have been unable to agree on how the relevant evidence should be submitted to the Court, Defendants respectfully request that the Court schedule a status conference at the Court's earliest convenience in order to resolve this relatively simple matter.

Dated: August 18, 2008

Respectfully submitted,

/s/ Michael B. DeSanctis

Steven B. Fabrizio (Bar No. 436482)
Michael B. DeSanctis (Bar No. 460961)
Sean J. Hartigan (Bar No. 495381)
JENNER & BLOCK LLP
1099 New York Ave., N.W.
Suite 900
Washington, D.C. 20001
Tel.: (202) 639-6000
Fax: (202) 639-6066

**CERTIFICATE OF SERVICE**

I, Michael B. DeSanctis, hereby certify that on this day, August 18, 2008, I caused the foregoing "Defendants' Request for a Status Conference and Response to Exclusionary Motion in Limine" to be served by First Class United States mail, postage pre-paid on the following:

Robert R. Prunte'
3694 Rex Road
Rex, GA 30273

_/s/_Michael B. DeSanctis_____
Michael B. DeSanctis