Robert R. Prunté, (pro sé)
3694 Rex Road
Rex, Georgia 30273
770-301-2393...or...678.545.0872

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**RECEIVED SEP - 4 2008 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT**

ROBERT R. PRUNTÉ

Plaintiff,

Vs.

UNIVERSAL MUSIC GROUP RECORDINGS, et al

Defendant (s)

CASE NUMBER: 1:06-CV-0480

JUDGE: Paul L. Friedman (PLF)

**PLAINTIFF'S MEMORANDUM OF FACT AND LAW MADE IN SUPPORT OF PREVIOUSLY FILED MOTION UNDER 28 U.S.C. 1927. COUNSEL FOR UMG AND WMG HAVE ENGAGED IN A COMPLETE SHAM LITIGATION AND COUNSEL ALONE SHOULD BE SANCTIONED. FULL REPORT DETAILING COUNSEL'S SHENANIGANS IS PRESENTED HERE.**

Comes now the exasperated plaintiff with its motion and memorandum made in support of its previously filed **28 U.S.C. 1927** motion based upon counsel for UMG and WMG's blatant and patronizing disrespect for the judicial process.

Before plaintiff begins, it should be stated that counsel appears to be almost like a "sacrificial lamb" set up to allow defendants to continue to make gargantuan profits off the allegedly stolen songs for over 3 years, and counting.

With this being said, plaintiff will now describe the bad faith actions of Michael Desanctis, Elizabeth G. Porter, Steven B. Fabrizio and Sean Hartigan, as well as their "objectively reckless behavior".

**ITEM ONE:  TOTALLY BOGUS SUMMARY JUDGEMENT ARGUMENT.**

Any person with a rudimentary knowledge of American Civil Law Jurisprudence knows that Summary Judgment is a remedy which needs no permission to be utilized.  (See F.R.C.P. Rule 56, below: )

> **(a) By a Claiming Party.**
>
> A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:
>> (1) 20 days have passed from commencement of the action; or
>> (2) the opposing party serves a motion for summary judgment.
>
> **(b) By a Defending Party.**
>
> A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

Counsel has, since the outset of this case "threatened" summary judgment, "theorized" about the propriety" of summary judgment, and even "prophesied" to this Court about why discovery is not necessary due to their desire to file a summary judgment motion.  Now, nearly (30) thirty months since this case was filed, no summary judgment motion has been filed, all due to counsels dilatory statement and tactics concerning a mere "desire" to file a summary judgment motion.

**ITEM TWO: COUNSEL HAS ALWAYS HAD CD COPIES OF SONGS.**

Since this case began, plaintiff made the cd versions of the complained of songs available to the defendants.  As a matter of fact and law, even though the plaintiff on (2) two occasions supplied the cds of the songs and specific portions of songs allegedly infringed, counsel claims plaintiff has not.  This is false, as the Court is well aware.  Also, when plaintiff supplied the United States Copyright Office Registration numbers to this case and the songs in question, counsel could no longer and in no way shape form or fashion claim to not have total access to the words and music of the complained of works.

Therefore, counsel had (3) three avenues to obtain full copies of plaintiff's works and thereby file their purported motion for summary judgment, if indeed this was their intent. (Please See: Pre-registration for Collection (2) two of YoWorld Music's Purloined Songs, PRE000000185, FORM SR-SRu-609-967, Registration Case Num: 1-3912381 & FORM SR- SRu-452-280.

Counsel obviously fabricates when it claims it does not have or cannot access plaintiff's works. The complete works as well as the chorus lines of plaintiff and defendant were submitted by plaintiff as a courtesy, on several occasions, even though it is well known that a party can obtain access to any works that are on file at the United States Copyright Office.

**ITEM THREE: MERE SONG LYRICS ENJOY LITTLE PROTECTION**

Plaintiff has always said that mere song lyrics are not capable of much copyright protection since words are literally "free as the air". Counsel for UMG and WMG have concurred on several occasions. Thus, plaintiff of course neglected to put such verse/lyric surplussage into the case in chief, instead focusing on the chorus lines of the two works both musically and lyrically.

However, counsel for UMG and WMG claim on the one hand that lyrics are not protected by copyright or enjoy very little, and on the other hand, claim these are needed to compare the two works at issue. Therefore, mere lyrics from a song would undoubtedly be classed as "unprotectible matter". (See Below):

Counsel for UMG and WMG's quote concerning lyrics and unprotectible matter:

……"First, the unprotectible aspects of an artists work must be identified and excluded from analysis. As the court explained, ideas, principles, facts and scenes a faire---incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic"…are not protectible. (See: Sturdza, supra, quoting Atari Inc., v. North American Phillips

Consumer Elecs. Corp., 672 F. 2d 607, 616 (7th Cir. 1982) & 17 USC 102(b).....Similarly, the Eighth Circuit held that, {I}n this case, the trial court carefully studied the lyrics involved and determined that reasonable minds could not differ as to the absence of substantial similarity...(See: Nelson v. PRN Prods. Inc., 873 F. 2d 1141, 1143 (8th Cir. 1989) (See: Defendants Memorandum of Law Regarding the Appropriateness Of Summary Judgment On The Issue of Substantial Similarity.)

Indeed, counsel's legal position and case in chief "cries out" to have mere lyrical surplussage excluded from consideration, and plaintiff agrees for all the reasons cited by counsel.

**ITEM FOUR: COUNSEL HAS LIED BRAZENLY TO THIS COURT**

Aside from the lie concerning Summary Judgment which counsel has espoused for over 2 years, this court itself has even illustrated the lies of counsel for UMG and WMG after counsel so brazenly challenged the transcript of the May 2007 Status Conference. (See Below):

**COUNSEL'S STATEMENT FROM DENIED MOTION TO STRIKE**

".....At the status conference held on May 18, 2007, this court questioned plaintiff directly as to whether he was claiming infringement only of the lyrics of his songs or also of the music.  Plaintiff responded clearly and repeatedly that he was

5

claiming infringement only of the lyrics of his songs and not of the music. Plaintiff also stated, however, that he wished to amend his complaint to include additional songs. Again, the Court asked whether plaintiff intended to allege infringement only of his lyrics and not the music of the new songs. In response, Defendants did not object, and plaintiff was granted leave to amend with the instruction that plaintiff include in his second amended complaint the full text of all the allegedly infringed lyrics...."

The above statement is a bold-faced lie, and counsel even lied about other matters in the accompanying Motion To Strike parts of plaintiff's complaint, and the Court spoke of these lies in its response. (See Below):

"....First, plaintiff's new claims are clearly not "redundant, immaterial, impertinent or scandalous". Fed. R. Civ. P. 12(f). Second, and contrary to defendants assertions, plaintiff did not represent to this Court that his claims were based exclusively on alleged infringement of his lyrics at the most recent status conference. See Transcript of May 18, 2007 Status Conference at 7 ("THE COURT: Is this case about lyrics only and not about music.? PLAINTIFF: Okay, its about music and lyrics, but I have an amended complaint to add the music in the relevant parts....THE COURT: I understand. I think what makes sense is if you're going to amend the complaint that ought to happen sooner rather than later.....") Third, and

again contrary to defendants assertions, plaintiff's amendments do not exceed the scope of leave to amend granted by this Court at the May 18, 2007 Status Conference. (See id (PLAINTIFF: I don't believe music is going to make or break the case. THE COURT: Its up to you [to decide whether to amend the complaint to add claims regarding music] its your lawsuit...."

There is only one way to view the bold faced lies told by these counsel to this Court, and I would like to use an adage used by my father before administering punishment to myself and or siblings: "Either you're a fool, or you think I'm one", (no pun intended).

**ITEM FIVE: COUNSEL ITSELF ALREADY MADE DISPOSITIVE TYPE COMPARISONS OF THE WORKS IN ITS MOTION(S) TO DISMISS**

Even though counsel claims in its papers that it still needs the plaintiff to submit more works in order for the defendants to create and file a motion for Summary Judgment, nothing could be farther from the truth.

In counsel's Motion to dismiss, counsel can be seen making serious dispositive type comparisons of the lyrics. Summary Judgment could have been sought on the basis of lyrics alone. Counsel did not need permission to file a summary judgment motion concerning lyrics, since Rule 56 allows a party to seek judgment on parts of a claim.

This Court even, while denying Counsels main argument in its Motion to Dismiss concerning Copyright Infringement, that Counsel "should have filed a motion for Summary Judgment" instead of the Motion To Dismiss. (See Courts Denial of Counsel's Motion To Dismiss). Obviously, nothing on this Earth stopped the defendants (counsel) from seeking Summary Judgment on the lyrics alone, except defendants (counsel) themselves.

**ITEM SIX: DISCOVERY IS NOW WARRANTED SINCE COUNSEL'S INHERENTLY FASLSE DIATRIBE ABOUT MERE WORDS IS MADE MOOT AND OTHER CONDITIONS HAVE BEEN REVEALED AND SPECIFIED.**

Actionable copying is not an issue presently since this court has allowed the complaint to be amended to more clearly state the case concerning sound

recordings (music) and samples. In the face of such facts, succeeding at Summary Judgment is a near impossible hurdle to climb for any defendant, as a matter of fact and law, especially where music and sound samples are concerned. (See: **Bridgeport Music, Inc. v. Dimension Films**, 410 F.3d 792 (6th Cir. 2005).

That case was about mere samples. This case is about samples, original sound recordings as well as their arrangement and production, with the lyrics involved also. Thus, there are myriad genuine issues of fact which would preclude a favorable decision for any defendant under these same set of facts and circumstances.

The above described shenanigans were used mainly to avoid facing the facts of this case, of whch the defendants and their lawyers have been well aware of since this case began.

**All the previous jibber jabber about mere words or lyrics was merely a smoke screen type of hail mary seeking to avoid facing the issues concerning music, sound recordings, sound samples, lyrics, arrangements and productions, plain and simple.**

**ITEM SEVEN: COUNSEL SUBMITTED NON-ORIGINAL RENDITIONS OF SONGS DEEMED ELIGIBLE FOR COPYRIGHT SUBSTANTIAL SIMILARITY COMPARISION, MERELY TO DECEIVE THE COURT AND THE PLAINTIFF**

After this Court had the audacity to believe counsel and its clients were "playing ball" according to traditional standards of civil procedure, counsel had the same audacity and gall to provide this Court with non-original versions of the songs allegedly infringing, as if the court and the plaintiff would remain unawares.

Counsel furthermore attempted to justify the bogus filings of unoriginal works, by stating and claiming that there were many different versions of the songs in question, and that the submitted ones are merely a sampling of the complained of originals which counsel has claimed could not be found presently.

**Counsel is therefore outright lying merely because counsel represents a client that is the largest entertainment conglomerate on the face of planet earth.**

Counsels feeble attempt at a disclaimer claiming that there may exist "many different versions" of the songs at issue, as if defendants are trying to confuse, diffuse or mislead the Court with regard to the matter entirely, is in and off itself, sanctionable conduct.

## REASONS FOR SANCTIONS: BAD FAITH AND OBJECTIVELY RECKLESS BEHAVIOR

As of this late date, counsel still claims to be "confused" about the case and the issues and has even asked this Court "respectfully" to allow for yet another "Status Conference", while failing to give this Court an update on the status of the case presently, namely, like, "where is your summary judgment motion, after 2 whole years"?

## COUNSEL FOR UMG AND WMG HAVE UNLAWFULLY:

1.) Raised a bogus and manipulative Summary Judgment argument,

2.) Lied about having full access to plaintiffs complained of works for sake of filing a summary judgment motion,

3.) Asked for plaintiff to file complete non chorus line lyrics after claiming lyrics deserve little copyright protection,

4.) Being caught by the Court brazenly lying on the plaintiff,

5.) Made dispositive comparisons in Motions to Dismiss, failing to do the same in Summary Judgment as the Court itself suggested when it denied Motions to Dismiss, and

6.) Objectively and subjectively lying to this United States Federal Judge Paul L. Friedman while full knowing counsel was merely delaying the case for at least the past 30 months.

7.) Tried to delay or avoid discovery unlawfully, and have instead filed remixed and chopped and screwed versions of the songs at issue here instead oif the original versions.

**The above conduct represents much more than mere negligence, but an active and concerted effort to "knowingly and recklessly" pursue frivolous claim in bad faith.**

Thus, each and every activity embarked upon by counsel in and around this case was based upon vexatious and legally unreasonable conduct, and such frivolous conduct indeed has multiplied the proceedings exponentially.

Since such sanctions should not exceed the costs resulting from such conduct, plaintiff believes the sanctions should be no less than $20,000 dollars for each attorney involved, and this being a presumptively low number based on the over two years of frivolous legal maneuvering done by these counsel.

The Court can raise or lower the number based on its own understanding of the costs involved in the over two years of gamesmanship by counsel for the defendants. Such sanctions are not being based on the mere lack of professionalism by counsel, but the conscious choice of counsel to defraud the court and the plaintiff, while delaying the case development merely so the real defendants can continue to make unlawful profits from the allegedly infringing works of the first instance.

In any event, for dragging on lying propositions and wasting the time of this Court and the plaintiff, (who is indeed of meager resources), merely in order to frustrate plaintiff, delay the outcome and increase the cost of litigation, this Court should issue sanctions against the (4) four named attorneys of this case who caused it to be entrenched in this 30 month roller coaster ride of legal frivolity.

Such sanctions should be no less than ($20,000.00) twenty-thousand dollars for each individual counsel, totaling approximately ($80,000.00) eighty-thousand dollars, and not against the law firm they work for, and any other and further relief this Court deems just and proper.

Respectfully Submitted

*/s/ Robert R. Prunté*
Robert R. Prunté

## CERTIFICATE OF SERVICE

I HEREBY DECLARE, UNDER PENALTY OF PERJURY, THAT THE FOREGOING IS A TRUE AND CORRECT ACCOUNT OF THE HEREIN ALLEGED MATTERS AND EVENTS, AND THAT THE FOLLOWING ENTITIES REPRESENT THE INDIVIDUAL DEFENDANT PERSONS NAMED IN THE CAPTION AS INTERESTED PERSONS, AND WERE MAILED A TRUE AND CORRECT COPY OF THIS MOTION ON OR ABOUT _Tuesday_ SEPTEMBER _2nd_ 2008.

**JENNER & BLOCK, LLP**, C/O MICHAEL DESANCTIS, SEAN HARTIGAN AND STEVEN FABRIZIO; 1099 NEW YORK AVENUE, N.W. SUITE 900, WASHINGTON, D.C. 20001; **LEVINE, SULLIVAN, KOCH & SCHULTZ, LLP.**, C/O MICHAEL D. SULLIVAN OR JOHN B. O'KEEFE 1050 SEVENTEENTH STREET, N.W. SUITE 800, WASHINGTON, D.C. 20036-5514 & **THE UNITED STATES COURTHOUSE** OF THE DISTRICT OF COLUMBIA, F. BARRETT PRETTYMAN BUILDING, 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001, C/O, CLERK'S OFFICE.

BY: /s/ Robert R. Prunte'

**ROBERT R. PRUNTE'**
3694 Rex Road
Rex, Georgia 30273
770-301-2393...678-545-0872